SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

————————————————————————

In the Matter of the Application of ORLY
GENGER, as a person interested, for the
removal of DALIA GENGER, as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA § 711(11)

————————————————————————

File No. 0017/2008

New York County Surrogate's Court
MISCELLANEOUS DEPT.

FEB 1 4 2013

Clerk

# MEMORANDUM OF LAW IN SUPPORT OF PETITIONER ORLY GENGER'S ORDER TO SHOW CAUSE AND FOR TEMPORARY RESTRAINTS

**Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP**
1065 Avenue of the Americas, 18th Floor
New York, New York 10018
Tel: 212-593-300

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT........................................................................... 1

RELIEF REQUESTED........................................................................................ 3

STATEMENT OF FACTS .................................................................................. 4

ARGUMENT ...................................................................................................... 5

I.       A PRELIMINARY INJUNCTION AND TEMPORARY
         RESTRAINING ORDER ARE WARRANTED ........................................ 5

   A.    Legal Standard Governing Injunctive Relief...................................... 5

   B.    Petitioner is Entitled to a Temporary Restraining Order and
         Preliminary Injunction ...................................................................... 6

      1.    Likelihood of Success on the Merits ........................................ 6

      2.    Irreparable Harm ....................................................................... 7

      3.    The Balancing of Equities ......................................................... 8

II.      THE COURT SHOULD ENJOIN DALIA FROM CONTINUING
         HER DUPLICATIVE DELAWARE CHANCERY ACTION.................... 10

III.     THIS COURT SHOULD STOP DALIA FROM COLLATERALLY
         ATTACKING THIS COURT'S AUTHORITY AND
         IRREPARABLY HARMING ORLY AND THE ORLY TRUST
         THROUGH DUPLICATIVE LITIGATION .............................................. 13

IV.      THE COURT SHOULD ENJOIN DALIA FROM COMMENCING
         ANY FURTHER DUPLICATIVE ACTIONS............................................ 15

V.       THE COURT SHOULD NOT REQUIRE ORLY TO POST AN
         UNDERTAKING ...................................................................................... 16

CONCLUSION ................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bloomingdale v. Bloomingdale,*
 107 Misc. 646 (Sup. Ct. NY Cty. 1919) ...................................................................................8

*Browne v. Browne,*
 53 A.D.2d 134, 385 N.Y.S.2d 983 (4th Dept. 1976) ..........................................................11, 14

*Bryan v. Bryan,*
 275 A.D.2d 688, 713 N.Y.S.2d 348 (1st Dept. 2000).........................................................11, 12

*Dalia Genger as Trustee of the Orly Genger 1993 Trust v. TR Investors LLC,*
 C.A. No. 6906-CS....................................................................................................................3

*Doe v. Axelrod,*
 73 N.Y.2d 748, 532 N.E.2d 1272, 536 N.Y.S.2d 44 (1988)....................................................5

*Doran & Associates, Inc. v. Envirogas, Inc.,*
 112 A.D.2d 766, 492 N.Y.S.2d 504 (4th Dept. 1985) ...........................................................16

*Estate of Michael Pavese,*
 195 Misc.2d 1, 752 N.Y.S.2d 198 (Surr. Ct. Nassau County 2002)..........................................5

*Fernandez v. Fernandez,*
 39 Misc.2d 471, 240 N.Y.S.2d 926 (Sup. Ct. Bronx Cty. 1963) .............................................11

*Garvin v. Garvin,*
 302 N.Y. 96, 96 N.E.2d 721 (1951)........................................................................................11

*Hirschfeld v. Margo Feiden Galleries Ltd.,*
 224 N.Y.L.J. 17, 2000 N.Y. Misc. LEXIS 663 (Sup. Ct. NY Cty. July 26, 2000)....................5

*Hon v. Hon,*
 164 Misc.2d 806, 624 N.Y.S.2d 553 (Sup. Ct. Queens Cty. 1995) ....................................11, 13

*Interested Underwriters at Lloyd's v. H.D.I. III Associates,*
 213 A.D.2d 246, 623 N.Y.S.2d 871 (1st Dept. 1995)...............................................................12

*Jay Franco and Sons Inc. v. G Studios, LLC,*
 34 A.D.3d 297, 825 N.Y.S.2d 20 (1st Dept. 2006)..................................................................11

*Jay Franco and Sons Inc. v. G Studios, LLC,*
 Index No. 602236/05, 2006 WL 5110770 (Sup. Ct. N.Y. Cty. June 14, 2006).......................10

*Lafferty v. Lafferty,*
 243 A.D.2d 541, 663 N.Y.S.2d 108 (2d Dept. 1997) .........................................................11, 14

*Martin v. Martin*,
   62 Misc.2d 703, 309 N.Y.S.2d 477 (Sup. Ct. Nassau Cty. 1970) ......................................11, 15

*Moy v. Umeki*,
   10 A.D.3d 604, 781 N.Y.S.2d (2nd Dept. 2004) .......................................................................7

*Palmer v. Palmer*,
   268 A.D. 1010, 52 N.Y.S.2d 383 (3d Dept. 1944) ...........................................................11, 14

*Pavlo v. Pavlo*,
   137 Misc.2d 418, 520 N.Y.S.2d 991 (Sup. Ct. Kings Cty. 1987)............................................11

*Pereia v. Pereria*,
   272 A.D. 281, 70 N.Y.S.2d 763 (1st Dept. 1947)............................................................11, 14

## STATUTES AND RULES

CPLR § 6301 *et seq.* ...........................................................................................................................5

CPLR § 6313(c) .................................................................................................................................16

## PRELIMINARY STATEMENT

The relief requested is simple, but urgent. Petitioner Orly Genger ("Petitioner" or "Orly") seeks a temporary restraining order and preliminary injunction to protect the status quo and the Orly Genger 1993 Trust ("Orly Trust") from additional harm. The relief requested would do nothing more than continue a stay that was ordered by the New York Supreme Court over one year ago, and has been in place since then without any harm to the Orly Trust.

As the Court knows, Orly has brought a petition to remove Dalia as Trustee of her trust because Dalia is working against Orly and the Orly Trust's interests – Dalia is the proverbial fox in charge of the henhouse. As one of her many, continuing efforts to harm the Orly Trust, Dalia has attempted to start an action in Delaware. While purportedly on behalf of the Orly Trust, Dalia's decision to bring an action in Delaware (regarding issues already being litigated in New York) affirmatively harms the Orly Trust and is no accident. Some months before, the Delaware Chancery Court ruled against the Orly Trust's interests, finding that the Orly Trust was not the beneficial owner of the Orly Trust TRI Shares – an asset worth tens of millions of dollars. The Delaware Supreme Court reversed the Chancery Court on the happy technicality that the Chancery Court lacked personal jurisdiction over the Orly Trust, as the Orly Trust was not a part to a Delaware proceeding. Dalia's action is designed to cure that jurisdictional defect, and give the Chancery Court jurisdiction over the Orly Trust. In other words, Dalia has deliberately chosen to spend precious Trust assets bringing an action in the very Court that already has ruled against the Orly Trust. Moreover, Dalia has done so despite the fact that these issues are already being determined in the New York Courts, and all the parties to Dalia's purported action (the Orly Trust, TPR, and the Trump Group entities) are located in New York.

Faced with these facts (and no excuse from Dalia as to why she was proceeding in Delaware), the New York Supreme Court did not hesitate.  In October 2011, it enjoined Dalia, and every other purported party in Dalia's Delaware Chancery Action (TPR and the Trump Group entities), from proceeding with the Delaware Chancery Action.  TPR and the Trump Group entities remain restrained.  Dalia, however, now contends that, because she has been personally dismissed from one of the New York actions, she is now able as Trustee to continue the Delaware Chancery Action.

Dalia is wrong.  The Delaware Chancery Action does not involve Dalia as an individual – it involves the Orly Trust.  The New York Supreme Court, however, already has ruled that, because of the issues and questions plaguing Dalia as Trustee, Orly has standing, and is the proper party, to litigate the beneficial ownership of her trust assets.  In that regard, the issue of beneficial ownership of the Orly Trust's assets continues to be advanced by Orly, on behalf of the Orly Trust, in the New York TRI Action, filed in 2010, and in the New York TPR Action, filed in 2009.  Thus, there remains no reason for the Delaware Chancery Action to exist, or for the Orly Trust to waste its assets prosecuting that action.

As important, there is no good-faith reason why the Delaware Chancery Action must be pursued now.  It has been stayed for over a year, without any harm to the Orly Trust.  It should remain stayed while the Petition to remove Dalia as Trustee is decided.  If Dalia is allowed to pursue her Delaware Chancery Action, loses that action, and is subsequently found to have engaged in a pattern of fraud, self-dealing, and breach of fiduciary duty (including in the bringing of the Delaware Chancery Action), it will be too late.  A money judgment (which may or may not be collectable from Dalia) will not be enough to repair the damage to the Orly Trust from the loss of its Orly Trust TRI Shares.

2

In short, Dalia seeks to continue her prosecution of the unnecessary Delaware Chancery Action to harm the interests of the Orly Trust and its beneficiary, Orly. Dalia is doing so as part of her ongoing scheme with her son and Petitioner's brother, Sagi Genger, to loot the Orly Trust's assets – a scheme set forth in greater detail in the Third Amended Petition to Remove Dalia as Trustee. The Surrogate Court should not allow that to happen. Instead, the Court should protect the Orly Trust by maintaining the stay in effect since October 2011, until it decides whether Dalia should remain Trustee of the Orly Trust.

## **RELIEF REQUESTED**

Orly respectfully seeks an Order:

(i)     Granting Petitioner's Motion for a preliminary injunction enjoining the Respondent, Dalia Genger, as Trustee ("Dalia"), together with any and all of her agents, assigns, employees, representatives, attorneys, and/or anyone acting on Dalia's behalf either directly or indirectly or in concert with her, from: (i) proceeding with and/or taking any action of any kind or nature, with respect to the action Dalia previously commenced in the Delaware Chancery Court entitled, "*Dalia Genger as Trustee of the Orly Genger 1993 Trust v. TR Investors LLC*,  C.A. No. 6906-CS" (the "Delaware Chancery Action") including, but not limited to, the continuation of the prosecution of said Delaware Chancery Action; and, (ii) proceeding with any other existing actions or proceedings and/or commencing any future actions or proceedings in the Delaware Chancery Court, and/or any other local, state or federal courts on behalf of the Orly Genger 1993 Trust (the "Orly Trust") (other than those actions and proceedings which are already pending in the Supreme Court of the State of New York, County of New York) which concern, relate to, pertain to and/or have any effect whatsoever upon any and all assets of the Orly Trust including, but not limited to, the Orly Trust's direct, indirect or beneficial interests in Trans-Resources, Inc. and TPR Investment Associates, Inc; and,

(ii)    Granting such other and further relief as this Court deems to be just, equitable and proper.

3

Petitioner is also requesting that pending the hearing and determination of the Motion and until further Order of this Court, Dalia Genger and any and all of her agents, assigns, employees, representatives, attorneys, and/or anyone acting on Dalia's behalf either directly or indirectly or in concert with her are hereby temporarily restrained from: (i) proceeding with and/or taking any action with respect to the Delaware Chancery Action; (ii) proceeding with any other existing actions or proceedings and/or commencing any future actions or proceedings in the Delaware Chancery Court, and/or any other local, state or federal courts on behalf of the Orly Trust (other than those actions and proceedings which are already pending in the Supreme Court of the State of New York, County of New York) which concern, relate to, pertain to and/or have any effect whatsoever upon any and all assets of the Orly Trust including, but not limited to, the Orly Trust's direct, indirect or beneficial interests in Trans-Resources, Inc. and TPR Investment Associates, Inc., together with such other and further relief as this Court deems to be just, equitable and proper.

## STATEMENT OF FACTS

The facts supporting this motion and request for temporary and preliminary relief are set forth in Petitioner's Third Amended Petition to remove Dalia as Trustee (the "TAP")[1] and related exhibits; the Affidavit of Orly Genger in support of this motion, and related exhibits; and the Affirmation of Ralph R. Hochberg and related exhibits.

---

[1]  Unless otherwise defined herein, capitalized terms utilized in this Memorandum of Law shall have the same meanings ascribed to them as in the TAP and the Affidavit of Orly Genger.

## ARGUMENT

## I.  A PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER ARE WARRANTED

### A.  Legal Standard Governing Injunctive Relief

It is well settled that:

A preliminary injunction may be granted under CPLR article 63 when the party seeking such relief demonstrates: (1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor.

*Doe v. Axelrod*, 73 N.Y.2d 748, 750, 532 N.E.2d 1272, 536 N.Y.S.2d 44, 45 (1988) (citing *Grant Co. v. Srogi*, 52 N.Y.2d 496, 517); *Hirschfeld v. Margo Feiden Galleries Ltd.*, 224 N.Y.L.J. 17, 2000 N.Y. Misc. LEXIS 663, at *5-6 (Sup. Ct. NY Cty. July 26, 2000) *see also* CPLR § 6301 *et seq.*[2] Orly readily satisfies this legal standard.

---

[2] Surrogate's Court Procedure Act § 102, provides, inter alia, that the CPLR applies to the practice and procedure in the Surrogate's Court except where other procedure is provided by the Surrogate's Court Act. "While the SCPA does not specifically authorize the bringing on of a proceeding by an order to show cause instead of by a citation (SCPA 306), CPLR 403 (d) provides the authority to do so (*Matter of Osorio v Leventhal*, 80 N.Y.2d 898, 587 N.Y.S.2d 891, 600 N.E.2d 61; *Siegel and Connors, Practice Commentaries*, McKinney's Cons Laws of NY, Book 58A, SCPA 308, at 320 [1994 ed]; Turano and Radigan, *New York Estate Administration* § 2.04 [2002 ed]; 1 Warren's Heaton, Surrogates' Courts § 2.08 [2]; see, Surrogate's Court Act § 48; *see also* SCPA 313). Personal jurisdiction over the parties is obtained by service of process upon them (SCPA 203). "Process" under the SCPA includes an order to show cause as well as a citation (SCPA 103 [43]), so it is patent that a proceeding in this court may be commenced by an order to show cause." *Estate of Michael Pavese*, 195 Misc.2d 1,7-8, 752 N.Y.S.2d 198 (Surr. Court Nassau County 2002)

**B.    Petitioner is Entitled to a Temporary Restraining Order and Preliminary Injunction**

1.    Likelihood of Success on the Merits

As set forth in the Orly Affidavit and the Hochberg Affirmation, Petitioner seeks to enjoin and restrain Dalia from continuing her prosecution of the Delaware Chancery Action (or commencing any other action and/or proceeding on the Orly Trust's behalf which affects the Orly Trust's assets in any manner) because Dalia's stated intent to continue with her prosecution of the Delaware Chancery Action constitutes a clear breach of her fiduciary duties to the Orly Trust and the Petitioner.  Dalia's continued prosecution of the Delaware Chancery Action will inevitably result in immediate and irreparable harm and the stripping of Orly Trust's sole remaining asset, the Orly Trust TRI Shares because as Dalia is well aware, the Delaware Chancery Court has previously ruled against the Orly Trust's interests by determining that the Orly Trust is not the beneficial owner of the Orly Trust TRI Shares.

Petitioner has filed her TAP to remove Dalia as Trustee on the grounds that Dalia and Petitioner's brother, Sagi, are engaged in an ongoing scheme to loot the Orly Trust of all of its assets.  The TAP outlines the numerous ways that Dalia has breached her fiduciary duties to the Orly Trust and the Petitioner since the time that she first became Trustee in 2008, all of which warrant her removal.

For all of the reasons set forth in the TAP, it is respectfully submitted that Dalia's actions and inactions as Trustee have been so clearly harmful to the Orly Trust and the Petitioner that it is extremely likely that she will be removed as Trustee and that Petitioner's TAP will be granted by this Court.  Indeed, Dalia's Delaware Chancery Action is itself a example of why Dalia

6

should and must be removed as Trustee. At the very least, Dalia should not be given an opportunity to further affirmatively harm the Orly Trust by proceeding with her Delaware Chancery Action.

2.      Irreparable Harm

The purpose of a temporary restraining order and preliminary injunction is to prevent irreparable injury so as to preserve the Court's ability to render a meaningful decision on the merits. In addition, the "purpose of a preliminary injunction is to maintain the status quo and prevent the dissipation of property that could render a judgment ineffectual." *Moy v. Umeki*, 10 A.D.3d 604, 781 N.Y.S.2d (2nd Dept. 2004) (citation omitted).

Orly's active litigation of the New York TRI Action on behalf of the Orly Trust and the prior New York Supreme Court Orders which enjoin Dalia and anyone else from prosecuting or proceeding with the Delaware Chancery Action since Dalia's initial commencement of same on October 4, 2011, have been the "status quo" for the past sixteen (16) months. If Dalia is allowed to now proceed with the Delaware Chancery Action, it will cause irreparable harm to the Orly Trust. Not only will Orly Trust assets be wasted in the litigation process, but the action itself is designed to cure the jurisdictional defect that protects the Orly Trust and its interest in the Orly Trust TRI Shares from the Chancery Court's earlier decision against the Orly Trust.

Such a determination will cause immediate and irreparable harm to the Orly Trust because it will effectively "bless" the grossly inadequate consideration that TPR (an entity controlled by Sagi Genger) negotiated with the Trump Group for the sale of the Orly Trust TRI Shares. Further, because the Chancery Court's overturned decision held that the Orly Trust TRI Shares revert back to TPR, and the Orly Trust was fraudulently stripped of its TPR shares as a result

7

of a prior sham foreclosure sale orchestrated by Sagi and Dalia (which is the subject of the New York TPR Action filed in 2009), the Orly Trust will actually receive nothing.

Monetary damages are insufficient to remedy the Orly Trust and Orly in this case. *First*, it already has been determined that the closely-held shares of the Genger family companies, TRI and TPR, are unique chattel whose loss is irreparable. *See* July 28, 2010 Amended Decision (Orly Aff., Ex. 6); *see also Bloomingdale v. Bloomingdale*, 107 Misc. 646, 655-656 (Sup. Ct. NY Cty. 1919) (granting injunction to protect shares of family corporation). This is precisely what Dalia's improper actions threaten.

*Second*, in the event that Orly and the Orly Trust obtain a monetary judgment against Dalia as a result of the catastrophic damages caused by Dalia's breach of her fiduciary duties and the looting of the Orly Trust's assets, there is no reason to believe that Dalia will ever be able to satisfy any judgment, which is likely to amount to in excess of tens of millions of dollars.[3] Thus, any such judgment will be a pyrrhic victory.

3.    The Balancing of Equities

As the sole present beneficiary of the Orly Trust, Orly clearly has the most to lose. Pursuant to Justice Feinman's prior Court Order, Orly has been authorized by the Court to seek the determination concerning the ownership of the Orly Trust TRI Shares. Orly and her counsel have been actively litigating and advocating the Orly Trust's best interests in the New York TRI Action for more than the past two (2) years. There is no "prejudice" to Dalia in having her continue to be enjoined from proceeding with the Delaware Chancery Action. This has been the status quo ever

---

[3]    For example, on the same day Sagi "sold" the Orly Trust TRI Shares for $10 million dollars (they were worth far more), he sold the same number of TRI shares that were in his Trust for over $27 million dollars.

since Dalia first commenced the Delaware Chancery Action on October 4, 2011 and has remained so for the past sixteen (16) months.

Justice Feinman has previously determined that Orly is entitled to seek a determination as to the ownership of the Orly Trust TRI Shares on behalf of the Orly Trust. And, both the Delaware Supreme Court and Justice Feinman have previously determined that New York is the most appropriate jurisdiction and forum to determine the ownership of the Orly Trust TRI Shares. The reasons for these determinations are self-evident. Orly – not Dalia – is the only person truly interested in protecting her Orly Trust. And, as to the proper jurisdiction, Orly and the Orly Trust are both residents of New York, as is every other party necessary to a determination of who owns the Orly Trust TRI Shares. All necessary parties are parties to, and have appeared in, the New York TRI Action. Clinching the matter, the Orly Trust specifically states that "This Trust Agreement and the trusts hereby created shall be governed by the Law of the State of New York." (See TAP, **Exhibit "A"**, Article Sixth (Governing Law).

Dalia's intent to continue her prosecution of the Delaware Chancery Action against Petitioner's express wishes is extremely telling. If Dalia's motives were pure, which they are clearly not, she would have no issue with this matter continuing to be litigated in New York within the context of the pre-existing New York TRI Action, as it has been for more than the past two (2) years. Nor would she have any issue with waiting until the TAP is decided before proceeding with the Delaware Chancery Action, unless her only real goal was to damage the Orly Trust as much as possible before she is removed.

For all these reasons, it is respectfully submitted that the equities strongly favor continuing to enjoin the Dalia from proceeding with her Delaware Chancery Action.

9

## II.   THE COURT SHOULD ENJOIN DALIA FROM CONTINUING HER DUPLICATIVE DELAWARE CHANCERY ACTION

The New York Supreme Court enjoined the Delaware Chancery Action because, among other reasons, it was duplicative of the previously commenced New York TRI Action. (See Orly Affidavit, **Exhibit "3"**).   This Court should enjoin Dalia for the same reason.

This Court has broad powers to prevent Dalia from prosecuting foreign legal proceedings that duplicate litigation currently pending in New York Courts.  For example, in *Jay Franco and Sons Inc. v. G Studios, LLC*, Index No. 602236/05, 2006 WL 5110770 (Sup. Ct. N.Y. Cty. June 14, 2006), plaintiff filed an action in New York seeking the return of a $70,000 deposit paid to defendant, after the parties failed to complete and enter a trademark licensing agreement. Ten months later, defendant commenced a fraud action in California, contending the licensing agreement had failed due to plaintiff's fraud and the deposit did not have to be returned.  *Id.* Although defendant contended the actions were not duplicative,[4] the New York Supreme Court disagreed and enjoined the California action. *Id. (citing Matter of the Adoption of Baby Girl S.*, 181 Misc. 2d 117, 130 (Surr. Ct. Westchester Cty. 1999) ("the court has the authority to grant injunctive relief in order to protect the integrity of its jurisdiction and to prevent the parties from engaging in duplicative litigation")).

The First Department affirmed, holding that, although the legal claims differed, the operative facts and "underlying issue in both cases is the [same]," and the injunction was proper:

---

[4] Indeed, defendant's California attorneys submitted a certification in California stating that the California action was "not related to another action or proceeding pending in any state." *Jay Franco and Sons, Inc.*, 2006 WL 5110770, at *1.

> In the interest of preventing duplicative litigation that might lead to conflicting results, and to prevent the waste of judicial resources and unnecessary legal expenses, the court did not improvidently exercise its discretion by invoking its equity power to enjoin defendant from prosecuting [an action the defendant filed in California].

*Jay Franco and Sons Inc. v. G Studios, LLC,* 34 A.D.3d 297, 825 N.Y.S.2d 20, 21 (1st Dept. 2006); *see also Bryan v. Bryan*, 275 A.D.2d 688, 713 N.Y.S.2d 348 (1st Dept. 2000) (affirming decision enjoining defendant from prosecuting duplicative action filed in Texas); *Lafferty v. Lafferty*, 243 A.D.2d 541, 663 N.Y.S.2d 108, 109 (2d Dept. 1997) (affirming decision enjoining defendant from prosecuting duplicative action filed in Connecticut).[5]

The Delaware Chancery Action was commenced more than <u>fifteen months</u> after the New York TRI Action, and seeks the same relief: a judgment affirming the Orly Trust's beneficial ownership to the Orly Trust TRI Shares.  The Court in the New York TRI Action has spent countless hours over more than the past two years familiarizing itself with the facts of the case and making substantive rulings regarding the property at issue.  Appeals have been filed in the New York TRI Action and a mediation has been scheduled.  Indeed, there are already more than 300 entries on the Court's docket for the New York TRI Action. (*See* Hochberg Affirmation and copy of electronic docket annexed thereto).

---

[5] *See also Garvin v. Garvin*, 302 N.Y. 96, 103, 96 N.E.2d 721 (1951) (affirming lower court's decision to enjoin defendant from prosecuting a subsequent action in the Virgin Islands); *Pereia v. Pereria*, 272 A.D. 281, 70 N.Y.S.2d 763 (1st Dept. 1947) (reversing lower court's decision and enjoining defendant from prosecuting a subsequent action in Nevada); *Palmer v. Palmer*, 268 A.D. 1010, 52 N.Y.S.2d 383 (3d Dept. 1944) (affirming lower court's decision to enjoin defendant from prosecuting a subsequent action in Nevada); *Browne v. Browne*, 53 A.D.2d 134, 385 N.Y.S.2d 983, 987 (4th Dept. 1976) (affirming Supreme Court's decision to enjoin defendant from prosecuting action in Texas); *Hon v. Hon*, 164 Misc.2d 806, 624 N.Y.S.2d 553, 554 (Sup. Ct. Queens Cty. 1995) (enjoining plaintiff from prosecuting subsequent proceeding in Connecticut after commencing an action in New York); *Pavlo v. Pavlo*, 137 Misc.2d 418, 520 N.Y.S.2d 991, 994 (Sup. Ct. Kings Cty. 1987) (enjoining defendant from prosecuting subsequent action in New Jersey); *Fernandez v. Fernandez*, 39 Misc.2d 471, 240 N.Y.S.2d 926, 927 (Sup. Ct. Bronx Cty. 1963) (enjoining defendant from prosecuting subsequent action in Mexico); *Martin v. Martin*, 62 Misc.2d 703, 309 N.Y.S.2d 477, 480 (Sup. Ct. Nassau Cty. 1970) (enjoining defendant from commencing subsequent proceeding in Nevada).

In issuing his prior Orders in the New York TRI Action, Justice Feinman implicitly recognized that: (i) the relief sought by Dalia in the Delaware Chancery Action was entirely duplicative of the relief sought by Petitioner in the New York TRI Action and therefore, Dalia should be enjoined from prosecuting same; (ii) New York was the appropriate jurisdiction to determine the ownership of the Orly Trust TRI Shares; and, (iii) Orly was entitled to seek a determination concerning the ownership of the Orly Trust TRI Shares on behalf of the Orly Trust.

Allowing Dalia to prosecute the Delaware Action would only waste the Orly Trust's remaining assets and duplicate the Court's efforts in the New York TRI Action in a state with no connection to Arie and Dalia's divorce Settlement Agreement which gave rise to the Genger family's division of wealth (and TPR's transfer of the Orly Trust TRI Shares to the Orly Trust), and no connection to Dalia, Petitioner, or the Orly Trust.  Petitioner was not a party to the TRI Chancery Action (as defined in the accompanying affidavit of Orly Genger) and does not wish to have the Delaware Chancery Court obtain jurisdiction over her in the Delaware Chancery Action.  For this reason alone, the Court should enjoin or stay the Delaware Chancery Action. *See, e.g., Interested Underwriters at Lloyd's v. H.D.I. III Associates*, 213 A.D.2d 246, 247, 623 N.Y.S.2d 871, 873 (1st Dept. 1995) (affirming order staying Colorado action where "New York action was properly placed, ... a contrary decision in Colorado would interfere with the New York court's ability to resolve the issues before it, ... the facts indicate that the defendant may have engaged in forum-shopping ... [and] significant New York contacts existed") (internal citations omitted); *Bryan v. Bryan*, 275 A.D.2d 688, 689, 713 N.Y.S.2d 348, 349 (1st Dept. 2000) (enjoining action where "New York has the greater interest in and contacts with the ... litigation" because "most, if not all, of the marital property is located in New York; the antenuptial agreement was entered into in New York; the

parties lived together in New York as husband and wife ... and the wife continues to reside in New York").

In sum, Dalia should not be able to prosecute the Delaware Chancery Action while the New York TRI Action is still pending and a proceeding for Dalia's removal as Trustee is still pending before this Court. It is respectfully submitted that Dalia's actions in seeking to continue her prosecution of the Delaware Chancery Action undermine both this Court's authority and the authority of the Court in the New York TRI Action. Indeed, the Delaware Chancery Action threatens to render moot any subsequent determination by this Court to remove Dalia as Trustee, because by then the Orly Trust's assets will be entirely dissipated and looted.

### III.   THIS COURT SHOULD STOP DALIA FROM COLLATERALLY ATTACKING THIS COURT'S AUTHORITY AND IRREPARABLY HARMING ORLY AND THE ORLY TRUST THROUGH DUPLICATIVE LITIGATION

New York courts have the power to enjoin a defendant from prosecuting a foreign proceeding to protect the authority and dignity of the New York Courts:

> The plaintiff evidently expects to engage the defendant in an unseemly race to judgment in the two courts. What is being challenged here, therefore, is not the dignity and authority of the Connecticut Court, but of this Court."

*Hon,* 624 N.Y.S.2d at 554 (emphasis added). This power to enjoin also exists as a matter of equity to protect the rights of its litigants where a subsequently filed action would damage a plaintiff's rights in the earlier filed action:

> In our opinion there is a sufficient and immediate necessity for equitable intervention by our courts to protect the marital status of the wife domiciled in New York. The failure of equity to act at the earliest opportunity when called upon to do so might result in irreparable harm to the domiciliary party who invokes its protection.

13

> Certainly there is every reason for a wife in plaintiff's position to fear the result of a foreign divorce proceeding prosecuted by the husband. It is difficult for her to determine whether she should go to Nevada, if possessed of means to do so, and there contest the *bona fides* of her husband's claim of domicile. Such procedure would entail the risk of acquiescing in the jurisdiction of the Nevada courts. The alternative risk in staying quiescent at home involves the possible inability to procure later the proof she now has to establish the husband's lack of bona fide domicile in the foreign jurisdiction.

*Pereia*, 70 N.Y.S.2d at 768 (emphasis added); *see also Browne*, 385 N.Y.S.2d at 986 (preventing defendant from prosecuting action in Texas where a Texas judgment would prejudice plaintiff's rights in New York proceeding); *Lafferty*, 663 N.Y.S.2d at 109 (preventing defendant from seeking a sister state ruling that would make New York decision ineffectual); *Palmer*, 52 N.Y.S.2d at 383 (same).

In this case, it is respectfully submitted that Dalia has been and needs to remain enjoined from, *inter alia*, pursuing the Delaware Chancery Action on the grounds that the New York TRI Action has provided and continues to provide the parties with an appropriate jurisdiction and forum to litigate the ownership of the Orly Trust TRI Shares. Dalia's suspicious actions in seeking to race once again to the same Delaware Chancery Court that previously ruled against the Orly Trust's interests speaks volumes as to her where true motivations and loyalties lie. Plainly, they are not with Orly and the Orly Trust; they are with herself and her son, Sagi.

Further, a proceeding to remove Dalia as Trustee is still pending before this Court. As set forth in the TAP, Dalia has breached her fiduciary duties to the Orly Trust and Petitioner by continuing to engage in a scheme with Sagi to loot the Orly Trust of its assets and has deliberately and willfully violated this Court's prior July 2009 Order, as well as the restraints imposed against her by other New York Courts.

In light of such overwhelming evidence, at the very least, Dalia should not be allowed to make any further decisions on behalf of the Orly Trust which will almost certainly lead to the destruction of all of the Orly Trust's assets pending this Court's determination of the TAP. Enjoining Dalia from prosecuting the Delaware Chancery Action will maintain the status quo that has always existed, namely that the determination of the ownership of the Orly Trust TRI Shares shall continue to be litigated in the New York TRI Action.

## IV.   THE COURT SHOULD ENJOIN DALIA FROM COMMENCING ANY FURTHER DUPLICATIVE ACTIONS

Not only does the Court have the power to enjoin Dalia from prosecuting the Delaware Chancery Action, it also has the power to prevent Dalia from commencing new actions:

> Granting the preliminary injunction requested by the wife would do no more than maintain the status quo of the parties until the bona fides of the husband's alleged foreign domicile are determined in the main action.  To permit the husband to institute divorce proceedings in Nevada would place his wife in an unfair position of imminent peril….she would then be placed on the horns of a dilemma, have the option of either sitting idly by while her marriage is purportedly dissolved in Nevada, keeping for herself what may be an illusory right to attack the decree at a later time, or of appearing in Nevada, at great expense, and placing all her marital rights at the mercy of a court ostensibly foreign to every aspect of their marital domicile and relationship.
>
> Under the circumstances, a preliminary injunction is proper and plaintiff may maintain her action for a permanent injunction.  This is true, despite the fact that there is no matrimonial action pending presently between the parties.

*Martin*, 309 N.Y.S.2d at 479-80 (internal citations omitted).  Pending a final determination by the Court in the New York TRI Action and a final determination by this Court as to whether Dalia

should be removed as Trustee, Dalia should be enjoined from commencing any new actions as Trustee of the Orly Trust which affect the Orly Trust's assets in any way whatsoever.

## V.    THE COURT SHOULD NOT REQUIRE ORLY TO POST AN UNDERTAKING

CPLR § 6313(c) provides in relevant part that:

(c)    Undertaking.  Prior to the granting of a temporary restraining order the court may, **in its discretion**, require the plaintiff to give an undertaking in an amount to be fixed by the court…"

(emphasis added)

The plain language of CPLR §6313(c) provides that it is within the Court's discretion to require that an undertaking be posted in conjunction with the issuance of a temporary restraining order and is not mandatory. (See Generally, *Doran & Associates, Inc. v. Envirogas, Inc.*, 112 A.D.2d 766, 492 N.Y.S.2d 504 (4th Dept. 1985))

It is respectfully submitted that Orly should not be required to post an undertaking, especially given the likelihood of her success on the merits of her TAP to remove Dalia as Trustee. In addition, since Dalia and Sagi have effectively looted the Orly Trust of its assets or have caused the Orly Trust's assets to be tied up in litigation, any such requirement would further award Dalia for her breach of fiduciary duties to the Orly Trust and Orly.

16

## CONCLUSION

In conclusion, it is respectfully submitted that Petitioner Orly Genger's Order to Show Cause and Motion should be granted in its entirety, together with such other and further relief as this Court deems just, proper, and equitable.

Dated: New York, New York
February 14, 2013

PLATZER, SWERGOLD, KARLIN, LEVINE, GOLDBERG, & JASLOW, LLP
Attorneys for Petitioner, Orly Genger

By: _____
Ralph R. Hochberg
Mitchell L. Kaplan
For the Firm
1065 Avenue of the Americas – 18th Floor
New York, New York 10018
(212) 593-3000

-and-

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Yoav M. Griver, Esq.
Bryan D. Leinbach, Esq.
575 Lexington Avenue
New York, New York 10022
(212) 223-0400