SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

File No. 0017/2008

In the Matter of the Application of ORLY
GENGER, as a person interested, for the
removal of DALIA GENGER, as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA § 711(11)



New York County Surrogate's Court
MISCELLANEOUS DEPT.

FEB 2 7 2013

FILED

Clerk_____

# MEMORANDUM OF LAW IN SUPPORT OF PETITIONER ORLY GENGER'S OPPOSITION TO RESPONDENT DALIA GENGER'S MOTION TO DISMISS PETITIONER'S THIRD AMENDED PETITION TO REMOVE RESPONDENT AS TRUSTEE

**Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP**
1065 Avenue of the Americas, 18th Floor
New York, New York 10018
Tel: 212-593-300

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................................................... II

PRELIMINARY STATEMENT.................................................................................................... 1

SUMMARY OF FACTS............................................................................................................... 4

DISCUSSION................................................................................................................................ 4

I.     RESPONDENT DALIA FAILS TO MEET HER HEAVY BURDEN OF
       CONCLUSIVELY PROVING PETITIONER ORLY HAS NO CLAIM
       SUPPORTING DALIA'S REMOVAL AS TRUSTEE ......................................................... 4

II.    PETITIONER ORLY HAS MORE THAN SUFFICIENTLY PLED
       CLAIMS SUPPORTING DALIA'S REMOVAL AS TRUSTEE BASED
       UPON DALIA'S VARIOUS BREACHES OF HER FIDUCIARY DUTIES
       AS TRUSTEE ..................................................................................................................... 5

III.   DALIA AND ORLY'S CONTINUED ESTRANGEMENT, DALIA'S
       DELIBERATE CONCEALMENT OF HER ACTIONS AS TRUSTEE
       FROM ORLY, AND DALIA'S HOSTILITY TO ORLY, CONSTITUTE
       ADDITIONAL GROUNDS TO REMOVE DALIA AS TRUSTEE ..................................... 7

IV.    DALIA'S ARGUMENT IN THE MOTION TO DISMISS THAT
       THE D & K NOTE WAS NEVER REVOKED IN WRITING AND
       THEREFORE, IS STILL IN FULL FORCE AND EFFECT FAILS, AND,
       IN ANY EVENT, DOES NOT PREVENT DALIA'S REMOVAL AS
       TRUSTEE ............................................................................................................................ 9

CONCLUSION ............................................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

CASES

Birnbaum v. Birnbaum,
  73 N.Y.2d 461, 539 N.E.2d 574, 541 N.Y.S.2d 746 (1989)................................................5, 6

Estate of Granowitz,
  150, A.D.2d 446, 541 N.Y.S.2d (2d Dept. 1989) ....................................................................10

In re Estate of Saxton,
  179 Misc.2d 681, 686 N.Y.S.2d 573 (Sur. Ct. Broome Cty. 1998)..........................................5

In re Van Deusen's Estate,
  37 A.D.2d 131, 322 N.Y.S.2d 951 (1st Dept. 1971)................................................................5

Lawrence v. Miller,
  11 N.Y.3d 588 (2008) .......................................................................................................4, 11

Matter of the Estate of Helen Thompson,
  232 A.D.2d 219, 647 N.Y.S.2d 950 (1st Dept. 1996)..............................................................8

Matter of the Estate of Manny E. Duell, Deceased,
  258 A.D.2d 382, 685 N.Y.S.2d 686 (1st Dept. 1999) .............................................................8

Matter of the Proceeding to Remove David M. Mergenhagen as Trustee,
  50 A.D.3d 1486, 856 N.Y.S.2d 389 (4th Dept. 2008) .............................................................8

Matter of Wood,
  177 A.D.2d 161, 581 N.Y.S.2d 405 (2d Dept. 1992) ..........................................................5, 6

Meinhard v. Salmon,
  249 N.Y. 458, 164 N.E. 545 (1928)........................................................................................5

STATUTES

CPLR 3211(a)(7) ...........................................................................................................................4

CPLR § 105(u)................................................................................................................................4

SCPA § 711(3).................................................................................................................................5

## PRELIMINARY STATEMENT

Ultimately, petitioner Orly Genger ("Orly" or "Petitioner") seeks the removal of respondent Dalia Genger ("Dalia" or "Respondent") as Trustee of the Orly Genger 1993 Trust (the "Orly Trust"). However, the question currently before the Court on the Dalia's instant Motion to Dismiss (the "Motion to Dismiss") is far narrower: <u>Has Orly pled facts in her Third Amended Petition for Removal of Dalia Genger as Trustee (the "TAP")[1] – facts required to be taken as true by the Court on a motion to dismiss – sufficient to remove Dalia as Trustee of the Orly Trust?</u> Because the answer to that question is unquestionably "Yes", Dalia's Motion to Dismiss should be entirely denied, and the parties permitted to move quickly to discovery and a removal hearing.

In the TAP, Orly detailed at length how Dalia – still incredibly angry toward her ex-husband Arie, and toward Orly, who she views as a "brainwashed" extension of Arie – has colluded, and continues to collude,[2] with Orly's older brother, Sagi Genger ("Sagi"), to loot the Orly Trust of its interests in two closely-held Genger family businesses – TPR Investment Associates, Inc. ("TPR") and Trans-Resources, Inc. ("TRI"). Dalia has done so in deliberate violation of her fiduciary duties as Trustee, which requires Dalia at all times to place the interests of Orly and the Orly Trust ahead of her own interests, desires, and bitter obsessions. See TAP ¶¶ 1-96 and Exhs. A-II.

---

[1] Orly originally commenced a Petition seeking to remove Dalia as Trustee of the Orly Trust pursuant to Surrogate's Court Procedure Act § 711. Orly's Petition was subsequently amended on two occasions to incorporate newly discovered and previously concealed actions taken by Dalia constituting additional breaches of her fiduciary duties to the Orly Trust and Petitioner.

[2] On February 14, 2013, Orly was forced to bring a Motion by Order to Show Cause to protect the status quo and the Orly Trust from additional harm by Dalia. Specifically, Dalia is trying to spend precious Trust assets bringing an unnecessary Delaware Chancery Action (regarding issues already being litigated in New York). The only true purpose of this Delaware Chancery Action is to ensure the Orly Trust loses all claim and right to its shares of TRI. See Order to Show Cause and related papers.

Dalia should never have become Trustee, and materially misled this Court in 2008, when Orly first sought Dalia's removal as Trustee. Since her appointment as Trustee, Dalia has actively acted, or deliberately failed to act, in ways designed to harm Orly and the Orly Trust. Dalia's many breaches of her fiduciary duties to the Orly Trust and Petitioner – each of which justify her removal as Trustee – include, but are not limited to:

(a)   Dalia deliberately failed to inform, affirmatively concealed from Orly and others, and failed to try to prevent, the sham foreclosure sale by Sagi of the Orly Trust's valuable stock interests in TPR (the "Sham TPR Foreclosure Sale"), so Sagi could greatly benefit to the detriment and injury of Orly and the Orly Trust. Had Dalia been a true Trustee, she would have acted to enjoin the sale, or at least provided notice to other potential bidders known to her so the best price possible was obtained for the TPR Shares. Instead, Dalia did nothing. This lack of notice prevented Orly from protecting the asset by either trying to enjoin the sale or ensuring additional bidding at the sale;

(b)   Dalia is attempting to dissipate the Orly Trust's sole remaining asset, the Orly Trust TRI Shares (as previously defined in the TAP), by commencing an action in the Delaware Chancery Court (the "Delaware Chancery Action") in which she sought a declaratory judgment with respect to the beneficial ownership and disposition of the Orly Trust TRI Shares. Dalia's commencement of the Delaware Chancery Action was a calculated strategy on her part to injure the Orly Trust because this same Chancery Court had previously ruled that TPR (which is controlled by Sagi) was the beneficial owner of the Orly Trust TRI Shares, and not the Orly Trust. The Delaware Supreme Court reversed the Chancery Court on the happy technicality that the Chancery Court lacked personal jurisdiction over the Orly Trust, as the Orly Trust was not party to that Delaware *in rem* proceeding. Dalia's action is designed to cure that jurisdictional defect, and give the Chancery Court jurisdiction over the Orly Trust. In other words, Dalia has deliberately chosen to spend precious Trust assets bringing an action in the very Court that already has ruled against the Orly Trust;

(c)   Dalia commenced the Delaware Chancery Action even though all the parties to Dalia's purported Delaware action (the Orly Trust, TPR, and the Trump Group entities) are located in New York, and Petitioner had previously commenced an action in New York County Supreme Court (previously defined in the TAP as the "New York TRI Action") that will determine the beneficial ownership and disposition of the Orly Trust TRI Shares. Notably, the Court in the New York TRI Action enjoined Trustee Dalia (and all other parties) from prosecuting or otherwise proceeding with the Delaware Chancery Action and further determined that Orly was authorized to seek a determination concerning the ownership of the Orly Trust TRI Shares on behalf of the Orly Trust;

(d)     Dalia's counsel has recently indicated that Dalia intends to continue her prosecution of the Delaware Chancery Action notwithstanding the fact that: (i) the Court's prior Orders and rulings in the New York TRI Action have enjoined Dalia from doing so and have further authorized Orly to proceed on behalf of the Orly Trust; (ii) Dalia, as trustee of the Orly Trust, has been enjoined from prosecuting the Delaware Chancery Action since its initial inception approximately sixteen (16) months ago, without any resulting prejudice to the Orly Trust; (iii) Dalia is seeking the same "beneficial ownership" determination in the Delaware Chancery Action that Orly has been actively litigating on behalf of the Orly Trust in the New York TRI Action for more than the past two (2) years and as such, Dalia's prosecution of the Delaware Chancery Action constitutes duplicative litigation and a waste of the Orly Trust's assets; and (iv) the Chancery Court is certain to rule against the Orly Trust's interests, just as it did before[3];

(e)     Dalia entered into the Secret Agreements (as previously defined in the TAP) on purported behalf of the Orly Trust without prior notice to Petitioner and deliberately concealed same from Petitioner and the New York Supreme Court for almost a year. Dalia's entry into the Secret Agreements has placed $4.44 million dollars and any other remaining assets of the Orly Trust in peril of being foreclosed upon and dissipated by a newly-created and unknown St. Kitts entity;

(f)     Dalia has made the defeat of an interpleader proceeding brought by her counsel; her removal as Trustee; and/or appointment of a co-Trustee, "conditions of default" making the $4.44 million immediately payable to the St. Kitt's entity, and the rest of the Orly Trust assets subject to immediate foreclosure without notice anywhere in the world. Notably, the interpleader action already has been defeated, having been correctly labeled by the United States District Court for the Southern District of New York as a "gratuitous" "sham";

(g)     Dalia violated the restraints and injunctions imposed upon her as provided in this Court's July 2009 Order by commencing the Delaware Chancery Action and entering into the Secret Agreements without prior notice to Petitioner; and,

(h)     Dalia's entry into the Settlement Agreements violated restraints and injunctions imposed upon her in both the New York TRI Action and the New York TPR Action, that were imposed to protect the status quo until those cases were determined on the merits by the New York Supreme Court.

See TAP ¶¶ 1-96 and Exhs. A-II.

---

[3] For all of the forgoing reasons, Petitioner has filed an Order to Show Cause with this Court seeking to enjoin Dalia as Trustee from prosecuting or otherwise proceeding with the Delaware Chancery Action. In addition, the New York Supreme Court has given Orly permission to seek clarification that the Supreme Court's recent Order dismissing Dalia as an individual from the New York TRI Action was not meant to affect the injunction preventing Dalia as Trustee from prosecuting her Delaware Chancery Action.

For all the reasons set forth in Orly's TAP, the exhibits accompanying this opposition, and the other papers and proceedings heretofore had herein, Dalia's Motion to Dismiss the TAP should be quickly and summarily denied, and the parties permitted to proceed to the removal hearing as soon as possible, so the Orly Trust can be protected from Dalia.

## SUMMARY OF FACTS

The facts are fully set forth in the TAP[4] and accompanying exhibits; the Attorney's Statement of Ralph Hochberg and accompanying exhibits ("Hochberg Stmt."), filed contemporaneously with this Memorandum of Law; and the Order to Show Cause seeking to stay Dalia from continuing to prosecute her Delaware Chancery Action on behalf of the Orly Trust, with the accompanying Affidavit of Orly Genger, Attorney's Statement, and exhibits submitted in support thereof. The facts and information contained therein are incorporated herein by reference.

## DISCUSSION

### I.   RESPONDENT DALIA FAILS TO MEET HER HEAVY BURDEN OF CONCLUSIVELY PROVING PETITIONER ORLY HAS NO CLAIM SUPPORTING DALIA'S REMOVAL AS TRUSTEE

> On a motion to dismiss a petition we [the Court], of course, must accept the facts alleged in the petition as true, petitioner must be afforded every possible favorable inference, and we must determine whether the facts alleged by petitioner fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88, 638 NE2d 511, 614 NYS2d 972 [1994]). Affidavits submitted by a respondent will almost never warrant dismissal under CPLR 3211 *unless* they "establish conclusively that [petitioner] has no [claim or] cause of action" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636, 357 NE2d 970, 389 NYS2d 314 [1976])

Lawrence v. Miller, 11 N.Y.3d 588, 595 (2008); NY CPLR 3211(a)(7). Respondent Dalia falls

far short of meeting her heavy burden of "conclusively" proving that, accepting the facts in

---

[4] Because it is verified, the TAP also functions as a sworn affidavit, and its contents constitute sworn evidence of Dalia's wrongdoing. See NY CPLR § 105(u) (A "verified pleading" may be utilized as an affidavit whenever the latter is required").

4

Orly's TAP as true and affording Orly every possible favorable inference, Orly has absolutely "no claim" justifying Dalia's removal as Trustee. To the contrary, all of the facts and inferences strongly support Dalia's immediate removal as Trustee of the Orly Trust. Accordingly, Dalia's Motion to Dismiss should be entirely denied.

## II.    PETITIONER ORLY HAS MORE THAN SUFFICIENTLY PLED CLAIMS SUPPORTING DALIA'S REMOVAL AS TRUSTEE BASED UPON DALIA'S VARIOUS BREACHES OF HER FIDUCIARY DUTIES AS TRUSTEE

As Trustee, Dalia is obligated to "be as a watchman in the night, ever vigilant and always dedicated to the best interest of the *cestui que trust*." In re Estate of Saxton, 179 Misc.2d 681, 693, 686 N.Y.S.2d 573, 581 (Sur. Ct. Broome Cty. 1998). She has "the duty of communicating all the material facts to the beneficiary," Matter of Wood, 177 A.D.2d 161, 167, 581 N.Y.S.2d 405, 409 (2d Dept. 1992) (rejecting trustee bank's contention that it had no duty to inform the trust beneficiary of its intent to liquidate the stock and bond portfolio of the trust), and is required to place Orly's interests above her own. Birnbaum v. Birnbaum, 73 N.Y.2d 461, 466, 539 N.E.2d 574, 576, 541 N.Y.S.2d 746, 748 (1989) (fiduciary "is bound to single-mindedly pursue the interests of those to whom a duty of loyalty is owed"); Meinhard v. Salmon, 249 N.Y. 458, 464, 164 N.E. 545, 546 (1928) (trustee bound to standard "stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive"); In re Van Deusen's Estate, 37 A.D.2d 131, 133, 322 N.Y.S.2d 951, 953 (1st Dept. 1971) (same). Additional grounds to remove a fiduciary exist where he or she "has willfully refused or without good cause neglected to obey any lawful direction of the court contained in any decree or order or any provision of law relating to the discharge of his duty." SCPA § 711(3).

The TAP more than sufficiently pleads that Dalia has breached, and is breaching, her fiduciary duties as Trustee, including her obligation to keep the beneficiary informed; her obligation of undivided loyalty to Orly; her duty to place Orly's interests above her own; and her

5

duty to honor the language and intent of court orders in discharging her duty to protect Orly and the Orly Trust. See, e.g., Birnbaum, 73 N.Y.2d at 466; Wood, 177 A.D.2d at 167.

Indeed, if anything, Dalia's actions as Trustee support the conclusion that she seeks to deliberately harm Petitioner and dissipate the Orly Trust's assets, as part of her continued attack against Arie and those, like Orly, she views to be on his side. It is respectfully submitted that a deliberate desire to harm Orly and the Orly Trust is the most logical explanation for Dalia's actions in: (i) failing to inform Orly of the August 31, 2008 Notice, the Sale Notice, the Sham TPR Foreclosure Sale, the Meeting Agreement, or the D&K Agreement, in multiple violations of her duty to inform and ensure that the value of Orly Trust's shares of TPR would be maximized; (ii) entering into the Meeting Agreement, which purports to allow D&K GP to loot the Orly Trust at will and tries to indemnify herself and her friends (but not her enemies) from liability, in violation of her duty to place Orly's interests above her own; (iii) failing to make any effort to stop collection of the D & K Note by Sagi-controlled TPR, in violation of her duty of undivided loyalty, and despite her sworn representations to the Surrogate Court that she should be Trustee precisely because she would prevent any enforcement of the D & K Note; (vi) refusing under any circumstances to tell Arie about the Sham TPR Foreclosure Sale so he could bid at the sale, because of her own abiding hatred of Arie, in violation of her duty to place Orly's interests above her own and ensure the value of Orly Trust's interest in TPR would be maximized; (v) commencing an action before a Delaware Chancery Court that had already ruled Sagi-controlled TPR, and not the Orly Trust, owned the Orly Trust TRI Shares (and by bringing the action intentionally providing the Delaware Chancery Court with the personal jurisdiction over the Orly Trust the Delaware Chancery Court had previously lacked); (vi) pledging over $4 million of Orly Trust assets in Secret Agreements to an unknown, newly-created St. Kitts entity, and risking the

6

rest of the Orly Trust's assets to foreclosure by this mysterious St. Kitts entity in the event of default; (vii) making the failure of a "sham" and "gratuitous" interpleader action a "condition of default" under the Secret Agreements; (viii) making her removal as Trustee, or the appointment of a co-trustee, a "condition of default" under the Secret Agreements; (ix) violating multiple orders to maintain the status quo in giving up all of the Orly Trust's valuable interest in TPR to Sagi, encumbering the Orly Trust's TRI assets, releasing all of the Orly Trust's claims against Sagi and Dalia, and making the Orly Trust liable to pay everyone's attorneys fees if it continued to press its legal claims in Court; and (x) releasing the Orly Trust's prior Trustee, Leah Fang, from all possible claims, including fraud claims, while making no investigation, despite knowing Orly was unhappy with Leah Fang's service as Trustee. See TAP; accord Hochberg Stmt.

In sum, the TAP sets forth in great detail how Dalia's actions as Trustee have helped cause, and continue to threaten, the complete dissipation and looting of the Orly Trust's assets, in manifest violation of Dalia's fiduciary duties as Trustee. Accordingly, Dalia's Motion to Dismiss should be entirely denied.

## III. DALIA AND ORLY'S CONTINUED ESTRANGEMENT, DALIA'S DELIBERATE CONCEALMENT OF HER ACTIONS AS TRUSTEE FROM ORLY, AND DALIA'S HOSTILITY TO ORLY, CONSTITUTE ADDITIONAL GROUNDS TO REMOVE DALIA AS TRUSTEE

Dalia and Orly have been estranged for many years. In violation of her fiduciary duty as Trustee, Dalia has never informed Orly of any of her actions as Trustee (and has deliberately hidden those actions from her). Every agreement has remained hidden; every action revealed only when it was too late. See TAP. The simple truth of the matter is that Dalia does not want Orly informed because Dalia does not want Orly to intervene and prevent further harm to the Orly Trust.

Dalia's hostile attitude toward Orly is apparent from her actions, but also crystallized for

the Court by Dalia's recent testimony. Specifically, in her recent December 13, 2012 deposition, Dalia failed to identify Orly as part of her "family." (She did, however, include co-conspirators Sagi and Leah Fang as family members.) See Dalia Dep. Tr. (Ex. JJ) at 41-48. Dalia also called Orly "brainwashed." Id. at 207; Ex. LL, at 237-239. Conveniently, if Orly is brainwashed, Dalia remains free to continue ignoring Orly's wishes and concerns (as they are not really Orly's concerns).

In Matter of the Proceeding to Remove David M. Mergenhagen as Trustee, the Appellate Division, Fourth Department reversed the Surrogate's Court's decision and removed the Trustee, noting the Trustee's

> open hostility toward the other beneficiaries directly conflicts with his duty to the trust where, as here, that hostility has "interfere[d] with the proper administration of the trust" (citing Matter of Rudin, 15 AD3d 199, 200, 789 NYS2d 123 [2005], lv denied 4 NY3d 710, 830 NE2d 1146, 797 NYS2d 817 [2005].

50 A.D.3d 1486, 1488, 856 N.Y.S.2d 389, 391 (4th Dept. 2008). Similarly, in Matter of the Estate of Manny E. Duell, Deceased, the Appellate Division, First Department, affirmed the Surrogate's decision to remove the co-trustee and held:

> In light of the demonstrated antagonisms between appellant co-trustee and the trust beneficiaries, and between appellant and his co-trustee, and the evidence establishing that those antagonisms resulted in actions by appellant co-trustee interfering with the proper administration of the estate, and upon the proof tending to demonstrate that future cooperation was unlikely, the Surrogate's determination to remove appellant as co-trustee was a proper exercise of discretion. (citations omitted)

258 A.D.2d 382, 383, 685 N.Y.S.2d 686 (1st Dept. 1999). See also Matter of the Estate of Helen Thompson, 232 A.D.2d 219, 647 N.Y.S.2d 950 (1st Dept. 1996) ("it is well settled that the Surrogate may disqualify a person from receiving letters of administration where the friction between such a person and a beneficiary or cofiduciaries interferes with the proper administration of the estate and future cooperation is unlikely") (citations omitted).

8

In this case, Dalia, the Trustee and Orly, the sole present beneficiary, have long been estranged, and, given Dalia's actions, will likely remain estranged for some time to come. Moreover, Dalia has allowed her hostility and antagonism toward Arie and Orly, and her (misplaced) love and confidence toward Sagi, to interfere with her proper administration of the Orly Trust. See TAP; Hochberg Stmt. Finally, all of Dalia's actions in this regard were concealed from Petitioner in violation of this Court's July 2009 Order and the prior Orders of the other Courts in both the New York TPR Action and the New York TRI Action. See TAP; see also Hochberg Stmt.

All of the foregoing provides additional well-pled and readily inferred grounds for removing Dalia as Trustee of the Orly Trust, and additional grounds for denying Dalia's Motion to Dismiss.

IV.     **DALIA'S ARGUMENT IN THE MOTION TO DISMISS THAT THE D & K NOTE WAS NEVER REVOKED IN WRITING AND THEREFORE, IS STILL IN FULL FORCE AND EFFECT FAILS, AND, IN ANY EVENT, DOES NOT PREVENT DALIA'S REMOVAL AS TRUSTEE**

In the Motion to Dismiss, and in direct contrast to Dalia's prior sworn pleadings and testimony, Dalia asserts that the D & K Note was always intended to be enforced. Dalia's belated attempt to justify the Sham TPR Foreclosure Sale, and her serial failures as Trustee, are unpersuasive.

As set forth in the TAP and the Hochberg Stmt., pursuant to prior sworn testimony and pleadings submitted to the Court, Dalia, Sagi, and David Parnes (Sagi's lawyer and business partner) all testified in the Genger divorce arbitration that the D & K Note was never to be enforced because to do so would destroy the Genger family estate plan to distribute Arie and Dalia's wealth equally to both Orly and Sagi.

Dalia's counsel also contends the D & K Note was never cancelled or renounced in

9

writing as purportedly required under the Uniform Commercial Code and the Statute of Frauds and, therefore, is purportedly still enforceable. This argument already has been rejected. Specifically, Justice Feinman denied Dalia's Motion for Summary Judgment in the New York TPR Action with respect to this issue of the D & K Note's enforceability, determining that:

> a material issue of fact exists regarding the intention of the note's [the D & K Note's] enforceability. While the documents speak for themselves, plaintiff raises material questions of fact concerning the actual intent behind the promissory note. **<u>Given the testimonial evidence in particular,</u> there is a question of fact as to whether the promissory note was intended to be an enforceable agreement, and it would be premature to apply a Statute of Frauds analysis to the cause of action.** (emphasis added)
> (See **Exhibit "Z"** to TAP Pages "21" and "22")

Dalia never appealed the New York Supreme Court's decision, and Justice Feinman was absolutely right that issues of fact remain regarding the enforceability of the D & K Note. Dalia successfully argued before Justice Milonas (see **Exhibit "J"**, Final Arbitration Award in Genger divorce proceeding, Page "15" and TAP, **Exhibit "I"**, excerpt from Dalia's Pre-Trial Memorandum Page "26"), and submitted a sworn Affidavit to this Court (**Exhibit "KK"**), that enforcing the D & K Note was not intended or appropriate, because doing so would un-do the Genger estate planning scheme to equally distribute the family wealth to the children. Now, Dalia (and Sagi) shamelessly try to take the exact opposite position. Dalia's convenient "epiphany" that the D & K Note is suddenly enforceable (now that she allowed it to be enforced) is contrary to her and Sagi's prior sworn statements and testimony,[5] and is still an issue which is being litigated by the parties and will ultimately be determined by the Court in the New York TPR Action. See, e.g., Estate of Granowitz, 150 A.D.2d 446, 541 N.Y.S.2d 66 (2d Dept. 1989)

---

[5] Since these litigations started, Dalia has sometimes advanced the curious position that, while she and Arie could not collect on the D & K Note, Sagi was free to do so. This newly-minted excuse cannot withstand Dalia's March 11, 2008 Affidavit to the Court (Ex. KK): By March 11, 2008 Dalia had sold her shares in TPR, and Sagi controlled TPR. Yet, Dalia still argued to the Surrogate Court that she should be trustee, so she could prevent Sagi-controlled TPR from enforcing the D & K Note. See Ex. KK at ¶ 8. Of course, Dalia materially misled Surrogate Roth, and did nothing to prevent Sagi-controlled TPR from wrongly enforcing the D & K Note.

(In familial dispute, Appellate Division affirmed Surrogate Court's denial of Motion to Dismiss because there were issues of fact concerning the validity of the familial agreement and agreed value of decedent's shares).

More importantly, for purposes of the instant motion, whether or not the D & K Note is enforceable (it isn't), Dalia remains a materially inadequate trustee. In this regard, Dalia remarkably testified her only basis for believing the Sham TPR Foreclosure Sale was proper is because Sagi told her so ("It is based on the fact that I have trust in whatever Sagi told me") (Dalia Dep. Tr. 334-337) (Ex. LL). Dalia never even asked her attorneys to investigate if the auction was proper or improper. Id. pg. 337. Dalia never told Orly about the auction because "I don't think it is one of my roles to tell her about the auction." Id. at 242. Dalia also "had no interest" in telling Arie about the auction so he could bid at the sale and maximize the value of the TPR Shares, arguing that "it is not my role to tell him and inform him about the UCC sale." Id. at 240. Plainly, Dalia does not understand what it means to be a trustee, how to act as a trustee, or how to place Orly's interests above her own. Certainly, Dalia cannot properly claim she has conclusively demonstrated no claim exists supporting her removal. Miller, supra, 11 N.Y.3d at 595. Accordingly, the Motion to Dismiss must be entirely denied.

## CONCLUSION

For each and every one of the foregoing reasons, respondent Dalia Genger has failed to "conclusively prove" there is "no claim" justifying Dalia's removal as Trustee. To the contrary, petitioner Orly Genger has more than sufficiently pled claims to remove Dalia as Trustee. Accordingly, it is respectfully submitted that Dalia Genger's Motion to Dismiss should be quickly and entirely denied.

Dated: New York, New York
        February 26, 2013

PLATZER, SWERGOLD, KARLIN, LEVINE,
GOLDBERG, & JASLOW, LLP

By: _____

Ralph R. Hochberg
Mitchell L. Kaplan
For the Firm
1065 Avenue of the Americas – 18th Floor
New York, New York 10018
(212) 593-3000

ZEICHNER ELLMAN & KRAUSE, LLP
Yoav M. Griver
Bryan D. Leinbach
575 Lexington Avenue – 10th Floor
New York, New York 10022
(212) 223-0400

Attorneys for Petitioner Orly Genger

12

PLATZER, SWERGOLD, KARLIN, LEVINE,

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07185-GY • 07184-WH
800.222.0510 www.aslegal.com

Index No. **0017**   Year 20**2008**

## SURROGATE'S COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

**IN THE MATTER OF THE APPLICATION OF ORLY GENGER, AS A PERSON INTERESTED, FOR THE REMOVAL OF DALIA GENGER, AS TRUSTEE OF THE ORLY GENGER 1993 TRUST PURSUANT TO SCPA §711(11)**

### ORLY GENGER'S MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENT, DALIA GENGER'S MOTION TO DISMISS

**PLATZER, SWERGOLD, KARLIN, LEVINE, GOLDBERG & JASLOW, LLP**

*Attorneys for*   **ORLY GENGER**

1065 AVENUE OF THE AMERICAS, 18TH FLOOR
NEW YORK, NEW YORK 10018
TEL: (212) 593-3000
FAX: (212) 593-0353

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated: 1/26/15       Signature .......................... by Mitchell Katz

Print Signer's Name.......................... Mitchell Katz

*Service of a copy of the within*                         *is hereby admitted.*

Dated:

..........................................................
*Attorney(s) for*

PLEASE TAKE NOTICE

☐ **NOTICE OF ENTRY**   *that the within is a (certified) true copy of a entered in the office of the clerk of the within-named Court on*                         20

☐ **NOTICE OF SETTLEMENT**   *that an Order of which the within is a true copy will be presented for settlement to the Hon.                         , one of the judges of the within-named Court, at                         on                         20        , at                         M.*

Dated:

**PLATZER, SWERGOLD, KARLIN, LEVINE, GOLDBERG & JASLOW, LLP**

*Attorneys for*

To:                         1065 AVENUE OF THE AMERICAS, 18TH FLOOR
NEW YORK, NEW YORK 10018

*Attorney(s) for*