

STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - x
In the Matter of the Application of
ORLY GENGER, as a person interested, for the
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11)
- - - - - - - - - - - - - - - - - - - - - - - - - - x

File No. 0017/2008

## Memorandum in Opposition to Motion for Preliminary Injunction Against Trustee Prosecuting Action to Declare Trust's Interest in Trans-Resources, Inc. Shares

Dalia Genger ("Dalia"), Trustee of the Orly Genger 1993 Trust ("Orly Trust"), respectfully submits this memorandum in opposition to the motion of Orly Genger ("Orly") for a preliminary injunction restraining Dalia from (A) prosecuting the Delaware Court action ("the Delaware Action") she commenced as Trustee of the Orly Trust to declare that the Orly Trust is the beneficial owner of the 1,102.8 shares of common stock of Trans-Resources, Inc. ("Orly Trust TRI Shares") that TPR Investment Associates, Inc. ("TPR") sold to the Orly Trust in 2004 and (B) proceeding in any other existing action (other than actions pending in Supreme Court, N.Y. Co.) or commencing <u>any</u> new action relating to the Orly Trust.

### Preliminary Statement

Orly is not entitled to a preliminary injunction.

Orly's motion is based on demonstrably erroneous contentions:

- The issue of beneficial ownership of the Orly Trust TRI shares is <u>not</u> and never was a part of Orly's New York Supreme Court action, as can be seen by Justice Jaffe's January 3, 2013 Amended Decision detailing all the claims, dismissing all claims against Dalia, and dismissing most claims against the other Defendants. Meister Aff., Ex. A. Nor can Orly identify any action other than the Delaware Action that seeks to declare the Orly Trust's rights with respect to the Orly Trust TRI shares.

1

- Justice Jaffe also ruled that the Delaware Courts' findings and rulings invalidating the 2004 purported transfer of the Orly Trust TRI shares "also bind Orly here." *Id.*, at p.11, see also pp. 12-14.

- The Orly Trust would <u>not</u> be left with nothing if Delaware court decides the Trump Group validly purchased the Orly Trust TRI shares from TPR, as claimed in Orly Genger Brief, pp. 7-8 and Orly Aff ¶ 35 and fn. 9. As part of a settlement Dalia obtained, TPR has transferred to the Orly Trust all economic interest to those shares, and thus the Orly Trust would receive the $10.3 million that counsel is holding in escrow. See Dalia Genger Feb. 26, 2013, Aff. ¶ 23 and Ex. J thereto, Meister Aff. Ex. B. Alternatively, if the Orly Trust is found to be the beneficial owner, it will receive $10.16 million in dividends that Skadden Arps is holding in escrow. *Id.,* at ¶ 27 and Ex. Q.

- The Orly Trust has <u>not</u> "pledged all its assets, to MS Co" as claimed.[1] Orly Aff. p. 12, fn. 9. The Orly Trust has <u>not</u> pledged any assets to anyone. It issued an <u>unsecured</u> $4 million Note to replace a prior $4 million <u>unsecured</u> Note issued as part of a settlement that released the Orly Trust from its 1993 guaranty of a portion of a Note issued by D&K LP on which the Orly Trust owed at least $4.5 million. See D. Genger Feb. 26, 2013, Aff. ¶ 23 and Ex. J thereto, Meister Ex. B.

---

[1] We assume that Orly's reference to "MS Co" means Manhattan Safety Company, Ltd., a special purpose vehicle that made the loan to the Orly Trust.

- This Court's July, 2009 Order did <u>not</u> ban Dalia Genger, as Trustee, from bringing the Delaware action.[2]

- The New York Supreme Court did <u>not</u> issue a preliminary injunction against Dalia prosecuting the Delaware action to declare the Trust's interest in the Orly Trust TRI shares. While that court did issue a temporary restraining order ("TRO") on October 26, 2011, the motion for a preliminary injunction was never decided and now is moot because the court dismissed all claims against Dalia Genger on January 3, 2013. Meister Aff., Ex. A. And there is no basis for Orly's contention (Orly Aff. ¶ 33), that the TRO against Dalia remains in effect merely because Orly purported to bring the Supreme Court action on behalf of the Orly Trust. Orly's motion for a preliminary injunction did not seek to enjoin Orly herself nor the Orly Trust, and no such TRO was, or could have been, issued.

These and other faults in Orly's arguments are addressed below. But the bottom line is that Orly has not demonstrated that she is entitled to the drastic remedy of a preliminary injunction as she has not shown any of the three elements that must be proved by clear evidence: 1) a likelihood of success on the merits, 2) danger of irreparable injury, and 3) a balance of equities in her favor.

---

[2] The July 2009 Order required Dalia, as Trustee, "to give notice by overnight mail to petitioner's [Orly's] counsel of any 1) offer to purchase the Orly Trust's 19.3% interest in TRI within 10 days of receiving such offer and 2) act by Respondent [Dalia Genger], her agents and all other persons acting on her behalf to assign, mortgage, pledge, redeem, encumber, sell, or otherwise alter the Orly Trust's interest in TRI at least 10 days prior to such act." The Delaware Action did none of the restrained actions.

3

## Orly Has Failed to Demonstrate a Clear Right to a Preliminary Injunction

"Preliminary injunctive relief is a drastic remedy and will only be granted if the movant establishes a clear right to it under the law and the undisputed facts found in the moving papers." *Koultukis v. Phillips*, 285 A.D.2d 433, 435 (1st Dep't 2001) (citation omitted)(emphasis added). As the Court of Appeals explained, "in order to be entitled to a preliminary injunction, plaintiffs ha[ve] to show [1] a probability of success, [2] danger of irreparable injury in the absence of an injunction, and [3] a balance of the equities in their favor." *Aetna Ins. Co. v. Capasso*, 75 N.Y.2d 860, 862 (1990)(citation omitted). Orly has not met any of those requirements.

### A. Orly Has Failed To Demonstrate a Likelihood of Success on the Merits

"[T]he threshold inquiry is whether the proponent has tendered sufficient evidence demonstrating ultimate success in the underlying action." *1234 Broadway LLC v. W. Side SRO Law Project*, 86 A.D.3d 18, 23 (1st Dep't 2011) *citing Doe v. Axelrod*, 73 N.Y.2d 748 (1988). "[A] party seeking the drastic remedy of a preliminary injunction must establish a clear right to that relief under the law and the undisputed facts upon the moving papers." *Id.* And "[w]here the threatened harm is a competing legal proceeding, a preliminary injunction may be denied if the same legal claims or defenses can be asserted in that proceeding." 13 Weinstein, Korn, & Miller ¶ 6301.15. *See also Leif B. Pederson, Inc. v. Weber*, 128 A.D.2d 453, 454-55 (1st Dep't 1987) (reversing the issuance of a preliminary injunction as "CPLR 6301 allows a preliminary injunction only when defendant might violate plaintiff's rights regarding the subject of the action, or when plaintiff might do something to interfere with or render a judgment ineffectual. . . . [a]bsent sound reasons, a court generally should not deprive a plaintiff of the right to sue in a forum of her choice").

4

Although Orly asserts (Br. 6) that it is "extremely likely" that Dalia will be removed as trustee, Orly "offered nothing more than conclusory allegations concerning [her] claim[s] . . . . When 'there are key facts in dispute, the motion for a preliminary injunction [should be] denied.'" *Merrell Benco Agency, Inc. v. Safrin*, 231 A.D.2d 614 (1st Dep't 1996) *quoting Price Paper & Twine Co. v. Miller*, 182 A.D.2d 748 (2d Dep't 1992).

The legal deficiencies in Orly's Third Amended Petition were set forth *in extenso* in Dalia's pending Motion to Dismiss. Exhibit C to the Meister Affirmation. We incorporate those arguments herein to demonstrate that this action is unlikely to succeed on the merits.

Furthermore, based on the history of Orly's claims against Dalia, Orly's success is unlikely. Orly's first attempt to remove Dalia as trustee was denied by Surrogate Roth. December 31, 2008 Decision, Meister Aff. Ex. D. After Surrogate Roth retired, Orly made the same request again with no better prospects of succeeding. Exhibit C to the Meister Affirmation. And in Orly's action against Dalia in New York Supreme Court concerning the Orly Trust TRI shares, all claims against Dalia were dismissed. Meister Aff., Ex. A. Thus history teaches that Orly is not likely to prevail on the merits.

### B. Orly Has Failed To Demonstrate Irreparable Injury

Orly, as the party seeking the preliminary injunction, has the burden of proving irreparable injury. *See e.g. Aetna Ins. Co. v. Capasso*, 75 N.Y.2d 860, 862 (1990) (*"plaintiffs* had to show a. . . danger of irreparable injury") (emphasis added). "Conclusory statements lacking factual evidentiary detail warrant denial of a motion seeking a preliminary injunction." *1234 Broadway LLC v. W. Side SRO Law Project*, 86 A.D.3d 18, 23-24 (1st Dep't. 2011) *citing Village of Honeoye Falls v. Elmer*, 69 A.D.2d 1010 (4th Dep't. 1979 ).

Although Orly argues that the TRO in her New York Supreme Court action is the status quo, the Supreme Court dismissed all claims against Dalia in that action. Meister Aff. Ex. A. Here, the claims asserted by Dalia, as Trustee of the Orly Genger Trust, are the only claims that are seeking to declare the Trust the beneficial owner of the TRI shares. This issue is not pending before any New York or other Court. Meister Aff. ¶ 8. Orly erroneously claims that the action she and her father, Arie Genger, commenced in New York sought "a determination that the Orly Trust Beneficially owns the TRI Shares." Orly Aff. ¶ 36. The complaint in that action, however, shows that it sought to have Arie "declared . . . [through an entity dubbed TPR2], *ab initio*, the record and beneficial owner of all such 3000 TRI shares", including the Orly Trust TRI shares. See *Orly Genger and Arie Genger v. Dalia Genger et al.*, Index No. 651089/2010, Third Amended Complaint, pp. 46, 50, 60, 61, 63 & 64, Meister Aff. Ex. E (relevant portions attached), the Third Amended Complaint is attached in its entirety as Ex. 9 to the Motion to Dismiss the Third Amended Petition, attached hereto as Meister Ex. C. And those claims have been dismissed. Meister Aff., Ex. A.

Dalia brought the Delaware action to settle this issue of beneficial ownership of the TRI shares and finally to end the unnecessary waste of Trust assets with endless legal actions. Dalia is clearly arguing for a determination that the Trust is the beneficial owner of the shares, Meister Aff., Ex. F, and she is doing so in a jurisdiction with a less overworked and overburdened judicial system, which likely will determine the action within eight to twelve months, well before a New York court could try it.[3] See Anderson February 27, 2013 Aff.

Nor is there merit in Orly's argument that Delaware is a less favorable forum because that court is familiar with the issues and has already made legal rulings in related cases involving

---

[3] The extent of judicial backlog in New York Supreme Court is demonstrated by the more fourteen months that passed after Dalia moved to dismiss Orly's TRI related action against her until the court decided it.

6

her father. The New York Supreme Court has ruled that Orly is bound by, and that the New York Supreme Court is bound to give Full Faith and Credit to, those prior Delaware rulings concerning TPR's purported transfer of the TRI shares. Amended Decision at p. 11, and see pp. 12-14, Meister Aff. Ex. A.

And Orly's argument that closely held shares of stock are unique, and therefore a proper basis for an injunction, ignores the fact the issue is *only* the beneficial ownership of those shares. Legal title has been determined. *Genger v. TR Investors et al.*, 26 A.3d 180 (De. 2011), Orly Aff. Ex. 4. Whereas legal ownership would be a unique chattel, because it would involve decision-making and discretion as to the underlying closely-held company, that is not in question. Beneficial ownership can provide dividends and proceeds from sale, meaning money. Beneficial ownership of TRI stock is no different than beneficial ownership of Apple stock; all it gives the beneficial owner is money. Money damages are not unique and are not a basis for an injunction. *See U.S. Re Companies, Inc. v. Scheerer*, 41 A.D.3d 152 (1st Dep't 2007)(Holding: a "quantifiable remedy" in form of money damages "precludes a finding of irreparable harm" needed for preliminary injunction.) *See also Zodkevitch v. Feibush*, 49 A.D.3d 424, 425 (1st Dep't 2008) (vacating a preliminary injunction when "plaintiffs failed to make a clear showing that they would suffer irreparable harm [because they did not] demonstrate that an award of monetary damages would not adequately compensate them.")

### C. Orly Has Failed to Prove that the Balance of Equities Weighs in Her Favor

Orly has not met her burden of demonstrating that the balance of equities weighs in her favor. It "must be shown that "any injury plaintiff is likely to sustain will be more burdensome to it than the harm likely to be caused defendants through the imposition of an injunction" *Credit Index, L.L.C. v. Riskwise Int'l L.L.C.*, 282 A.D.2d 246, 247 (1st Dep't 2001).

7

"[T]he law and the trust agreement in the first instance confide [power] in the trustees, to bring a suit on behalf of the trust." *Velez v. Feinstein*, 87 A.D.2d 309, 315 (1982). "The trustees are the parties in whom the fund is vested, and whose duty it is to maintain and defend it against wrongful attack or injury tending to impair its safety or amount." *W. R. Co. v. Nolan*, 48 N.Y. 513, 517-18 (1872). Thus, the Delaware Action fulfills the Trustee's duty to bring action in the Trust's interests.

Thus, the Delaware Action fulfills the Trustee's duty.

Public Policy weighs against the granting of this injunction. "A preliminary injunction substantially limits a defendant's rights and is thus an extraordinary provisional remedy requiring a special showing." *1234 Broadway LLC v. W. Side SRO Law Project*, 86 A.D.3d 18, 23 (1st Dep't 2011) *quoting Margolies v. Encounter, Inc.*, 42 N.Y.2d 475, 479 (1977). Further, "a court generally should not deprive a plaintiff of the right to sue in a forum of her choice." *Leif B. Pederson, Inc. v. Weber*, 128 A.D.2d 453, 454-55 (1st Dep't 1987).

Surrogate Roth already rejected Orly's first challenge by ruling that Dalia is the Trustee of the Orly Trust. December 31, 2008 Decision, Meister Aff. Ex. D.

Orly's claim that she is the sole beneficiary of the Trust, and consequently has the most to lose, is inaccurate; the parallel Sagi Genger 1993 Trust has a remainder interest in the Trust. Moreover, the beneficiaries have the most to gain from the Delaware action, which will result in the Orly Trust receiving either at least $10.3 million from the purported purchase of those shares or $10.16 million in dividends that have been paid and are being held in escow. See Dalia February 26, 2013 Aff. ¶ 27, n. 3 and Ex. Q, Meister Aff. Ex. B. There is no basis for Orly's assertion (Br. 7) that an adjudication of the Trust's beneficial interest would "bless" the consideration the Trump Group paid for its purported purchase.

8

Dalia is acting as Trustee on behalf of Orly and the remainder interests. Orly cannot cite any Opinion or Order in which Justice Feinman or Justice Jaffe "authorized" Orly to seek determination of the ownership of the TRI shares, or that Dalia is not the right party to do so. At no point has any court concluded that Orly and not Dalia is the proper person to assert claims on behalf of the Orly Trust. Tellingly, Orly's papers do not cite to any opinion or authority to the contrary.

What Orly may be misconstruing is a June 28, 2010 opinion issued by Justice Feinman in another of her lawsuits, *Orly Genger v. Dalia Genger et al.*, Index No. 109749/2009, in which the court wrote that

> as beneficiary of the Orly Genger 1993 Trust, she has the right to assert causes of action on behalf of the trust, citing *Velez v. Feinstein*, 87 A.D.2d 309 (1st Dept. 1982) (where trustee has failed to enforce a claim on behalf of the trust, the beneficiary may do so).

*Orly Genger v. Dalia Genger et al.*, Sup. Ct., N.Y. Co., Index no. 109749/2009, Amended Decision and Order June 28, 2010, pg. 4, Orly Aff. Ex. 6. But here there can be no finding that Dalia has failed to assert an action on behalf of the Orly Trust in connection with its beneficial ownership of the TRI shares. In fact, Dalia is the *only* one that asserted the Orly Trust's claims to beneficial ownership. When attempting to litigate the rights to the TRI shares in the New York Supreme Court action brought by Arie and Orly Genger, Arie sought to take for himself the ownership of the Orly Trust TRI shares. And those claims have been dismissed. Compare Meister Aff., Ex. E with Ex. F.

That the Orly Trust is governed by New York law does not mean, as Orly seems to argue (Br. 9), that a only a New York court should adjudicate the Orly Trust's interest in shares of a Delaware corporation, especially since a determination of those rights that do not depend on a construction of the Trust Agreement.

9

## No Injunction Should Be Granted Because the Delaware Action Is Not Duplicative of any Action Pending before Another Court

Orly's lengthy argument that New York Courts may prevent duplicative actions in foreign jurisdictions is irrelevant because the Delaware action *is not* duplicative of any case in New York. As stated above, no New York Court has before it the decision of the beneficial owner of the TRI Stock. Orly cites no opinion in which Justice Feinman or Justice Jaffe "recognized" that the Delaware action is "entirely duplicative" of the New York actions, no such recognition was stated or is apparent.

While it is true that New York Courts have been dealing with Genger disputes, no New York action has gotten past discovery, except to dismiss some of Orly's and Arie's claims. In fact, the New York TRI Action (as Orly has referred to it) has just begun the discovery process. On the other hand, the Delaware courts have litigated the legal issues concerning the TRI ownership through trial and subsequent appeal.

Nor is Orly's affidavit accurate when it claims (¶ 29) that:

Dalia could identify no other reason or jurisdiction for her Delaware Chancery Action. The best Dalia could do was to plead that she chose to commence the Delaware Chancery Action in Delaware because '[T]hat's what my lawyer suggested to do.'

At her deposition Dalia testified:

Q. How is it that you got the idea of bringing a lawsuit in Delaware, Mrs. Genger?

A. It was, I think, a quite simple decision. Because in Delaware, the courts were familiar with the Genger case, so to speak, and they spend a lot of time, and they are very familiar with the case. And I wanted the trust to be represented and to solidify Orly's claim to the TRI shares.

*Orly Genger v. Dalia Genger et al.*, Index No. 109749/2009, Dalia Genger Dep. 108:9-16 (2/7/13, uncertified draft), Orly Aff. Ex. 10.

10

Dalia has good reason to choose Delaware and seek a swifter resolution; there is nothing "suspicious" in her decision to utilize the Courts there. The stock shares at issue are those of a Delaware company and Delaware Courts have jurisdiction and significant contacts with these matters. While Orly claims that Delaware does not have jurisdiction over her, personally, that is irrelevant; at issue is the Trust and the Trust interests, which are appropriate to be litigated by the Trustee, in an appropriate jurisdiction, which Delaware unquestionably is.[4]

Orly's *ipse dixit* claims that prosecution of the Delaware action will result in the "dissipat[ion] and loot[ing]" of the Trust's assets are unfounded. Dalia in the Delaware Action sues for a declaration that the Orly Trust is the beneficial owner of the Orly Trust TRI shares, and Dalia has already ensured that $10.3 million dollars are in escrow for the Trust, regardless of what *any* Court determines as to the shares' beneficial ownership.

### There is No Basis on which to Enjoin Dalia From Commencing New Actions As Trustee

As shown above, Orly has not demonstrated the factors necessary for the severe remedy of a preliminary injunction against prosecuting the Delaware action. She has not advanced *any* basis to enjoin Dalia from bringing "any new actions as Trustee… which affect the Orly Trust's assets in any way whatsoever." Dalia is Trustee. As Trustee, she is tasked with protecting and serving the Trust. *Velez v. Feinstein; W. R. Co. v. Nolan, supra.* She must be able to do so.

### An Undertaking Is Required for Any Preliminary Injunction

Orly is wrong to cite CPLR §6313(c) to support her argument that no undertaking should be required. CPLR §6313(c) governs TROs. CPLR §6312(b) governs preliminary injunctions and requires that

---

[4] If Orly had any legal point to make, she could seek leave to intervene in the Delaware Action. She did testify in her father's prior Delaware TRI litigation. *TR Investors, LLC et al. v. Arie Genger*, C.A. No. 3994-VCS (Del. Ch. July 23, 2010, Meister Aff. Ex. G at p. 11-13.

11

prior to the granting of a preliminary injunction, the plaintiff <u>shall</u> give an undertaking in an amount to be fixed by the court, that the plaintiff, if it is finally determined that he or she was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction. (Emphasis added.)

"To afford reasonable protection to the defendant against an erroneous or improper grant of this special provisional remedy, the plaintiff as beneficiary thereof is *required* to post an undertaking in an amount fixed by the court." *Margolies v. Encounter, Inc.*, 42 N.Y.2d 475, 479 (1977)(emphasis added); *Colonial Sur. Co. v. Eastland Const., Inc.*, 77 A.D.3d 581, 582, 913 N.Y.S.2d 8 (1st Dep't 2010)(remanding grant of preliminary injunction for the purpose of fixing the amount of the undertaking.); *Napoleon Art & Prod., Inc. v. Laughlin*, 14 Misc. 3d 1226(A), (N.Y. Co. Sup. Ct. 2007) (for a preliminary injunction, "an undertaking is mandated by statute").

Here the delay in resolving the beneficial ownership issue is keeping the Orly Trust from receiving either at least $10.3 million from the purported purchase of those shares that is being held in escrow by Dalia's counsel or $10.16 million in dividends that have been paid thereon and are being held in escow by Skadden Arps. See Dalia February 26, 2013 Aff. ¶ 27, n. 3 and Ex. Q, Meister Aff. Ex. B.

### Conclusion

For the foregoing reasons, this Court should deny the motion for a preliminary injunction enjoining Dalia Genger.

OF COUNSEL:
Robert A. Meister
Marisa Warren
Karen Kranson

Respectfully submitted,
PEDOWITZ & MEISTER LLP
By: _____
Robert A. Meister
570 Lexington Avenue, 18th Fl.
New York, NY 10022
212.403.7330
Robert.meister@pedowitzmeister.com
Attorneys for Dalia Genger, Trustee

12