SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------------X

ACCOUNTING BY Dalia Genger

as the  successor Trustee of the Orly Genger 1993 Trust
established under the Agreement dated December 31, 1993
for the period January 3, 2008 through April 30, 2013

-----------------------------------------------------------------------------X
TO THE SURROGATE'S COURT OF THE COUNTY OF NEW YORK

ACCOUNTING BY:

[  ]    Executor with Trust
[ X ]   Trustee
[  ]    Other [Specify]_____

File No. _____

The undersigned does hereby render the account of proceedings as follows:

Period of account from January 4, 2008        to   April 30, 2013        .
This is a intermediate account.

[The instructions concerning the schedules need not be stated at the head of each schedule.  It will be sufficient to set forth only the schedule letter and heading.  For convenience of reference, the schedule letter and page number of the schedule should be shown at the bottom of each sheet of the account.]

## PRINCIPAL

Schedule A        -    Principal Received, page ___13___

Schedule A - 1    -    Realized Increases, page ___15___

Schedule B        -    Realized Decreases, page ___17___

Schedule C        -    Funeral and Administration Expenses and Taxes, page ___18___

Schedule C - 1    -    Unpaid Administration Expenses, page ___19___

Schedule D        -    Creditor's Claims, page ___21___    **[Does not apply in a trustee's account]**

Schedule E        -    Distributions of Principal, page ___22___

Schedule F        -    New Investments, Exchanges and Stock Distribution, page ___24___

Schedule G        -    Principal remaining on Hand, page ___25___

## INCOME

Schedule A-2      -    Income Collected, page ___16___

Schedule C-2      -    Administration, Expenses Chargeable to Income, page ___20___

Schedule E-1      -    Distributions of Income,  page ___23___

Schedule G-1      -    Income Remaining on Hand,  page ___26___

Schedule H        -    Interested Parties, page ___27___

Schedule I        -    Computation of Commissions, page ___NONE___

Schedule J        -    Other Pertinent Facts and Cash Reconciliation, page ___28___

Schedule K        -    Estate Taxes Paid and Allocation of Estate Taxes, page ___34___

**SUMMARY**

**PRINCIPAL ACCOUNT**

CHARGES:

| | | | |
|---|---|---|---|
| Schedule "A" | - | (Principal received) | $ 319,416.51 & See Schedule J |
| Schedule "A - 1" | - | (Realized increases in principal) | $ 0.00 |

Total principal charges        $ 319,416.51 & See Schedule J

CREDITS:

| | | | |
|---|---|---|---|
| Schedule "B" | - | (Realized decreases in principal) | $ 0.00 |
| Schedule "C" | - | (Funeral and administration expenses) | $ 111,688.83 |
| Schedule "D" | - | (Creditor's claims actually paid) **[Does not apply in trustee's account]** | $ 0.00 |
| Schedule "E" | - | (Distributions of principal) | $ 0.00 |

Total principal credits        $ 111,688.83

Principal balance on hand shown by Schedule "G"        $ 207,747.68 & See Schedule J

**INCOME ACCOUNT**

CHARGES:

| | | | |
|---|---|---|---|
| Schedule "A-2" | - | (Income collected) | $ 0.00 |

Total income charges        $ 0.00

CREDITS

| | | | |
|---|---|---|---|
| Schedule "C-2" | - | (Administration expenses) | $ 0.00 |
| Schedule "E-1" | - | (Distributions of Income) | $ 0.00 |

Total income credits        $ 0.00

Balance of undistributed income remaining on hand as shown in Schedule "G-1"        $ 0.00

**COMBINED ACCOUNTS**

| | | |
|---|---|---|
| Principal on hand | Cash | $ _207,747.68_____ |
| | Other Property | $ _See Schedule J_____ |
| | Total | $ _207,747.68 and See Schedule J_ |
| | | |
| Income on hand: | Cash | $ _0.00_____ |
| | Other Property | $ _0.00_____ |
| | Total | $ _0.00_____ |
| | | |
| Total on hand as of April 30, 2013 | | $ _0.00_____ |

The foregoing principal balance of $_207,747.68 & See Schedule J_ consists of $_207,747.68_ in cash and $_See Schedule J_ in other property on hand as of April 30, 2013. It is subject to deduction of estimated principal commissions amounting to $ _0.00_ as shown in  Schedule I, and to the proper charge to principal of expenses of this accounting.

The foregoing income balance of $ _0.00_____ consists of $ _0.00_____in cash and $_0.00_____ in other property on hand as of the _30th day of April, 2013_.  It is subject to deduction of estimated income commissions amounting to $ _0.00_____ as shown in  Schedule I, and to the proper charge to income expenses of this accounting.

The attached schedules are part of this account.

| | |
|---|---|
| _____ | _____ |
| (Name of Corporate Fiduciary) | (Signature of Fiduciary) |
| | _Dalia Lenga_ |
| _____ | _____ |
| (Signature of Officer) | (Signature of Fiduciary) |

## AFFIDAVIT OF ACCOUNTING PARTY

STATE OF NEW YORK                    )

COUNTY OF __New York_____   )   ss.:

    Dalia Genger being duly sworn, says: that the schedules of assets of the estate reported herein are true and complete and include all money and property of any kind, and all increment thereon, which have come into the hands of any of the accounting parties or have been received by any other persons for the use of any accounting party by order of authority of such accounting party, and include all indebtedness due by any accounting party to the estate whether discharged or not; that the moneys stated in the account as collected were all that could be collected; that all claims for credit for losses or decreases of value of assets are correctly reported; that the reported payments out of estate assets for funeral and administration expenses were actually made and made in the amounts scheduled; that the reported payments to creditors and beneficiaries were actually made at the dates and in the amounts scheduled; that no payments have been made by any accounting party on any fiduciary's claims against the estate except after prior approval and allowance by the Surrogate; that all receipts and disbursements are correctly and fully reported and scheduled; that the accounting parties do not know of any error in the account or in any schedule thereof or of any matter or thing relating to the estate omitted therefrom to the prejudice of rights of any creditor or of any person interested in the estate; and that the schedule of commissions has been computed in conformity with the statute regulating commissions and the Rules of the Surrogate's Court applicable thereto.

Sworn to before me on
__May 9__, 20_13_

_____
Notary Public
Commission Expires:
(Affix Notary Stamp or Seal)

ROBERT A. MEISTER
Notary Public, State of New York
No. 31-02ME2653350
Qualified in New York County
Commission Expires March 30, 2015

_____
Signature

_____
Print Name

Signature of Attorney: _____

Address of Attorney: Pedowitz & Meister, LLP
                  570 Lexington Avenue, 18th Fl.
                  New York, NY 10022

Tel. No.: 212-403-7333

**INSTRUCTIONS**

**PRINCIPAL**

**Schedule A**
Statement of Principal Received

This schedule must contain an itemized statement of all the moneys and other personal property constituting principal for which each accounting party is charged, together with the date of receipt or acquisition of such money or property. If real property has been sold by the fiduciary, this schedule must set forth the proceeds of sale of such property, including a copy of the closing statement.

**Schedule A-1**
Statement of Increases on Sales, Liquidation or Distribution

This schedule must contain a full and complete statement of all realized increases derived from principal assets whether due to sale, liquidation, or distribution or any other reason. It should also show realized increases on new investments or exchanges. In each instance, the date of realization of the increase must be shown and the property from which the increase was derived must be identified.

**Schedule B**
Statement of Decreases Due to Sales, Liquidation, Collection, Distribution or
Uncollectibility

This schedule must contain a full and complete statement of all realized decreases on principal assets whether due to sale, liquidation, collection or distribution, or any other reason. It should show decreases on new investments or exchanges and also sales, liquidations or distributions that result in neither gain nor loss. In each instance, the date of realization of the decrease must be shown and the property from which the decrease was incurred must be identified. It should also report any asset which the fiduciary intends to abandon as worthless, together with a full statement of the reasons for abandoning it.

**Schedule C**
Statement of Funeral and Administration Expenses and Taxes Charged to Principal

This schedule must contain an itemized statement of all moneys chargeable and paid for funeral, administration and other necessary expenses, together with the date and the reason for each expenditure. Consolidate all similar expenditures; i.e. funeral expenses, taxes, accountant fees, legal fees, filing fees, commissions, other. Where the will directs that all inheritance and death taxes are to be paid out of the estate, credit for payment of the same should be taken in this schedule.

**Schedule C-1**
Statement of Unpaid Administration Expenses

This schedule must contain an itemized statement of all unpaid claims for administration and other necessary expenses, together with a statement of the basis for each such claim.

**Schedule D**
Statement of All Creditor's Claims

This schedule must contain an itemized statement of all creditor's claims subdivided to show:

1. Claims presented, allowed, paid and credited and appearing in the Summary Statement together with the date of payment.
2. Claims presented and allowed but not paid.
3. Claims presented but rejected, and the date of and the reason for such rejection.
4. Contingent and possible claims.
5. Personal claims requiring approval by the court pursuant to SCPA §1805.

In the event of insolvency, preference of various claims should be stated, with the order of their priority.

### Schedule E
Statement of Distributions of Principal

This schedule must contain an itemized statement of all moneys paid and all property delivered from principal to the beneficiaries, legatees, trustees, surviving spouse or distributees of the deceased, the date of payment or delivery thereof, and the name of the person to whom payment or delivery was actually made.

Where estate taxes are required to be apportioned and payments have been made on account of the taxes, the amounts apportioned in Schedule K against beneficiaries of the estate shall be charged against the respective individuals share.

### Schedule F
Statement of New Investments, Exchanges and Stock Distributions

This schedule must contain an itemized statement of (a) all new investments made by the fiduciary with the date of acquisition and cost of all property purchased, (b) all exchanges made by the fiduciary, specifying dates and items received and items surrendered, and (c) all stock dividends, stock splits, right and warrants received by the fiduciary, showing the securities to which each relates and their allocation as between principal and income.

### Schedule G
Statement of Principal Remaining on Hand

This schedule must contain an itemized statement showing all property constituting principal remaining on hand including a statement of all uncollected receivables and property rights due to the estate.  Show the date and cost of all such property that was acquired by purchase, exchange or transfers made or received, together with the date of acquisition and the cost thereof and indicate such sums in the appropriate lines of the summary schedule.  Show all unrealized increases and decreases relating to assets on hand, and report the same in the appropriate places in the summary schedule.

### INCOME
### Schedule A-2

Statement of All Income Collected

This schedule must contain a full and complete statement of all interest, dividends, rents and other income received, and the date of each receipt.  Each receipt must be separately accounted for and identified, except that where a security had been held for an entire year, the interest or ordinary dividends may be reported on a calendar year basis.

### Schedule C-2
Statement of Administration Expenses Charged to Income

This schedule must contain an itemized statement of all moneys chargeable to income and paid for administration, maintenance and other expenses, together with the date and reason for each such expenditure.

### Schedule E-1
Statement of Distribution of Income

This schedule must contain an itemized statement of all moneys paid and of property delivered out of income to the beneficiaries, the date of payment or delivery thereof and the name of the person to whom payment or delivery was actually made.  If convenient, distributions of income to any one beneficiary may be reported by the calendar year.

**Schedule G-1**

Statement of Income on Hand

This schedule must contain a statement showing all undistributed income.

**Schedule H**

Statement of Interested Parties

This schedule must contain the names of all persons entitled as beneficiary, legatee, devisee, trustee, surviving spouse, distributee, unpaid creditor or otherwise to a share of the estate or fund, with their post office addresses and the degree of relationship, if any, of each to the deceased, and a statement showing the nature of and the value or approximate value of the interest of each such person.

This schedule also must contain a statement that the records of this court have been searched for powers of attorney and assignments and encumbrances made and executed by any of the persons interested in or entitled to a share of the estate and a list detailing each power of attorney, assignment and encumbrance, disclosed by such search, with the date of its recording and the name and address of each attorney in fact and of each assignee and of each person beneficially interested under the encumbrance to in the respective instruments, and also whether the accounting party had any knowledge of the execution of any such power of attorney or assignment not so filed and recorded.

**Schedule I**

Statement of Computation of Commissions

This schedule must contain a computation of the amount of commissions due upon this accounting.  See Uniform Court Rule, §207.40 (d).

**Schedule J**

Statement of Other Pertinent Facts, and Cash Reconciliation

This schedule must contain a statement of all other pertinent facts affecting the administration of the estate and the rights of those interested therein.  It must also contain a statement of any real property left by the decedent that it is not necessary to include as an estate asset  to be accounted for, a brief description thereof, its gross value, and the amount of mortgages or liens thereon at the date of death of the deceased.  A cash reconciliation must also be set forth in this schedule so that verification with bank statements and cash on hand may be readily made.

**Schedule K**

Statement of Estate Taxes Paid and Allocation Thereof

This schedule must contain a statement showing all estate taxes assessed and paid with respect to any property required to be included in the gross estate of the decedent under the provisions of the Tax Law or under the laws of the United States.  This schedule must also contain a computation setting forth the proposed allocation of taxes paid and to be paid and the amounts due the estate from each person in whose behalf a tax payment has been made and also the proportionate amount of the tax paid by each of the named persons interested in this estate or charged against their respective interest, as provided in §2-1.8 of the Estates, Powers and Trusts Law.

Where an allocation of taxes is required, the method of computing the allocation of said taxes must be shown in this schedule.

## Orly Genger Trust

### Schedule A:
### Statement of Principle Received

**Real Estate**

| Item | Date Acquired | Description | Inventory Value |
|------|---------------|-------------|-----------------|
| 0 | | NONE | 0.00 |
| **TOTAL Real Estate** | | | **$0.00** |

**Stocks and Bonds**

| Item | Date Acquired | Description | Inventory Value |
|------|---------------|-------------|-----------------|
| 1 | 12/21/93 | 48% L.P. interest in D&K LP | See Schedule J |
| 2 | 10/3/11 | Economic interest of TPR Investment Associates, Inc. in S1,102.8 shares of Trans Resources, Inc. stock | See Schedule J |
| **TOTAL Stocks and Bonds** | | | **See Schedule J** |

**Mortgages, Notes, and Cash (Bank Accounts)**

| Item | Date Acquired | Description | Inventory Value |
|------|---------------|-------------|-----------------|
| 1 | 10/3/11 | TPR Investment Associates, Inc., settlement payment | $100,000 |
| 2 | 10/3/11 | Release of Guarantee of D&K LP 6.06% Note to TPR | See Schedule J |
| 3 | 5/15/12 | Orly Genger trust 3% note to TPR Investment Associates, Inc. | See Schedule J |
| 4. | 5/15/12 | Loan from Manhattan Safety Company, Ltd. | $200,000 |
| 5. | 5/22/12 | Refund by Delaware counsel - retainer not earned to date | $19,416.51 |
| **TOTAL Mortages, Notes, and Cash (Bank Accounts)** | | | **$319,416.51** |

**Life Insurance and Annuities Payable to Estate**

| Item | Date Acquired | Description | Inventory Value |
|------|---------------|-------------|-----------------|
| 0 |  | NONE | 0.00 |
| **TOTAL Life Insurance and Annuities Payable to Estate** | | | **$0.00** |

**Miscellaneous**

| Item | Date Acquired | Description | Inventory Value |
|------|---------------|-------------|-----------------|
| 1 | 12/21/93 | Guarantee owed by trust of 48% of Note by D&K LP to TPR Investment Associates, Inc. | See Schedule J |
| **TOTAL Miscellaneous** | | | **See Schedule J** |
| **TOTAL Schedule A** | | | **$319,416.51 & See Schedule J** |

**Orly Genger Trust**

**Schedule A-1:**
**Statement of Increases on Sales, Liquidation or Distribution**

**Sales**

| Item | Date | Description | Net Proceeds | Inventory Value | Increases |
|------|------|-------------|--------------|-----------------|-----------|
| 0 |  | NONE | 0.00 | 0.00 | 0.00 |
| **TOTAL Sales** | | | **$0.00** | **$0.00** | **$0.00** |

**Liquidation**

| Item | Date | Description | Net Proceeds | Inventory Value | Increases |
|------|------|-------------|--------------|-----------------|-----------|
| 0 |  | NONE | 0.00 | 0.00 | 0.00 |
| **TOTAL Liquidation** | | | **$0.00** | **$0.00** | **$0.00** |

**Distribution (Assets Revalued to Market)**

| Item | Date | Description | Net Proceeds | Inventory Value | Increases |
|------|------|-------------|--------------|-----------------|-----------|
| 0 |  | NONE | 0.00 | 0.00 | 0.00 |
| **TOTAL Distribution (Assets Revalued to Market)** | | | **$0.00** | **$0.00** | **$0.00** |
| TOTAL Schedule A-1 | | | $0.00 | $0.00 | $0.00 |

15

**Orly Genger Trust**

### Schedule A-2:
### Statement of Income Collected

**Rent**

| Item | Date | Description | Market Value |
|------|------|-------------|--------------|
| 0 | | NONE | 0.00 |
| **TOTAL Rent** | | | **$0.00** |

**Other Income**

| Item | Date | Description | Market Value |
|------|------|-------------|--------------|
| 0 | | NONE | 0.00 |
| **TOTAL Other Income** | | | **$0.00** |

| **TOTAL Schedule A-2** | **$0.00** |
|------------------------|-----------|

**Orly Genger Trust**

### Schedule B:
### Statement of Decreases Due to Sales Liquidation, Collection, Distribution or Uncollectibility

**Sales**

| Item | Date | Description | Net Proceeds | Inventory Value | Decrease |
|------|------|-------------|--------------|-----------------|----------|
| 0 | | NONE | 0.00 | 0.00 | 0.00 |
| TOTAL Sales | | | $0.00 | $0.00 | $0.00 |

**Liquidation**

| Item | Date | Description | Net Proceeds | Inventory Value | Decrease |
|------|------|-------------|--------------|-----------------|----------|
| 0 | | NONE | 0.00 | 0.00 | 0.00 |
| TOTAL Liquidation | | | $0.00 | $0.00 | $0.00 |

**Collection**

| Item | Date | Description | Net Proceeds | Inventory Value | Decrease |
|------|------|-------------|--------------|-----------------|----------|
| 0 | | NONE | 0.00 | 0.00 | 0.00 |
| **TOTAL Collection** | | | **$0.00** | **$0.00** | **$0.00** |

**Assets Revalued to Market for Distribution**

| Item | Date | Description | Net Proceeds | Inventory Value | Decrease |
|------|------|-------------|--------------|-----------------|----------|
| 0 | | NONE | 0.00 | 0.00 | 0.00 |
| **TOTAL Assets Revalued to Market for Distribution** | | | $0.00 | $0.00 | $0.00 |

**Uncollectibility**

| Item | Date | Description | Net Proceeds | Inventory Value | Decrease |
|------|------|-------------|--------------|-----------------|----------|
| 0 | | NONE | 0.00 | 0.00 | 0.00 |
| **TOTAL Uncollectiblity** | | | **$0.00** | **$0.00** | **$0.00** |

**Abandoned, Lost, or Destroyed**

| Item | Date | Description | Net Proceeds | Inventory Value | Increases |
|------|------|-------------|--------------|-----------------|-----------|
| 0 | | NONE | 0.00 | 0.00 | 0.00 |
| **TOTAL Abandoned, Lost, or Destroyed** | | | **$0.00** | **$0.00** | **$0.00** |
| **TOTAL Schedule B** | | | **$0.00** | **$0.00** | **$0.00** |

17

**Orly Genger Trust**

**Schedule C:**
**Statement of Funeral and Administration Expenses and Tax Charged to Principal**

**Funeral Expenses**

| Item | Date | Description | Amount |
|------|------|-------------|--------|
| 0 | | NONE | 0.00 |
| **TOTAL Funeral Expenses** | | | |

**Administration Expenses**

| Item | Date | Description | Amount |
|------|------|-------------|--------|
| 1 | 10/7/11 | Retainer for legal expenses and expenses of Delaware counsel for litigation to establish trusts's rights vis-a-vis 1,102.8 shares Trans Resources Inc. stock | $50,000 |
| 2 | 11/7/11-6/6/12 | Legal expenses and expenses paid Pedowitz & Meister, LLP for litigation to establish trust's rights vis-a-vis 1,102.8 shares Trans Resources Inc. stock | $51,668.83 |
| 3 | 7/18/12 | Indemnification of Leah Fang for legal fees as former trustee. | $10,000 |
| **TOTAL Administration Expenses** | | | **$111,688.83** |

## Orly Genger Trust

### Schedule C-1:
### Statement of Unpaid Administration Expenses

| Item | Date Billed | Description | Amount |
|------|-------------|-------------|--------|
| 1 | 3/5/09 – 3/4/13 | Legal fees and Expenses for Defense of Dalia Genger, Respondent Trustee in Surrogate's Court proceedings, paid to Pedowitz & Meister, LLP by Dalia Genger. | $189,327.47 |
| 2 | 4/8/13 | Legal fees and Expenses for Defense of Dalia Genger, Respondent Trustee in Surrogate's Court proceedings, not yet paid to Pedowitz & Meister, LLP by Dalia Genger. | $8,089.04 |
| 3 | 8/10/09 – 1/4/13 | Legal fees and Expenses for Defense of Dalia Genger, sued for alleged misconduct as Trustee, in *Orly Genger v. Dalia Genger et al.,* Index No. 109749/2009 (N.Y. Co., Sup. Ct.) paid to Pedowitz & Meister, LLP by Dalia Genger. | $223,313.18 |
| 4 | 2/6/13 – 4/8/13 | Legal fees and Expenses for Defense of Dalia Genger sued for alleged misconduct as Trustee in *Orly Genger v. Dalia Genger et al.,* Index No. 109749/2009 (N.Y. Co., Sup. Ct.) not yet paid to Pedowitz & Meister, LLP by Dalia Genger. | $69,817.66 |
| 5 | 10/1/10 – 6/6/12 | Legal fees and Expenses for Litigation by Dalia Genger as Trustee to establish trust's rights vis-à-vis 1,102.8 shares of Trans Resources Inc. stock paid to Pedowitz & Meister, LLP by Dalia Genger. | $24,839.00 |
| 6 | 1/14/13 | Legal fees and Expenses for Litigation by Dalia Genger as Trustee to establish trust's rights vis-à-vis 1,102.8 shares of Trans Resources Inc. stock not yet paid to Pedowitz & Meister, LLP by Dalia Genger. | $3,321.50 |
| 7 | 9/1/11, 1/14/13 | Legal Fees and Expenses for advice regarding claim for Trust to establish trust's right-s vis-à-vis 1,102.8 shares of Trans Resources Inc. stock paid to Pedowitz & Meister, LLP by Dalia Genger. | $16,484 |
| 8 | 3/21/12 | Trust's 1/5 share of invoice of Meyers Tersigni Feldman & Gray LLP for Supreme Court ordered meditation of Genger family litigiation | $3,456.00 |
| **TOTAL Schedule C-1** | | | **$538,647.85** |

**Orly Genger Trust**

### Schedule C-2:
### Statement of Administration Expenses Chargeable to Income

**Income Taxes**

| Item | Date Paid | Description | Amount |
|------|-----------|-------------|--------|
| 0 | | NONE | 0.00 |
| **TOTAL Income Taxes** | | | **$0.00** |

**Administration Expenses**

| Item | Date | Description | Market Value |
|------|------|-------------|--------------|
| 0 | | NONE | 0.00 |
| **TOTAL Administration Expenses** | | | **$0.00** |

| **TOTAL Schedule C-2** | **$0.00** |
|------------------------|-----------|

**Orly Genger Trust**

### Schedule D:
### Statement of All Creditor's Claims

**(1) Claims presented, allowed, paid and credited and appearing in the Summary Statement, together with date of payment**

| Item | Date Billed | Description | Amount |
|------|-------------|-------------|--------|
| 0 | | NONE | 0.00 |
| **TOTAL Claims Paid** | | | $0.00 |

**(2) Claims presented and allowed but not paid**

| Item | Date Billed | Description | Amount |
|------|-------------|-------------|--------|
| 0 | | NONE | 0.00 |
| **TOTAL Claims Presented and Allowed but not Paid** | | | $0.00 |

**(3) Claims Presented but rejected**

| Item | Date Billed | Description | Amount |
|------|-------------|-------------|--------|
| 0 | | NONE | 0.00 |
| **TOTAL Claims Presented but Rejected** | | | $0.00 |

**(4) Contingent and possible claims**

| Item | Date Billed | Description | Amount |
|------|-------------|-------------|--------|
| 0 | | NONE | |
| **TOTAL Continent and Possible Claims** | | | |

**(5) Personal claims requiring approval by the court, pursuant to SPCA 1805**

| Item | Date Billed | Description | Amount |
|------|-------------|-------------|--------|
| 0 | | NONE | 0.00 |
| **TOTAL Claims Requiring Approval** | | | $0.00 |
| **TOTAL Schedule D** | | | **$0.00** |

## Orly Genger Trust

### Schedule E:
### Statement of Distribution Made

**Specific Bequests**

| | |
|---|---|
| **TOTAL Specific Bequests** | $0.00 |

**General Bequests**

| | |
|---|---|
| **TOTAL General Bequests** | $0.00 |

**Residuary Bequests**

| | |
|---|---|
| **TOTAL Residuary Bequests** | $0.00 |
| **TOTAL Schedule E** | **$0.00** |

**Orly Genger Trust**

**Schedule E-1:**
**Statement of Distribution of Income**

| Item | Will/Codicil | Date | Person | Description | Value |
|------|-------------|------|--------|-------------|-------|
| 0 | NONE | | NONE | NONE | 0.00 |
| **TOTAL Distribution of Income** | | | | | **$0.00** |

**Orly Genger Trust**

**Schedule F:**
**Statement of New Investments, Exchanges and Stock Distribution**

**(a) New Investments**

| Date | Description | Value |
|------|-------------|-------|
| 0 | NONE | $ |
| **TOTAL New Investments** | | $ |

**(b) Exchanges**

| Item | Date | Item Surrendered | Inventory Value |
|------|------|------------------|-----------------|
| 1 | 12/21/93 | 48% guarantee of D&K LP $8.95 million 6.06% Note to TPR Investment Associates, Inc. | $4,296,000 |
| 2 | 10/3/11 | 48% L.P. interest in D&K L.P. | Unknown |
| 3 | 10/3/11 | Orly Genger Trust 3% Note to TPR Investment Associates, Inc. | $4,000,000 |
| 4 | 5/15/12 | Orly Genger Trust 3% Note to Manhattan Safety Company Ltd. | $4,240,000 |
| **TOTAL Exchanges** | | | $ |

24

**Orly Genger Trust**

**Schedule G:**
**Statement of Principal Remaining on Hold**

**Cash**

| Item | Description | Market Value |
|------|-------------|--------------|
| 1 | Cash | $207,747.68 |
| **TOTAL Cash** | | **$0.00** |

**Securities**

| Item | Description | Market Value |
|------|-------------|--------------|
| 1 | Economic interest in 1,102.8 shares of Trans-Resources, Inc. Stock | See Schedule J |
| **TOTAL Securities** | | See Schedule J |

**Other Property**

| Item | Description | Market Value |
|------|-------------|--------------|
| 0 | NONE | 0.00 |
| **TOTAL Other Property** | | **$0.00** |
| **TOTAL Schedule G** | | **$207,747.68 & See Schedule J** |

## Orly Genger Trust

### Schedule G-1:
### Statement of Undistributed Income Remaining on Hand

**Cash**

| Item | Description | Market Value |
|------|-------------|--------------|
| 0 | NONE | 0.00 |
| **TOTAL Cash** | | **$0.00** |

**Other Property**

| Item | Description | Market Value |
|------|-------------|--------------|
| 0 | NONE | 0.00 |
| **TOTAL Other Property** | | **$0.00** |
| **TOTAL Other Property** | | **$0.00** |

26

**Orly Genger Trust**

### Schedule H:
### Statement of Interested Parties

Persons of full age and sound mind entitled to share in estate (beneficiary, legatee, devisee, trustee, surviving spouse, distributee, unpaid creditor, etc.):

| Name and Post Office Address | Relationship, if any | Nature of Interest and Approximate Value |
| --- | --- | --- |
| Orly Genger | Daughter of Arie Genger (grantor) | Beneficiary |
| Sagi Genger | Son of Arie Genger (Grantor) | Lifetime Beneficiary of Sagi Genger 1993 Trust |
| Sagi Genger 1993 Trust | Contingent remainderman | Contingent remainderman |
| Dalia Genger | Trustee | |
| Leah Fang | Prior trustee | Trustee from April 26, 2007 to January 4, 2008 |

Persons under disability entitled to share in estate (beneficiary, legatee, devisee, surviving spouse, distributee, unpaid creditor, etc.):

The records of the Surrogate's Court of ***Surrogate Court County*** County have been searched for powers of authority, assignments and encumbrances made and executed by any of the persons interested in or entitled to a share of the estate and the following have been found:

| Power of attorney or assignment of encumbrance | Date of Recording | Attorney name and address | Assignee name and address | Person Beneficially Interested Name and Address |
| --- | --- | --- | --- | --- |
| None | None | None | None | None |

## Schedule J
Statement of Other Pertinent Facts, and Cash Reconciliation

### The Orly Genger 1993 Trust

The Orly Genger 1993 Trust was created in 1993 by agreement between the Grantor, Arie Genger, and the original Trustees.  A copy of that agreement is **Exhibit A.**

### D&K LP

When Dalia Genger first became Trustee of the Orly Trust, in January 2008, the Trust held a highly illiquid 48% limited partnership interest in D&K LP ("D&K") and had guaranteed D&K's Note to TPR Investors, Inc. ("TPR"), then owned by the Grantor, Arie Genger.  The value of these assets are currently subject to litigation and therefore are currently of undetermined value.

D&K was also created in 1993.  On its creation, D&K purchased 240 shares of TPR stock paying $1,250,000, which Arie Genger and Dalia Genger (then married) contributed, and D&K's $8,950,000, 6.06% interest-bearing, secured, ten-year Note TPR (the "D&K Note").  The D&K Note was <u>secured</u> by D&K's simultaneous pledge of those purchased 240 shares of TPR stock and guaranteed as to 48% by the Orly Trust.  The Orly Trust's guarantee expressly provides "that the Holder <u>may enforce this Note</u>, to the extent of such liability, as if the [Orly Trust] were the Maker thereof." (Emphasis added.)  That guarantee was signed in 1993 for the Orly Trust by its trustees at that time, who did not include Dalia Genger.

D&K was a special purpose entity that had no assets other than the 240 TPR shares.  Through dividends from TPR, D&K made payments on the D&K Note until 1999 but then the dividends stopped.  Those payments are listed on a schedule that Dalia's former husband

produced their divorce proceeding, showing that as of the end of 2006, D&K owed over $10.4 million on the D&K Note.

In October, 2004, as part of the settlement of their divorce, Dalia Genger and her former husband paid 4% of the then balance of the D&K Note, and after that amount of the remainder of the D&K Note that the Orly Trust had guaranteed exceeded $4.5 million. In her first Petition to this Court that life beneficiary Orly Genger (Orly) verified on December 27, 2007 (¶ 7 a. (iii)), Orly admitted that with respect to the D&K Note "the Trust is indebted in the amount of approximately $4.5 million," and as recently as October 15, 2012, Orly's Third Amended Petition (¶29) admits that "as of mid-2006, the D&K Note 'had an approximate value of $11,000,000 as a result of accrued interest.'"

On August 31, 2008, while Dalia was under Surrogate Roth's direction to take no action, TPR declared that the D&K Note was in default, and TPR subsequently foreclosed on D&K's TPR shares that D&K had pledged to secure the Note. Trustee, Dalia Genger did not participate in the foreclosure; after consulting counsel, she did not see any way to prevent it. TPR completed the foreclosure on D&K's pledged 240 TPR shares in February, 2009, and that after the proceeds of that foreclosure sale TPR stated that the D&K Note balance exceeded $9 million. See TPR's document which is **Exhibit B.** Thus after the 2009 foreclosure, the Orly Trust owed TPR more than $4.5 million on its guarantee of the D&K Note, and D&K had no other assets.

### The Orly Trust's Interest in TRI Shares

Pursuant to Dalia Genger and Arie Genger's 2004 Divorce Settlement Agreement, on October 29, 2004, Dalia's former husband, Arie Genger, caused TPR to *purport* to sell the Orly Trust 1,102.8 Shares of the common stock of Trans-Resources, Inc. ("TRI"), which the Orly Trust agreed to the purchase for $1 a share, acting through its trustees at the time, not the current

29

trustee Dalia Genger. The Orly Trust purchased the 1,102.8 shares for one dollar per share, a total of $1,102.80. A copy of the purchase and sale agreement is **Exhibit C hereto.**

However, in July and August, 2010, In *TR Investors, LLC et al. v Arie Genger*, C.A. No. 3994-VCS, the Delaware Chancery Court held that the 2004 purported sale of TRI shares violated the TRI stockholders agreement and was therefore void. **Exhibit D.** That decision raised the question as to whether the Orly Trust had acquired any interest at all in the Orly Trust TRI Shares in 2004 or whether they still belonged to TPR. And under the TRI shareholders agreement, the other shareholders has the right to purchase any shares purportedly transferred in violation of its terms at a price set by that agreement. And in 2008, TPR had agreed to sell the Orly Trust TRI Shares for $10.3 million to the Trump Group, at the Trump Group's option.

Because of this question, after the Delaware Chancery Court decision, Trustee, Dalia Genger, entered into an escrow agreement, as Trustee of the Orly Trust, pursuant to which the Trump Group, TPR, the Orly Trust, and Orly Genger herself agreed that if the Trump Group did purport to purchase the Orly Trust TRI Shares from TPR, the purchase price would be held in escrow by counsel for Dalia Genger, Trustee, pending a final determination by the Delaware Supreme Court of the ownership of those TRI shares or an agreement of all parties, including Orly. When the Trump Group did subsequently purport to purchase the Orly Trust TRI Shares from TPR for $10.3 million, those funds were deposited into the escrow, where they remain today.

In October, 2010, also in response to the Delaware Chancery Court decision, Trustee Dalia Genger filed a breach of contract action against her former husband seeking damages *for*

30

*the Orly Trust* arising from his failure to cause the transfer of the Orly Trust TRI Shares to the Orly Trust. *Dalia Genger, as Trustee on behalf of the Orly Genger 1993 Trust, and Dalia Genger, in her individual capacity v. Arie Genger*, Sup. Ct., N.Y. Co., index no. 113862/2010.

In July, 2011, on appeal, the Delaware Supreme Court ruled that the 2004 sale did not transfer record or legal title to the TRI shares, but because the Orly Trust was not a party, the Court held that it lacked personal jurisdiction to decide who owned the beneficial interest in the Orly Trust TRI Shares. *Genger v.TR Investors et al.,* 26 A.3d 180 (De. 2011).

After that decision, Trustee Dalia Genger acted to protect the Orly Trust's interest in the Orly Trust TRI Shares. In October, 2011, as Trustee of the Orly Trust, Dalia Genger entered into a Settlement Agreement with TPR and D&K. **Exhibit E.**[1] As Trustee, Dalia Genger has the legal authority to settle claims by and against the Trust. *See* N.Y. E.P.T.L. § 11-1.1(13) (A trustee has the power "[t]o contest, compromise or otherwise settle any claim in favor of the estate, trust or fiduciary or in favor of third persons and against the estate, trust or fiduciary."); see also Orly Genger 1993 Trust Agreement, Eleventh Article, Sec. 7 at page 26 (which states that "[i]n addition to and in amplification of the powers given by law to trustees," the trustee of the Orly Trust shall have the power "[t]o settle, adjust, compromise, or submit to arbitration any dispute, claim, or controversy in which any trust hereunder may be in any way interested.")
**Exhibit A.**

This settlement with TPR and D&K was beneficial to the Orly Trust's interests. Prior to the settlement the Orly Trust owed TPR approximately $4.5 million on its guarantee of the D&K

---

[1] While the original Settlement Agreement provided it was controlled by Delaware Law and for exclusive Delaware jurisdiction over any disputes, subsequently the original settlement agreement was amended and restated to provide that it is controlled by New York law and that Delaware jurisdiction is non-exclusive.

31

Note. The settlement (i) cancelled that liability; (ii) instead the Orly Trust issued a new $4 million, 3% unsecured Note to TPR (the "Orly Trust Note")(**Exhibit F**), (iii) TPR paid the Orly Trust $100,000, which provided moneys to pay for some of litigation expenses to establish the interest of the Orly Trust with respect to the Orly Trust TRI Shares, and (iv) the Trust relinquished its interest in D&K LP. (**Exhibit E,** Settlement Agreement ¶1, pg. 4). Thus the Orly Trust gained $600,000.

In addition, in the settlement TPR relinquished to the Orly Trust any economic interest TPR had in the Orly Trust TRI Shares and assigned TPR's rights to any economic benefits of the TRI shares to the Orly Trust. This includes, but is not limited to, any proceeds from TPR's purported 2008 sale thereof, *i.e.,* the $10.3 million otherwise owed to TPR pursuant to TPR's August 22, 2008 letter agreement with the Trump entities if a court determines that such sale conveyed the Orly Trust TRI Shares to the Trump Group. This is a benefit to the Orly Trust of at least the $10.3 million that Trustee, Dalia Genger's attorneys hold in escrow, and possibly more as Orly has contended in her November 5, 2008 letter to this Court, **Exhibit G.**

Shortly thereafter, Dalia Genger, as Trustee, commenced an action in Delaware Chancery Court seeking a declaration that the Orly Trust was the beneficial owner of all the TRI shares that it purported to purchase in 2008 and was entitled to all dividends thereon and related relief. However, Orly obtained a Temporary Restraining Order from the New York Supreme Court, N.Y. Co., enjoining Dalia Genger from prosecuting that action. While the Supreme Court never decided Orly's motion for a preliminary injunction and in fact in January, 2013, dismissed all claims against Dalia Genger, that Court purported to continue the TRO staying her prosecution of the Delaware action.

In or about May, 2012, TPR decided to sell the Orly Trust Note to Manhattan Safety Company, Ltd. ("Manhattan"), which <u>agreed to loan an additional $200,000</u> to the Orly Trust. Trustee Dalia Genger anticipated the need for additional funds for its litigation to establish the Orly Trust's right with respect to the Orly Trust TRI shares. Thus, Dalia Genger, as Trustee, entered into a new Credit and Forbearance Agreement and Second Amendment and Restated Promissory Note with Manhattan together with new <u>unsecured</u> Notes (**Exhibit H**); the Orly Trust's 2011 Note to TPR was returned to the Orly Trust (**Exhibits I**) and on May 15, 2012, Manhattan wired into Dalia Genger's lawyer's escrow account the $200,000 for the benefit of the Orly Trust, where it remains. After this new Agreement and Notes, the Orly Trust's debt was $4.2 million, still less that its prior $4.5 obligation to TPR as guarantor of the D&K Note, and the Trust has received a S100,000 payment from TPR and a $200,000 loan from Manhattan.

Dalia Genger personally received no funds from the Settlement or the transaction with Manhattan. Indeed she has received no funds from the Trust – the Trust Agreement provides that the Trustee shall receive no commissions. *See* **Exhibit A,** Orly Genger 1993 Trust Agreement, Eighth Article, at page 18.

## Orly Genger Trust

### Schedule K:
### Statement of Estate Taxes Paid and Allocated Thereof

**Federal Estate Tax**

Tax due: $0.00

Tax paid: $0.00

**State Estate Tax**

Tax due: $0.00

Tax paid: $0.00

**Allocation of Taxes**