STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the Application of

ORLY GENGER, as a person interested, for the
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11)

- - - - - - - - - - - - - - - - - - - - - - - - - x

SUPPLEMENTAL AFFIRMATION IN CONNECTION WITH THE PENDING MOTION TO DISMISS

File No. 0017/2008

ROBERT A. MEISTER, a member of the New York Bar, hereby affirms under the penalties of perjury:

1     As counsel for respondent Dalia Genger, Trustee of the Orly Genger 1993 Trust (the "Orly Trust"), I make this affirmation to bring to the Court's attention recent developments that the Court should consider in connection with the pending motion to dismiss the Third Amended Petition of beneficiary Orly Genger ("Orly") to remove Dalia Genger as Trustee.

2     As the Court knows from other papers filed in this proceeding, Orly, lifetime beneficiary, without permission or supervision of this Court, has brought actions in the Supreme Court, N. Y. Co., asserting rights of the Trust derivatively. Those actions include *Arie Genger and Orly Genger v. Sagi Genger* et al., Sup. Ct., N. Y. Co., Index No. 651089/2010, in which she seeks compensation from a variety of defendants, including entities known as The Trump Group, arising from their agreements concerning shares of Trans-Resources, Inc. stock, including some shares that Petitioner's father had agreed to cause to be transferred to the Orly Trust. (Last January the court dismissed all claims in that action against Dalia Genger. *Genger v. Genger*, 38 Misc.3d 1213(A), 2013 WL 221485, 2013 N.Y. Slip Op. 50091(U), (Sup. Ct., N. Y. Co. Jan. 3, 2013).

3     On Monday, June 17th, we learned indirectly that Orly had reached a settlement agreement with the Trump Group. We were not informed of terms of the settlement, which concerns the Trustee, as all claims for damages were derivative and thus any settlement should be approved by the Trustee and any economic benefits thereof should go exclusively to the Trust.

When I asked for information from counsel for the Trumps, I was informed that he was not at liberty to share anything. (See email exchange attached as (Exhibit A.) When one of Orly's lawyers wrote to me alluding to the settlement (Exhibit B), I asked by email for a copy (Exhibit C), but I received no response.

4 Particularly as Orly has falsely described herself as the only beneficiary of the Trust, purports to sue for it, and even insists that she be the witness for the Orly Trust when its deposition was noticed, we are concerned that Orly may be secretly and improperly settling a Trust claim for consideration going to herself or giving away to her father assets that should go to the Trust, the relief she originally sought in her Supreme Court action. See the Opinion in *Genger v. Genger,* 38 Misc.3d 1213(A), 2013 WL 221485, 2013 N.Y. Slip Op. 50091(U), Sup. Ct. N.Y.Co. (Jan. 3, 2013).

5 We respectfully ask this Court to insist that she immediately serve and file with this Court the terms of her settlement and any settlement agreements. And we ask this Court to consider her actions in evaluating the real reason why she keeps petitioning this Court to remove the Trustee and put in one of her choosing.

June 19, 2013

_____
Robert A. Meister
Pedowitz & Meister LLP
570 Lexington Ave. – 18th Floor
New York, NY 10022
212.403.7330
Attorneys for Dalia Genger, Trustee

2

# Robert A. Meister

**From:** Allingham II, Thomas J <Thomas.Allingham@skadden.com>
**Sent:** Monday, June 17, 2013 1:59 PM
**To:** 'Robert A. Meister'
**Subject:** RE: Genger

Can't share anything, sorry.

**From:** Robert A. Meister [mailto:robert.meister@pedowitzmeister.com]
**Sent:** Monday, June 17, 2013 12:55 PM
**To:** Allingham II, Thomas J (WIL)
**Subject:** Genger

Rumor has it you're there or nearly there with a settlement with Arie and Orly.
Can you share the terms?
Regards
Bob

---
****************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
****************************************************
****************************************************

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
****************************************************

Ex Libit A

1

## ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

YOAV M. GRIVER
(212) 826-5338
ygriver@zeklaw.com

June 18, 2013

**BY EMAIL**

Robert Meister, Esq.
Pedowitz & Meister LLP
570 Lexington Avenue
New York, NY 10022
**robert.meister@pedowitzmeister.com**

### Orly Genger v. Dalia Genger, Index No. 109749/09

Dear Robert:

In light of the recent settlement between Orly and the Trump Group entities, I write to remind and review with you (i) Pedowitz and Meister's fiduciary responsibilities as Escrow Agent over the Escrow Amount in its possession; and (ii) the terms of the injunction issued in the 2010 Action (Index No. 651089/10) which remains binding on the defendants in the 2010 Action and Dalia Genger, in connection with any action she may take as the supposed representative of the Orly Genger 1993 Trust (the "Injunction").

The Escrow Agreement provides "Escrow Agent shall not disburse any funds from the Escrow Amount except upon written notice from a party hereto." Escrow Agreement, § 2(b). Upon such written demand, Escrow Agent "shall" provide 10 business days notice to Orly and myself of any such written request. See id. § 2(b). "If Escrow Agent receives a written objection from any party hereto during such period, Escrow Agent shall not disburse any funds from the Escrow Account . . . until instructed to do so by [a final and nonappealable] order from a court of competent jurisdiction." Id. § 2(b)(v).

In turn, the Injunction provides, in relevant part:

> ORDERED that the portion of the plaintiffs' motions seeking to enjoin the defendants from making demands upon and using or spending the proceeds derived from the purported sale by TPR Investment Associates, Inc. (TPR) to the Trump Group (as such term is defined above) of the . . . Orly Trust shares is granted, pending the determination by a court of competent jurisdiction the beneficial ownership of such shares.

*Exhibit B*

ZEICHNER ELLMAN & KRAUSE LLP

Robert Meister, Esq.
June 18, 2013
Page 2

      I trust you and your firm will scrupulously adhere to both the letter and the spirit of the Escrow Agreement and the Injunction. Please feel free to call me if you have any questions.

                Sincerely yours,

                Yoav M. Griver

cc: Counsel of record (by email)

# Robert A. Meister

**From:** Robert A. Meister <robert.meister@pedowitzmeister.com>
**Sent:** Tuesday, June 18, 2013 12:09 PM
**To:** 'Yoav M. Griver'
**Cc:** 'Dellaportas, John'; 'Michailidis, Evangelos'; 'dcavanaugh@lyons-mcgovern.com'; 'Desmond C. B. Lyons'; 'jlbesq_99@yahoo.com'; 'Marisa Warren'
**Subject:** RE: Genger: Letter to R. Meister 6-18-13

Dear Yoav: Your letter refers to a settlement between Orly and the Trump Group. Please promptly provide a copy.
Thanks
Bob

**From:** Yoav M. Griver [mailto:YGriver@zeklaw.com]
**Sent:** Tuesday, June 18, 2013 11:56 AM
**To:** 'Robert A. Meister'; 'Marisa Warren'
**Cc:** 'Dellaportas, John'; 'Michailidis, Evangelos'; dcavanaugh@lyons-mcgovern.com; 'Desmond C. B. Lyons'; jlbesq_99@yahoo.com
**Subject:** Genger: Letter to R. Meister 6-18-13

Letter for Robert's attention. Thanks. yoav.

Yoav M. Griver, Esq.
Partner
Zeichner Ellman & Krause LLP

**ZEK**

575 Lexington Avenue
New York, New York 10022
Tel. (212) 826-5338
Fax (212) 753-0396
ygriver@zeklaw.com

www.zeklaw.com

NEW YORK | NEW JERSEY | CONNECTICUT

This transmission may contain sensitive and/or privileged information. The sender does not waive any privilege or confidentiality in the event of an inadvertent transmission to an unauthorized recipient. In the event of such a transmission, kindly contact the sender to arrange retrieval. IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

*Exhibit C*

1