SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

In the Matter of the Application of ORLY GENGER, as a person interested, for the removal of DALIA GENGER as Trustee of the Orly Genger 1993 Trust pursuant to SCPA § 711(11)

File No.: 0017/2008/B

New York County Surrogate's Court
MISCELLANEOUS DEPT.
AUG 0 5 2014
FILED
Clerk_____

### AFFIRMATION OF BRYAN D. LEINBACH

STATE OF NEW YORK,
COUNTY OF NEW YORK.

BRYAN D. LEINBACH, pursuant to CPLR 2106 and under the penalties of perjury, affirms:

1. I am associated with the firm of Zeichner Ellman & Krause LLP, attorneys for petitioner Orly Genger ("Orly"). I make this affirmation to amend Orly's Third Amended Petition to name Assaf Sternberg, Trustee of the Sagi Genger 1993 Trust (then "Sagi Trust"), as a party.

2. By Decision and Order dated July 18, 2014, the Court directed Orly "to obtain and serve process on the Sagi Trust in connection with the third amended petition." 7/18/14 Decision at 3. (A copy of the July 18, 2014 Decision is attached hereto as **Exhibit A**.) Orly previously served the Second Amended Petition in this action upon David Parnes as Trustee of the Sagi Trust. See 7/18/14 Decision at 2 and note 2.

3. Pursuant to the Court's direction, Orly counsel obtained a Citation for Assaf Sternberg, the current trustee of the Sagi Trust on July 25, 2014. That same day, the Surrogate

Court informed Orly counsel that Orly counsel would be required to file an affirmation to amend Orly's Third Amended Petition to include Mr. Sternberg as an interested party, and provide his address and capacity.

    4.    Upon information and belief, Assaf Sternberg is the current Trustee of the Sagi Genger 1993 Trust. Paragraph 3 of the Third Amended Petition is hereby amended to add the following information at the end thereof:

> Upon information and belief, Assaf Sternberg, residing at 2 Balfur Street, Kiryat Uno, Israel, is the Trustee of the Sagi Trust.

Dated:    New York, New York
           August 4, 2014

                                            BRYAN D. LEINBACH

2

**Lexis®**

Switch Client | Preferences | Help | Sign Out

| My Lexis™ | Search | Get a Document | Shepard's® | More | History | Alerts |

FOCUS™ Terms [genger and "july 18"]  Search Within [Original Results (1 - 2)] [Go]  Advanced...

View Tutorial

Source: **Legal > States Legal - U.S. > New York > Find Cases > Cases from NYLJ (ALM) from 1989** [i]
Terms: **genger and "july 18"** (Suggest Terms for My Search)

↙Select for FOCUS™ or Delivery
☐

*ESTATE OF ARIE GENGER, Grantor (08/0017); DECISIONS; First Judicial Department; New York County; SURROGATE'S COURT New York Law Journal July 18, 2014 Friday*

Copyright 2014 ALM Media Properties, LLC
All Rights Reserved
Further duplication without permission is prohibited

**New York Law Journal**

New York Law Journal

**July 18,** 2014 Friday

**SECTION:** COURT DECISIONS; Pg. p.22, col.5 Vol. 252 No. 12

**LENGTH:** 1314 words

**HEADLINE:** ESTATE OF ARIE **GENGER,** Grantor (08/0017);
DECISIONS;
First Judicial Department;
New York County;
SURROGATE'S COURT

**BYLINE:** Surrogate Anderson

**BODY:**

COURT: Surrogate's Court, New York County

CASE NUMBER: 08/0017

ESTATE OF ARIE **GENGER,** Grantor (08/0017) - Orly **Genger,** the primary beneficiary of an irrevocable inter vivos trust established by her father, Arie **Genger,** on December 13, 1993, seeks removal of her mother, Dalia **Genger,** as trustee. Dalia, in turn, moves to dismiss Orly's third amended petition for failure to state a ground for relief (CPLR 3211 [a][7]) and for failure to join all necessary parties (CPLR 3211 [a][10]).

n1

The trust at issue (the "Orly Trust") provides for discretionary principal distributions to Orly for life, with remainder to her descendants, or, if none, to a trust Arie created for the benefit of Orly's brother, Sagi **Genger** (the "Sagi Trust"). The original and successor trustees served until January 2008, at which time Dalia was appointed pursuant to the terms of the instrument. Orly immediately challenged the validity of her mother's appointment and, in the alternative, sought the appointment of a "special trustee" to investigate alleged "wrongful dealings concerning the assets and income of the trust." The court ruled that Dalia's appointment was valid and that Orly had set forth no grounds that would warrant the appointment of a "special trustee" (Matter of **Genger**, NYLJ, Jan. 9, 2009, at 34, col 2 [Sur Ct, NY County 2009]). Less than seven months later, Orly commenced the instant proceeding to remove her mother as trustee and to appoint Michael D. Grohman, Esq., as successor trustee. After Orly amended the petition for the third time, Dalia made the instant motion to dismiss.

As a threshold matter, we address movant's argument that Orly failed to join the Sagi Trust as contingent remainder beneficiary and to serve it with the third amended petition. The Sagi Trust is unquestionably a proper party to this proceeding. Where removal of a fiduciary is sought on the ground of misconduct, contingent remainder beneficiaries are considered necessary parties, since they have a cognizable interest in the proper administration of the trust (see e.g. Matter of Bellinger, 35 AD2d 1078 [4th Dept 1970]; Matter of Silver, 72 Misc 2d 963 [Sur Ct, Kings County 1973]).

This proceeding was commenced by an order to show cause dated July 1, 2009. Although the trustee of the Sagi Trust, David Parnes, was not initially served with that order to show cause, Orly subsequently amended her petition to name the Sagi Trust as a party. A supplemental order to show cause, which provided for service of process on Mr. Parnes in his capacity as trustee of the Sagi Trust, issued thereafter. An affidavit of service filed with the court confirms that service was effected in the manner directed. On the return date, September 8, 2009, Mr. Parnes did not answer or appear, i.e., the Sagi Trust defaulted. Thereafter, Orly amended her pleading for a second time. Although the changes to the pleading were substantive in nature, Orly provided only informal notice of the new pleading on Mr. Parnes as trustee.

Under these circumstances, the issue is what, if any, notice of the third amended pleading was required. Orly contends that, because Mr. Parnes initially defaulted, she had no obligation to give him any notice of the third amended pleading, but, in the event notice was required, she provided sufficient notice by mailing him a copy.

If an amended pleading does not affect the interests of a defaulting party, service of process, defined in SCPA §103 (43) as a "[c]itation, order to show cause, subpoena and any other mandate of the surrogate's court by which jurisdiction is obtained of a party," is not required. However, where an amended pleading includes "allegations or prayers [for relief that] are modified to any meaningful extent, all parties should be given notice thereof and an opportunity to be heard" (1 Warren's Heaton on Surrogate's Court Practice, §9.04[1], at 9-12 [7th ed]; compare CPLR §3012 [a], providing that "[a] subsequent pleading asserting new or additional claims for relief shall be served upon a party who has not appeared in the manner provided for service of a summons"). In other words, service of process on a party who has defaulted is required if the changes to the pleading, as they relate to the defaulting party, are substantive in nature.

Here, the third amended petition bears little resemblance to the original pleading."[2] Although Orly seeks some of the same relief as in that pleading, i.e., removal of Dalia, she has substantially expanded the grounds for her removal. For example, she has now alleged conduct that occurred in the more than three years between the time of her initial removal petition and the third amended petition. Orly also asks the court to appoint a successor trustee different from the one proposed in the original pleading. The amended pleading thus represents a substantial modification of the prior pleading. As a result, it cannot be said with any degree of certainty that, if the initial pleading had contained the allegations in the third amended pleading, the Sagi Trust would have defaulted. Under these circumstances, Orly's argument that she had no obligation to

give any notice of the third amended petition to the trustee of the Sagi Trust fails.

Similarly, Orly's contention that, in any event, she gave sufficient notice of the third amended pleading is without merit. The record shows that Orly did in fact mail a copy of the pleading to the trustee. However, Orly's provision of informal notice did not confer jurisdiction, since, as shown above, service of process was required. Further, the defect was never cured by the filing of a waiver of service or by the trustee's appearance."[3]

Contrary to movant's contention, however, dismissal of the pleading is not required. The court has authority under SCPA §312 to join "any person necessary or proper to the final determination" through the issuance of supplemental process (see also Matter of Bellinger, 35 AD2d 1078 [failure to cite interested parties in a removal proceeding did not require dismissal of the petition, but issuance of a supplemental citation]). Accordingly, Orly is directed to obtain and serve process on the Sagi Trust in connection with the third amended Petition. The balance of Orly's motion, which seeks dismissal for failure to state a claim (CPLR 3211 [a][7]), is held in abeyance pending completion of jurisdiction. If the trustee of the Sagi Trust appears, the motion to dismiss must be re-noticed and served upon the trustee so that he is afforded the opportunity to respond.

This decision constitutes the order of the court.

Dated: July 15, 2014

[note 1] Dalia's motion papers do not expressly invoke CPLR 3211 ("Motion to dismiss"). However, since the motion is made preanswer and claims that the petition fails to "state a valid claim for removal" and "fails to name, join and serve all persons interested," the court will treat the motion as one seeking dismissal under CPLR 3211(a)(7) and (a)(10).

[note 2] Had Orly served process on the trustee in relation to her second amended petition, that pleading would have been the operative one for comparison. In any event, it is noted that the third amended petition bears little resemblance to its immediate predecessor as well.

[note 3] The trustee's "participation" in the proceeding in connection with Orly's motion for a preliminary injunction did not constitute an appearance within the meaning of SCPA §401. For reasons that are unclear, Orly served the motion upon Mr. Parnes as trustee of the Sagi Trust. The motion was eventually withdrawn, but, before then, Mr. Parnes filed an affidavit in opposition, and his counsel came to court on the motion's return date and participated in a court conference. However, the trustee never attempted to participate formally in the proceeding. For example, his counsel never attempted to file a responsive pleading or a notice of appearance.

**LOAD-DATE: July 18, 2014**

Source: **Legal > States Legal - U.S. > New York > Find Cases > Cases from NYLJ (ALM) from 1989** [i]
Terms: **genger and "july 18"**  (Suggest Terms for My Search)
View: Full
Date/Time: Wednesday, July 23, 2014 - 2:04 PM EDT

SURROGATE'S COURT NEW YORK COUNTY      File No. 0017/2008

In the Matter of the Application of ORLY
GENGER, as a person interested, for the
removal of DALIA GENGER, as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA § 711(11)

# AFFIRMATION OF BRYAN D. LEINBACH

ZEICHNER ELLMAN & KRAUSE LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
TEL: (212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com