SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------x
                                                           :
                                                           :
In the Matter of the Application of ORLY                   :
GENGER, as a person interested, for the removal            :   File No.: 0017/2008 /A
of DALIA GENGER as Trustee of the Orly                     :
Genger 1993 Trust pursuant to SCPA § 711(11)               :
                                                           :
                                                           :
-----------------------------------------------------------x

New York County Surrogate's Court
MISCELLANEOUS DEPT.
NOV 6 2014
FILED
Clerk_____

### ASAAF STERNBERG'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO DISMISS ORLY'S THIRD AMENDED PETITION

John Dellaportas, Esq.
Mary C. Pennisi, Esq.
Jessica Joy, Esq.
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 309-6000
Fax: (212) 309-6001
*Attorneys for Trustee of the Sagi Genger
1993 Trust Asaaf Sternberg*

By July 28, 2014 Decision, this Court held that the pending motion must be "re-noticed and served upon the trustee [of the Sagi Genger 1993 Trust, the contingent remainder beneficiary of the Orly Genger 1993 Trust] so that he is afforded the opportunity to respond." It was thus incumbent upon Orly and her counsel, if they wished the Court to proceed with this matter, to lawfully service as directed by the Court the trustee of the Sagi Genger 1993 Trust, Asaaf Sternberg. They did not do so. Instead, they purported to serve him solely by registered mail. Mr. Sternberg is a citizen of Israel, not the United States, and resident of Israel, a signatory to the Hague Service Convention. As the New York courts have repeatedly held, the "Hague Service Convention…, of course, is the supreme law of the land and its service requirements are mandatory." *Mutual Benefits Offshore Fund v. Zeltser*, 2014 WL 4743467, at *7 (Sup. Ct. N.Y. Cnty Sept. 23, 2014)

In her opposition to this motion, Orly does not dispute that Hague Service Convention service is mandatory. Instead, she argues that Article (a) of the Convention permits service by registered mail. She is mistaken. In *Sardanis v. Sumitomo Corp.*, 279 A.D.2d 225, 228-29 (1st Dep't 2001), the First Department, Appellate Division held that service of process may not be made through the mail under Article 10(a) of the Hague Convention. As the Court explained: "'Paragraph (a) of Article 10 permits the "send[ing of] judicial documents, by postal channels, directly to persons abroad,' but that paragraph pertains to the forwarding of informational material, not the 'service' of documents for jurisdictional purposes.'" *Id.* In doing so, the First Department acknowledged that: "We recognize that American courts have divided over whether article 10 (a) should be interpreted as allowing foreign service of the type permitted under Business Corporation Law § 307. Even in New York there has been a division of authority among the departments of the Appellate Division." However, the Appellate Division reasoned

that it was the "better reasoned" approach, based on its reading of the U.S. Supreme Court's decision in *Volkswagenwerk AG. v. Schlunk*, 486 U.S. 694, 698 (1988).

Contrary to Orly's contention, the First Department has never rescinded *Sardanis*, which remains <u>controlling precedent</u> in this Department. *See, e.g., New York State Thruway Auth. v. Fenech*, 94 A.D.3d 17, 19 (3d Dep't 2012) ("This Court and the First Department have both adopted that interpretation, concluding that the use of the term 'send' in article 10 (a)—as opposed to 'service,' which is ubiquitous elsewhere in the treaty—signifies 'something other than 'service'' in the legal sense, such as the mere transmittal of notices and legal documents which need not be 'served.'") (citing *Sardanis*, 279 A.D.2d 225); *Cantarelli S.P.A. v. L. Della Cella Co.*, 40 A.D.3d 445, 446 (1st Dep't 2007) ("Defendant's president avers that defendant did not receive notice of the foreign action which plaintiff seeks to domesticate, and plaintiff's reliance on article 10 (a) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters [] to establish proper service and notice to plaintiff is unavailing.") (citing *Sardanis*, 279 A.D.2d 225); *Gouiran Family Trust v. Gouiran*, 40 A.D.3d 400, 401 (1st Dep't 2007) ("There has been no showing by defendants that French law does not permit service by mail under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.") (citing *Sardanis*, 279 A.D.2d 225); *Mutual Benefits Offshore Fund v. Zeltser*, No. 650438/2009, 2014 WL 4743467, at *7 (Sup. Ct. N.Y. Cnty. Sept. 23, 2014) ("However, "[w]here there exists a treaty requiring a specific form of service of process such as the . . . Hague Service Convention, that treaty, of course, is the supreme law of the land and its service requirements are mandatory.") (citing *Sardanis*, 279 A.D.2d 225); *M.B.S. Moda, Inc. v. Fuzzi S.P.A.*, No. 156899, 2013 WL 117863, at *3 (Sup. Ct. N.Y. Cnty. Jan. 9, 2013) ("Contrary to plaintiff's contention, while Article 10(a) of the Hague Convention provides that the Convention 'shall not interfere with [...] freedom to

send judicial documents by postal channels directly to persons abroad,' provided that the country of destination does not object, the First Department held that Article 10(a) pertains to the forwarding of informational material, not the 'service' of documents for jurisdictional purposes.") (emphasis in original) (citing *Sardanis*, 279 A.D.2d 225); *Epic Sports Intern., Inc. v. Frost*, No. 65199/2012, 2013 WL 1783565, at *3, n.1 (Sup. Ct. N.Y. Cnty. Apr. 22, 2013) ("Even if Switzerland had not opposed Article 10 of the Hague Convention, the law in the First Department is that service by mail [] does not fall within the alternative methods permitted by Article 10. *Sardanis v. Sumitomo Corp.*, 279 A.D.2d 225 (1st Dept 2001) (finding that Article 10(a), which permits sending of judicial documents by postal channels directly to persons abroad, does not apply to the "service" of documents for jurisdictional purposes); *Bank of India v. Subramanian*, No. 118307/09, 2011 WL 5358513 (Sup. Ct. N.Y. Cnty. Nov. 2, 2011) ("While there is some disagreement as to whether, under subdivision (a), the sending of judicial documents by postal means is intended to permit service of process through the post, the First Department has determined that subsection (a) of article 10 'pertains to the forwarding of informational material, not the 'service' of documents for jurisdictional purposes.'") (citing *Sardanis*, 279 A.D.2d 225); *Sbarro, Inc. v. Tukdan Holdings, Ltd.*, 32 Misc. 3d 217, 219 (Sup. Ct. Suffolk Cnty. 2011) ("The First and Third Departments interpret the word 'send' in article 10(a) to authorize something other than 'service' in the legal sense, such as the mere transmittal of notices and legal documents, and not the service of process that initiates a lawsuit and secures jurisdiction over an adversary party.") (citing *Sardanis*, 279 A.D.2d 225); *Axios Products, Inc. v. Time Mach. Software, Inc.*, No. 13825/10, 2010 WL 3974915 (N.Y. Sup. Ct. Suffolk Cnty. Oct. 4, 2010) ("TMS urges this court to adopt the interpretation adopted by the First and Third Departments, which hold that article 10 (a) was meant to authorize something other than 'service' in the legal sense, such as the mere transmittal of notices and legal documents, and not

the service of process that initiates a lawsuit and secures jurisdiction over an adversary party.") (citing *Sardanis*, 279 A.D.2d 225); *I.D.R.P. v. Worldwide Diamonds Grp., Inc.*, 10 Misc. 3d 1064(A), at *1 -*2 (Sup. Ct. N.Y. Cnty. 2005) ("'That article 10 (a) refers to send', whereas the Hague Convention repeatedly refers to service' of documents, indicates to us that article 10 (a) was meant to authorize something other than service' in the legal sense, such as the mere transmittal of notices and legal documents which need not be served' in the legal sense.' […] The First Department adopted [this] reasoning in *Sardanis v. Sumitomo Corporation* (279 A.D.2d 225, 229 [2001]).") (quoting *Reynolds v. Koh,* 109 A.D.2d 97, 99 (3d Dep't 1985)).

In contrast to all of the foregoing precedent, no court in the First Department has ever taken a position contrary to *Sardanis*. Orly cites to the Appellate Division's decision in *Gouiran Family Trust v. Gouiran*, 40 A.D.3d 400, 401 (1st Dep't 2007), but that case does not rescind *Sardanis*. To the contrary, the Appellate Division in *Gouiran* cited to *Sardanis* to support its ruling. *Gouiran*, 40 A.D.3d at 401 (1st Dep't 2007) ("There has been no showing by defendants that French law does not permit service by mail under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.") (citing *Sardanis*, 279 A.D.2d 225). Orly's claim that the *Gouiran* "effectively abrogated" the *Sardanis* decision is completely misleading and false, as demonstrated by all of the above-cited, post *Gouirian* cases which continue to cite *Sardanis*.

Orly also cites to various precedents outside of the First Department, and even to a U.S. State Department decision, which disagree with *Sardanis*. We fully acknowledge the split in authority, as the First Department itself did in deciding *Sardanis*. Indeed, the split was discussed in a recent law review article. *See* George Bundy Smith & Thomas J. Hall, *Divergent Views of Service of Process Under the Hague Convention*, 247 N.Y.L.J. 115 (2012). But that split is for the Court of Appeals to resolve. Until it does, this Court is bound by the precedents of the First

Department, which prohibit the method of service Orly employed. Instead of undertaking proper service of process, she has instead chosen to engage in pointless motion practice.

Mr. Sternberg is a citizen of Israel and does not waive his rights thereunder. As this Court has not yet obtained personal jurisdiction over him, and as such jurisdiction is required under this Court's prior decision, Orly's petition must be dismissed as a result.

Dated: New York, New York
November 6, 2014

                           **MORGAN, LEWIS & BOCKIUS LLP**

By: _____/s/_____
        John Dellaportas
        Mary C. Pennisi
        Jessica Joy
101 Park Avenue
New York, NY 10178
Tel: (212) 309-6000
Fax: (212) 309-6001

*Attorneys for Trustee of the Sagi Genger 1993 Trust, Asaaf Sternberg*

## VERIFICATION

STATE OF NEW YORK )
                                        )
COUNTY OF NEW YORK )

      I, John Dellaportas, state that I am an attorney for Asaaf Sternberg, Trustee of the Sagi Genger 1993 Trust ("the Trustee") in this action. I have read the attached Reply Memorandum of Law herein and all the contents thereof are true to the best of my knowledge, except as to matters therein stated to be alleged on information and belief, and that, as to those matters, I believe them to be true. Pursuant to N.Y. C.P.L.R. 3020(d)(3), the verification is not made by the Trustee as a foreign non-domiciliary residing abroad.

Dated: New York, New York
       November 6, 2014

                                                                                       JOHN DELLAPORTAS

Sworn to before me this
6th day of November, 2014

Notary Public

MARY C. PENNISI
Notary Public, State of New York
No. 02PE6266530
Qualified in Kings County
Commission Expires on 08/06/2016

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x

In the Matter of the Application of ORLY GENGER, as a person interested, for the removal of DALIA GENGER as Trustee of the Orly Genger 1993 Trust pursuant to SCPA § 711(11)

File No.: 0017/2008

**AFFIRMATION OF SERVICE OF MARY C. PENNISI**

-----------------------------------------------------------------x

I, MARY C. PENNISI, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms pursuant to CPLR § 2106, as follows:

1. I am a member of the New York State Bar and the law firm of Morgan, Lewis & Bockius LLP;

2. I hereby affirm that I am not a party to this action, I am over 18 years of age, I am an attorney duly admitted to the Courts of the State of New York, and that on November 6, 2014, I caused to be served a true and correct copy of the foregoing ASAAF STERNBERG'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO DISMISS ORLY'S THIRD AMENDED PETITION, dated November 6, 2014, on the following counsel of record via regular mail, postage pre-paid:

Robert A. Meister
Pedowitz & Meister LLP
570 Lexington Avenue – 18th Floor
New York, NY 10022
212.403.7330
*Attorneys for Dalia Genger,
as Trustee of the Orly Genger 1993 Trust*

Yoav Griver
Zeichner Elliman & Krause LLP
1211 Avenue of the Americas, 40th Floor
New York, New York 10036
212.223.0400
*Attorneys for Orly Genger*

Dated: New York, New York
November 6, 2014

_____
MARY C. PENNISI

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

File No.: 0017/2008

In the Matter of the Application of ORLY
GENGER, as a person interested, for the removal
of DALIA GENGER as Trustee of the Orly
Genger 1993 Trust pursuant to SCPA § 711(11)

**ASAAF STERNBERG'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF HIS MOTION TO DISMISS
ORLY'S THIRD AMENDED PETITION**

MORGAN, LEWIS & BOCKIUS LLP

ATTORNEYS FOR ASAAF STERNBERG

OFFICE & POST OFFICE ADDRESS
101 PARK AVENUE
NEW YORK, NY 10178-0060
212-309-6000