New York County Surrogate's Court
MISCELLANEOUS DEPT.
MAR 1 2 2015
FILED
Clerk_____

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------X   File No. 0017/2008

In the Matter of the Application of ORLY GENGER, | **AFFIRMATION OF**
as a person interested, for the removal of DALIA | **STEVEN RIKER, ESQ.**
GENGER, as Trustee of the Orly Genger 1993 Trust | **IN RESPONSE TO**
pursuant to SCPA §711(11) | **DALIA GENGER'S**
 | **MOTION TO DISMISS**

-------------------------------------------------------------X

STEVEN RIKER, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following to be true subject to the penalties of perjury:

1.  I was appointed by an Order of the Hon. Nora S. Anderson to serve as the Guardian ad Litem of unborn children of Petitioner Orly Genger ("Orly") in this miscellaneous proceeding.

2.  Since such time, I have thoroughly acquainted myself with the rights and interests of my wards in the above-entitled proceeding and I have studied and checked all the documents and papers on file pertaining thereto.

3.  I submit this affirmation in response to the motion of Dalia Genger, Trustee of the Orly Genger 1993 Trust, who seeks to dismiss Orly's Third Amended Petition (the "TAP").

## BACKGROUND

4.  Orly is the primary beneficiary of an irrevocable inter vivos trust established by her father, Arie Genger ("Arie"), on or about December 13, 1993 (the "Orly Trust"). Orly seeks the removal of her mother, Dalia Genger ("Dalia"), as trustee of said Trust.

5.  The Orly Trust provides for discretionary principal distributions to Orly for life, with remainder to her descendants (i.e., my wards), or if she has no descendants, to a trust Arie established for the benefit of Orly's brother, Sagi Genger (the "Sagi Trust").

6. Dalia initially moved to dismiss the TAP for failure to state a ground for relief (CPLR 3211(a)(7)) and for failure to join all necessary parties (CPLR 3211(a)(10). Specifically, Dalia alleged that Orly failed to join the Sagi Trust as a contingent remainder beneficiary and serve the Sagi Trustee with the TAP.

A. **July 28, 2014 Decision**

7. By Decision dated July 28, 2014, this Court held that Orly failed to properly serve the TAP upon the Sagi Trust, which is a necessary party to this proceeding. However, the Court further held that dismissal of the pleading was not required; rather, Orly was directed to obtain and serve supplemental process on the Sagi Trust in connection with the TAP. The balance of Dalia's motion to dismiss was held in abeyance pending the completion of jurisdiction.

B. **Service of Supplemental Citation**

8. Following Orly's service of a Supplemental Citation upon the Sagi Trustee by registered mail, return receipt requested (see Leinbach Affirmation dated October 17, 2014 at ¶ 3), the Sagi Trustee brought a motion to dismiss the TAP based upon a lack of personal jurisdiction. Specifically, the Sagi Trustee alleges that he is a citizen and resident of Israel, and thus, may only be served with process through the Hague Convention (20 U.S.T. 361, T.I.A.S. No 6638 (1969)). He contends that Orly's service of the Supplemental Citation by registered mail does not comply with the service provisions of the Hague Convention. The Sagi Trustee's motion to dismiss is sub judice and, at the request of this Court, your affiant has submitted, simultaneously herewith, a response to same.

9. Likewise, at the request of this Court, your affiant currently submits a response to Dalia's pending motion to dismiss the TAP.

2

## **DISCUSSION**

10. Pursuant to the TAP and the opposition papers submitted by Orly, Dalia has purportedly colluded with Sagi to loot the Orly Trust of its interests in two closely-held Genger family businesses – TPR Investment Associates, Inc. ("TPR") and Trans-Resources, Inc ("TRI"). Dalia has purportedly engaged in such action as a form of retribution to her daughter, Orly, who took the side of her father, Arie, during his divorce from Dalia (while Sagi took the side of his mother, Dalia). As such, it is alleged that Dalia, in concert with Sagi, has breached her fiduciary duties as trustee of the Orly Trust.

11. By way of example and not limitation, it is alleged that Dalia failed to inform, and affirmatively concealed from, Orly, an alleged "sham" foreclosure sale by Sagi of the Orly Trust's stock interests in TPR. It is also alleged that Dalia attempted to dissipate the Orly Trust's TRI Shares by commencing a wasteful action that seeks declaratory relief with respect to the beneficial ownership of the Orly Trust's TRI Shares in the Delaware Chancery Court, notwithstanding that said court already ruled against the Orly Trust in holding that TPR is the beneficial owner of the Orly Trust's TRI Shares.

12. Additionally, it is alleged that Dalia entered into certain Secret Agreements (as defined in the TAP) on behalf of the Orly Trust, without notice to Orly, and as such, has endangered the trust's assets from being foreclosed upon.

13. In support of her motion to dismiss, Dalia contends that the TAP fails to state a claim for a myriad of reasons, most of which appear to be of a factual nature.

14. For example, Dalia contends that she was never a trustee of the Sagi Trust, and that she was not a party to the Sagi Trust's sale of TRI stock. Similarly, she contends that neither

she nor the Orly Trust is a shareholder of TPR. Consequently, she alleges that she had nothing to do with the alleged "sham" foreclosure sale by Sagi of the Orly Trust's stock interests in TPR.

15. Dalia also asserts that she has taken actions that were in the best interest of the Orly Trust. For example, she alleges that she sued Arie for breach of their divorce settlement to ensure the transfer of TRI shares to the Orly Trust and to seek damages for the Orly Trust. She also claims that she settled claims with the Trump Group in order to benefit the Orly Trust.

16. It is axiomatic that on a motion to dismiss pursuant to CPLR 3211, the Surrogate must afford the petition a liberal construction and "determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 (1994)). "Whether a [petitioner] can ultimately establish [his or her] allegations is not part of the calculus" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19) (2005)).

17. In light of this standard, it is respectively submitted that Dalia has not met her burden of proof on this motion. The facts, as alleged by Orly, if true, would support a claim of, inter alia, breach of fiduciary duty. Nonetheless, your affiant respectfully submits that the issues on the motion have been sufficiently briefed by Orly (with whom my wards' share many of the same interests), and that my wards' interests are adequately protected thereby. Thus, I will respectfully rely upon the opposition papers and legal arguments advanced by Orly in this regard.

## CONCLUSION

18. Accordingly, your affiant believes Orly has sufficiently pled facts in the TAP to establish a *prima facie* case for the removal of Dalia as trustee of the Orly Trust, and respectfully submits that the motion to dismiss the TAP should be denied.

Dated: New York, New York
       March 11, 2015

_____
STEVEN RIKER

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------------X   File No. 2008-0017

Petition for a Decree Removing Dalia Genger as
Trustee of the Trust under Indenture of Trust dated
December 13, 1993 made by                                               **AFFIRMATION OF**
                                                                        **SERVICE**

          **ARIE GENGER**, as Grantor.

---------------------------------------------------------------------X

     I, STEVEN RIKER, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following subject to the penalties of perjury

     On March 11, 2015, I served the within **AFFIRMATION OF STEVEN RIKER, ESQ. IN RESPONSE TO DALIA GENGER'S MOTION TO DISMISS** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following person(s) at the address(es) set forth below:

TO:    John Dellaportas, Esq.                    Yoav M. Griver, Esq.
           Morgan Lewis & Bockius, LLP          Zeichner Ellman & Krause, LLP
           Attorneys for Asaaf Sternberg            Attorneys for Orly Genger
           101 Park Avenue                             1211 Avenue of the Americas
           New York, New York 10178              New York, New York 10036

           Robert Meister, Esq.
           Pedowitz & Meister, LLP
           Attorneys for Dalia Genger
           570 Lexington Avenue, 18th Floor
           New York, New York 10022

                                                                 _____
                                                                 STEVEN RIKER

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

FILE NO. 2008-0017

---

Petition for a Decree Removing Dalia Genger as
Trustee of the Trust under Indenture of Trust dated
December 13, 1993 made by

    **ARIE GENGER**, as Grantor.

---

### AFFIRMATION OF STEVEN RIKER, ESQ.
### IN RESPONSE TO
### DALIA GENGER'S MOTION TO DISMISS

---

**STEVEN RIKER, ESQ.**
Guardian ad Litem
Law Office of Steven Riker
110 East 59th Street, 23rd Floor
New York, New York 10022
Tel No.: (212) 661-6410