SURROGATE'S COURT : NEW YORK COUNTY
------------------------------------------X
In the Matter of the Application of
Orly Genger to Remove Dalia Genger
as Trustee of the The Orly
Genger 1993 Trust Established on          File No. 2008-17
December 13, 1993, by

        ARIE GENGER,

              Grantor.
------------------------------------------X
A N D E R S O N, S.

    The decision in this matter, dated April 9, 2015, was issued with an incorrect file number. That decision is therefore vacated and replaced with the following decision, which is the same except for the corrected file number.

    In this proceeding, Orly Genger, the primary beneficiary of an irrevocable inter vivos trust established by her father, Arie Genger, on December 13, 1993, seeks removal of her mother, Dalia Genger, as trustee. The contingent remainder beneficiary, a trust Arie established for the benefit of Orly's brother, Sagi Genger, moves to dismiss for lack of personal jurisdiction (CPLR 3211[a][8]).

    In a July 2014 decision, this court held that the contingent remainder beneficiary was a necessary party and that Orly had failed to serve properly the third amended petition upon such beneficiary (see Matter of Genger, NYLJ, July 28, 2014, at 18, col 3 [Sur Ct, New York County 2014]). Thereafter, Orly obtained a supplemental citation and served the contingent remainder beneficiary by registered mail, return receipt requested (SCPA § 307[2]). The contingent remainder

New York County Surrogate's Court
MISCELLANEOUS DEPT.
APR 2 2 2015
FILED
Clerk

beneficiary then made the instant motion, arguing that, since he[1] is a citizen and resident of Israel, service of process had to be made in accordance with the Hague Convention (Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 UST 361, TIAS No. 6638 [1965]), which does not allow for service of process by registered mail in the circumstances here. Orly counters that the Hague Convention does allow for such service.

In view of the First Department's decision in *Sardanis v Sumitomo Corp.* (279 AD2d 225 [1st Dept 2001]), ruling that Article 10(a) of the Hague Convention does not permit service of process by mail, this court must grant the motion to dismiss, notwithstanding contrary authority in the Appellate Divisions, Second, Third and Fourth Departments (*see e.g. N.Y. State Thruway Auth. v French*, 94 AD3d 17 [3d Dept 2012]; *Fernandez v Univan Leasing*, 15 AD3d 343 [2d Dept 2005]; *Rissew v Yamaha Motor Co., Ltd.*, 129 AD2d 94 [4th Dept 1987]). In *Sardanis* (279 AD2d 225, *supra*), the First Department held that service of process by mail is improper under Article 10(a) of the Hague Convention because such provision does not apply to the "service" of documents for jurisdictional purposes. This court recently recognized *Sardanis* as controlling authority and required service of process under the terms of the Hague

---

[1] Service was made upon the trustee of the trust.

Convention (see *Matter of Angelides*, NYLJ, March 27, 2015, at 23, col 6 [Sur Ct, New York County 2015]).

Orly concedes the applicability of Article 10(a), but contends that *Sardanis* was "effectively abrogated" by a subsequent decision of the First Department, *Gouiran Family Trust v Gouiran* (40 AD3d 400 [1st Dept 2007]). That decision, however, is inapposite. Indeed, the *Gouiran* court did not even refer to Article 10(a) of the Hague Convention, much less specifically examine that provision to determine whether it permits service of process by mail. Orly's argument is further refuted by the absence of a single case supporting Orly's "abrogation" theory and the many cases ignoring *Gouiran* and recognizing the split of authority between the First Department and the other departments based on *Sardanis* (see e.g. *New York State Thruway Auth.*, 94 AD3d 17, *supra*; *M.B.S. Moda, Inc. v Fuzzi S.P.A.*, 38 Misc 3d 1208[A] [Sup Ct, New York County 2013]; *Sbarro, Inc. v Tukdam, Ltd.*, 32 Misc 3d 217 [Sup Ct, Suffolk County 2011]); *Axios Prod., Inc. v Time Mach. Software, Inc.*, 2010 NY Slip Op 32772[U] [Sup Ct, Suffolk County 2010]; see also George Bundy Smith and Thomas J. Hall, *Divergent Views of Service of Process under the Hague Convention*, NYLJ, June 15, 2012, at 3, col 1).

Based upon the foregoing, the motion of the contingent remainder beneficiary to dismiss the petition as against it for

3

lack of personal jurisdiction is granted without prejudice to Orly's initiating proper service of process upon such beneficiary under the Hague Convention within 30 days of the date of this decision.

This decision constitutes the order of the court.

Dated: April 22, 2015

                                             _____
                                                    S U R R O G A T E