SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

In the Matter of the Application of Orly Genger to Remove Dalia Genger as Trustee of The Orly Genger 1993 Trust Established on December 13, 1993, by

ARIE GENGER,

Grantor

File No.: 0017/2008

**NOTICE OF APPEAL**

New York County Surrogate's Court
MISCELLANEOUS DEPT.

MAY 12 2015

FILED
Clerk_____

---

TAKE NOTICE, that petitioner Orly Genger hereby appeals to the Appellate Division of the Supreme Court, First Judicial Department, from each and every part of the attached Decision and Order of this Court entered on April 22, 2015 that granted respondent the Sagi Genger 1993 Trust's motion to dismiss the supplemental citation served upon it.

Dated: New York, New York
May 8, 2015

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Yoav M. Griver
Bryan D. Leinbach
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

*Attorneys for petitioner Orly Genger*

TO: MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178

*Attorneys for the Sagi Genger 1993 Trust*

PEDOWITZ & MEISTER LLP
570 Lexington Avenue, 18th Floor
New York, New York 10022

*Attorneys for Dalia Genger*

Steven Riker, Esq.
Law Office of Steven Riker
110 E. 59th Street, 23rd Floor
New York, New York 10022

*Guardian Ad Litem*

#809332

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

In the Matter of the Application of Orly Genger to Remove Dalia Genger as Trustee of The Orly Genger 1993 Trust Established on December 13, 1993, by

ARIE GENGER,

Grantor

File No.: 0017/2008

**CIVIL PRE-ARGUMENT STATEMENT**

---

(1) TITLE OF ACTION: As set forth in caption.

(2) FULL NAMES OF ORIGINAL PARTIES AND ANY CHANGE IN PARTIES: The original parties are as set forth in the caption above. By order of the Surrogate's Court, petitioner Orly Genger served a supplemental citation upon the Sagi Genger 1993 Trust to join it to the action as a possible contingent remainder beneficiary of the Orly Genger 1993 Trust. There have been no other changes.

(3) NAME OF COUNSEL FOR PETITIONER-APPELLANT ORLY GENGER:

Yoav M. Griver, Esq.
Bryan D. Leinbach, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

(4) NAME OF COUNSEL FOR RESPONDENT-RESPONDENT THE SAGI GENGER 1993 TRUST:

John Dellaportas, Esq.
Mary C. Pennisi, Esq.
MORGAN, LEWIS & BOCKIUS, LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000

(5) NAME OF COUNSEL RESPONDENT-RESPONDENT DALIA GENGER:

Robert A. Meister, Esq.
PEDOWITZ & MEISTER LLP
570 Lexington Avenue
New York, New York 10022
(212) 403-7333

#809333

| | | |
|---|---|---|
| (6) | NAME OF GUARDIAN AD LITEM: | Steven Riker, Esq.<br>Law Office of Steven Riker<br>110 E. 59th Street, 23rd Floor<br>New York, New York 10022 |
| (7) | COURT AND COUNTY FROM WHICH APPEAL IS TAKEN: | Surrogate's Court, New York County<br>(Nora S. Anderson, Surrogate) |
| (8) | THE NATURE AND OBJECT OF THE CAUSE OF ACTION: | By her petition, petitioner seeks, among other things, the removal of Dalia Genger as Trustee of the Orly Genger 1993 Trust, as well as damages related to respondent Dalia Genger's breaches of fiduciary duty. |
| (9) | RESULT REACHED IN THE COURT BELOW: | The Surrogate's Court granted respondent the Sagi Genger 1993 Trust's (the "Sagi Trust") motion to dismiss the supplemental citation for lack of personal jurisdiction based upon the method of service of process. |
| (10) | GROUNDS FOR SEEKING REVERSAL: | The Surrogate's Court erred in granting the Sagi Trust's motion to dismiss based upon lack of personal jurisdiction based upon petitioners' service of process upon the Sagi Trust because petitioners' service of the supplemental citation upon the Sagi Trust was proper pursuant to SCPA § 307(2) and the Hague Service Convention. |
| (11) | RELATED ACTIONS: | (a) *Orly Genger et al. v. Dalia Genger et al.*, Supreme Court, New York County, Index No. 109749/2009. Status of Case: Pending.<br><br>(b) *Arie Genger and Orly Genger v. Sagi Genger et al.*, Supreme Court, New York County, Index No. 651089/2010. Status of Case: Pending<br><br>(c) *Orly Genger v. Sagi Genger*, Supreme Court, New York County, Index No. 100697/2008. Status of Case: Pending. |

2

(12)  OTHER APPEALS:                    No appeals pending.


Dated:  New York, New York
        May 8, 2015

                                        ZEICHNER ELLMAN & KRAUSE LLP

                                        By: _____
                                            Yoav M. Griver
                                            Bryan D. Leinbach
                                            1211 Avenue of the Americas
                                            New York, New York 10036
                                            (212) 223-0400

                                        *Attorneys for petitioner Orly Genger*


TO:     MORGAN, LEWIS & BOCKIUS LLP
        101 Park Avenue
        New York, New York 10178

        *Attorneys for the Sagi Genger 1993 Trust*

        PEDOWITZ & MEISTER LLP
        570 Lexington Avenue
        New York, New York 10022

        *Attorney for Dalia Genger*

        Steven Riker, Esq.
        Law Office of Steven Riker
        110 E. 59th Street, 23rd Floor
        New York, New York 10022

        *Guardian Ad Litem*

3

```
SURROGATE'S COURT : NEW YORK COUNTY
-------------------------------------X
In the Matter of the Application of
Orly Genger to Remove Dalia Genger
as Trustee of the The Orly
Genger 1993 Trust Established on            File No. 2008-17
December 13, 1993, by

            ARIE GENGER,

                     Grantor.
-------------------------------------X
```

New York County Surrogate's Court
MISCELLANEOUS DEPT.
APR 22 2015
FILED
Clerk

ANDERSON, S.

The decision in this matter, dated April 9, 2015, was issued with an incorrect file number. That decision is therefore vacated and replaced with the following decision, which is the same except for the corrected file number.

In this proceeding, Orly Genger, the primary beneficiary of an irrevocable inter vivos trust established by her father, Arie Genger, on December 13, 1993, seeks removal of her mother, Dalia Genger, as trustee. The contingent remainder beneficiary, a trust Arie established for the benefit of Orly's brother, Sagi Genger, moves to dismiss for lack of personal jurisdiction (CPLR 3211[a][8]).

In a July 2014 decision, this court held that the contingent remainder beneficiary was a necessary party and that Orly had failed to serve properly the third amended petition upon such beneficiary (see *Matter of Genger*, NYLJ, July 28, 2014, at 18, col 3 [Sur Ct, New York County 2014]). Thereafter, Orly obtained a supplemental citation and served the contingent remainder beneficiary by registered mail, return receipt requested (SCPA § 307[2]). The contingent remainder

beneficiary then made the instant motion, arguing that, since he[1] is a citizen and resident of Israel, service of process had to be made in accordance with the Hague Convention (Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 UST 361, TIAS No. 6638 [1965]), which does not allow for service of process by registered mail in the circumstances here. Orly counters that the Hague Convention does allow for such service.

In view of the First Department's decision in *Sardanis v Sumitomo Corp.* (279 AD2d 225 [1st Dept 2001]), ruling that Article 10(a) of the Hague Convention does not permit service of process by mail, this court must grant the motion to dismiss, notwithstanding contrary authority in the Appellate Divisions, Second, Third and Fourth Departments (*see e.g. N.Y. State Thruway Auth. v French*, 94 AD3d 17 [3d Dept 2012]); *Fernandez v Univan Leasing*, 15 AD3d 343 [2d Dept 2005]; *Rissew v Yamaha Motor Co., Ltd.*, 129 AD2d 94 [4th Dept 1987]). In *Sardanis* (279 AD2d 225, *supra*), the First Department held that service of process by mail is improper under Article 10(a) of the Hague Convention because such provision does not apply to the "service" of documents for jurisdictional purposes. This court recently recognized *Sardanis* as controlling authority and required service of process under the terms of the Hague

---

[1] Service was made upon the trustee of the trust.

2

Convention (see *Matter of Angelides*, NYLJ, March 27, 2015, at 23, col 6 [Sur Ct, New York County 2015]).

Orly concedes the applicability of Article 10(a), but contends that *Sardanis* was "effectively abrogated" by a subsequent decision of the First Department, *Gouiran Family Trust v Gouiran* (40 AD3d 400 [1st Dept 2007]). That decision, however, is inapposite. Indeed, the *Gouiran* court did not even refer to Article 10(a) of the Hague Convention, much less specifically examine that provision to determine whether it permits service of process by mail. Orly's argument is further refuted by the absence of a single case supporting Orly's "abrogation" theory and the many cases ignoring *Gouiran* and recognizing the split of authority between the First Department and the other departments based on *Sardanis* (see e.g. *New York State Thruway Auth.*, 94 AD3d 17, *supra*; *M.B.S. Moda,* Inc. v *Fuzzi S.P.A.*, 38 Misc 3d 1208[A] [Sup Ct, New York County 2013]; *Sbarro, Inc. v Tukdam, Ltd.*, 32 Misc 3d 217 [Sup Ct, Suffolk County 2011]); *Axios Prod., Inc. v Time Mach. Software, Inc.*, 2010 NY Slip Op 32772[U] [Sup Ct, Suffolk County 2010]; see also George Bundy Smith and Thomas J. Hall, *Divergent Views of Service of Process under the Hague Convention*, NYLJ, June 15, 2012, at 3, col 1).

Based upon the foregoing, the motion of the contingent remainder beneficiary to dismiss the petition as against it for

3

lack of personal jurisdiction is granted without prejudice to Orly's initiating proper service of process upon such beneficiary under the Hague Convention within 30 days of the date of this decision.

This decision constitutes the order of the court.

Dated: April 22, 2015

_____
SURROGATE

| | |
|---|---|
| STATE OF NEW YORK, | AFFIDAVIT OF SERVICE |
| COUNTY OF NEW YORK. | BY FIRST CLASS MAIL |

JOHN D. DELANEY, being duly sworn, says: that I am over the age of eighteen years, and am not a party herein, and reside in Jersey City, New Jersey and that on the 8th day of May, 2015, I served a true copy of the within:

**NOTICE OF APPEAL; and**

**CIVIL PRE-ARGUMENT STATEMENT
WITH ORDER ENTERED ON APRIL 22, 2015;**

upon the attorneys hereinafter named at the places hereinafter stated by depositing the same, properly enclosed in post-paid, properly addressed wrappers, into the exclusive care and custody of a depository maintained and controlled by the U.S. Post Office for delivery by first class mail to said attorneys at their last known addresses given below:

MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178

PEDOWITZ & MEISTER LLP
570 Lexington Avenue, 18th Floor
New York, New York 10022

Steven Riker, Esq.
Law Office of Steven Riker
110 E. 59th Street, 23rd Floor
New York, New York 10022

Sworn to before me this
_11th_ day of May, 2015

_____
NOTARY PUBLIC

JOHN D. DELANEY

ANTHONY ROSARIO
Notary Public, State of New York
No. 01RO6212071
Qualified in Bronx County
Commission Expires 10/05/20_17_

#753721v1/JD/10669.003