STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK
------------------------------------X
In the Matter of the Application of　　　　　　　　　File No. 0017/2008
ORLY GENGER, as a person interested, for the removal
of DALIA GENGER as Trustee of the Orly
Genger 1993 Trust pursuant to SCPA §711(11)
------------------------------------X

### AFFIRMATION IN RESPONSE TO THE SAGI GENGER 1993 TRUST'S SUPPLEMENTAL MOTION TO DISMISS THE THIRD VERIFIED AMENDED PETITION OF ORLY GENGER

ROBERT A. MEISTER, a member of the New York Bar, affirms under the penalties of perjury:

1. I am a member of the Bar and of Pedowitz & Meister, LLP, counsel for Respondent Dalia Genger ("Dalia"), as Trustee of the Orly Genger 1993 Trust (the "Orly Trust"). I make this affirmation in response to the Sagi Genger 1993 Trust's supplemental motion to dismiss the Third Amended Petition of beneficiary Orly Genger ("Orly").

2. Legal developments since Dalia filed her pending Motion to Dismiss the Third Amended Petition provide further reasons why Dalia's actions have been proper attempts to protect the Orly Trust and show that Petitioner Orly has repeatedly acted to enhance her personal interests in derogation of, and at the expense of, the Trust.

3. It is now clearly and indisputably established, as a matter of law, that Arie Genger ("Arie") did not cause TPR Investments, Inc. ("TPR") to transfer 1,102.80 shares of Trans-Resources Inc. ("TRI") stock to the Orly Trust, as he agreed to in the 2004 Divorce Stipulation Agreement between himself and Dalia Genger. The Delaware Courts have ruled that Arie failed to cause TPR to transfer the 1,102.80 shares to the Orly Trust *Genger v. TR Investors et al.,* 26 A.3d 180 (De. 2011), thus leaving TPR as the continued legal and record owner of the TRI shares.

4. It was to resolve the substantial legal and factual issues concerning whether the Orly Trust was entitled to the *economic* interest in those TRI shares that Dalia, as Trustee, entered into

1

the 2011 Settlement Agreement with TPR and D&K that, as described in the previously filed Meister Nov, 19, 2013 Aff., ¶30, that would have netted the Orly Trust more than $6 million and eliminated its obligation to pay more than $4 million. Rather than recognize the value of that settlement, Orly attacked and voided it, which was voided then due to the conflict between Orly and Dalia, as Trustee. *Genger v. Genger,* 120 A.D.3d 1102 (1st Dep't 2014).

5.   That settlement would have been benefitted the Orly Trust. United States District Judge Keenan subsequently ruled that TPR – not the Orly Trust - was entitled to $10.3 million proceeds from the sale of the TRI stock held in escrow by Pedowitz & Meister, although Judge Keenan noted that this determination was "not any kind of equitable or normative conclusion as to who among the Genger siblings ultimately deserves recompense. That is a different question, one that was left to the state courts to sort out." *TPR Inv. Associates, Inc. v. Pedowitz & Meister LLP*, No. 13 CIV. 8243 JF, 2014 WL 1979932, at *6 (S.D.N.Y. May 15, 2014).

6.   When Judge Keenan so ruled there were two pending state court actions seeking a determination as to the economic beneficial interest in the TRI stock. In the first state action, filed by Arie and Orly, individually and purportedly on behalf of the Orly Trust, Orly did not seek the beneficial interest in the TRI shares for the Orly Trust, but rather for Orly's father, Arie. *Arie Genger and Orly Genger, in her individual capacity and on behalf of the Orly Genger 1993 Trust v. Sagi Genger, et al., Sup. Ct. N.Y. Co., Index No. 651089/2010.* (See Meister Nov. 19, 2013, Aff. ¶ 13 & Ex. 9). If that action had been successful, the Orly Trust would have lost any claim to the economic beneficial interest, millions of dollars. In 2014, the First Department affirmed and expanded Justice Jaffe's dismissal of Orly's and Arie's attempt to recover the economic value of the TRI shares for Arie, *Genger v. Genger*, 121 A.D.3d 220 (1st Dep't 2014) and the Court of Appeals denied leave to appeal. *Genger v Genger,* 24 N.Y.3d 917 (2105). Thus

2

Orly's and Arie's action did not obtain any economic benefit for the Orly Trust. Subsequently Dalia, as Trustee, moved to intervene in that action to assert claims of the Orly Trust against other parties, but Justice Jaffe has refused to decide that motion until this Court decides whether Dalia will be removed as Trustee in the instant proceeding. *Genger v. Sagi Genger, et al., Sup. Ct. N.Y. Co., Index No. 651089/2010* (May 7, 2105).

7. The second state court action pending when Judge Keenan ruled that the state courts could "sort out" the issue of the economic interest of the TRI shares is *Dalia Genger, as trustee on behalf of the Orly Genger 1993 Trust and Dalia Genger in her individual capacity v. Arie Genger*, Sup. Ct. N.Y. Co. Index No. 113862/2010 (Complaint attached as Exhibit 8 to Meister Nov. 19, 2013 Aff.). Dalia commenced that action in her individual capacity, as a party to the Divorce Stipulation agreement, *and* in her capacity as Trustee, to obtain damages *for the Orly Trust* as a result of Arie's failure to cause TPR to transfer the TRI shares as he agreed and warranted he would. That is the only action that sought to recover for the Orly Trust the economic value of the beneficial interest in the TRI shares. Dalia moved for Summary Judgment in that action on the basis that all necessary facts are either undisputed or have already been decided by tribunals of competent jurisdiction.[1]

---

[1] Dalia's Motion argued that as the facts were undisputed, *the Orly Trust*, as a matter of law, should be entitled to $10,689,274.92 plus 9% prejudgment interest from, October 2004, the date Arie agreed to cause TPR to the TRI shares. *See Dalia Genger's Motion for Summary Judgment,* Index No. 113862/2010, The undisputed facts on which Dalia's motion relied include that:
    a. Arie and Dalia divorced in 2004 and that they entered into a contract, the Divorce Stipulation Agreement;
    b. In that contract, Arie agreed that he would cause TPR Investment, Inc. ("TPR") to transfer 1,102.80 shares of Trans-Resources Inc. ("TRI") stock to the Orly Trust;
    c. The Delaware Courts have ruled in cases in which Arie Genger was a party that he failed to cause TPR to transfer the 1,102.80 shares to the Orly Trust; and
    d. The damages caused from this breach, the value of the TRI shares at the time of the breach, has been determined by a ruling from a 2008 arbitration award against Arie; the value of the 1,102.80 shares of TRI Stock that Arie warranted he would transfer to the Orly Trust was $10,689,274.92 at the time of the breach as determined from a post-divorced arbitration conducted by Judge Leo Milonas.

8. Notwithstanding that such action would bring the Orly Trust millions of dollars, Orly again stepped in to sabotage the Trust's interests. Although not a party to the *Dalia v. Arie* action, Orly submitted an affidavit in opposition to Dalia's motion for summary judgment in which Orly mischaracterized herself as the "sole beneficiary" of the Orly Trust[2] and baldly stated – citing no *evidence* - that she "do[es] not believe that Dalia is in any way trying to protect [Orly's] interest, or the interests of the Orly Trust."[3] Exhibit 14 ¶ 4.

9. Justice Jaffe has also refused to decide that summary judgment motion until this Court decides whether Dalia will be removed as Trustee in the instant proceeding. *Dalia Genger, as trustee on behalf of the Orly Genger 1993 Trust and Dalia Genger in her individual capacity v. Arie Genger*, Sup. Ct. N.Y. Co. Index No. 113862/2010, Docket No. 119, Interim Order dated April 1, 2015,

10. Orly's true motivations in attempting to block Dalia's efforts to protect and enhance the Orly Trust is demonstrated by a settlement agreement she made with the Trump Group, which she kept confidential from Dalia and the Sagi Genger Trust and refused to produce in her Supreme Court actions. However, in another action the federal court ordered it produced, *Sagi Genger v. Orly Genger*, 76 F. Supp. 3d 488 (S.D.N.Y 2015), and the federal court held that in that secret agreement "Orly has effectively monetized an interest in the very shares she claims not to have received to the tune of $32.3 million" for *her own individual interest. Id.*, at 491.

---

[2] The Sagi Genger 1993 Trust is the contingent remainderman beneficiary of the Orly Trust and is currently a party to this action in its capacity as such.

[3] More troubling, Orly also falsely claimed that *Dalia Genger v Arie Genger*, where Dalia sought zero recovery for herself and total recover for the Orly Trust, was "yet another attempt to enrich herself and Sagi at [Orly's] expense," Exhibit 14 ¶ 20, and falsely asserted that the Arie and Orly action had sought to "return the value of the TRI shares to the Orly Trust" through their state court action. Exhibit 14 ¶ 7.

4

Thus Orly's actions show that she is not interested in protecting the Trust but rather in obtaining for herself, individually, whatever claims it may have, free of trust restrictions and free of the interest of the contingent remainder.

August 25, 2015

_____
Robert A. Meister

# EXHIBIT 14

FILED: NEW YORK COUNTY CLERK 02/14/2014
NYSCEF DOC. NO. 53                                    INDEX NO. 113862/2010
                                                  RECEIVED NYSCEF: 02/14/2014

Case 1:19-cv-09319-AKH  Document 1-100  Filed 10/08/19  Page 7 of 12

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| DALIA GENGER, as Trustee on behalf of the Orly Genger 1993 Trust, and DALIA GENGER, in her individual capacity,<br><br>        Plaintiffs,<br>    v.<br><br>ARIE GENGER,<br><br>        Defendant. | INDEX NO. 113862/2010<br><br>AFFIDAVIT OF ORLY GENGER |

STATE OF NEW YORK

COUNTY OF NEW YORK

    ORLY GENGER, being duly sworn, deposes and states as follows:

    1.    I am the sole beneficiary of the Orly Genger 1993 Trust (the "Orly Trust"). I make this affidavit in support of Defendant Arie Genger's ("Arie") opposition to Plaintiff Dalia Genger's ("Dalia") motion for summary judgment, and in support of Arie's cross-motion for summary judgment, a stay of these proceedings, or for dismissal of these proceedings for failure to join necessary parties.

    2.    Dalia, my mother, purports to bring this action on behalf of the Orly Trust, as Trustee of the Orly Trust.

    3.    As the sole beneficiary of the Orly Trust, I do not approve of Dalia's filing or prosecution of this action against my father, Arie.

    4.    I believe that the actions being undertaken by Dalia in this lawsuit are actually intended to solely benefit Dalia, and her son Sagi. I do not believe that Dalia is in any way trying to protect my interests, or the interests of the Orly Trust.

5864300.1/43419-00004

5.   Since 2008, I have disputed Dalia's ability to adequately represent the interests of the Orly Trust. I have been seeking to have Dalia removed as Trustee of the Orly Trust for almost seven years now.

6.   At one time, the Orly Trust contained two valuable assets: (i) a 23.52% indirect interest in TPR Investment Associates, Inc. ("TPR"); and (ii) 1,102.80 shares of common stock in Trans-Resources, Inc. ("TRI"). Dalia's actions as Trustee have consistently assisted my brother, Sagi, in his attempts to strip the Orly Trust of these assets and their value.

7.   In a related action pending before this Court, captioned *Arie Genger and Orly Genger v. Sagi Genger, et al.*, Index No. 651089/2010, I am currently seeking, among other things, the return of the value of those TRI shares to the Orly Trust (the "2010 Action").

8.   In another related action before this Court, captioned *Orly Genger v. Dalia Genger, et al.*, Index No. 109749/2009, I am seeking the return of the Orly Trust's 23.52% indirect ownership interest in TPR (the "2009 Action").

9.   The various ways in which Dalia has assisted my brother Sagi in stripping the Orly Trust of its assets are detailed in the operative complaints in the 2010 Action and the 2009 Action, the contents of which I adopt as if fully set forth herein. A true and correct copy of the operative complaint in the 2010 Action is attached hereto as Exhibit A. A true and correct copy of the operative complaint in the 2009 Action is attached hereto as Exhibit B.

10.   This Court in both the 2010 Action and the 2009 Action has recognized that, as the beneficiary of the Orly Trust, I have the right to assert causes of action on behalf of the Orly Trust. A true and correct copy of the May 29, 2013 Decision and Order of this Court in the 2009 Action stating this fact is attached hereto as Exhibit C.

11. I have also brought a proceeding specifically seeking to remove my mother Dalia as Trustee of the Orly Trust in the New York Surrogate's Court. The Surrogate's Court Action is titled *In the Matter of the Application of Orly Genger, as person interested, for the removal of Dalia Genger as Trustee of the Orly Genger 1993 Trust pursuant to SPCA § 711(11)*, Index No. 0017/2008. That action is still pending before the Surrogate's Court.

12. I originally brought an action to remove Dalia as Trustee in February 2008, just after she was appointed as Trustee of the Orly Trust. I did so because I feared Dalia would not protect my interests while serving as Trustee because of Dalia's animosity toward Arie, and her collusion with Sagi.

13. Dalia's actions since 2008 have proven that my fears were well-grounded.

14. For example, on or around January 31, 2009, Dalia executed an agreement entitled "Meeting of Partners of D&K LP – Jan. 31, 2009 & Agreement" (the "Meeting Agreement"). The Meeting Agreement purported to grant D&K GP (*i.e.*, Sagi) unfettered authority to encumber the Orly Trust's TRI shares, which directly contrary to my interests and the interests of the Orly Trust. This Meeting Agreement was negotiated and executed without ever informing me, the Orly Trust's beneficiary. A true and correct copy of the Meeting Agreement is attached hereto as Exhibit D.

15. In 2009, I also learned that Dalia had assisted Sagi in yet another attempt to strip the Orly Trust of its indirect interest in TPR by allowing Sagi and TPR to improperly foreclose on a Note the Genger family had never intended to be enforced, and conducting a sham UCC sale. Notably, this notification process and contrived UCC sale took place without Dalia

objecting in any way, without her taking preventative action of any kind, and without notifying me of any of this, all obviously designed to enrich Sagi and my expense.

16. In October 2011, Dalia further acted against my wishes when she instituted a declaratory judgment action in the Delaware Chancery Court seeking a declaration of ownership of the 1,102.80 shares of TRI stock that were once an asset of the Orly Trust, which she did in spite of the fact that I was already seeking a determination as to that ownership in New York in the 2010 Action. A true and correct copy of the complaint filed by Dalia in Delaware is attached hereto as Exhibit E, and the stipulation ordered by the Court on August 30, 2013 is Exhibit F.

17. In order to prevent Dalia from further acting contrary to my interests and the interests of the Orly Trust, I sought an injunction in the 2010 Action against Dalia prosecuting the Delaware action. This injunction was granted by the Court in the 2010 Action, the Court recognizing that this maneuver by Dalia was clearly not designed to protect my interests or the interest of the Orly Trust. True and correct copies of the temporary restraining orders, injunction, and Amended Judgment continuing this injunction are attached hereto as Exhibits G, H, I and J.

18. On July 6, 2012, as a result of discovery in the 2009 Action, I learned that Dalia, purportedly on behalf of the Orly Trust, had entered into sham settlement agreements with TPR that were prejudicial to Orly and the Orly Trust, as well as contrary to prior orders of the Court in the 2009 Action and 2010 Action.

19. The Court in the 2009 Action previously held that this sham settlement agreement were void, as they were in violation of court orders. *See* Exhibit C.

20. All of the actions Dalia as taken to date- in this Court, in Delaware, in the Federal Court and in the Surrogates Court clearly demonstrate a multitude of collusive plans with Sagi and TPR designed not to protect me or the Orly Trust, but rather to strip the Orly Trust of its assets. This claim she has purportedly asserted on behalf of the Orly Trust against Arie in this action is yet another attempt to enrich herself and Sagi and my expense.

                                                                _____
                                                                 ORLY GENGER

Sworn to before me
February 14, 2014

_____
Notary Public

LAUREN J WACHTLER
Notary Public, State of New York
No. 5C11538
Qualified in Westchester County
Term Expires April 19, 199~~~~ 2015

5864300.1/43419-00004                                                       5

STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK
------------------------------------------------------------------- X
In the Matter of the Application of
ORLY GENGER, as a person interested, for the
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11),
------------------------------------------------------------------- X

Index No. 0017/2008

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK          )
                           : ss.:
COUNTY OF NEW YORK         )

      DAVID BARTKY, being duly sworn, deposes and says: I am over the age of 18 years and not a party to this action. On the 25th day of August, 2015, I served the attached AMENDED NOTICE RESETTING RETURN DATE OF MOTION TO DISMISS THIRD AMENDED PETITION with supporting documents, via UPS overnight courier to:

    Yoav M. Griver, Esq.　　　　　　John Dellaportas, Esq.
    Zeichner Ellman & Krause LLP　　Morgan Lewis & Bockius
    1211 Avenue of the Americas　　　101 Park Avenue
    New York, NY 10036　　　　　　　New York, NY 10178

    Steven Riker, Esq.
    110 East 59th Street, 23rd Floor
    New York, NY 10022

                                                              David Bartky

Sworn to before me this
25th day of August, 2015.

_____
Notary Public

ROBERT A. MEISTER
Notary Public, State of New York
No. 31-02ME2653350
Qualified in New York County
Commission Expires March 30, 2017