SURROGATE'S COURT : NEW YORK COUNTY                    JAN 0 2 2009

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
In the Matter of the Trust Established
on December 13, 1993, by ARIE GENGER            File No. 0017/2008
for the Benefit of ORLY GENGER.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

R O T H , S .

    This is a contested application by the primary beneficiary
(Orly Genger) of an irrevocable inter vivos trust established by
her father, Arie Genger, seeking the appointment of a successor
trustee or, alternatively, the appointment of a "special trustee"
to investigate alleged wrongdoing concerning the trust.
Petitioner's mother, Dalia Genger (grantor's former wife),
contends that she is the duly appointed successor trustee and
that there is no basis to appoint another fiduciary for any
purpose.

    The trust agreement, dated December 13, 1993, provides for
discretionary income and principal distributions to Orly for life
with remainder to her descendants or, if none, to the grantor's
descendants in trust.

    Article SEVENTH (B), (D), (E), and (G) of the trust
instrument sets forth the following procedure for the resignation
of trustees and the appointment of their successors.

    A trustee may resign by delivering a signed and acknowledged
instrument of resignation in person or by certified or registered
mail to the other trustee and to either the grantor or the income
beneficiary.  Such resignation is effective upon the receipt of
the acknowledged instrument by the other trustee (if there is

one) and the grantor or the income beneficiary or at such later date as may be specified in the instrument.

A trustee may appoint his or her successor by delivering a signed and acknowledged instrument in the same manner as described above for resignation. Any such appointment, however, is valid only if the appointee qualifies by delivering a signed and acknowledged instrument of acceptance in person or by certified or registered mail to each trustee and the grantor or the income beneficiary within 30 days after the later of 1) the date on which a copy of the appointment instrument is delivered to him or her, and 2) the effective date of the appointment as set forth in the appointment instrument. It is observed that there is no provision that requires a resigning trustee to appoint a successor or that there always be two trustees in office.

The original two trustees served until October 2004, when they resigned and appointed David Parnes and Eric Gribitz as their successors. On February 12, 2007, Mr. Gribitz resigned without appointing a successor. On April 26, 2007, Mr. Parnes resigned and appointed as his successor Leah Fang in a signed and acknowledged instrument. Although Ms. Fang noted her acceptance at the bottom of such instrument, her signature was not acknowledged. However, in another document entitled "Release" executed and acknowledged by Ms. Fang the same day, she, as

2

trustee, purported to discharge Mr. Parnes from liability. It is undisputed that thereafter Ms. Fang acted as trustee. Indeed, Ms. Fang's contention that she received a number of requests for information from petitioner and that petitioner referred to her in writing and orally as trustee is not disputed by petitioner.

On December 12, 2007, Ms. Fang, without resigning in accordance with the trust agreement, attempted to appoint Patricia Enriquez, as successor trustee. Her designation of Ms. Enriquez, however, was by an unacknowledged letter in which she referred to her own resignation as taking effect upon Ms. Enriquez's acceptance of the appointment. Ms. Enriquez accepted by signing the letter, but such acceptance was not acknowledged and, in any event, there is nothing in the record to suggest that such "acceptance" was delivered in accordance with the trust instrument. Two weeks later, an attorney for Ms. Enriquez notified petitioner's counsel by email that her client had advised that she had no intention to overcome the procedural omissions.

On January 3, 2008, Ms. Fang and Dalia Genger signed before a notary a memorandum in which Ms. Fang stated that "to the extent that I am still vested with any powers to appoint trustees of the [trust], I confirm your appointment." The next day, Ms. Fang executed an acknowledged instrument of resignation and appointment of successor trustee naming Dalia as her successor

3

and Dalia, on the same day, executed an acknowledged instrument of acceptance.  It is undisputed that such documents were delivered in accordance with the trust requirements.

We address first that portion of the instant application which seeks the appointment of a successor trustee on the ground that Dalia was not validly appointed.  In such connection, petitioner argues first that, because Ms. Fang's signature on the bottom of Mr. Parnes's appointment instrument was not acknowledged, she never accepted the position in accordance with the trust agreement (and thus could not appoint Dalia her successor).  However, such argument ignores the "Release" mentioned above that Ms. Fang executed the same day.  Such instrument, which was signed and duly acknowledged, unequivocally establishes Ms. Fang's acceptance of the position.  Since petitioner does not challenge the authenticity of such instrument or Mr. Parnes' contention, supported by the record, that it was delivered in accordance with the trust instrument and, as noted above, petitioner thereafter communicated with Ms. Fang as trustee, Ms. Fang properly qualified as successor trustee.

Petitioner's second argument that, in any event, Ms. Fang's appointment of Dalia was ineffective because Ms. Fang had previously resigned as trustee is also without merit.  Simply put, Ms. Fang had not previously resigned because her letter to Ms. Enriquez did not contain the formalities (i.e., an

4

acknowledgment) required by the trust agreement.  Moreover, although not a model of clarity, the letter makes clear that Ms. Fang did not intend to leave the trust without a trustee in the event that Ms. Enriquez failed to qualify, which is exactly what happened.  Thus, Ms. Fang had authority to appoint Dalia as her successor.

Since there is no dispute that the instrument of resignation and appointment executed by Ms. Fang on January 4, 2008, and Dalia's instrument of acceptance of the same date were executed and delivered in accordance with the trust agreement, Dalia is the duly appointed successor trustee of the trust.  To find otherwise would be to ignore the chronology of events and the purpose of the provisions at issue, namely to ensure that the trust always has a fiduciary ready, willing and able to act.  The fact that petitioner does not wish her mother to be the fiduciary because she considers her an adversary in a broader intra-family dispute does not provide a basis to ignore the grantor's intent, as reflected in the trust instrument, that an acting trustee, and not the beneficiary, decides who shall become a successor trustee.  Accordingly, petitioner's application to appoint a successor trustee is denied.

We next turn to petitioner's alternate request for relief, namely that a "special trustee" be appointed for the "purpose of investigation and taking discovery with respect to the wrongful

5

dealings concerning the assets and income of the trust."

It is noted initially that petitioner's only allegations of "wrongful dealings" concern a close corporation, TPR Investment Associates, Inc.   She contends that her brother Sagi, who is an officer of TPR, and Dalia, who was a shareholder at the time this proceeding was commenced, are engaged in a "wrongful scheme" to divert assets to themselves and, as a result, Dalia "could not possibly" investigate wrongdoing at TPR, which the petition describes as the "greatest" asset of the trust.

However, the premise of the application, namely that the trust's interest in TPR would enable the trustee to investigate or seek relief from TPR, does not appear to be correct. Petitioner does not dispute Dalia's assertion, supported in the record, that the trust is not a shareholder of TPR at all. Rather, D&K LP, an entity in which the trust owns a 48 percent interest, in turn owns approximately 50 percent of TPR. Petitioner does not explain what appears to be a material misstatement concerning TPR's relationship to the trust.   Nor does she identify how a trustee under such circumstances might be in a position to "investigate and address the TPR issues".

In any event, assuming arguendo that a trustee would somehow be able to investigate alleged misconduct at TPR, petitioner's vague and speculative allegations of "wrongful conduct" at TPR from which Dalia purportedly benefitted do not warrant the

6

appointment of a "special trustee". Similarly, petitioner's allegations (made upon information and belief) that Dalia had knowledge of alleged improper acts by former trustee, David Parnes, in relation to TPR are patently insufficient to warrant the remedy of a "special trustee". In such connection, it is noted that Mr. Parnes and Ms. Fang have been directed to account for their proceedings as trustees (<u>Matter of Genger</u>, NYLJ, Feb. 25, 2008, at 29, col 3), giving petitioner a forum to seek relief for most of the conduct about which she complains.

Finally, it is observed that petitioner has not alleged that Dalia has refused a request for information, which would warrant relief (SCPA 2102), or has failed as trustee to protect trust assets.  Indeed, it appears that Dalia (who states that she is ready and able to act as fiduciary) has yet to assume the duties of trustee in deference to her daughter's position in this litigation.  As a validly appointed trustee, she should be given the opportunity to do what she deems necessary to manage and protect the trust's assets.

Based upon the foregoing, the appointment of a "special trustee" is unwarranted at this time and, accordingly, the application is denied, without prejudice to renewal if future

circumstances warrant such relief.

This decision constitutes the order of the court.

S U R R O G A T E

Dated: December 31, 2008

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

ARIE GENGER and ORLY GENGER, in her individual
capacity and on behalf of the ORLY GENGER 1993
TRUST,

      Plaintiffs,

      - against -

SAGI GENGER, TPR INVESTMENT ASSOCIATES,
INC., DALIA GENGER, THE SAGI GENGER 1993
TRUST, ROCHELLE FANG, individually and as Trustee
of the SAGI GENGER 1993 TRUST, GLENCLOVA
INVESTMENT CO., TR INVESTORS, LLC, NEW TR
EQUITY I, LLC, NEW TR EQUITY II, LLC, JULES
TRUMP, EDDIE TRUMP, MARK HIRSCH, and
TRANS-RESOURCES, INC.,

      Defendants.

SAGI GENGER, individually and as assignee of THE
SAGI GENGER 1993 TRUST, and TPR INVESTMENT
ASSOCIATES, INC.,

      Cross-Claimants, Counterclaimants, and Third-
      Party Claimants,

      - against -

ARIE GENGER, ORLY GENGER, GLENCLOVA
INVESTMENT COMPANY, TR INVESTORS, LLC,
NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC,
JULES TRUMP, EDDIE TRUMP, MARK HIRSCH,
TRANS-RESOURCES, INC., and WILLIAM DOWD,

      Cross-Claim, Counterclaim and/or Third-Party
      Defendants.

INDEX NO. 651089/2010

(SECOND)
AMENDED STIPULATION OF
DISCONTINUANCE WITH
PREJUDICE

Hon. Barbara Jaffe

Part 12

5385242.1/43419-00001

GLENCLOVA INVESTMENT CO., TR INVESTORS,
LLC, NEW TR EQUITY I, LLC, NEW TR EQUITY II,
LLC, JULES TRUMP, EDDIE TRUMP, MARK
HIRSCH, and TRANS-RESOURCES, INC.,

       Counterclaimants, Cross-Claimants, and Third-
       Party Plaintiffs,

          - against —

ARIE GENGER, ORLY GENGER, SAGI GENGER,
TPR INVESTMENT ASSOCIATES, INC., THE SAGI
GENGER 1993 TRUST, WILLIAM DOWD, ARNOLD
BROSER, DAVID BROSER, and ONE OR MORE
ENTITIES DIRECTED, OWNED OR CONTROLLED
BY ARNOLD BROSER AND/OR DAVID BROSER,

       Counterclaim, Cross-Claim, and/or Third-Party
       Defendants.

WHEREAS no party hereto is an infant or an incompetent as to whom a committee has been

appointed;

WHEREAS the parties hereto have entered into a confidential agreement finally resolving the

disputes between them as it relates to the subject matter of this action;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for

Plaintiffs/Counterclaim Defendants Arie Genger and Orly Genger ("Orly"), in her individual capacity

 *(as beneficiary of)* and ~~on behalf of~~ the Orly Genger 1993 Trust, and Third-Party Defendants Arnold Broser, David Broser

and One or More Entities Directed, Owned or Controlled by Arnold Broser and/or David Broser

(collectively, the "AG Group"), and Defendants/Counterclaimants/Third-Party Plaintiffs Glenclova

Investment Co., TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, Jules Trump,

Eddie Trump, Mark Hirsch, and Trans-Resources, Inc. (collectively, the "Trump Group"), that:

1

1.　　　All claims, counterclaims and third-party claims of the AG Group in this action against the Trump Group are discontinued with prejudice and without costs;

2.　　　All claims, counterclaims and third-party claims of the Trump Group in this action against the AG Group are discontinued with prejudice and without costs;

3.　　　Any and all orders, including, without limitation, the Order to Show Cause dated August 8, 2011 (Mot. Seq. 5), the Order to Show Cause for Temporary Restraining Order and Preliminary Injunction dated August 11, 2011 (Mot. Seq. 4), the Order to Show Cause and Temporary Restraining Order dated November 9, 2011 (Mot. Seq. 13) (the "November 9, 2011 OSC") and the Decision and Order dated December 28, 2011 entered in this action which restrain, enjoin or in any way limit actions by any members of the Trump Group shall be, and are hereby, vacated and dissolved. Except as specifically provided in paragraph 4 of this Stipulation, nothing in this Stipulation is intended to vacate or dissolve any order entered in this action restraining, enjoining or in any way limiting acts by Sagi Genger, TPR Investment Associates, Inc., Dalia Genger, individually and/or as Trustee of the Orly Genger 1993 Trust, William Dowd, the Sagi Genger 1993 Trust, or Rochelle Fang, individually and/or as Trustee of the Sagi Genger 1993 Trust.

4.　　　Orly's applications that resulted in the Order to Show Cause and Temporary Restraining Order entered October 26, 2011 (the "October 26, 2011 OSC") (Mot. Seq. 012) and the November 9, 2011 OSC are hereby withdrawn. The parties hereto stipulate and agree that any and all orders, restraints, injunctions or other limiting actions in the October 26, 2011 OSC and the November 9, 2011, which restrain, enjoin or in any way limit actions by any party, individual or entity from proceeding in the matter entitled *Dalia Genger, as Trustee of the Orly Genger 1993 Trust v. TR Investors LLC et al.*, C.A. No. 6906-CS ( Del. Ch) shall be, and are hereby, vacated and dissolved.

2

5389781.1/43419-00001

5.         Nothing in this Stipulation is intended to dismiss, discontinue or release any claim asserted in this action as against Sagi Genger, TPR Investment Associates, Inc., Dalia Genger, individually and/or as Trustee of the Orly Genger 1993 Trust, William Dowd, the Sagi Genger 1993 Trust, or Rochelle Fang, individually and/or as Trustee of the Sagi Genger 1993 Trust.

[INTENTIONALLY BLANK]

3

IT IS FURTHER STIPULATED AND AGREED that this Stipulation may be executed by facsimile and in counterparts that together shall constitute one and the same Stipulation.

DATED:  New York, New York
          June 21, 2013

MITCHELL SILBERBERG & KNUPP LLP

By: _____
    Paul D. Montclare
    pdm@msk.com
    12 East 49th Street, 30th Floor
    New York, New York 10017-1028
    Telephone: (212) 509-3900
    Facsimile: (212) 509-7239

*Attorneys for Plaintiff Arie Genger*

FELDMAN GALE P. A.
&
LAWRENCE, WORDEN, RAINIS, & BARD
P.C.

By: _____
    Michael P. Hogan
    Jeffrey D. Feldman
    Ashley G. Kessler
    mhogan@feldmangale.com
    1700 Market Street, Suite 3010
    Philadelphia, Pennsylvania 19103
    (305) 358-5001
    &
    Russell T. McHugh
    rmchugh@lwrlawyer.com
    225 Broad Hollow Road, Suite 105E
    Melville, New York 11747
    (631) 694-0033

*Attorneys for Third-Party Defendant
Arnold Broser*

SKADDEN, ARPS, SLATE MEAGHER &
FLOM LLP

By: _____
    William P. Frank
    Thomas J. Allingham II
    John Boyle
    William.Frank@skadden.com
    Thomas.Allingham@skadden.com
    John.Boyle@skadden.com
    Four Times Square
    New York, New York 10036
    (212) 735-3000

*Attorneys for Third Party Glenclova
Investment Company, TR Investors, LLC,
New TR Equity I, LLC, New TR Equity II,
LLC, Jules Trump, Eddie Trump, Mark
Hirsch And Trans-Resources, Inc.
(Collectively, The "Trump Group")*

4

IT IS FURTHER STIPULATED AND AGREED that this Stipulation may be executed by facsimile and in counterparts that together shall constitute one and the same Stipulation.

DATED:  New York, New York
        June 20, 2013

MITCHELL SILBERBERG & KNUPP LLP

By: _____
    Paul D. Montclare
    pdm@msk.com
    12 East 49th Street, 30th Floor
    New York, New York 10017-1028
    Telephone: (212) 509-3900
    Facsimile: (212) 509-7239

    *Attorneys for Plaintiff Arie Genger*

FELDMAN GALE P. A.
&
LAWRENCE, WORDEN, RAINIS, & BARD
P.C.

By: _____
    Michael P. Hogan
    Jeffrey D. Feldman
    Ashley G. Kessler
    mhogan@feldmangale.com
    1700 Market Street, Suite 3010
    Philadelphia, Pennsylvania 19103
    (305) 358-5001
    &
    Russell T. McHugh
    rmchugh@lwrlawyer.com
    225 Broad Hollow Road, Suite 105E
    Melville, New York 11747
    (631) 694-0033

    *Attorneys for Third-Party Defendant
    Arnold Broser*

SKADDEN, ARPS, SLATE MEAGHER &
FLOM LLP

By: _____
    William P. Frank
    Thomas J. Allingham II
    John Boyle
    William.Frank@skadden.com
    Thomas.Allingham@skadden.com
    John.Boyle@skadden.com
    Four Times Square
    New York, New York 10036
    (212) 735-3000

    *Attorneys for Third Party Glenclova
    Investment Company, TR Investors, LLC,
    New TR Equity I, LLC, New TR Equity II,
    LLC, Jules Trump, Eddie Trump, Mark
    Hirsch And Trans-Resources, Inc.
    (Collectively, The "Trump Group")*

3

ZEICHNER, ELLMAN & KRAUSE LLP                    THE FREYBERG LAW GROUP

By: _____                   By: _____
    Yoav M. Griver                                   Mark L. Freyberg
    Brian D. Leinbach                                Mitchell Goldberg
    YGriver@zeklaw.com                               mfreyberg@freyberglaw.com
    BLeinbach@zeklaw.com                             mitchell@oglaw.net
    575 Lexington Avenue                             950 Third Avenue, 32nd Floor
    New York, New York 10022                         New York, New York 10022
    (212) 223-0400                                   (212) 754-9200

*Attorneys for Plaintiff Orly Genger, in her*       *Attorneys for Third Party Defendant*
*individual capacity and ~~on behalf of~~ the Orly*  *David Broser*
*Genger 1993 Trust*

as beneficiary of (YMG)

So-Ordered:_____

              Hon. Barbara Jaffe

5389781.1/43419-00001

ZEICHNER, ELLMAN & KRAUSE LLP

By: _____
     Yoav M. Griver
     Brian D. Leinbach
     YGriver@zeklaw.com
     BLeinbach@zeklaw.com
     575 Lexington Avenue
     New York, New York 10022
     (212) 223-0400

*Attorneys for Plaintiff Orly Genger, in her*
*individual capacity and on behalf of the Orly*
*Genger 1993 Trust*

THE FREYBERG LAW GROUP

By: _____
     Mark L. Freyberg
     Mitchell Goldberg
     mfreyberg@freyberglaw.com
     mitchell@oglaw.net
     950 Third Avenue, 32nd Floor
     New York, New York 10022
     (212) 754-9200

*Attorneys for Third Party Defendant*
*David Broser*

So-Ordered: _____  BARBARA JAFFE J.S.C.
        Hon. Barbara Jaffe

5

5389781.1/43419-00001

Page 1

```
 1          SUPREME COURT OF THE STATE OF NEW YORK
 2                 Index No. 109749/09
 3   ORLY GENGER in her       :
     individual capacity      :      CERTIFIED COPY
 4   and on behalf of the     :
     Orly Genger 1993         :
 5   Trust (both in its       :
     individual capacity      :
 6   and on behalf of D&K     :
     Limited Partnership),    :
 7                            :
 8          Plaintiff,        :
     -against-                :      DEPOSITION OF:
     ECF Case DALIA           :
 9   GENGER, SAGI GENGER,     :      ORLY GENGER
     LEAH FANG, D&K GP        :
10   LLC, and TPR             :
     INVESTMENT               :
11   ASSOCIATES, INC.,        :
                              :
12          Defendants.       :
13   - - - - - - - - - - - - -
14          VIDEOTAPED DEPOSITION OF ORLY GENGER
15          TRANSCRIPT of the stenographic notes
16   of the proceedings in the above-entitled
17   matter, as taken by and before
18   CAROLYN CHEVANCE, a Shorthand Reporter, and
19   Notary Public of the State of New Jersey, held
20   at the office of Morgan, Lewis & Bockius LLP, 101
21   Park Avenue, New York, New York, on October
22   25, 2013, commencing at 10:15 a.m.
23
24   Reporter: Carolyn Chevance
25   Job 66709
```

Page 2

1

2    A P P E A R A N C E S:

3

4         ZEICHNER ELLMAN & KRAUSE
          BY:  YOAV GRIVER, ESQ.
5         575 Lexington Avenue
          New York, New York  10022
6         Attorneys for Plaintiff
7         MORGAN, LEWIS & BOCKIUS
          BY:  NICHOLAS SCHRETZMAN, ESQ.
8         101 Park Avenue
          New York, New York  10178
9         Attorneys for Defendant
10

11   Also present:

12

13   Dale Swindell, Videographer

14

15

16

17

18

19

20

21

22

23

24

25

1                    ORLY GENGER

2    attempted sale of TRI shares and the loss of her

3    trust control premium but she has not yet done

4    so", you then brought a -- you then brought that

5    lawsuit, correct?

6         A       Yes.

7         Q       And you brought that lawsuit as you

8    did this one, both individually and on behalf of

9    your trust; is that correct?

10        A       Just to be certain, if you want to

11   give me a copy of my Complaint if you're going to

12   ask me questions about that lawsuit.

13        Q       I'm not going to ask you many

14   questions about it, I promise.  Just whether you

15   brought those claims, if you can remember,

16   whether you brought them both as you did in this

17   action, whether you brought them individually and

18   on behalf of the Orly trust alleging injury to

19   you and injury to the trust?

20        A       Yes.

21        Q       You did.  You brought that claim

22   against the parties in this action, as Sagi and

23   TPR as well as the Trump Group?

24        A       Yes.

25        Q       And you since settled your claims

Page 94

1                       ORLY GENGER

2    against the Trump Group; is that correct?

3        A       I settled with the Trump Group.

4        Q       And you settled your claims that

5    you brought on your own behalf and on behalf of

6    the trust, correct?

7               MR. GRIVER:   Objection,

8           mischaracterizes.   Objection, foundation.

9           Objection, mischaracterizes facts.

10       A       I settled on behalf of myself as an

11   individual.

12       Q       You did not settle the claims that

13   were brought on behalf of the trust?

14       A       Well, if there -- if the trustee of

15   my trust decides to file a complaint with the

16   Trumps regarding this matter they can.

17       Q       Sorry, the Complaint has already

18   been filed alleging these injuries to the trust,

19   right?

20       A       Correct.

21       Q       Your testimony today is that when

22   you settled your claims against the Trumps you

23   did not settle those claims on behalf of the

24   trust, is that right?

25               MR. GRIVER:   Can I have that back?

Page 95

1              ORLY GENGER

2         (The record was read.)

3              MR. GRIVER:  Objection, asked and

4     answered.

5    A     I settled with the Trumps on my

6  behalf as an individual.  Not -- I am not the

7  trustee of my trust.  So I couldn't settle with

8  them as a trustee of my trust.

9              If the trustee decides to pursue

10 this matter with the Trumps they can.

11   Q     So no consideration was paid to the

12 trust, is that correct?

13             MR. GRIVER:  Can I have the

14     question back?

15             (The record was read.)

16   Q     In connection with the settlement?

17             MR. GRIVER:  I'm going to object

18     because you are seeking a legal conclusion

19     from a lay witness.

20   Q     I will actually rephrase that.

21             No money was paid to the Orly trust

22 in exchange for the dismissal of the settlement

23 of claims, is that correct?

24             MR. GRIVER:  Let's go off the

25     record.  I'm going to say that the reason

# In The Matter Of:

## *ARIE GENGER and ORLY GENGER*
## *v.*
## *SAGI GENGER*

## *ORLY GENGER - Vol. 1*
### *February 14, 2014*

**MERRILL CORPORATION**

**LegaLink, Inc.**

225 Varick Street
10th Floor
New York, NY 10017
Phone: 212.557.7400
Fax: 212.692.9171

ORLY GENGER - 2/14/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------x
ARIE GENGER and ORLY GENGER, in her
individual capacity and on behalf of
the ORLY GENGER 1993 Trust,

                Plaintiffs,

    -against-       Index No. 651089/2010
SAGI GENGER, TPR INVESTMENT ASSOCIATES,
INC., DALIA GENGER, THE SAGI GENGER
1993 TRUST, ROCHELLE FANG, Individually
and as Trustee of THE SAGI GENGER 1993
TRUST, GLENCLOVA INVESTMENT COMPANY, TR
INVESTORS, LLC, NEW TR EQUITY I, LLC,
NEW TR EQUITY II, LLC, JULES TRUMP,
EDDIE TRUMP, MARK HIRSCH, and
TRANS-RESOURCES, INC.,

                Defendants.
-----------------------------------x
              February 14, 2014
              10:17 a.m.


    Videotaped Deposition of ORLY GENGER,
taken by Defendants, pursuant to Notice, at
the offices of Morgan Lewis & Bockius LLP,
101 Park Avenue, New York, New York, before
ERIC J. FINZ, a Shorthand Reporter and
Notary Public within and for the State of
New York.

```
 1
 2     A P P E A R A N C E S:
 3     ZEICHNER ELLMAN & KRAUSE LLP
       Attorneys for Plaintiff Orly Genger
 4         1211 Avenue of the Americas
           New York, New York 10036
 5
       BY:  YOAV M. GRIVER, ESQ.
 6          (ygriver@zeklaw.com)
 7          -AND-
 8     WACHTEL MISSRY
           885 Third Avenue
 9         New York, New York 10017
10     BY:  WALTER P. STASIUK, ESQ.
           (wstasiuk@wmllp.com)
11
12                                              10:18:32
       MITCHELL SILBERBERG & KNUPP LLP
13     Attorneys for Plaintiff Arie Genger
           12 East 49th Street
14         New York, New York 10017
15     BY:  LAUREN J. WACHTLER, ESQ.
           (ljw@msk.com)
16
17                                              10:17:51
       MORGAN LEWIS & BOCKIUS LLP
18     Attorneys for Defendants Sagi Genger and TPR
       Investment Associates
19         101 Park Avenue
           New York, New York 10178
20
       BY:  NICHOLAS SCHRETZMAN, ESQ.
21          (nschretzman@morganlewis.com)
                 -and-
22          JESSICA JOY, ESQ.
           (jjoy@morganlewis.com)
23
24
25
```

```
 1
 2     A P P E A R A N C E S: (Continued)                    10:18:02
 3     SKADDEN ARPS SLATE MEAGHER & FLOM LLP                 10:18:05
       Attorneys for Defendants Glenclova
 4     Investment Company, TR Investors LLC, New TR          10:18:13
       Equity I LLC, New TR Equity II LLC,
 5     Trans-Resources, Mark Hirsch, Jules Trump
       and Eddie Trump
 6          One Rodney Square
            P.O. Box 636
 7          Wilmington, Delaware 19899
 8     BY:  DOUGLAS D. HERRMANN, ESQ.
            (douglas.herrmann@skadden.com)
 9
10                                                           10:18:19
       GOLDBERG SEGALLA LLP
11     Attorneys for William Dowd
            11 Martine Avenue
12          White Plains, New York 10606
13     BY:  BRIAN T. STAPLETON, ESQ.
            (bstapleton@goldbergsegalla.com)
14
15
16
       ALSO PRESENT:
17
            SAGI GENGER
18
            WILLIAM PACE, Videographer
19
20
21
22
23
24
25
```

ORLY GENGER - 2/14/2014

| | | |
|---|---|---|
| 1 | ORLY GENGER | 12:08:26 |
| 2 | MS. WACHTLER:  Object to the | 12:08:27 |
| 3 | form. | 12:08:27 |
| 4 | MR. HERRMANN:  Objection to the | 12:08:28 |
| 5 | form of the question. | 12:08:30 |
| 6 | MS. WACHTLER:  When? | 12:08:31 |
| 7 | MR. GRIVER:  Objection; seeks | 12:08:32 |
| 8 | legal conclusion from a lay witness. | 12:08:40 |
| 9 | THE WITNESS:  Could you repeat | 12:08:41 |
| 10 | the question, please? | 12:08:48 |
| 11 | (Record read as requested.) | 12:08:53 |
| 12 | MR. GRIVER:  Same objection, | 12:08:56 |
| 13 | objection to form. | 12:08:58 |
| 14 | MR. HERRMANN:  Me too. | 12:09:00 |
| 15 | A.    I believe that -- I believe that | 12:09:05 |
| 16 | he was. | 12:10:28 |
| 17 | BY MR. SCHRETZMAN: | 12:10:28 |
| 18 | Q.    As part of this lawsuit, you | 12:10:32 |
| 19 | sued Sagi, TPR and members of The Trump | 12:10:40 |
| 20 | Group.  Is that correct? | 12:10:41 |
| 21 | MR. HERRMANN:  Object to the | 12:10:43 |
| 22 | form of the question. | 12:10:43 |
| 23 | Q.    As well as others. | 12:10:45 |
| 24 | MR. HERRMANN:  Same objection. | 12:10:46 |
| 25 | A.    At the time that this was filed, | |

ORLY GENGER - 2/14/2014

| | | |
|---|---|---|
| 1 | ORLY GENGER | 12:10:49 |
| 2 | yes. | 12:10:51 |
| 3 | Q.    And you filed this complaint on | 12:10:56 |
| 4 | your behalf individually and on behalf of | 12:10:58 |
| 5 | your trust.  Is that correct? | 12:10:59 |
| 6 | A.    Yes. | 12:11:00 |
| 7 | Q.    And have you since settled your | 12:11:07 |
| 8 | claims against The Trump Group that you | 12:11:09 |
| 9 | brought in this action? | 12:11:13 |
| 10 | MR. HERRMANN:  Object to the | 12:11:14 |
| 11 | form of the question. | 12:11:16 |
| 12 | A.    I settled with the Trumps other | 12:11:24 |
| 13 | than with regards to my trust.  So I settled | 12:11:29 |
| 14 | with them as an individual. | 12:11:31 |
| 15 | Q.    So are you still suing them on | 12:11:33 |
| 16 | behalf of the trust? | 12:11:36 |
| 17 | A.    No.  I'm not currently suing | 12:11:43 |
| 18 | them on behalf of the trust. | 12:11:51 |
| 19 | Q.    So you aren't suing them in your | 12:12:00 |
| 20 | individual capacity or on behalf of the | 12:12:02 |
| 21 | trust; correct? | 12:12:04 |
| 22 | MR. GRIVER:  Can I have that | 12:12:06 |
| 23 | question read back, please. | 12:12:12 |
| 24 | (Record read as requested.) | 12:12:14 |
| 25 | A.    Correct. | |



| GRANTED |
|---|

## IN THE COURT OF CHANCERY FOR THE STATE OF DELAWARE

| | |
|---|---|
| DALIA GENGER, as Trustee of the Orly Genger 1993 Trust, | : |
| | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| TR INVESTORS, LLC, GLENCLOVA INVESTMENT CO., NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC, TRANS-RESOURCES, INC., and TPR INVESTMENT ASSOCIATES, INC. | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| Defendants. | : |

C.A. No. 6906-CS

| | |
|---|---|
| | : |
| TR INVESTORS, LLC, GLENCLOVA INVESTMENT CO., NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC, and TRANS-RESOURCES, INC., | : |
| | : |
| | : |
| | : |
| | : |
| Counterclaim and Crossclaim Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| DALIA GENGER, as Trustee of the Orly Genger 1993 Trust, | : |
| | : |
| | : |
| Counterclaim Defendant, | : |
| | : |
| and | : |
| | : |
| TPR INVESTMENT ASSOCIATES, INC., | : |
| | : |
| Crossclaim Defendant | : |

| | |
|---|---|
| TPR INVESTMENT ASSOCIATES, INC., | : |
| Counterclaim and Crossclaim Plaintiff, | : |
| | : |
| | : |

v.                                                  :
                                                    :
DALIA GENGER, as Trustee of the                     :
Orly Genger 1993 Trust,                             :
                                                    :
       Counterclaim Defendant,                :
                                                    :
  and                                             :
                                                    :
TR INVESTORS, LLC, GLENCLOVA                        :
INVESTMENT CO., NEW TR EQUITY I,                    :
LLC, NEW TR EQUITY II, LLC, and                     :
TRANS-RESOURCES, INC.,                              :
                                                    :
       Crossclaim Defendant                   :

---

## STIPULATION AND PROPOSED ORDER OF DISMISSAL

Plaintiff/Counterclaim Defendant Dalia Genger, as Trustee of the Orly Genger 1993 Trust (the "Trustee of the Orly Trust"), Defendants/Counterclaim and Crossclaim Plaintiffs/Crossclaim Defendants TR Investors, LLC, Glenclova Investment Co., New TR Equity I, LLC, New TR Equity II, LLC and Trans-Resources, Inc. (collectively, the "Trump Group") and Defendant/Counterclaim and Crossclaim Plaintiff/Crossclaim Defendant TPR Investment Associates, Inc. ("TPR"), through the undersigned counsel, pursuant to Chancery Court Rules 41(a)(1)(ii) and 41(1)(c), hereby stipulate and agree as follows:

1. In the action styled *TR Investors, LLC, et al. v. Genger*, C.A. No. 3994-CS (the "3994 Action"), the Court found that (i) the transfers in October 2004 of Trans-Resources, Inc. ("Trans-Resources") stock out of TPR were in violation of the March 2001 Stockholders Agreement among Trans-Resources, TPR, TR Investors, LLC and Glenclova Investment Co., (ii) the transfers were void and the

stock reverted to TPR, and (iii) the Trump Group had the right to buy all of the improperly transferred Trans-Resources stock from TPR. These determinations and findings were essential to the Court's determinations and findings in the 3994 Action.

2. The Trump Group, having closed on the purchase of the so-called Orly Trust Shares (representing 1102.8 shares of Trans-Resources stock) pursuant to and under the terms of the Side Letter Agreement between TPR and the Trump Group entered into in August 2008, as was the Trump Group's right under that agreement, owns, for all purposes, all right, title and interest (beneficially, of record and otherwise) to the shares of Trans-Resources purportedly transferred by TPR to the Orly Genger 1993 Trust. As a result, the Trump Group owns, for all purposes, all right, title and interest (beneficially, of record and otherwise) to all authorized and issued shares of Trans-Resources.[1]

3. The $10,314,005 plus accrued interest in proceeds from the sale referenced in paragraph 2 above currently held in escrow (the "Sale Proceeds") shall remain in escrow, pursuant to that Escrow Agreement between and among all of the parties hereto, Orly Genger, as beneficiary of the Orly Trust, and Pedowitz & Meister LLP, as escrow agent, until such time as a court in New York shall direct the disposition of the Sale Proceeds, or as the parties to such Escrow Agreement shall otherwise jointly agree, provided that the escrow agent may interplead the Sale

---

[1] This amount equals 5,676.4428 Trans-Resources shares and includes all of the shares that were determined to be owned by the Trump Group in the 3994 Action, in the action captioned *TR Investors v. Genger*, C.A. No. 6697-CS (Del. Ch.) and that are the subject of the above-captioned litigation.

Proceeds into a court in New York at any time.   Upon the so-ordering of paragraphs 1-2 above concerning beneficial ownership, the Trump Group shall disclaim any and all claims to the Sale Proceeds and any and all rights under the Escrow Agreement.   Nothing herein shall constitute an adjudication of any claim for monetary damages pending in any other Court.

4.   The claims brought on behalf of the Orly Genger 1993 Trust by the Trustee of the Orly Trust against the Trump Group are dismissed with prejudice and the claims brought by the Trump Group against the Orly Trust and TPR are dismissed with prejudice.

5.   The claims brought by TPR for the Sale Proceeds against the Trustee of the Orly Trust and the Trump Group have already been dismissed without prejudice.

6. Each party shall bear its own costs.

/s/ *Thomas J. Allingham*
Thomas J. Allingham II (I.D. No. 476)
Anthony W. Clark (I.D. No. 2015)
Douglas D. Herrmann (I.D. No. 4872)
Amy C. Huffman (I.D. No. 5022)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636
(302) 651-3000

*Attorneys for TR Investors, LLC, Glenclova Investment Co., New TR Equity I, LLC, New TR Equity II, LLC, and Trans-Resources, Inc.*

/s/ *Jeremy D. Anderson*
Jeremy D. Anderson (I.D. No. 4515)
Joseph B. Warden (I.D. No. 5401)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, Delaware  19899

*Attorneys for Dalia Genger, as Trustee of the Orly Genger 1993 Trust*

/s/ *Colm F. Connolly*
Colm F. Connolly (I.D. No. 3151)
Amy M. Dudash (#5741)
MORGAN, LEWIS & BOCKIUS LLP
The Nemours Building
1007 North Orange Street
Suite 501
Wilmington, Delaware 19801
(302) 574-3000

*Attorneys for TPR Investment Associates, Inc.*

IT IS SO ORDERED this _____ day of _____, 2013.

_____
Chancellor Leo E. Strine, Jr.

This document constitutes a ruling of the court and should be treated as such.

| | |
|---|---|
| **Court:** | DE Court of Chancery Civil Action |
| **Judge:** | Leo E Strine |
| **File & Serve Transaction ID:** | 53943155 |
| **Current Date:** | Aug 30, 2013 |
| **Case Number:** | 6906-CS |
| **Case Name:** | Genger, Dalia vs T R Investors LLC |
| **Court Authorizer:** | Strine, Leo E |

/s/ Judge Strine, Leo E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------x

ARIE GENGER and ORLY GENGER, in her          :
individual capacity and on behalf of
THE ORLY GENGER 1993 TRUST,                  :          Index No. 651089/2010
                                                        (Jaffe, B. JSC)
                                             :

          Plaintiffs,                        :

                                             :

          -against-                          :

SAGI GENGER, TPR INVESTMENT                  :
ASSOCIATES, INC., DALIA GENGER, THE
SAGI GENGER 1993 TRUST, ROCHELLE             :
FANG, individually and as trustee of THE SAGI
GENGER 1993 TRUST, GLENCLOVA                 :
INVESTMENT COMPANY, TR INVESTORS,
LLC, NEW TR EQUITY I, LLC, NEW TR            :
EQUITY II, LLC, JULES TRUMP, EDDIE
TRUMP AND MARK HIRSCH,                       :

          Defendants.

------------------------------------------------------------------x

SAGI GENGER, individually and as assignee of  :
THE SAGI GENGER 1993 TRUST, and TPR
INVESTMENT ASSOCIATES, INC.                   :

          Cross-Claimants, Counterclaimants, and  :
          Third-Party Claimants,

                                              :

          -against-                           :

                                              :

ARIE GENGER, ORLY GENGER,
GLENCLOVA INVESTMENT COMPANY,                 :
TR INVESTORS, LLC, NEW TR EQUITY I, LLC,
NEW TR EQUITY II, LLC, JULES TRUMP,           :
EDDIE TRUMP, MARK HIRSCH,
TRANS-RESOURCES, INC., WILLIAM                :
DOWD, and THE ORLY GENGER 1993 TRUST,

                                              :

          Cross-Claim, Counterclaim and/or
          Third-Party Defendants.            :

------------------------------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT
OF TRUSTEE DALIA GENGER'S MOTION
TO SUBSTITUTE FOR PLAINTIFF ORLY GENGER
ON HER DERIVATIVE CLAIMS AGAINST THE TRUMP GROUP
AND FOR AN ORDER DIRECTING
SETTLEMENT PROCEEDS TO
BE PAID INTO COURT

Judith Lisa Bachman, Esq.
254 S. Main Street, Suite 306
New City, New York 10956
845-639-3210

Table of Contents

Table of Authorities                                                                    i

Preliminary Statement                                                                   1

Statement of Facts                                                                      1

Argument

    Point I

        Substitution of Derivative Plaintiff Orly Genger
        Is Necessary Because She No Longer
        Represents the Orly Trust on the
        Trump Group Claims And She Has Suggested the Trustee
        "Pick Up the Cudgel" on those Claims                              4

    Point II

        The Proceeds of the Settlement
        Should be Paid into Court
        To Protect the Fund                                               5

Conclusion                                                                             10

Table of Authorities

Cases

Bonham v Coe, 249 A.D. 428, 292 N.Y.S. 423 (4th Dep't 1937)    9

Clarke v. Greenberg, 71 N.E.2d 443, 296 N.Y. 146 (1947)    6

Conforti v. Goradia, 234 A.D.2d 237, 651 N.Y.S.2d 506 (1st Dep't 1996)    6

Gusinsky v. Bailey, 21 Misc.3d 1107(A), 873 N.Y.S.2d 234 (Table)
(Sup. Ct. N.Y. County 2008), rev'd on other grounds,
66 A.D.3d 614, 887 N.Y.S.2d 585 (1st Dep't 2008)    6

In re Carroll's Estate, 153 Misc. 649, 275 N.Y.S. 911 (Sur. Ct. 1934)    9

In re Martin's Estate, 96 N.Y.S.2d 842 (Surr. Ct. 1950)    9

In re Roosevelt's Estate, 131 Misc. 800, 228 N.Y.S. 323 (Sup. Ct. 1928)    9

James v. Bernhard, 106 A.D.3d 435, 965 N.Y.S.2d 56 (1st Dep't 2013)    4, 5

Lade v. Levitt, 33 A.D.2d 956, 306 N.Y.S.2d 704 (3d Dep't 1970)    6, 9

Rice v. DiNapoli, 23 Misc.3d 1128(A), 889 N.Y.S.2d 507 (Table)
(Sup. Ct. Albany County 2009)    6, 9

Titus v. Empire Mink Corp., 17 N.Y.S.2d 909 (Sup. Ct. 1939)    9

Werner v. Werner, 70 Misc.2d 1051, 334 N.Y.S.2d 966 (Sup. Ct. Albany County 1982)  6

Statutes and Rules

CPLR 2701    6, 9

## Preliminary Statement

Dalia Genger, as trustee for the Orly Trust, moves to be substituted in for derivative

plaintiff Orly Genger on the claims Orly brought on behalf of the Orly Trust against the Trump

Group since "Orly no longer represents the Orly Trust as to the Trump Group".

As the substituted plaintiff, Dalia Genger, as trustee for the Orly Trust, respectfully

requests an order pursuant to CPLR 2701 directing that the settlement fund from the Trump

Group be paid into court since the Court "cannot determine whether <u>some or all</u> of the settlement

proceeds with the Trump Group belong to <u>Orly or the Orly Trust</u>."   Order of the Court, Filed

May 13, 2014, Doc. 925 at 4 (emphasis added).

## Statement of Facts

Dalia Genger is the trustee of the Orly Genger 1993 Trust ("Orly Trust").  In this action,

Orly Genger ("Orly") instituted direct and derivative claims on behalf of the Orly Trust against

various defendants, including the so-called Trump Group.

Orly settled with the Trump Group defendants.  Memorandum of Law of Orly Genger,

Doc. 775 at 2, attached as Exhibit 1 to the Affirmation of Judith Bachman, dated August 11,

2014 ("Bachman Aff.').

"A material term of the agreement among the settling parties was the dismissal of *all*

claims presently pending against one another, in whatever capacity they were brought. [If the

settlement stipulation was drafted so as to] have the effect of *not* dismissing Orly Genger's

derivative claims against the Trump Group, contrary to the agreement of the settling parties.

Excluding such claims from the claims that are to be dismissed is not what the Trump Group

bargained and paid for in the settlement . . ."  Letter to the Court from Thomas J. Allingham II,

dated June 28, 2010, Doc. 728 at 2, attached as Exhibit 2 to the Bachman Aff. (emphasis added).

The Trump Group later reaffirmed this aspect of the settlement:

> "[any suggestion] that the confidential settlement agreement ***might*** only dismiss Orly's individual claims against the Trump Group, but not resolve the Orly Trust's claims against the Trump Group and the TPR Group. (Opp'n Br. at 28) . . . is counterfactual. This Court has already held that certain of Orly's claims in this action, including the remaining claims, are derivative in nature, and may be maintained by Orly on behalf of the Orly Genger 1993 Trust. *See Genger v. Genger*, 966 N.Y.S.2d 346, 2013 WL 221485, at *6 (N.Y. Sup. Ct. Jan. 3, 2013) (TABLE) (citing *Genger v. Genger,* No. 109749/2009 (N.Y. Sup. Ct. June 28, 2010)). In settling the claims among them, the Trump Group, Trans-Resources, Orly and Arie agreed to the dismissal of all claims presently pending against one another. This agreement is memorialized in the Second Amended Stipulation of Discontinuance.

Reply Memorandum of Law of Trump Group, Filed April 17, 2014, Doc. 888 at 22-23, attached as Exhibit 3 to the Bachman Aff.

Evidencing this intent, in paragraph 8 of her settlement agreement, Orly agreed to "cooperate" and "cause" the Orly Trust to release any and all claims against the Trump Group." Order of the Court, Filed May 13, 2014, Doc. 925 at 4, attached as Exhibit 4 to the Bachman Aff.

Pursuant to that duty, Orly not only settled all her claims in this case; she also caused the Orly Trust to release claims against the Trump Group in a parallel Delaware case. Specifically, at the time of the Trump Group settlement, the Orly Trust was maintaining a proceeding in Delaware Chancery Court. Following her Trump Group settlement, Orly's counsel twice wrote to Chancellor Strine urging "the dismissal of the last remaining Genger related case in Delaware" and "acknowledg[ing] individually and in her capacity as the beneficiary of her trust that the Trump Group are the record and beneficial owners of the TRI shares which had been distributed to the Orly Trust." Exhibit M, Filed June 2, 2014, Doc. 1034, attached as Exhibit 5 to the Bachman Aff. Satisfied that Orly no longer wanted the Orly Trust to pursue its claims, the

Chancery Court dismissed the Orly Trust's claims in that case with prejudice. Exhibit N, Filed June 2, 2014, Doc. 1034, attached as Exhibit 6 to the Bachman Aff.

Notwithstanding the provisions of her own Trump Group settlement agreement and her representations to the Delaware Chancery Court, Orly told this Court that her Trump Group settlement "only dismisses Orly's individual claims against the Trump Group, but does not resolve or dismiss any claims of the Orly Trust against the Trump Group". Memorandum of Law of Orly Genger, Doc. 775 at 2, attached as Exhibit 1 to the Bachman Aff. Moreover, Orly stated that she "no longer represents the Orly Trust as to the Trump Group (while allowing Dalia Genger to pick up the cudgel if she so chooses) . . ." Id. (emphasis added).

In light of these conflicting statements, this Court "invite[d] the parties to the settlement agreement to set forth the claims given up by Orly in her individual and beneficial capacities, and to explain why any derivative claims advanced in the complaint are not released in the agreement." Order of the Court, Filed May 13, 2014, Doc. 925 at 4, attached as Exhibit 4 to the Bachman Aff.

Conveniently for them, none of the parties to the settlement agreement complied with the Court's request to "set forth the claims given up by Orly in her individual and beneficial capacities, and to explain why any derivative claims advanced in the complaint are not released in the agreement." Id. In fact, Orly's counsel explicitly refused to comply with that request. Email Correspondence dated May 26, 2014, attached as Exhibit 7 to the Bachman Aff.

Accordingly, this Court held that "[u]nless and until the issue of [the status of the] derivative claims is resolved, I cannot determine whether some or all of the settlement proceeds with the Trump Group belong to Orly or the Orly Trust . . ." Order of the Court, Filed May 13, 2014, Doc. 925 at 4 (emphasis added), attached as Exhibit 4 to the Bachman Aff.

Even in the presence of this conveniently self-manufactured uncertainty by Orly as to whom the settlement proceeds belong to, *i.e.,* Orly or the Orly Trust, counsel for both Orly and the Trump Group have represented in Court that cash payments were made and will be made only to Orly. Exhibit N, Filed June 2, 2014, Doc. 1034, attached as Exhibit 6 to the Bachman Aff. ("Orly did sign the settlement agreement, and that's a settlement in which real money is changing hands and will continue to change hands."). Upon information and belief, Orly used the proceeds to pay her own debts, and those of her father, acts which are explicitly prohibited by the Orly Trust agreement.

To protect the interests of the Orly Trust, Dalia Genger, as trustee of the Orly Trust, now moves this Court for an order of substitution for derivative plaintiff Orly Genger on the Orly Trust Trump Group claims and for an order directing that the settlement fund with the Trump Group be deposited into Court.

Point I

Substitution of Derivative Plaintiff Orly Genger<br>Is Necessary Because She No Longer<br>Represents the Orly Trust on the<br>Trump Group Claims And She Has Suggested the Trustee<br>"Pick Up the Cudgel" on those Claims

Pursuant to CPLR 1021, "a motion for substitution may be made by the successors or representatives of a party or by any party."

Such substitution is appropriate, and indeed necessary, when a derivative plaintiff is no longer an appropriate representative plaintiff. James v. Bernhard, 106 A.D.3d 435, 965 N.Y.S.2d 56 (1st Dep't 2013).

4

In James, the Court found that the substitution of independent directors in place of a club member derivative plaintiff was necessary where the derivative plaintiff club member no longer represented the club's interests.

Here too, substitution for derivative plaintiff Orly Genger is necessary because Orly Genger no longer represents the Orly Trust on those claims, and indeed she has suggested that the Trustee should "pick up the cudgel". Memorandum of Law of Orly Genger, Doc. 775 at 2, attached as Exhibit 1 to the Bachman Aff. Orly Genger, the party to be substituted, has expressly acknowledged that such substitution is appropriate: "Orly no longer represents the Orly Trust as to the Trump Group (while allowing Dalia Genger to pick up the cudgel if she so chooses) . . ." Memorandum of Law of Orly Genger, Doc. 775 at 2, attached as Exhibit 1 to the Bachman Aff. (emphasis added).

Since, by her own admission and, in fact urging, Orly has said that Dalia Genger has standing to make this motion and "pick up the cudgel" on the Orly Trust Trump Claims, Dalia Genger, as Trustee, must be substituted for Orly as to the Orly Trust Trump Group claims. Memorandum of Law of Orly Genger, Doc. 775 at 2, attached as Exhibit 1 to the Bachman Aff. This substitution will, as described more fully below, protect the Orly Trust's interest in the settlement with the Trump Group.

### Point II

#### The Proceeds of the Settlement Should be Paid into Court To Protect the Fund

A court may direct that funds should be paid into court if

1. a party has such property in his possession, custody or control as trustee for another party or where it belongs or is due to another party; or

5

2. a party has such property in his possession, custody or control and it belongs or is due to another party, where special circumstances make it desirable that payment or delivery to such other party should be withheld;

3. the ownership of such property will depend on the outcome of a pending action and no party is willing to accept possession or custody of it during the pendency of the action.

CPLR 2701.  See, e.g., Conforti v. Goradia, 234 A.D.2d 237, 651 N.Y.S.2d 506  (1st Dep't 1996).

Where two parties dispute entitlement to a settlement fund of money, a court should direct payment of the fund into court under CPLR 2701, rather than allow payment to one party, to protect that fund and the mutual interests of the parties.  Lade v. Levitt, 33 A.D.2d 956, 306 N.Y.S.2d 704 (3d Dep't 1970); Rice v. DiNapoli, 23 Misc.3d 1128(A), 889 N.Y.S.2d 507 (Table) (Sup. Ct. Albany County 2009); Werner v. Werner, 70 Misc.2d 1051, 334 N.Y.S.2d 966 (Sup. Ct. Albany County 1982)

In the instant action, this Court has held "[u]nless and until the issue of [the status of the] derivative claims is resolved, I cannot determine whether some or all of the settlement proceeds with the Trump Group belong to Orly or the Orly Trust . . ." ."  Order of the Court, Field May 13, 2014, Doc. 925 at 4 (emphasis added), attached as Exhibit 4 to the Bachman Aff.

This difficulty flows from the fact that any settlement of Orly's derivative claims on behalf of the Orly Trust belongs to the Orly Trust and not to Orly, individually.  See Gusinsky v. Bailey, 21 Misc.3d 1107(A), 873 N.Y.S.2d 234 (Table) (Sup. Ct. N.Y. County 2008), rev'd on other grounds, 66 A.D.3d 614, 887 N.Y.S.2d 585 (1st Dep't 2008); Clarke v. Greenberg, 71 N.E.2d 443, 296 N.Y. 146 (1947).   Any payment of the settlement funds to Orly or any other person which belong to the Orly Trust, is improper.

6

It appears that Orly has deliberately manufactured confusion as to whether or not she settled the Orly Trust derivative claims against the Trump Group so that she can take all of the settlement funds for herself rather than have them paid to the Orly Trust. Counsel for both Orly and the Trump Group have represented in Court that cash payments <u>were made and will be made only to Orly</u>. Exhibit N, Filed June 2, 2014, Doc. 1034, attached as Exhibit 6 to the Bachman Aff. ("Orly did sign the settlement agreement, and that's a settlement in which real money is changing hands and will continue to change hands.")

Such payment only to Orly, and not the Orly Trust, is improper, since there is compelling evidence that some, if not all, of the settlement funds belong to the Orly Trust as the result of the settlement of derivative claims against the Trump Group.

The Trump Group, one of the settling parties, believes the derivative Orly Trust claims have been settled: "A material term of the agreement among the settling parties was the dismissal of *all* claims presently pending against one another, in whatever capacity they were brought. [If the settlement stipulation was drafted so as to] have the effect of *not* dismissing Orly Genger's derivative claims against the Trump Group, contrary to the agreement of the settling parties. Excluding such claims from the claims that are to be dismissed is not what the Trump Group bargained and paid for in the settlement . . ." Letter to the Court from Thomas J. Allingham II, dated June 28, 2010, Doc. 728 at 2, attached as Exhibit 2 to the Bachman Aff. (emphasis added). The Trump Group reaffirmed this aspect of the settlement:

> [any suggestion] that the confidential settlement agreement *might* only dis-miss Orly's individual claims against the Trump Group, but not resolve the Orly Trust's claims against the Trump Group and the TPR Group. (Opp'n Br. at 28) . . . is counterfactual. This Court has already held that certain of Or-ly's claims in this action, including the remaining claims, are derivative in nature, and may be maintained by Orly on behalf of the Orly Genger 1993 Trust. *See Genger v. Genger*, 966 N.Y.S.2d 346, 2013 WL 221485, at *6 (N.Y. Sup. Ct. Jan. 3, 2013) (TABLE) (citing *Genger v. Genger,* No. 109749/2009 (N.Y.

> Sup. Ct. June 28, 2010)). In settling the claims among them, the
> Trump Group, Trans-Resources, Orly and Arie agreed to the
> dismissal of all claims presently pending against one another. This
> agreement is memorialized in the Second Amended Stipulation of
> Discontinuance.

Reply Memorandum of Law of Trump Group, Filed April 17, 2014, Doc. 888 at 22-23, attached as

Exhibit 3 to the Bachman Aff.

Further, in paragraph 8 of her settlement agreement, Orly agreed to "cooperate" and

"cause" the Orly Trust to release any and all claims against the Trump Group."   Order of the

Court, Filed May 13, 2014, Doc. 925 at 4, attached as Exhibit 4 to the Bachman Aff.   Pursuant

to that duty, Orly not only settled all her claims in this case; she also caused the Orly Trust to

release claims against the Trump Group in a parallel Delaware case, when she twice had her

counsel urge (and later obtain) for "the dismissal of the last remaining Genger related case in

Delaware" and "acknowledg[ing] individually and in her capacity as the beneficiary of her trust

that the Trump Group are the record and beneficial owners of the TRI shares which had been

distributed to the Orly Trust." Exhibit M, Filed June 2, 2014, Doc. 1034, attached as Exhibit 5 to

the Bachman Aff.

All of these facts compel the conclusion that Orly's Trump Group settlement in this

action resulted in the dismissal of both her individual and derivative claims, and that some, if not

all, of the settlement fund belongs to the Orly Trust.

Yet, in self-manufactured confusion, notwithstanding the provisions of her own Trump

Group settlement agreement and her representations to the Delaware Chancery Court, Orly told

this Court that she "only dismisses Orly's individual claims against the Trump Group, but does

not resolve or dismiss any claims of the Orly Trust against the Trump Group".  Memorandum of

Law of Orly Genger, Doc. 775 at 2, attached as Exhibit 1 to the Bachman Aff.

In light of the conflicting statements, this Court "invite[d] the parties to the settlement agreement to set forth the claims given up by Orly in her individual and beneficial capacities, and to explain why any derivative claims advanced in the complaint are not released in the agreement." Order of the Court, Filed May 13, 2014, Doc. 925 at 4, attached as Exhibit 4 to the Bachman Aff.  Conveniently for them, none of the parties to the settlement agreement complied with the Court's request.  Email Correspondence dated May 26, 2014, attached as Exhibit 7 to the Bachman Aff.

With these efforts, Orly succeeded in clouding the question of to whom the settlement proceeds belong: the Court "cannot determine whether <u>some or all</u> of the settlement proceeds with the Trump Group belong to <u>Orly or the Orly Trust</u> . . .".

Such self-manufactured confusion, though, is the very reason why the settlement proceeds must be paid into Court[1] - - to protect that fund and the mutual interest of the parties. <u>Lade v. Levitt</u>, 33 A.D.2d 956, 306 N.Y.S.2d 704 (3d Dep't 1970); <u>Rice v. DiNapoli</u>, 23 Misc.3d 1128(A), 889 N.Y.S.2d 507 (Table) (Sup. Ct. Albany County 2009).  Without such an order, the Orly Trust will be denied the opportunity to obtain any of the settlement proceeds paid as the result of settling claims belonging to the Orly Trust.

---

[1] Such an order must be made against all of the settling parties since it is undisclosed who is holding the settlement proceeds.  If such payment has already been made, then the recipient stands in relation as a quasi trustee of the Orly Trust and/or is in possession of funds which belong to the Orly Trust. <u>Bonham v Coe</u>, 249 A.D. 428, 292 N.Y.S. 423 (4th Dep't 1937); <u>In re Martin's Estate</u>, 96 N.Y.S.2d 842 (Surr. Ct. 1950); <u>In re Roosevelt's Estate</u>, 131 Misc. 800, 228 N.Y.S. 323 (Sup. Ct. 1928); <u>Titus v. Empire Mink Corp.</u>, 17 N.Y.S.2d 909  (Sup. Ct. 1939); <u>In re Carroll's Estate</u>, 153 Misc. 649, 275 N.Y.S. 911 (Sur. Ct. 1934).  This state of facts fits squarely within CPLR 2701.

Conclusion

Dalia Genger as Trustee must be substituted in for derivative plaintiff Orly Genger since

"Orly no longer represents the Orly Trust as to the Trump Group" and the settlement proceeds

must be paid into Court since the Court "cannot determine whether some or all of the settlement

proceeds with the Trump Group belong to Orly or the Orly Trust . . ."

Dated: New City, New York
       August 11, 2014

                                        /s/
                           _____
                           Judith Lisa Bachman, Esq.
                           254 S. Main Street, Suite 306
                           New City, New York 10956
                           845-639-3210

10

SUPREME COURT: NEW YORK COUNTY

| | |
|---|---|
| ARIE GENGER and ORLY GENGER, in her individual capacity and on behalf of the ORLY GENGER 1993 Trust, | Index No. 651089/10 |
| Plaintiffs, | (Justice Barbara Jaffe) |
| -against- | Motion Seq. No. 42 |
| SAGI GENGER, TPR INVESTMENT ASSOCIATES, INC., DALIA GENGER, THE SAGI GENGER 1993 TRUST, ROCHELLE FANG, Individually and as Trustee of THE SAGI GENGER 1993 TRUST, GLENCLOVA INVESTMENT COMPANY, TR INVESTORS, LLC, NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC, JULES TRUMP, EDDIE TRUMP and MARK HIRSCH, | |
| Defendants. | |
| SAGI GENGER, individually and as assignee of THE SAGI GENGER 1993 TRUST, and TPR INVESTMENT ASSOCIATES, INC., | |
| Cross-Claimants, Counterclaimants, and Third-Party Claimants, | |
| -against- | |
| ARIE GENGER, ORLY GENGER, GLENCLOVA INVESTMENT COMPANY, TR INVESTORS, LLC, NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC, JULES TRUMP, EDDIE TRUMP, MARK HIRSCH, TRANS-RESOURCES, INC., and WILLIAM DOWD, | |
| Cross-Claim, Counterclaim and/or Third-Party Defendants. | |

**ORLY GENGER'S MEMORANDUM OF LAW IN OPPOSITION TO DALIA GENGER'S MOTION TO SUBSTITUTE HERSELF AS DERIVATIVE PLAINTIFF ON BEHALF OF THE ORLY GENGER 1993 TRUST AGAINST THE TRUMP GROUP AND FOR AN ORDER DIRECTING SETTLEMENT PROCEEDS TO BE PAID INTO COURT**

Zeichner Ellman & Krause LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 223-0400

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ........................................................................ 1

STATEMENT OF FACTS ................................................................................ 2

    A.   Orly's New York Action On Behalf Of Herself And Her Orly Trust ......... 2

    B.   The Many Court Recognitions That Dalia Suffers From Irreparable
          Conflicts Of Interest And Has Often Sided With Sagi Genger
          Against Orly ................................................................................ 3

    C.   The June 2013 Confidential Settlement Agreement Between The
          "AG Group" And The "Trump Group" ........................................ 7

    D.   The Second Amended Stipulation Of Discontinuance In This Action ........ 8

    E.   No Claims Remain Against The Trump Group In This Action .................. 9

    F.   The Dalia Delaware Action Against The Trump Group And August
          2013 Delaware Stipulation Dismissing Dalia's Claims Against The
          Trump Group With Prejudice ...................................................... 10

    G.   The Delaware Stipulation Works To Harm Orly And The Orly Trust
          As Dalia And Sagi Intended ...................................................... 14

ARGUMENT ................................................................................................ 16

I.     DALIA'S MOTION TO SUBSTITUTE HERSELF ON THE
       CLAIMS IN THIS CASE AGAINST THE TRUMP GROUP
       SHOULD BE DENIED ............................................................ 16

    A.   Dalia's Motion To Substitute Fails As Moot Because There Are No
          Claims Remaining Against The Trump Group For Which Dalia
          Could Substitute ........................................................................ 16

    B.   Dalia's Motion To Substitute Fails Because Of The Delaware
          Stipulation ................................................................................ 16

    C.   Dalia's Motion To Substitute Fails Because Dalia Suffers From
          Conflicts Of Interest, Is Biased In Favor Of Sagi And Against Orly,
          And Is Otherwise Unfit To Conduct This Litigation On Behalf Of
          The Orly Trust ........................................................................ 17

II.    DALIA'S MOTION TO HAVE THE CONFIDENTIAL
       SETTLEMENT AGREEMENT PROCEEDS PAID INTO COURT
       UNDER CPLR 2701 SHOULD BE DENIED ............................ 18

CONCLUSION .............................................................................................. 21

## TABLE OF AUTHORITIES

Page(s)

CASES

Clarke v. Greenberg,
    296 N.Y. 146 (1947) ...................................................................................................21

Conforti v.Goradia,
    234 A.D.2d 237 (1st Dept. 1996)................................................................................21

General Electric Co. v. Inter-America Marketing Systems, Inc.,
    220 A.D.2d 307 (1st Dept. 1995).........................................................................17, 18

Genger v. Genger
    120 A.D.3d 1102 (1st Dept. 2014).................................................................................4

Genger v. Genger,
    2014 N.Y. App. Div. LEXIS 5390 (1st Dept. July 24, 2014)..............................15, 16

Gusinsky v. Bailey,
    2008 Misc. LEXIS 5811 (N.Y. Sup. Ct. Sept. 17, 2008)............................................21

ICN Pharmaceuticals, Inc. v. Bristol-Myers Co.,
    245 A.D.2d 182 (1st Dept. 1997)................................................................................17

James v. Bernhard,
    106 A.D.3d 435 (1st Dept. 2013)................................................................................18

Lade v. Levitt,
    33 A.D.2d 956 (3d Dept. 1970) ..................................................................................21

Rice v. DiNapoli,
    2009 NY Misc. LEXIS 1182 (N.Y. Sup. Ct. Apr. 21, 2009)......................................20

TPR Investment Associates, Inc. v. Pedowitz & Meister, LLP,
    2014 U.S. Dist. LEXIS 67116 (May 15, 2014) .........................................................15

Werner v. Werner,
    1972 N.Y. Misc. LEXIS 1743 (N.Y. Sup. Ct. July 6, 1972) ......................................21

STATUTES

CPLR 1021............................................................................................................... 1, 18

CPLR 2701............................................................................................................ *passim*

## PRELIMINARY STATEMENT

Dalia Genger's ("Dalia") two motions are meritless and should be denied for a number of independent reasons.

*First*, under CPLR 1021, Dalia seeks to be substituted into this action as a derivative plaintiff to litigate any claims the Orly Genger 1993 Trust ("Orly Trust") may have in this action against the Trump Group. Dalia's "substitution motion" is moot because the Orly Trust has no existing claims against the Trump Group in this action. Even if such claims still existed, Dalia's substitution motion should be denied. CPLR 1021 exists to ensure that derivative plaintiffs with conflicts of interest may be removed, and conflict-free plaintiffs substituted. Here, Dalia's motion would achieve the opposite result because Dalia suffers from manifest conflicts of interest and improper bias. To allow her to substitute in would bring her conflicts of interest into this litigation, and place Orly Genger ("Orly") and the Orly Trust at risk. If Dalia truly believes the Orly Trust should "pick up the cudgel" against the Trump Group in this litigation, the proper course is for her to resign and let a new trustee who is conflict-free and acceptable to Orly advance those claims. See Statement of Facts and Argument, Point I.

*Second*, under CPLR 2701, Dalia seeks to have the proceeds from Orly's individual settlement with the Trump Group paid into Court, contending she has a right to seek that relief because Orly's settlement also settled Orly Trust claims. Dalia is wrong.

Dalia's request relies on ignoring the plain language of CPLR 2701 by omitting the critical phrase "which is the subject of this action" from her citation of the statute. CPLR 2701 only permits property "which is the subject of the action" to be paid into Court, yet the proceeds Dalia seeks to be placed into Court are not the subject of this action, or any other

action. For this reason and others, CPLR 2701 simply does not apply, and Dalia's effort to have the settlement proceeds placed with the Court should be denied. See Statement of Facts and Argument, Point II.

Moreover, the factual predicate of Dalia's "funds motion" is incorrect. The multi-party confidential settlement with the Trump Group did not settle Orly Trust claims. This is confirmed by, among other things, (i) the plain language of that Confidential Settlement Agreement; (ii) the plain language of the Second Amended Stipulation of Settlement, which did not dismiss any Orly Trust claims; and (iii) Dalia previously taking advantage of the fact that Orly Trust claims were not settled to continue her Dalia Delaware Action and enter into the Delaware Stipulation. See Statement of Facts and Argument Point II.

## STATEMENT OF FACTS

### A.   Orly's New York Action On Behalf Of Herself And Her Orly Trust

On July 26, 2010, co-plaintiffs Orly and Arie Genger commenced this action. See Complaint [Docket No. 112]. Orly's operative complaint asserted both individual claims and claims on behalf of the Orly Trust. Orly is the sole non-contingent beneficiary of the Orly Trust. See Complaint ¶¶ 208-219. On January 2, 2013, the Court dismissed most of plaintiffs' claims against the Trump Group entities. See Jan 2, 2013 Amended Decision and Order at 25-27, 28-29 [Docket No. 285]. The Court allowed plaintiffs to proceed with claims for: (i) breach of fiduciary duty and aiding and abetting fiduciary duty against Sagi Genger ("Sagi"); and (ii) unjust enrichment against TPR Investment Associates, Inc. ("TPR") and against Sagi. Id.

The Court already has ruled that Orly may properly advance claims on her own

2

behalf and on behalf of the Orly Trust:

> Plaintiff [Orly] argues, and none of the defendants dispute her, that as beneficiary of the Orly Genger 1993 Trust, she has a right to assert causes of action on behalf of the trust, citing *Velez v. Feinstein*, 87 AD2d 209 (1st Dept. 1982) (where trustee has failed to enforce a claim on behalf of the trust, the beneficiary may do so). She further argues that as the Orly Genger 1993 Trust is a limited partner of D&K Ltd. Partnership, she has the right to assert causes of action on behalf of the Partnership as against TPR Investment and the other defendants, citing among other cases, *CCG Assoc. I v. Riverside Assoc.*, 157 AD2d 435, 442 (1st Dept. 1990) ("[t]he right of a limited partner to bring an action on behalf of the partnership to enforce a right belonging to the partnership is beyond dispute") (Pl Memo of Law [Doc. 9:4] p.1 n.1). Defendants' arguments in opposition are not persuasive.

7/28/10 Decision and Order at 4 [Index No. 109749/2009; Docket No. 80]. That Orly has such standing is law of the case.

## B.    The Many Court Recognitions That Dalia Suffers From Irreparable Conflicts Of Interest And Has Often Sided With Sagi Genger Against Orly

On January 2, 2009, Surrogate Roth, denied Orly's first application to remove Dalia as Trustee of the Orly Trust. Surrogate Roth states that she would give Dalia the opportunity to serve as Trustee and see what happens:

> Indeed, it appears that Dalia (who states that she is ready and able to act as fiduciary) has yet to assume the duties of trustee in deference to her daughter's position in this litigation. As a validly appointed trustee, she should be given the opportunity to do what she deems necessary to manage and protect the trust's assets.

January 2, 2009 Surrogate Decision at 7 (emphasis added) [Index No. 109749/09; Docket No. 198]. Orly has renewed her application to remove Dalia, and it remains pending in Surrogate Court.

Since Surrogate Roth's January 2, 2009 Decision, numerous courts have

3

examined Dalia's actual actions as Trustee, and recognized that Dalia suffers from conflicts of interest and is otherwise unfit to serve as Trustee. Thus, for example, the First Department held that Dalia suffered from conflicts of interest, and placed her personal interests ahead of the Orly Trust and Orly, benefiting herself at the expense of the Orly Trust:

> In entering into the aforementioned October 2011 and March 2012 settlement agreements with TPR and D&K LP on behalf of the Orly Trust, of which she was sole trustee, Dalia had a conflict of interest. The new promissory notes executed by Dalia on behalf of the Orly Trust pursuant to the settlement agreements contained provisions that were plainly intended to entrench her as sole trustee of Orly Trust, notwithstanding the ongoing disputes and litigation between herself and plaintiff, the trust's beneficiary. Specifically, the replacement notes provided that Dalia's resignation or removal as trustee of Orly Trust, or the appointment of any additional trustee, would constitute an event of default rendering the notes immediately due and payable by Orly Trust. Further, the purported settlement of the derivative claims that plaintiff asserts on behalf of Orly Trust in this action – which was already pending at the time the settlement agreements were executed – required the court's approval, which was never sought. Moreover, as previously discussed, the settlements were entered into in violation of the aforementioned 2010 and 2011 injunctions. For these reasons, the settlements are voidable and, given the expressed intention of plaintiff (the beneficiary of Orly Trust) to void them, the purported releases they contain are not enforceable.

Genger v. Genger 120 A.D.3d 1102, 1104 (1st Dept. 2014).

This Court also recognized Dalia's conflicts of interest and collusion with Sagi against Orly make her unfit to act for Orly's benefit:

> Additionally, Dalia, trustee of the Orly Trust, has often sided with her son Sagi in these actions, and if Orly is deemed to be an inadequate representative of the Orly Trust, and Dalia declines to pursue the Orly Trust claims against TPR/Sagi, TPR/Sagi could be insulated from the prosecution of such claims. However, after TPR/Sagi filed this motion, the Appellate Division, First Department, held that Dalia had a conflict of interest in releasing

herself, as part of settlement agreements entered into in 2011 and 2012 between TPR/Sagi and herself, as trustee.  It also adjudicated the settlements, which were against Orly's interests, as void and/or voidable. (*Genger v Genger*, 115 AD3d 421, 423 [1st Dept 2014]).[1] Thus, <u>Dalia may no longer be able to serve as trustee, having failed to disclose the conflict to her principal, Orly</u>.  And, as noted by the First Department, Orly has petitioned the Surrogate's Court to remove Dalia as trustee and to surcharge her. (*Id.*).

7/3/14 Decision and Order at 3-4 (emphasis added) [Index No. 109749/09; Docket No. 698].

Dalia Genger, trustee of the Orly Trust, neither filed nor joined in the instant motion.  Instead, she signed an affidavit, dated June 28, 2013, asserting that "an analysis of the claims [filed by Orly against the Trump Group] shows that they are entirely claims of the Orly Trust and that she has no individual rights separate therefrom." (NYSCEF 483, ¶ 2).  Dalia's assertion is not supported or accompanied by any analysis of the subject claims, and is fatally conclusory….And <u>having found that "Dalia – as trustee of Orly's Trust – had a conflict of interest in releasing herself as part of the October 2011 and March 2012 settlement agreements [embodying the proposed transactions]" (*Genger v Genger*, --AD3d--, 2014 NY Slip Op 01421 *2 (1st Dept 2014), the Appellate Division throws doubt on Dalia's standing to complain</u>.

3/20/14 Decision and Order at 3-4 (emphasis added) [Docket No. 925].

This Court, the Delaware Chancery Court, and the District Court for the Southern District of New York have all questioned Dalia's fitness to serve as a fiduciary for Orly, and questioned her motivation for refusing to resign as Trustee.

THE COURT: [referring to Surrogate Roth's January 2009 decision]  The Surrogate said, you know, basically she should be given a chance to try out, in essence.  That's when I reread Judge Roth's decision that at the time of the original objection to her, or the challenge to her, she hasn't been given a chance to serve.

---

[1]  In response to Dalia and Sagi/TPR's motions for reconsideration, the First Department replaced the referenced decision with a September 2014 decision, which re-affirmed Dalia's conflict of interest and expanded upon its prior ruling.

> I just don't understand why somebody would want to continue to
> serve as the trustee of her daughter's trust when the daughter
> doesn't want her.  Why not just say:  Okay.  I'm out of this.  You
> want to have a fight with your brother, have a fight with your
> brother.  If you want to have a fight with your father, have a fight
> with your father.
>
> I mean, <u>unless there is some truth to the conspiracy theories
> asserted by the plaintiffs, why is she continuing to serve?   Why
> doesn't she resign?  Who needs this aggravation?</u>

8/15/12 Hearing Tr. 3:23-4:13 (Feinman, J.) (emphasis added) [Index No. 109749/09; Docket

No. 318].

> THE COURT:  Well how can she be both?  She is the trustee for
> the Orly Trust.  Right?...And as I read Chancellor Strine's – he's
> chief justice down there, chief judge.  As I read his remarks, he
> kept suggesting that she no longer should be trustee, didn't he?

4/29/14 Hearing Tr. at 27-28 (Keenan, J.) (Janovsky Aff., **Exhibit I**) <u>see also</u> 8/1/13 Hearing Tr.

at 42-43 (Janovsky Aff., **Exhibit J**) (Chancellor Strine questioning Dalia's fitness to serve as

trustee, where "Dalia brings a lawsuit that Orly doesn't want," where "Dalia's aligned with Sagi"

and Dalia is willing to come to a since voided settlement "on terms that Orly gives up any claim

that she has that Sagi didn't exactly cut the pie fairly").

Even after the Surrogate's Court directed the parties to find an alternate trustee,

Dalia refused to step down as Trustee for the Orly Trust.  <u>See</u> 3.12.13 Orly Letter to Court [Index

No. 109749/09; Docket No. 406].   In this regard, Orly and Sagi identified a distinguished

attorney – Alex Sussman – acceptable to both Orly and Sagi.  Dalia, however, refused to step

down unless and until she was released from all liability for her actions as Trustee (once again

placing herself and her interests ahead of Orly and the Orly Trust).   <u>See</u> June 2013

Correspondence re: Alex Sussman (Janovsky Aff., **Exhibit A**).

C.    **The June 2013 Confidential Settlement Agreement Between The "AG Group" And The "Trump Group"**

On June 16, 2013, plaintiffs Arie and Orly (individually and as beneficiary of the Orly Trust) and the Trump Group defendants entered into a confidential settlement agreement, resolving the settling parties' respective claims and counterclaims against one another (the "Confidential Settlement Agreement" or "CSA").[2] As this Court has found, based on its prior *in camera* review of the CSA, "in the settlement agreement, Orly stops short of releasing derivative claims." 3/20/14 Decision and Order at 4.

The Court's ruling on the matter is correct.  The CSA is executed by the "AG Group" and the "Trump Group."  Confidential Settlement Agreement at 1.  The AG Group includes "Orly Genger (in her individual capacity and in her capacity as beneficiary of the Orly Genger 1993 Trust)."  Id.  The Orly Trust is expressly excluded from the AG Group, and is, instead, defined as a member of the non-settling "Sagi Group."  Id. at 3.  No provision in the CSA provides for settlement of Orly Trust claims.

Dalia contends (Dalia Br. at 8) that Orly's agreement in the CSA to "cooperate" in any future Trump Group efforts to "cause" the Orly Trust to release its claims against them, should she be asked to do so by them (CSA, ¶ 8), is equivalent to Orly settling Orly Trust claims on behalf of the Orly Trust.  "Cooperating" is not a synonym for "settling" or "releasing."  More fundamentally, Dalia entirely misses the point of the "cooperation provision" – this provision further proves the CSA did <u>not</u> settle any Orly Trust claims.  If the CSA had settled Orly Trust

---

[2]   The Confidential Settlement Agreement has been filed under seal as **Exhibit K** to the Affirmation of Peter

claims against the Trump Group, Orly's "cooperation" would be entirely unnecessary, because there would be nothing to "cause" in the future. Only if the CSA did not settle and release Orly Trust claims would there be a need for Orly to "cooperate" in future Trump Group efforts to "cause" the Orly Trust claims against them to be dismissed.

Dalia's recitation of positions taken at one time by Trump Group counsel, Thomas Allingham, regarding the CSA (see Dalia Br. at 2, 7-8) is unavailing, because it contradicts the CSA's "Entire Agreement" provision. See CSA, ¶ 17. That provision makes anything written about the CSA entirely irrelevant, unless it is an instrument in writing signed by all Parties. Id. Accordingly, the language of the CSA controls. Id. In turn, the CSA's plain and unambiguous language demonstrates that the Orly Trust is not a settling party, and Orly did not settle Orly Trust claims.

## D.    The Second Amended Stipulation Of Discontinuance In This Action

On July 1, 2013, the Court signed the Second Amended Stipulation of Discontinuance. See Second Amended Stipulation of Discontinuance at 2 [Docket No. 487] ("All claims, counterclaims and third-party claims of the AG Group in this action against the Trump Group are discontinued with prejudice and without costs."). Like the CSA before it, the Second Amended Stipulation of Discontinuance carefully and expressly limited the claims discontinued by Orly to those brought by Orly "individually and as beneficiary of the Orly Trust." See generally id. It did not discontinue any Orly Trust claims. Id. Because the Orly Trust claims still existed and were not discontinued, the Second Amended Stipulation of Discontinuance also released Dalia to prosecute her previously stayed Dalia Delaware Action

---

Janovsky ("Janovsky Aff."), filed contemporaneously herewith.

(defined and discussed below).  See id.  The Dalia Delaware Action had been previously restrained by the Court as duplicative and irreparably harmful to Orly and the Orly Trust.  See 10.26.11 Order To Show Cause; 11.9.11 Order To Show Cause; 4.10.12 Interim Decision [Docket Nos. 150, 165, 230].

**E.      No Claims Remain Against The Trump Group In This Action**

On July 24, 2014, plaintiffs' remaining claims were dismissed on appeal to the Appellate Division, First Department.[3]  As a result of the First Department's July 24, 2014 Order, plaintiffs, including the Orly Trust, have no claims in this action.  As shown below, the remaining claims were dismissed because of a so-called settlement of the Dalia Delaware Action, deliberately drafted and designed by Dalia and TPR/Sagi to end the Orly Trust claims against TPR/Sagi, and ensure that over $10 million from TPR/Sagi's sale of the Orly Trust TRI Shares went to TPR/Sagi, not the Orly Trust.

On November 25, 2014, the Court entered an Order, agreed to by the remaining parties to the action, dismissing plaintiffs' operative complaint (without prejudice to plaintiffs' right to seek leave to appeal to the Court of Appeals) and severing plaintiffs' dismissed complaint from Sagi/TPR's counterclaims, cross-claims and third-party claims.  See 11.25.14 Order [Docket No. 1153]. (Dalia has appealed the Court's November 25, 2014 Order, but has not yet perfected her appeal.)

On January 31, 2014, the Trump Group defendants made a motion on notice to all parties to dismiss the remaining claims against them in this action.  These claims were brought

---

[3]   Plaintiffs have sought leave to appeal the First Department's decision to the Court of Appeals.  Plaintiffs' motion to the Court of Appeals is *sub judice*.

by Sagi and TPR. [Docket Nos. 732-751.] By Notice dated August 23, 2014, Sagi and TPR voluntarily discontinued claims against the Trump Group members, but not TRI. [Docket No. 1112]. By Decision and Order dated January 7, 2015, the Court dismissed all claims by Sagi and TPR against the Trump Group and TRI. See 1.7.15 Decision and Order at 21-22 [Docket No. 1159]. At present, there are no existing claims, counterclaims, or cross-claims against the Trump Group in this action.

**F.    The Dalia Delaware Action Against The Trump Group And August 2013 Delaware Stipulation Dismissing Dalia's Claims Against The Trump Group With Prejudice**

On October 4, 2011 – one day after signing a "defendant-only settlement agreement" that violated two court orders – Dalia commenced a derivative action on behalf of the Orly Trust in Delaware Chancery Court (the "Dalia Delaware Action"). By the Dalia Delaware Action, Dalia sought a Declaratory Judgment that the Orly Trust (and not TPR or the Trump Group entities) was the beneficial owner of the Orly Trust TRI Shares. See Dalia Delaware Complaint ¶¶ 37-43 (Janovsky Aff., **Exhibit C**). By commencing her action in Delaware, Dalia provided the Delaware Chancery Court with the personal jurisdiction over the Orly Trust that the Chancery Court previously lacked. Id.

This lawsuit by Dalia was a transparent attempt to give the Delaware Court the jurisdiction to apply previous adverse decisions to the Orly Trust, and find that the proceeds of the sale of the Orly Trust TRI Shares belonged to TPR/Sagi, and not the Trust. As beneficial ownership of the Orly Trust TRI Shares and disposition of the proceeds from the sale were at issue in this New York action, Orly obtained two temporary restraining orders in New York state court on October 26, 2011 and November 9, 2011 (later continued by an April 10, 2012 Interim Decision) preventing Dalia, TPR and the Trump Group from prosecuting the Dalia Delaware

10

Action.  See 10.26.11 Order To Show Cause; 11.9.11 Order To Show Cause; 4.10.12 Interim

Decision [Docket Nos. 150, 165, 230.]  These restraints were lifted as part of Orly's individual

settlement with the Trump Group.  See Second Amended Stipulation of Discontinuance at 2

[Docket No. 487].

When the restraints were lifted, Dalia (as Trustee of the Orly Trust), TPR

(controlled by Sagi), and the Trump Group, drafted and entered into an August 13 Stipulation

that was "So Ordered" by the Delaware Chancery Court (the "Delaware Stipulation").  In the

Delaware Stipulation, Dalia stipulated and agreed, on behalf of the Orly Trust, to (i) the validity

of the TPR sale of the Orly Trust TRI Shares to the Trump Group, (ii) the Trump Group's

ownership "(beneficially, of record, and otherwise)" of the Orly Trust TRI Shares, and

(iii) dismiss with prejudice the Orly Trust's claims to beneficial ownership of the Orly Trust TRI

Shares.  Thus, Dalia included in the Delaware Stipulation that:

> In the action styled *TR Investors, LLC, et al.* v. *Genger*, C.A. No.
> 3994-CS (the "3994 Action"), the Court found that (i) the transfers
> in October 2004 of Trans-Resources, Inc. ("Trans-Resources")
> stock out of TPR were in violation of the March 2001 Stockholders
> Agreement among Trans-Resources, TPR, TR Investors, LLC and
> Glenclova Investment Co.; (ii) the transfers were void and the
> stock reverted to TPR, and (iii) the Trump Group had the right to
> buy all of the improperly transferred Trans-Resources stock from
> TPR.  These determinations and findings were essential to the
> Court's determinations and findings in the 3994 Action.

Delaware Stipulation at ¶ 2 (Janovsky Aff., **Exhibit D**).

Dalia also included in the Delaware Stipulation that:

> The Trump Group, having closed on the purchase of the so-called
> Orly Trust Shares (representing 1102.8 shares of Trans-Resources
> stock) pursuant to and under the terms of the Side Letter

> Agreement between TPR and the Trump Group entered into in August 2008, as was the Trump Group's right under that agreement, owns, for all purposes, all right, title and interest (beneficially, of record and otherwise) to the shares if Trans-Resources purportedly transferred by TPR to the Orly Genger 1993 Trust.  As a result, the Trump Group owns, for all purposes, all right, title and interest (beneficially, of record and otherwise) to all authorized and issued shares of Trans-Resources.

Id. at 1-2.

> Finally, Dalia included in the Delaware Stipulation that:

> The claims brought on behalf of the Orly Genger 1993 Trust by the Trustee of the Orly Trust against the Trump Group are dismissed with prejudice…

Delaware Stipulation at ¶ 4.  This means that Dalia purported to accept the void nature of the transfer of the Orly Trust TRI Shares to the Orly Trust, the validity of the sale of those shares between TPR/Sagi and the Trump Group, and to dismiss with prejudice all Orly Trust claims against the Trump Group related to the beneficial ownership of the Orly Trust TRI Shares.  See id.

Dalia now strategically contends that Orly, via the CSA, caused her to enter into the Delaware Stipulation.  Dalia Br. at 2, 8.  If the CSA was the supposed guiding force of the Delaware Stipulation, as Dalia now claims, one would naturally expect it to be described, or discussed somewhere in the Delaware Stipulation, but it is not even mentioned or referenced.  See Delaware Stipulation (Janovsky Aff., Ex. D).

Moreover, Dalia entered into the Delaware Stipulation against Orly's express direction.  Specifically, prior to its execution, Dalia's counsel, Robert Meister, wrote an August 9, 2013 letter to the Chancery Court representing that Dalia would not sign the Delaware

Stipulation unless Orly consented to its execution. See 8/9/13 Meister Letter (Janovsky Aff., **Exhibit E**). Then on August 13, 2013, Dalia's counsel provided Orly's counsel with a draft of the Delaware Stipulation, and stated that Dalia was considering signing the stipulation on behalf of the Orly Trust. See 8/13/13 Meister Letter With draft stipulation (Janovsky Aff., **Exhibit F**).

By August 16, 2013 letter, Orly's counsel responded stating that the stipulation in its current form was unacceptable to Orly, and sought Dalia's representation that she would not sign the Delaware Stipulation without Orly's consent, as Dalia represented to the Delaware Chancery Court. See 8/16/13 Orly Letter (Janovsky Aff., **Exhibit G**). Orly also submitted her proposed changes to the Delaware Stipulation to the Delaware Chancery Court and to Dalia, who had represented she would not sign it on behalf of the Orly Trust without Orly's consent. See 8.26.13 Wachtel Letter (Janovsky Aff., **Exhibit H**). Despite Dalia's representations to the Court and her fiduciary duties to Orly as Trustee of the Orly Trust, Dalia ignored Orly's wishes and signed the Delaware Stipulation without Orly's proposed changes, without Orly's consent, and against Orly's instructions.

Dalia not only omits this direct evidence showing she once again ignored Orly, but Dalia's only supposed evidence that she entered into the Delaware Stipulation at Orly's direction is Dalia's repeated and deliberate misrepresentation of a letter sent to the Delaware Chancery Court by Orly counsel, William Wachtel. See Dalia Br. at 2, 8 (citing and misquoting August 13, 2013 Wachtel Letter, attached as Ex. 5 to Dalia Motion).[4]

The Wachtel Letter did not direct the Orly Trust to do anything. Rather, Mr. Wachtel wrote the letter to the Delaware Court to respond to Dalia's deliberate disregard of the

---

[4] For the Court's convenience, the 8.12.13 Wachtel Letter is also attached as **Exhibit B** to the Janovsky Aff.

Delaware Court's directive that Dalia inform the Court "whether Dalia is willing to step out of the Trust." Wachtel Letter at 1 (citing Delaware Court). Mr. Wachtel then discussed some instances of Dalia's bias and conflicts of interest that renders her an unsuitable Trustee. Id. at 2-3. Mr. Wachtel summarized by noting that "[w]ere she [Dalia] to resign, it would instantaneously facilitate the dismissal of the last remaining Genger related case in Delaware." Id. at 1. This letter cannot possibly be read as an instruction by Orly directing the Orly Trust to do anything (except perhaps have Dalia resign as Trustee, which Dalia refuses to do). Dalia misrepresents the Wachtel letter by twice omitting the underlined portion of the above sentence.

Importantly, when Mr. Wachtel referred to the CSA in the Wachtel Letter, he confirmed that the CSA did not settle any Orly Trust claims – Orly only settled individually and in her capacity as beneficiary of the Orly Trust:

> We wish to confirm to your Honor that Orly has indeed settled all disputes between her and the Trump Group. As part of that settlement, Orly has acknowledged *individually and in her capacity as the beneficiary of her trust* that the Trump Group are the record and beneficial owners of the TRI shares which had been distributed to the Orly Trust. Orly has not, however, abandoned her claim to the proceeds of the sale of those shares against TPR and Sagi, nor to her other damage claims against TPR and Sagi, some of which are discussed below.

Id. at 2 (italics added; underlines in original).

## G.   The Delaware Stipulation Works To Harm Orly And The Orly Trust As Dalia And Sagi Intended

Two separate courts already have found the Delaware Stipulation determined beneficial ownership of the intended Orly Trust TRI Shares (and paved the way for TPR/Sagi to claim the $10.3 million in proceeds from the sale of those shares to the Trump Group). Thus, the

14

District Court for the Southern District of New York (Keenan, J.) stated:

> As part of a stipulation dismissing the action in Delaware Chancery Court, the parties to that action -- TPR/Sagi, the Trump Group, and Dalia, but not Arie or Orly -- agreed that the Trump Group is the rightful owner of the Orly Trust Shares.

TPR Investment Associates, Inc. v. Pedowitz & Meister, LLP, 2014 U.S. Dist. LEXIS 67116, *5-6 (May 15, 2014).  Likewise, the Appellate Division, First Department held the August 2013 Delaware Stipulation – and not the CSA – determined beneficial ownership and ended Orly's claims to the $10.3 million in proceeds from Sagi/TPR's sale of those shares to the Trump Group:

> Moreover, under the 2008 agreement between TPR and the Trump Group, the sale could only take place after a judicial determination that TPR is the record and beneficial owner of the Orly Trust's TRI shares.  When the complaint was filed, it had only been determined that TPR was the shares' record owner, but the Delaware Chancery Court has now also ruled that TPR is the shares' beneficial owner (Stipulation & Proposed Order of Dismissal, Dalia Genger v TR Invs., LLC [Del Ch Ct, Aug. 30, 2013] [C.A. No. 6906-CS]).

Genger v. Genger, 2014 N.Y. App. Div. LEXIS 5390, *13 (1st Dept. July 24, 2014).  The First Department used that finding as a lever to dismiss all of Orly's remaining claims in this action. See id.

It was only after Dalia secured $10.3 million for her favored son Sagi, by "stipulating" to certain facts and "dismissing with prejudice" the Orly Trust claims against the Trump Group, that she turned around and took the opposite position by this Motion.  Having gone back to the Delaware Court and prosecuted her claims there until August 2013, Dalia now claims Orly had previously settled those claims two months earlier, in the June 2013 CSA.  Dalia

performs this "switcheroo" not to protect the Orly Trust, but to harass Orly and continue her and Sagi's campaign to ensure that, no matter what else happens, Orly is left with nothing.

## ARGUMENT

### I.  DALIA'S MOTION TO SUBSTITUTE HERSELF ON THE CLAIMS IN THIS CASE AGAINST THE TRUMP GROUP SHOULD BE DENIED

#### A.  Dalia's Motion To Substitute Fails As Moot Because There Are No Claims Remaining Against The Trump Group For Which Dalia Could Substitute

Because of the Delaware Stipulation engineered by Dalia, all claims by Orly in the operative complaint were dismissed (without prejudice to plaintiffs' right to seek leave to appeal to the Court of Appeals). See Statement of Facts, Sections E, G; Genger v. Genger, 2014 N.Y. App. Div. LEXIS 5390, *13 (1st Dept. July 24, 2014); 11.25.14 Order (dismissing plaintiff's complaint and severing Sagi/TPR's remaining claims) [Docket No. 1153]. Thus, no plaintiffs' claims remain against the Trump Group for Dalia to substitute into, and Dalia's motion to substitute fails as moot.[5]

#### B.  Dalia's Motion To Substitute Fails Because Of The Delaware Stipulation

By executing the Delaware Stipulation, Dalia purported to dismiss the Orly Trust claims against the Trump Group with prejudice. See Delaware Stipulation at ¶ 4. Dalia also sought to incorporate in the Delaware Stipulation the prior findings of fact of the Delaware Chancery Court (in a litigation that did not involve Orly or the Orly Trust as parties) that the transfer of the Orly Trust TRI Shares were void, and "the Trump Group had the right to buy all

---

[5]  On January 7, 2015, this Court also dismissed all Sagi and TPR claims against the Trump Group, including TRI, see 1.7.15 Decision and Order at 21-22 [Docket No. 1159], eliminating all existing claims by any party against the Trump Group.

of the improperly transferred Trans-Resource stock from TPR."   Delaware Stipulation at ¶ 1.
This all took place after the June 2013 CSA.

Having acted in Delaware on the implicit basis that the Orly Trust claims were not
settled by the CSA, Dalia cannot now properly turn around and assert the CSA settled those Orly
Trust claims.   See ICN Pharmaceuticals, Inc. v. Bristol-Myers Co., 245 A.D.2d 182, 186 (1st
Dept. 1997) (holding that defendant was bound by the doctrine of judicial estoppel from taking a
position before the New York County Supreme Court that was inconsistent with a position taken
in a prior arbitration); General Electric Co. v. Inter-America Marketing Systems, Inc., 220
A.D.2d 307 (1st Dept. 1995) ("The IAS Court properly invoked the doctrine of judicial estoppel
to preclude those counterclaims…since defendant successfully advanced the diametrically
opposite position at the trial of plaintiff's claims.").

If Dalia believes in good faith that the Orly Trust has remaining claims against the
Trump Group, they cannot be advanced by her.   ICN Pharmaceuticals, supra; General Electric
Co., supra.   Accordingly, she should resign and let any such claims be advanced (or not) by a
new trustee.

**C.      Dalia's Motion To Substitute Fails Because Dalia Suffers From Conflicts Of
         Interest, Is Biased In Favor Of Sagi And Against Orly, And Is Otherwise Unfit To
         Conduct This Litigation On Behalf Of The Orly Trust**

Multiple courts have properly found that Dalia suffers from conflicts of interest,
has aligned herself with Sagi against Orly, and/or questioned why she does not simply resign if
she truly cared more about Orly and the Orly Trust than about herself.   See Statement of Facts,
Section  B.   Dalia already has amply demonstrated that she cannot be trusted to serve as Orly's
fiduciary, or trusted to avoid using her position as Trustee to further harm Orly and the Orly

17

Trust. Id.

Ironically, James v. Bernhard, 106 A.D.3d 435, 965 N.Y.S.2d 56 (1st Dept. 2013) – the only case cited by Dalia in her brief (Dalia Br. at 4) – demonstrates precisely why Dalia should not be substituted as the plaintiff in this case.  In that case Bernhard was removed as derivative action plaintiff under CPLR 1021 because "defendants have established a 'persuasive case' that 'the proper protection of the corporation's interest or the proper conduct of the litigation would be better served by the elimination or change in the identity' of the plaintiff due to a conflict of interest." 106 A.D.2d at 435 (citations omitted).  To protect the corporation and ensure the litigation was conducted in good faith, a special litigation committee free from conflict was substituted for the conflicted plaintiff.  Id.  Here, Dalia seeks the exact opposite – to introduce her conflicts of interest into this litigation and place Orly and the Orly Trust at risk. CPLR 1021 does not exist for that reason, and Dalia's motion to substitute should be denied.

If Dalia truly wishes for the Orly Trust to "pick up the cudgel" against the Trump Group (Dalia Br. at 5), the proper course is for her to resign, and let Alex Sussman (or some other trustee that is conflict-free and acceptable to Orly) advance those claims, if it is appropriate for the Orly Trust to do so.

## II.   DALIA'S MOTION TO HAVE THE CONFIDENTIAL SETTLEMENT AGREEMENT PROCEEDS PAID INTO COURT UNDER CPLR 2701 SHOULD BE DENIED

Dalia claims the Orly Trust is entitled to proceeds from Orly's individual settlement with the Trump Group because the CSA settled Orly Trust claims.  Dalia is wrong. See 3/20/14 Decision and Order at 4 [Docket No. 925] ("In the settlement agreement, Orly stops short of releasing derivative claims.").   That the CSA does not settle Orly Trust claims is

confirmed by, among other things, (i) the plain language of the CSA; (ii) the plain language of the Second Amended Stipulation of Settlement; and (iii) Dalia taking prior advantage of the fact that neither the CSA nor the Second Amended Stipulation of Settlement settled Orly Trust claims to continue her Dalia Delaware Action and enter into the Delaware Stipulation. See Statement of Facts, Sections C, D, F, G.

Moreover, on its face, CPLR 2701 does not support Dalia's efforts to have the CSA proceeds from the CSA paid into Court. CPLR § 2701 provides:

> **When court may order disposition of property**. The court upon motion or on its own initiative with such notice as it deems proper, may order personal property capable of delivery <u>which is the subject of the action</u>, paid into court or delivered to such person as it may direct with such security as the court shall direct, and subject to its further direction if:
>
> 1. a party has such property in his possession, custody or control as trustee for another party or where it belongs or is due to another party; or
>
> 2. a party has such property in his possession, custody and it belongs or is due to another party where special circumstances make it desirable that payment or delivery to such other party should be withheld; or
>
> 3. the ownership of such property will depend on the outcome of a pending action and no party is willing to accept possession or custody of it during the pendency of the action.

CPLR § 2701 (emphasis added).

CPLR 2701 is narrow. It only permits property "which is the subject of the action" to be paid into Court. <u>Id.</u> The CSA proceeds are not the subject of this action, or any other action. Accordingly, CPLR 2701 simply does not apply. For this reason alone, Dalia's "funds motion" should be denied. Remarkably, Dalia omits the phrase "the subject of the

action" when citing CPLR 2701 on page 5 of her brief, to avoid informing the Court that there is an express "subject of the action" requirement in the statute that is fatal to her motion.

Not only must the property at issue be "the subject of the action," but a party must also fit within one of the three subdivisions of CPLR 2701. Dalia's motion does not. For example, each subdivision speaks in terms of "a party." The Orly Trust, however, is no longer a party to this action. All of plaintiffs' claims have been dismissed, and Sagi and TPR have bought no claims against the Orly Trust. See Statement of Facts, Section E.

Further, Orly is not holding any CSA proceeds "as trustee for another party" nor do any of those funds "belong or is due" to Dalia or the Orly Trust (CPLR 2701(1)); Dalia does not identify any "special circumstances" making it desirable that the CSA proceeds be paid into Court (CPLR 2701(2)); and there is no question that the "ownership of the settlement funds" will not "depend on the outcome of a pending action" (CPLR 2701(3)), particularly since the action into which Dalia appears to want to insert herself no longer exists.

For each of these reasons, CPLR§ 2701 is inapplicable, and cannot serve as a legal basis for the exceptional relief Dalia seeks – to force the AG Group to pay the CSA proceeds into Court.

The four CPLR 2701 cases cited by Dalia (Dalia Br. at 6) show Section 2701 is meant for those limited instances where (i) there is a monthly stream of ongoing payments, (ii) there is no question that those payments belong to either plaintiff or defendant, and (iii) those payments are the "subject of the action." Thus, in Rice v. DiNapoli, 2009 NY Misc. LEXIS 1182 (N.Y. Sup. Ct. Apr. 21, 2009), Lade v. Levitt, 33 A.D.2d 956 (3d Dept. 1970), and Werner v. Werner, 1972 N.Y. Misc. LEXIS 1743 (N.Y. Sup. Ct. July 6, 1972), the State Comptroller

20

paid monthly death benefits into Court until suits between widows and ex-spouses regarding who owned those death benefits could be decided.  Similarly, in Conforti v.Goradia, 234 A.D.2d 237 (1st Dept. 1996), rent was paid into Court until resolution of a lawsuit between landlord and tenant involving that rent.[6]

Here, there is no monthly payment stream, neither Dalia nor the Orly Trust has any real right to any CSA proceeds, and there is no action pending where Dalia or the Orly Trust claims ownership of the CSA proceeds.  There is only a moot motion improperly brought in an action that concerned other matters.

## CONCLUSION

For each of the foregoing reasons, Orly respectfully requests the entry of an Order (i) denying Dalia's CPLR 1021 motion to substitute herself as derivative plaintiff regarding Orly Trust claims against the Trump Group in this action; (ii) denying Dalia's CPLR 2701 motion to have the Confidential Settlement Agreement proceeds paid into Court; and (iii) granting Orly such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         February 13, 2015              ZEICHNER ELLMAN & KRAUSE LLP

                                        By:/s/Peter Janovsky_____
                                            Yoav M. Griver
                                            Peter Janovsky
                                            Bryan D. Leinbach
                                            Attorneys for plaintiff Orly Genger
                                            1211 Avenue of the Americas
                                            New York, New York 10036
                                            (212) 223-0400

---

[6]   The other two cases cited by Dalia at p. 6 of her brief – Gusinsky v. Bailey, 2008 Misc. LEXIS 5811 (N.Y. Sup. Ct. Sept. 17, 2008) and Clarke v. Greenberg, 296 N.Y. 146 (1947) – do not even concern or address CPLR 2701. Gusinsky concerns the requirement that a derivative settlement be approved by the Court. Here, the Confidential Settlement Agreement did not require court approval because it did not settle derivative claims.  The court in Clarke held proceeds from settlement of a pure shareholder derivative lawsuit belonged to the company.  In that case, however, plaintiff brought no individual claims on his own behalf, and only settled derivative claims.

# SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

**PRESENT:** Hon. BARBARA JAFFE                    PART 12
                    *Justice*

---

ARIE GENGER and ORLY GENGER, in her individual capacity
and on behalf of THE ORLY GENGER 1993 TRUST,                    INDEX NO.  651089/2010
                                                                MOTION DATE
                              **Plaintiffs,**                   MOTION SEQ. NO.  __42__
                                                                CALENDAR NO.  _____

                              - v -

                                                                **INTERIM ORDER**
SAGI GENGER, TPR INVESTMENT ASSOCIATES, INC.,
DALIA GENGER, *et al.,*

                              **Defendants.**

---

The following paper, numbered 1, was read on this motion.

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | _____ |
| Answer —  Affidavits — Exhibits _____ | _____ |
| Replying Affidavits _____ | _____ |

Cross-Motion:  ☐ Yes  ☐ No

        Defendant Dalia Genger's motion for an order substituting her, as trustee, as plaintiff for
Orly Genger's Trump Group claims, and for an order pursuant to CPLR 2701 directing that the
Trump Group settlement fund be paid into Court is held in abeyance pending the Surrogate's
Court's resolution of Orly Genger's petition to remove Dalia Genger as trustee of Orly Trust.
(*See Genger v Genger*, interim order dated Apr. 1, 2015, index No. 113862/2010 [mot. seq. no.
2]).

**MOTION/CASE IS RESPECTFULLY REFERRED TO J.S.C.**

Dated:    **5/7/15**                    _____  J.S. BARBARA JAFFE
                                                                    J.S.C.

Check one:  ☐ FINAL DISPOSITION    ☐ NON-FINAL DISPOSITION
Check if appropriate:  ☐ DO NOT POST    ☐ REFERENCE

STATE OF NEW YORK,                                    AFFIDAVIT OF SERVICE
COUNTY OF NEW YORK.                    BY UPS GROUND COMMERCIAL DELIVERY

         JOHN D. DELANEY, being duly sworn, says:  that I am over the age of eighteen years, and am not a party herein, and reside in Jersey City, New Jersey and that on the 6th day of October, 2015, I served a true copy of the within:

**ORLY GENGER'S MEMORANDUM OF LAW IN OPPOSITION
TO THE SAGI GENGER 1993 TRUST'S MOTION TO DISMISS
ORLY'S PETITION FOR THE REMOVAL OF DALIA GENGER
AS TRUSTEE**

**AFFIRMATION OF BRYAN D. LEINBACH
with Exhibits;**

by delivering into the exclusive care and custody of a representative of United Parcel Service for ground commercial delivery a true copy of the papers to the attorneys hereinafter named at the places hereinafter stated, which was properly enclosed in a pre-paid addressed wrapper of United Parcel Service and left in the custody of a representative of UPS to be sent by ground commercial delivery, directed to said attorneys at their last known addresses given below:

Steven Riker, Esq.
*Guardian Ad Litem*
LAW OFFICE OF STEVEN RIKER
110 East 59th Street, 23rd Floor
New York, New York 10022

John G. Dellaportas, Esq.
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178

Robert Meister, Esq.
PEDOWITZ & MEISTER, LLP
570 Lexington Avenue, 18th Floor
New York, New York 10022

JOHN D. DELANEY

Sworn to before me this
_____ day of October, 2015

NOTARY PUBLIC

ANTHONY ROSARIO
Notary Public, State of New York
No. 01RO6212071
Qualified in Bronx County
Commission Expires 10/05/20__

#829275

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                              File No.:        0017/2008

In the Matter of the Application of Orly
Genger to Remove Dalia Genger  as
Trustee of the Orly Genger 1993 Trust
Established on December 13, 1993, by

       ARIE GENGER,

          Grantor,

## AFFIRMATION OF BRYAN D. LEINBACH

### ZEICHNER ELLMAN & KRAUSE LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
TEL: (212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com