```
 1                            Proceedings
 2     following:  You, Sagi -- who, by this time, is already in
 3     litigation with Orly -- you, Sagi, may sell the TRI shares
 4     to whomever you want, whenever you want, for whatever price
 5     you want.  You don't have to tell me about it.  And I also
 6     hereby absolve you of all liability.  I give you a full and
 7     complete release for whatever you may do with this power,
 8     with this unfettered power.  And I'm doing this as a
 9     trustee of the trust.
10               If Dalia is successful in Delaware and the shares
11     go back into the trust, she signed a piece of paper that
12     says sell it, sell it for a penny to the beggar outside in
13     the street and it won't matter to me and I absolve you.
14               This is not the type of person that you want to
15     have deciding and fighting and clawing about this issue.
16     You want Orly here with Orly's counsel, the way Orly
17     intended 15 months ago when you were placed in charge of
18     this legal issue and you should not as a matter of equity,
19     as a matter of fairness, allow Dalia to do this and then go
20     into the Delaware court and be done with it.
21               There is no legitimate reason why Delaware is
22     chosen except to allow the Trump Group to win.  That is the
23     only possible answer for why they did this.  And because of
24     that, your Honor, because just as a general matter someone
25     should not be allowed to remove the jurisdiction of this
26     court in this way.
```

```
 1                        Proceedings
 2              The general principle that says there should be
 3       no duplicative litigation, because what the heck is the
 4       Orly Trust doing spending money for another set of lawyers,
 5       spending money on another litigation?  Why are they not
 6       here with Mr. Meister, who is a capable and fantastic
 7       attorney, fighting for the Orly Trust along with Orly?
 8       That's the way it should be, that's the way it must be and
 9       that's why this Court must grant the TRO.
10              And I hope Chancellor Strine reads that.
11              MR. MEISTER:  Okay.
12              THE COURT:  Careful what you wish for.
13              MR. MEISTER:  Two points I'd like to make.
14              First, let me quote, because my friend
15   Mr. Genger --
16              MR. GRIVER:  Griver.
17              Are you talking about me?
18              MR. MEISTER:  To you.
19              MR. GRIVER:  Okay.  Griver.
20              THE COURT:  Genger is his client.
21              MR. MEISTER:  I'm sorry.
22              He says in the second count in this complaint
23       before your Honor seeks a constructive trust for the Orly
24       Trust.  Let me read you from page 63, the claim for relief,
25       subparagraph 3:  "Upon TPR becoming the record owner of the
26       11,002 shares of TRI stock comprising the Orly Trust TRI
```

Debra Salzman, Official Court Reporter

| 1 | Proceedings |

2        shares, a constructive trust was immediately created in

3        favor of Arie with respect to the Orly Trust shares."

4                MR. MONTCLARE:  Subject to the rights.  You have

5        to read the whole sentence.  It's unfair not to read the

6        whole sentence.

7                MR. MEISTER:  "Including but not limited to the

8        voting rights appertinent to such shares, all of which were

9        held by TPR for the benefit of Arie subject to the Orly

10       Trust's right to receive the Orly Trust TRI shares upon

11       Arie's death."

12               So it's not merely my paraphrasing.  Those are

13       the words and it seeks not a constructive trust in favor of

14       the Orly Trust.  It seeks a constructive trust imposed on

15       the Orly Trust in favor of Arie who is going to keep these

16       shares for life.  So as long as we're going to be factual.

17               Secondly, the question of being in a court which

18       found Orly to be untruthful, I would say two things about

19       that.  It's not my fault that she made up testimony which

20       was contradicted by her father when she testified that she

21       was at a meeting which her father said she wasn't at and

22       that her father told the Trumps things that were

23       contradicted.

24               But more importantly, her testimony is totally

25       irrelevant and wouldn't be admissible on the issue here of

26       the beneficial ownership of these shares.  This is a

1            Proceedings

2    question of interpretation of a contract which is an issue

3    of law.   It's a question, if you will, of whether notices

4    were given, and a question of the arguments which the Trump

5    Group made in their motion to dismiss this claim against

6    them, this question of collateral estoppel and res

7    judicata, and now we find ourselves on what I assume is

8    Orly's side of this because we don't think collateral

9    estoppel applies.

10            I don't know if that was quite what Mr. Montclare

11   was saying, but we don't think we're collaterally estopped

12   and we researched to show and to argue that we're not

13   collaterally estopped to argue that these shares belonged

14   to the Orly Trust beneficially.

15            As to the voting, that's already been decided by

16   the Supreme Court of Delaware.   So I don't know what all

17   this stuff is, but that's not my issue.

18            MS. WACHTLER:   Your Honor, just one thing.   I

19   think we're running far afield and I'm not exactly sure

20   where Mr. Meister is going with this.   But this is for a

21   TRO to prevent extraordinary litigation which this trust

22   has started for no apparent reason.   No one has ever said

23   why this action was brought in Delaware other than what

24   Mr. Griver has shown is the real reason, because

25   Mr. Meister never says it, and to say that things can be

26   adjudicated more quickly in Delaware is just not the case.

```
 1                            Proceedings
 2              And the fact of the matter is we have been trying
 3     to get the issue of beneficial ownership determined by this
 4     court in the jurisdiction which the trust has chosen, which
 5     Orly has chosen, which Arie has chosen, and every time we
 6     take a step forward, we're drawn back to somehow them
 7     trying to get this court back to Delaware to deprive this
 8     court of its jurisdiction and that simply should not be.
 9     And that's what this TRO is all about and what this
10     injunctive relief is about, so that we can proceed here
11     where we were told to proceed by the Delaware Supreme Court
12     and where the plaintiffs in this case want to proceed.
13              And to say that he's protecting the interests or
14     Dalia is somehow protecting the interests of the trust by
15     wasting these assets, by starting an interpleader action
16     when the money was safe in an escrow account, by bringing
17     an action in Delaware, by trying to dismiss to our case
18     here for no reason and then taking a contrary position in
19     Delaware, it just seems to me that this really needs to be
20     stopped.
21              MR. GRIVER:  Let me just read your Honor a case
22     by the First Department in 2006.  It was a unanimous
23     decision and I nothing that Mr. Meister has said takes this
24     case away from this Franco case.
25              It said:  "In the interests of preventing
26     duplicative litigation that might lead to conflicting
```

| 1 | Proceedings |

2    I were to grant the TRO that it is meant to impugn the

3    integrity of the Delaware Chancery Court, the fix is in.

4    So, again, I just urge you to be careful with your

5    language.

6            MR. GRIVER:   Not with the judge, your Honor, not

7    with the judge.   I'm talking about --

8            THE COURT:   You're talking about the cooperation.

9            MR. GRIVER:   I'm talking about the cooperation.

10   I'm talking about the interests of the parties.

11           MR. MEISTER:   May I speak to that, because I did

12   receive this afternoon, or maybe it was late morning, a

13   call from Skadden Arps, who found somewhere in these papers

14   a reference impugning the integrity of the lawyer in

15   Delaware who's representing the Orly Trust, saying that he

16   used to be associated with Skadden, which is true.   But he

17   and his firm were on Arie's side in two peripheral matters

18   against the Trumps in the main litigation.

19           MR. MONTCLARE:   Maybe they should be

20   disqualified.   I didn't know that.

21           MR. MEISTER:   Well, you probably should.   He

22   represented a witness and they apparently filed some

23   affidavit saying Arie was in such pure heart that he

24   couldn't possibly have spoliated the documents which he was

25   found to have spoliated.

26           So they're going to be bringing that to the

```
 1                        Proceedings
 2   Court's attention.  Frankly, there's no fix in.
 3             THE COURT:  All right.  What type of schedule are
 4   you looking for?
 5             MR. GRIVER:  Well, the opposition papers would
 6   have to be filed by when?
 7             MR. MEISTER:  Where are we?  We're in end of
 8   October.
 9             MR. GRIVER:  Yes.
10             MR. MEISTER:  November 18th, your Honor.
11             THE COURT:  Okay.  And reply.
12             MR. GRIVER:  We hit Thanksgiving, don't we?
13             THE COURT:  We certainly do.
14             MR. MEISTER:  We do.
15             THE COURT:  I'm not here the Wednesday before
16   Thanksgiving.  It basically looks to me like you're looking
17   for an early December.
18             MR. GRIVER:  Either Friday the --
19             THE COURT:  Maybe the surrogate will rule at the
20   one-year mark.
21             MR. GRIVER:  How about December 7th?  That's
22   always a historical date.
23             THE COURT:  Let me get the calendar.
24             (A discussion was held off the record.)
25             THE COURT:  That was going to be for the
26   argument.  I was going to give you 11/18 and start with the
```

```
 1                          Proceedings
 2    date to come in for the argument and work backwards.
 3    Change the date to the 14th for the hearing and the papers
 4    in on the 7th.  Hearing date December 14, 2:15.
 5                MR. GRIVER:  The 14th.  Papers then due on the
 6    5th.
 7                THE COURT:  I will give you to the 21st.
 8                MR. MEISTER:  November 21st?
 9                THE COURT:  Yes.
10                MR. MEISTER:  Thank you.
11                THE COURT:  And reply December -- file them by
12    the 9th.  Can you do that?
13                MR. GRIVER:  Yes.  Thank you.
14                THE COURT:  I granted the TRO and we will see you
15    at 2:15.
16                MR. MEISTER:  As written?
17                THE COURT:  I was about to bring myself to that
18    point.
19                So I'm signing the proposed order to show cause
20    and we've worked out a schedule for briefing papers of
21    opposition by the 21st of November.  Reply papers by the
22    9th of December and oral argument at 2:15 on the 14th of
23    December.
24                I'm inclined to grant the temporary restraining
25    order.  It doesn't necessarily mean that it will get
26    continued in the form of a preliminary injunction and
```

```
 1                            Proceedings
 2      obviously one issue that you need to address is whether it
 3      would be appropriate to require any sort of undertaking or
 4      a bond pursuant to Article 63, should I actually grant the
 5      injunction, Article 63 or 62, anyway, whichever.
 6               MR. MONTCLARE:  It's 63.
 7               THE COURT:  It's been a lot of, how shall I put
 8      it, concern expressed out in the bar about courts
 9      overlooking the mandatory undertaking.  So I'm not
10      overlooking it, but I leave it to you to address.
11      Sometimes it gets overlooked because nobody raises it.  So
12      that's one issue I just want to put out there.
13               Now, to the extent of the wording, the way it's
14      currently worded, it says:  "That until further order of
15      this court, Dalia, along with Dalia's agents, assigns,
16      attorneys and/or anyone acting on Dalia's behalf shall be
17      prohibited from prosecuting the Delaware action," which, I
18      guess, is previously defined in the order as "Genger as
19      Trustee of the Orly Genger 1993 Trust v. TR Investors LLC,
20      et al."
21               You don't actually have an index number there
22      from Delaware.
23               MR. GRIVER:  I didn't have an index number.
24               THE COURT:  All right.
25               "Or commencing any new actions as trustee of the
26      Orly Trust concerning the matter of the operative complaint
```

1                           Proceedings
2      in this action."
3              Now, I know what my concerns are about that
4      language, but I'm curious about what your concerns are,
5      because I'll tell you what I'm trying to do.  I have no
6      intention of stopping Judge Keenan from doing as much as
7      he'd like in this case and having them resolve these issues
8      here in New York.  But I am concerned that that Delaware
9      action just sort of be put on hold until I can have a
10     reasoned reconsideration of the points.  I don't need any
11     second, third, fourth actions there.
12             MR. MEISTER:  I don't envision any second, third,
13     fourth actions.  But my question would be, your Honor
14     talked about carving out an ability to respond to the
15     counterclaim that the Trumps filed.  The other party TPR
16     filed an answer before which does not have a counterclaim,
17     a cross-claim, so we don't have to worry about them, in
18     Delaware.
19             MS. WACHTLER:  Well, wouldn't your remedy be in
20     Delaware then to say that you're stayed and that you need
21     to have some sort of --
22             MR. MEISTER:  I don't know Delaware procedure,
23     your Honor.  I never practiced in their courts.  I would
24     think that if your Honor allows the Delaware counsel to
25     answer --
26             THE COURT:  It seems to me that if you become

1                           Proceedings

2       aware after consulting with your Delaware counsel that

3       there's an issue of being precluded, that you come back and

4       ask me for the carve out at that point.

5               I mean at this point --

6               MR. MEISTER:  How are they harmed?

7               THE COURT:  I don't know that they are, I don't

8       know that you are.  That's the whole point.  I mean we're

9       all sort of imagining a harm.

10              MR. MEISTER:  The harm I imagine is if it were

11      here, I don't know what would happen if counterclaim were

12      unanswered.  I would think there's the possibility of a

13      default.  I would think there's the possibility that the

14      Trumps can move either for a default judgment or possibly

15      for summary judgment.

16              I would think that if we filed a reply, I guess

17      it's called, to the counterclaim denying their request for

18      relief, et cetera, then everyone's interests would be

19      protected and I would assume once the pleading was over,

20      the next step -- this I know because I've been following

21      peripherally the other action down there -- the next step

22      in Delaware is one goes to the court and askings for a

23      scheduling order, and at that time I presume Mr. Anderson,

24      the Delaware counsel, could apprise the court that the

25      action is stayed.

26              MS. WACHTLER:  Wouldn't the Trumps -- wouldn't

```
1                         Proceedings
2       you ask the Trumps' consent?
3              THE COURT:  My gut reaction is that this is in
4       effect a stay of that action and so that you have the
5       benefit of a stay until such time that it's vacated.
6              MR. GRIVER:  When this happened in this case,
7       what the parties did was they got together, they informed
8       this Court about it and put together a stipulation staying
9       the case until procedures in Delaware were completed.
10             I don't see any reason why, although I've never
11      done this in Delaware, I've done this in other
12      jurisdictions and other court systems, there's no reason
13      why the --
14             THE COURT:  You don't go to Delaware.
15             MR. GRIVER:  I would be happy to provide advice
16      on the issue.
17             MR. MEISTER:  Your Honor, I feel confident that
18      if Skadden would agree to a stay, I can't imagine that the
19      court there is eager to hear the case, but I don't know if
20      Skadden is going to agree to a stay.  I don't know.
21      They're adversaries.  If they have us at a disadvantage,
22      which you've now put us, they may take advantage of it.
23             MS. WACHTLER:  Then you have to come back here.
24             MR. MONTCLARE:  They have to come back here in
25      with the Trumps.
26             THE COURT:  Why don't you talk to them and tell
```

```
 1                          Proceedings
 2       them what I've done.   And if you need to, we'll give you
 3       the carve out.
 4                 (Proceedings concluded.)
 5                     *       *       *
 6                  C E R T I F I C A T E
 7            I, Debra Lynn Salzman, an Official Court
 8   Reporter of the State of New York, do hereby certify
 9   that the foregoing is a true and accurate transcript
10   of my stenographic notes.
11
12   _____
13   Debra Lynn Salzman, RMR
14   Official Court Reporter
15
16
17
18
19
20
21
22
23
24
25
26
```

MS# 12
P 1

At IAS Part 12 of the Supreme Court of the State of
New York, held in and for the County of New York at
the Courthouse at 60 Centre Street, New York, New
York on the 26 day of October, 2011

PRESENT:

Honorable Paul G. Feinman,

Justice

---

ARIE GENGER and ORLY GENGER, in her
individual capacity and on behalf of the ORLY
GENGER 1993 Trust,

                              Plaintiffs,

            -against-

SAGI GENGER, TPR INVESTMENT
ASSOCIATES, INC., DALIA GENGER, THE
SAGI GENGER 1993 TRUST, ROCHELLE
FANG, Individually and as Trustee of THE SAGI
GENGER 1993 TRUST, GLENCLOVA
INVESTMENT COMPANY, TR INVESTORS,
LLC, NEW TR EQUITY I, LLC, NEW TR
EQUITY II, LLC, JULES TRUMP, EDDIE
TRUMP and MARK HIRSCH,

                              Defendants.

---

Index No.:  651089/10

E-FILE

**ORDER TO SHOW CAUSE
AND TEMPORARY
RESTRAINING ORDER**

*After hearing counsel for Orly Genger, Arie Genger, and Dalia Genger,
on the record (Court Reporter Delia Salzman), and*

Upon the reading and filing the Affidavit of Orly Genger, sworn to on October 24,

2011 and the exhibits thereto; the Attorney's Statement of Judith E. Siegel-Baum, dated October 25,

2011 and the exhibits thereto; the Attorney's Statement of Bryan D. Leinbach, dated October 25,

2011, and the exhibits thereto; the accompanying memorandum of law, dated October 25, 2011; and

on all other proceedings had herein;

LET defendant Dalia Genger ("Dalia") or her attorneys show cause before this Court, to be held at the Courthouse, 60 Centre Street, at IAS Part 12, Room 212, New York, New York, on the ___ day of _December_ 2011, at 2:15 p.m., or as soon thereafter as counsel can be heard, why an Order, enjoining Dalia, along with Dalia's agents, assigns, attorneys, and/or anyone acting on Dalia's behalf from (i) prosecuting the action commenced in Delaware Chancery Court entitled *Dalia Genger as Trustee of the Orly Genger 1993 Trust v. TR Investors LLC et al* (the "Delaware Action"); and (ii) commencing any new actions as Trustee of the Orly Genger 1993 Trust (the "Orly Trust") concerning the subject matter of the operative Complaint in this action; and it is hereby

ORDERED that, until further order of this Court, Dalia, along with Dalia's agents, assigns, attorneys, and/or anyone acting on Dalia's behalf shall be prohibited from prosecuting the Delaware Action or commencing any new actions as Trustee of the Orly Trust concerning the subject matter of the operative Complaint in this action; and it is further

ORDERED, that a copy of this Order to Show Cause, together with copies of the papers upon which it was made, shall be served upon counsel for all parties who have appeared in this action by e-mail and electronic filing and that such service shall be deemed good and sufficient notice of this application. All opposition papers shall be e-filed on or before _Nov 21, 2011_. All reply papers shall be e-filed on or before _Dec. 9, 2011_.

ENTER:

_____
J.S.C.

**HON. PAUL G. FEINMAN**

At IAS Part 12 of the Supreme Court of the State of
New York, held in and for the County of New York at
the Courthouse at 60 Centre Street, New York, New
York on the _9_ day of ~~October,~~ 2011
      *NOVEMBER*

PRESENT:

    Honorable Paul G. Feinman,

        Justice

      M.S. Ø13

ARIE GENGER and ORLY GENGER, in her
individual capacity and on behalf of the ORLY
GENGER 1993 Trust,

                Plaintiffs,

    -against-

SAGI GENGER, TPR INVESTMENT
ASSOCIATES, INC., DALIA GENGER, THE
SAGI GENGER 1993 TRUST, ROCHELLE
FANG, Individually and as Trustee of THE SAGI
GENGER 1993 TRUST, GLENCLOVA
INVESTMENT COMPANY, TR INVESTORS,
LLC, NEW TR EQUITY I, LLC, NEW TR
EQUITY II, LLC, JULES TRUMP, EDDIE
TRUMP and MARK HIRSCH,

                Defendants.

Index No.: 651089/10

**ORDER TO SHOW CAUSE
AND TEMPORARY
RESTRAINING ORDER**

**E-FILE**

*After hearing from counsel for
plaintiffs counsel for defendants
TPR, the "Trump Group," Dalia
Genger, on the record on 11/1/2011
(Ct. Reporter Debra Salzman), and
again on 11/9/2011 (Ct. Reporter
Gina Koss)*

Upon the reading and filing the Attorney's Statement of Yoav M. Griver, dated

October 31, 2011, and the exhibits thereto; and on all other proceedings had herein;

LET defendants TPR Investment Associates, Inc. ("TPR") and TR Investors,

LLLC, Glenclova Investment Company, New TR Equity I, LLC, New TR Equity II, LLC

(collectively without TPR, the "Trump Group Defendants"), or their attorneys *appear and* show cause before

this Court, to be held at the Courthouse, 60 Centre Street, at IAS Part 12, Room 212, New York, New

York, on the __14__ day of __December__ 2011, at __2 15__ p.m., or as soon thereafter as counsel can be heard, why an Order should not issue enjoining TPR and the Trump Group Defendants, along with their agents, assigns, attorneys, and/or anyone acting on their behalf from proceeding with, or making any motion in or concerning, the action commenced in Delaware Chancery Court entitled *Dalia Genger as Trustee of the Orly Genger 1993 Trust v. TR Investors LLC et al* (the "Delaware Action") during any period of time when Dalia Genger, the plaintiff in the Delaware Action, is enjoined from prosecuting the Delaware Action by this Court; and it is hereby

ORDERED that, _pending the hearing of this motion_ ~~until further order of this Court~~, TPR and the Trump Group Defendants, along with thier agents, assigns, attorneys, and/or anyone acting on their behalf shall be prohibited from proceeding with, or making any motion in or concerning, the Delaware Action; and it is further

*JSC*

ORDERED, that a copy of this Order to Show Cause, together with copies of the papers upon which it was made, shall be served upon counsel for all parties who have appeared in this action by e-mail and electronic filing and that such service shall be deemed good and sufficient notice of this application.  All opposition papers shall be e-filed on or before __Nov. 21, 2011__.
All reply papers shall be e-filed on or before __Dec. 9, 2011__.

ORAL ARGUMENT
DIRECTED
*JSC*

ENTER:

_____
J.S.C.

**HON. PAUL G. FEINMAN**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 12
-------------------------------------------x
ARIE GENGER and ORLY GENGER, in her
individual capacity and on behalf of
THE ORLY GENGER 1993 TRUST,

                        Plaintiffs,

         -against-

SAGI GENGER, TPR INVESTMENT ASSOCIATES,
INC., DALIA GENGER, THE SAGI GENGER 1993
TRUST, ROCHELLE FANG, individually and as
trustee of THE SAGI GENGER 1993 TRUST,
GLENCLOVA INVESTMENT COMPANY, TR INVESTORS,
LLC, NEW TR EQUITY I, LLC, NEW TR EQUITY II,
LLC, JULES TRUMP, EDDIE TRUMP AND MARK HIRSCH,

                       Defendants.
-------------------------------------------x

Index No. 651089-10

ORDER
Motion Sequence
Numbers 012 and 013

**PAUL G. FEINMAN, J:**

The instant motions, brought on by orders to show cause assigned motion sequence numbers 012 and 013, respectively, are filed by plaintiff Orly Genger, in her individual capacity and on behalf of the Orly Genger 1993 Trust, seek temporary restraining orders and preliminary injunctions against the defendants named in the above-captioned action, from proceeding with that certain action commenced in the Delaware Chancery Court entitled *Dalia Genger as Trustee of the Orly Genger 1993 Trust v. TR Investors LLC et al* (the Delaware Action), in which Dalia Genger sought a declaratory judgment with respect to the beneficial ownership of the Orly Trust shares. On October 26, 2011 and November 9, 2011, after hearing from counsel for the plaintiff and the defendants,

1

this Court issued temporary restraining orders (the TROs) enjoining the defendants from proceeding with, or otherwise making any motion in or concerning, the Delaware Action until further order of this Court.  The TROs were issued to maintain the status quo in this matter, pending a decision of the United States District Court for the Southern District of New York (the Federal Court), which is anticipated to, inter alia, determine the proper forum or jurisdiction for hearing and adjudicating the beneficial interest in the disputed shares (the Federal Court Decision).  Inasmuch as the Federal Court Decision has not yet been issued, the instant motions are held in abeyance, pending the Federal Court's resolution of the jurisdictional issue.

Accordingly, it is

ORDERED that the temporary restraining orders dated October 26, 2011 and November 9, 2011 shall continue pending further order of this Court; and it is further

ORDERED that the parties are directed to notify the court when the Federal Court Decision has issued in order that this court may finally resolve the motions hereby held in abeyance.

Dated: April 9, 2012

J.S.C.

2

## ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE

NEW YORK, NEW YORK 10022

(212) 223-0400

FAX: (212) 753-0396

www.zeklaw.com

35 MASON STREET
GREENWICH, CT  06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

YOAV M. GRIVER
(212) 826-5338
ygriver@zeklaw.com

January 16, 2013

**BY E-FILING**

Hon. Barbara Jaffe, J.S.C.
Supreme Court of the State of New York
60 Centre Street
New York, NY  10007

<u>**Arie Genger et al. v. Sagi Genger et al., Index No. 651089/10**</u>

Dear Justice Jaffe:

   This firm represents plaintiff Orly Genger, as an individual and on behalf of the Orly Genger 1993 Trust ("Orly"), in the above-referenced action.  Pursuant to Uniform Court Rule 202.48, Orly submits the attached counter-proposed Judgment in response to defendant Dalia Genger's ("Dalia") proposed Judgment [Docket No. 287], along with a redline showing the limited changes Orly has made to Dalia's proposed Judgment.  <u>We respectfully request a conference with the Court to address Dalia and Orly's proposed Judgments.</u>

   Orly's proposed Judgment makes two changes to Dalia's proposed Judgment.  *First*, Orly's proposed Judgment removes the phrase "all temporary restraining orders and preliminary injunctions are vacated as against" Dalia.  The Court's Decision and Order, however, does not contemplate the release of any injunctions or restraints.  Further, Dalia's proposed language could affect Justice Feinman's restraint of an action commenced by Dalia Genger -- supposedly *on behalf of the Orly Trust*, and not as an individual -- in Delaware Chancery Court (the "Delaware DJ Action").  <u>See</u> Docket No. 150 [signed TRO].  All parties to the Delaware DJ Action remain parties to this action, including the Orly Trust, and the injunction remains necessary and appropriate.

   *Second*, Orly's proposed Judgment removes the phrase "and that Plaintiffs Arie Genger and Orly Genger take nothing against" Dalia.  Such language is unclear and appears unnecessary.[1]

   Orly thanks the Court for its continued attention to this matter.

---

[1] Neither this letter nor Orly's counter-proposed Judgment should be construed as a waiver of Orly's right to appeal the Decision and Order.

ZEICHNER ELLMAN & KRAUSE LLP
   Hon. Barbara Jaffe
   January 16, 2013
   Page 2

                                        Respectfully submitted,

                                        Yoav M. Griver
                                        Attorney for plaintiff Orly Genger

YMG:asl
Enclosures

cc:      All Counsel of Record (by e-file)

At a Trial Term, Part 12, of the
Supreme Court of the State of New
York, held in and for New York
County, at the Courthouse, 60
Centre Street, on January ___, 2013

Present:
Hon. Barbara Jaffe, Justice

---

ARIE GENGER and ORLY GENGER, in her individual
capacity and on behalf of the ORLY GENGER 1993
Trust,

                              Plaintiffs,

              v.

SAGI GENGER, TPR INVESTMENT ASSOCIATES,
INC., DALIA GENGER, THE SAGI GENGER 1993
TRUST, ROCHELLE FANG, Individually and as Trustee
of THE SAGI GENGER 1993 TRUST, GLENCLOVA
INVESTMENT COMPANY, TR INVESTORS, LLC,
NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC,
JULES TRUMP, EDDIE TRUMP, MARK HIRSCH, and
TRANS-RESOURCES, INC.

                              Defendants.

Index No. 651089/2010

PROPOSED JUDGMENT

---

Upon the Decision and Order entered December 19, 2012, and the Amended Decision
and Order entered January 2, 2013, and the papers referenced therein, including the Summons
and Supplemental Summons, the Third Amended and Supplemental Complaint (Dkt. 112), the
October 14, 2011 Notice of Motion of Defendant Dalia Genger to Dismiss the Third Amended
and Supplemental Complaint (Dkt. 129) and October 14, 2011 Affirmation of Robert A. Meister
and Memorandum in Support thereof (Dkts. 129-1, 129-2, and 159), the Memorandum of
Plaintiff Orly Genger in Opposition thereto (Dkt. 182), the Memorandum of Plaintiff Arie
Genger in Opposition thereto (Dkt. 189), the November 22, 2011 Affirmation of Lauren J.

2

Wachtler in Opposition thereto (Dkt. 191) and the Reply Memorandum of Dalia Genger is Support (Dkt. 195), it is hereby

ORDERED, ADJUDGED AND DECREED that all claims against Defendant Dalia Genger are severed and dismissed with prejudice, and it is further

ORDERED, ADJUDGED AND DECREED that Defendant Dalia Genger, who resides at 200 East 65th Street, New York, New York 10065, shall have Judgment for costs and disbursements of $200 pursuant to CPLR § 8101, and $45 pursuant to CPLR § 8202 against Arie Genger, who resides at 2600 Island Boulevard, Penthouse One, Aventura, Florida 33160, and Orly Genger, who resides at 1965 Broadway, Apartment 22G, New York, New York 10024.

ENTER

_____

Barbara Jaffe, Justice

_____

Clerk of the Court

3

At a Trial Term, Part 12, of the
Supreme Court of the State of New
York, held in and for New York
County, at the Courthouse, 60
Centre Street, on January ___, 2013

Present:
Hon. Barbara Jaffe, Justice

---

ARIE GENGER and ORLY GENGER, in her individual
capacity and on behalf of the ORLY GENGER 1993
Trust,

Plaintiffs,

v.

SAGI GENGER, TPR INVESTMENT ASSOCIATES,
INC., DALIA GENGER, THE SAGI GENGER 1993
TRUST, ROCHELLE FANG, Individually and as Trustee
of THE SAGI GENGER 1993 TRUST, GLENCLOVA
INVESTMENT COMPANY, TR INVESTORS, LLC,
NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC,
JULES TRUMP, EDDIE TRUMP, MARK HIRSCH, and
TRANS-RESOURCES, INC.

Defendants.

Index No. 651089/2010

PROPOSED JUDGMENT

---

Upon the Decision and Order entered December 19, 2012, and the Amended Decision

and Order entered January 2, 2013, and the papers referenced therein, including the Summons

and Supplemental Summons, the Third Amended and Supplemental Complaint (Dkt. 112), the

October 14, 2011 Notice of Motion of Defendant Dalia Genger to Dismiss the Third Amended

and Supplemental Complaint (Dkt. 129) and October 14, 2011 Affirmation of Robert A. Meister

and Memorandum in Support thereof (Dkts. 129-1, 129-2, and 159), the Memorandum of

Plaintiff Orly Genger in Opposition thereto (Dkt. 182), the Memorandum of Plaintiff Arie

Genger in Opposition thereto (Dkt. 189), the November 22, 2011 Affirmation of Lauren J.

Wachtler in Opposition thereto (Dkt. 191) and the Reply Memorandum of Dalia Genger is Support (Dkt. 195), it is hereby

ORDERED, ADJUDGED AND DECREED that all claims against Defendant Dalia Genger are severed and dismissed with prejudice and all temporary restraining orders and preliminary injunctions are vacated as against her, and that Plaintiffs Arie Genger and Orly Genger take nothing against Dalia Genger, and it is further

ORDERED, ADJUDGED AND DECREED that Defendant Dalia Genger, who resides at 200 East 65th Street, New York, New York 10065, shall have Judgment for costs and disbursements of $ 200 pursuant to CPLR § 8101, and $45 pursuant to CPLR § 8202 against Arie Genger, who resides at 2600 Island Boulevard, Penthouse One, Aventura, Florida 33160, and Orly Genger, who resides at 1965 Broadway, Apartment 22G, New York, New York 10024.

ENTER

_____
Barbara Jaffe, Justice


_____
Clerk of the Court

Document comparison done by Workshare DeltaView on Wednesday, January 16, 2013 12:26:04 PM

| Input: | |
|---|---|
| Document 1 | PowerDocs://NYZEK_LIB/696776/1 |
| Document 2 | PowerDocs://NYZEK_LIB/696776/2 |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 1 |
| Deletions | 2 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 3 |

# FILED UNDER SEAL

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:** **BARBARA JAFFE**
J.S.C.

*Justice*

**PART** 12

Index Number : 651089/2010
GENGER, ARIE
vs.
GENGER, SAGI
SEQUENCE NUMBER : 017
VACATE STAY/ORDER/JUDGMENT

**INDEX NO.** 651089/12

**MOTION DATE** _____

**MOTION SEQ. NO.** 017

The following papers, numbered 1 to _____ , were read on this motion to/for _____

| | |
|---|---|
| Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). _____ |
| Answering Affidavits — Exhibits _____ | No(s). _____ |
| Replying Affidavits _____ | No(s). _____ |

Upon the foregoing papers, it is ordered that this motion is

**DECIDED IN ACCORDANCE WITH ACCOMPANYING DECISION / ORDER**

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE _____
FOR THE FOLLOWING REASON(S):

Dated: DEC 2 3 2013 _____                                  /s/ BARBARA JAFFE , J.S.C.
                                                                                                     **BARBARA JAFFE**
                                                                                                     J.S.C.

| | | |
|---|---|---|
| 1. CHECK ONE: ............................................ | ☐ CASE DISPOSED | ☑ NON-FINAL DISPOSITION |
| 2. CHECK AS APPROPRIATE: ..................MOTION IS: | ☐ GRANTED  ☑ DENIED  ☐ GRANTED IN PART | ☑ OTHER |
| 3. CHECK IF APPROPRIATE: ............................ | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| | ☐ DO NOT POST  ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK   :   IAS PART 12
-------------------------------------------------------------------x
ARIE GENGER and ORLY GENGER, in her individual
capacity and on behalf of
THE ORLY GENGER 1993 TRUST,

                                Plaintiffs,

                -against-


SAGI GENGER, TPR INVESTMENT ASSOCIATES,
INC., DALIA GENGER, THE SAGI GENGER 1993
TRUST, ROCHELLE FANG, individually and as
trustee of THE SAGI GENGER 1993 TRUST,
GLENCLOVA INVESTMENT COMPANY, TR
INVESTORS, LLC, NEW TR EQUITY I, LLC, NEW
TR EQUITY II, LLC, JULES TRUMP, EDDIE TRUMP
AND MARK HIRSCH,

                          Defendants.
----------------------------------------------------------------------x
SAGI GENGER, individually and as assignee of THE
SAGI GENGER 1993 TRUST, and TPR INVESTMENT
ASSOCIATES, INC.,

        Cross-Claimants, Counterclaimants, and Third-
        Party Claimants,

               -against-


ARIE GENGER, ORLY GENGER, GLENCLOVA
INVESTMENT COMPANY, TR INVESTORS, LLC,
NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC,
JULES TRUMP, EDDIE TRUMP, MARK HIRSCH,
TRANS-RESOURCES, INC., and WILLIAM DOWD,

        Cross-Claim, Counterclaim and/or Third-Party
        Defendants.
----------------------------------------------------------------------x

Index No. 651089/10

Mot. Seq. Nos. 017-020, 022, 025

**DECISION AND ORDER**

```
-------------------------------------------------------------------x
```
GLENCLOVA INVESTMENT COMPANY,
TR INVESTORS, LLC, NEW TR EQUITY I, LLC,
NEW TR EQUITY II, LLC, JULES TRUMP,
EDDIE TRUMP, MARK HIRSCH, and
TRANS-RESOURCES, INC.,

       Counterclaimants, Cross-Claimants, and Third-
       Party Plaintiffs,

               -against-

ARIE GENGER, ORLY GENGER, SAGI GENGER,
TPR INVESTMENT ASSOCIATES, INC., THE
SAGI GENGER 1993 TRUST, WILLIAM DOWD,
ARNOLD BROSER, DAVID BROSER, and ONE
OR MORE ENTITIES DIRECTED, OWNED OR
CONTROLLED BY ARNOLD BROSER AND/OR
DAVID BROSER,

       Counterclaim, Cross-Claim, and/or Third-
       Party Defendants.
```
-------------------------------------------------------------------x
```
BARBARA JAFFE, JSC:

This decision and order addresses motion sequence numbers 017, 018, 019, 020, 022 and

025 in the above-captioned action.  In sequence number 017, the so-called Trump Group seeks an

order vacating or modifying an order issued on November 9, 2011 by the justice previously

presiding in this part temporarily restraining it and others from proceeding in a related action

pending before the Delaware Court of Chancery (November 2011 TRO).  In sequence numbers

018, 019, and 020, third-party defendants Arnold Broser and David Broser seek orders

dismissing and/or severing the third-party actions commenced against them by the Trump Group.

In sequence number 022, David Broser moves for an order quashing the Trump Group's

subpoena *duces tecum.*

On or about June 16, 2013, plaintiffs and third-party defendants Arnold Broser and David Broser (collectively, AG Group), entered into a settlement agreement with the Trump Group that resolved the various claims and counterclaims among the parties and contains a confidentiality clause. On July 1, 2013, I so-ordered a second amended stipulation and order of discontinuance with prejudice by which the parties, among other things, agreed to the vacatur of the November 2011 TRO. Given the settlement agreement and stipulation, and based on counsels' representations, sequence numbers 017, 018, 019, 020, and 022 are moot and deemed withdrawn.

Thereafter, defendants TPR Investment Associates, Inc. (TPR) and Sagi Genger (collectively, TPR/Sagi) sought by order to show cause (sequence number 025) an order compelling the production or disclosure of the settlement agreement. Plaintiffs oppose; the Trump Group takes no position.

## I.  BACKGROUND

The instant motion (sequence number 025) is one of many addressed in prior opinions. Thus, familiarity with the essential facts is presumed. For present purposes the following background is provided.

On July 26, 2010, plaintiffs commenced this action seeking, among other things, a determination of their beneficial ownership interests in certain shares of Trans-Resources, Inc. (TRI), a TPR subsidiary, or the proceeds of the TRI shares, as well as damages arising from defendants' alleged fraudulent acts and breaches of fiduciary duties. In a decision dated January 2, 2013, I dismissed all of plaintiffs' claims but for those alleging a breach of fiduciary duty and unjust enrichment against, among others, TPR/Sagi. As mentioned above, AG Group, including

3

plaintiffs, settled with the Trump Group. A copy of the settlement agreement accompanied a request that I so-order the stipulation.

On July 8, 2013, after the Delaware Chancery Court rendered its decision awarding TPR proceeds from its sale of the TRI shares of which plaintiffs claimed beneficial interests, Arie sought to restrain TPR/Sagi from using or otherwise disposing of the sale proceeds (sequence number 024). In support, Arie stated that, pursuant to the settlement agreement, he relinquished his claims to the actual ownership of his TRI shares, but reserved his claims against TPR/Sagi to receive the proceeds of such shares, based on his surviving claims of breach of fiduciary duty and unjust enrichment. I declined to sign the OSC. Arie appealed to the Appellate Division, First Department.

## II.  DISCUSSION

### A.  Contentions

TPR/Sagi argues that Arie's attempt to obtain emergency relief to restrain or enjoin it from using the sale proceeds is substantially based on the settlement agreement, thereby opening the door to its disclosure. It relies on a heading in Arie's appellate brief ("Arie's Settlement With The Trump Group Defendants Does Not Affect His Unjust Enrichment Claims For the Turnover of The Arie Share Proceeds") and Arie's statement therein that "[a]s part of that settlement, Arie relinquished any future claim to the actual ownership of the Arie TRI Shares themselves, but clearly reserved . . . his . . . claims against TPR and Sagi in this action to receive the [shares] proceeds . . . ." (NYSCEF 531, at 3). TPR/Sagi also contends that plaintiffs have thereby placed the settlement agreement in issue, and that the settlement agreement is otherwise relevant because the Trump Group paid plaintiffs a sum certain in exchange for the release of claims

against it, and that plaintiffs "may well have been made whole by the terms of the Settlement, thereby negating any claims for damages against TPR and Sagi." Thus, TPR/Sagi maintains that "at the least," it is entitled to an offset pursuant to GOL § 15-108. (NYSCEF 531, at 5).

Arie opposes, contending that his claim to the share proceeds arises from his unjust enrichment and breach of fiduciary duty claims and not from the settlement agreement. (NYSCEF 538).

### B.   Analysis

Disclosure of the terms of a settlement agreement by a settling party to a nonsettling party "may be appropriate, despite the presence of a confidentiality clause in the agreement, where the terms of the agreement are 'material and necessary' to the nonsettling party's case." (*Mahoney v Turner Constr. Co.*, 61 AD3d 101, 103 [1st Dept 2009]). However, where the terms "have no bearing on the issues in the case, the terms are not discoverable by a nonsettling party." (*Id.* at 105). Any uncertainty as to the relevance of the settlement terms may be resolved by an *in camera* review of the settlement agreement, and confidential terms may be protected by an order limiting disclosure. (*Id.*). And, although a party may open the door to an issue and thereby waive an objection to disclosure, the determination of whether a party has opened the door to an issue is discretionary, based on a consideration of "whether . . . the evidence or argument said to open the door is incomplete or misleading, and what if any otherwise inadmissible evidence is reasonably necessary to correct the misleading impression." (*People v Massie*, 2 NY3d 179, 184 [2004]).

My approval of the stipulation was based primarily on the settlement agreement whereby the settling parties agreed to the mutual dismissal and release of claims and counterclaims, save for the aforementioned claims against TPR/Sagi. Although referencing the agreement wherein

Arie relinquished his claim to actual ownership of the TRI shares and reserved his claims against TPR/Sagi, the injunctive relief he sought was not based on the settlement agreement but on his claim to beneficial ownership of the shares, and TPR/Sagi identifies no incomplete or misleading statements about the agreement in Arie's appellate brief or other courts papers. That plaintiffs produced *in camera* a copy of the settlement agreement neither opens the door to its disclosure nor puts its terms in issue, as it was provided in conjunction with the stipulation, and does not constitute an impermissible *ex parte* communication.

In contrast to the circumstances set forth in *Osowski v AMEC Constr. Mgt., Inc.*, 69 AD3d 99 (1st Dept 2009), here, the settlement has no bearing on anything other than a possible offset at the end of the trial. TPR/Sagi's speculation that plaintiffs may have been made whole by the settlement does not warrant disclosure of the agreement and is, in any event, not supported by its terms. (*Id.* at 107, citing *Matter of New York County Data Entry Worker Prod. Liab. Litig.*, 162 Misc 2d 263 [Sup Ct, NY County 1994], *affd*, 222 AD2d 381 [1st Dept 1995] [although settlement terms would be useful in assessing maximum exposure under 15-108, "such strategizing has no bearing on the underlying issues of fault and damages"]; *King County, Washington v IKB Deutsche Industriebank AG*, 2012 WL 3553775, *2, 2012 US Dist LEXIS 116583, *9 (SD NY, Aug. 17, 2012, No. 09 CV 8387 [defendant may raise 15-108 defense without knowing settlement terms]). Here, other than trial strategy, TPR/Sagi fails to advance a sufficient reason supporting its request for pre-verdict disclosure of the settlement agreement.

Additionally, at oral argument of the motion, TPR/Sagi's counsel argued, for the first time, that because the settlement agreement affects plaintiffs' beneficial ownership of the TRI shares, disclosure is essential. (NYSCEF Doc. No. 547, at 15-16). Plaintiffs' opposition papers

6

to the instant motion and their papers seeking approval of the stipulation reflecting that plaintiffs agreed to release their claims against the Trump Group and acknowledged that the Trump Group owns all right and interest, both beneficial and outright, to the shares, in exchange for the payments under the settlement agreement, while retaining their claims against TPR/Sagi in this action, demonstrate that disclosure of the agreement is not essential to their defense, and my decision permitting the claims to proceed against TPR/Sagi is based on the allegations in plaintiffs' complaint as well as other pleadings filed by the relevant parties.  Therefore, the settlement agreement, and Arie's release of his claim to beneficial ownership of the shares, is irrelevant to TPR/Sagi's defense in this action.

Accordingly, based on the foregoing, it is hereby

ORDERED, that, with respect to motion sequence numbers 017, 018, 019, 020 and 022, the relief sought is moot and the motions are deemed withdrawn; it is further

ORDERED, that with respect to motion sequence number 025, the relief sought is denied; and it is further

ORDERED, that the parties are directed to appear for a status conference before this court on January 22, 2014, at 215 a.m./p.m.

ENTER:

_____
J.S.C.

Dated:      December 18, 2013
            New York, New York

**BARBARA JAFFE**
**J.S.C.**

7

            At a Term of the Appellate Division of the Supreme
       Court held in and for the First Judicial Department in
       the County of New York on March 11, 2014.

Present - Hon. Peter Tom,             Justice Presiding,
                David Friedman
                Rolando T. Acosta
                Richard T. Andrias
                Rosalyn H. Richter,       Justices.

-------------------------------------x
Arie Genger,
      Plaintiff-Appellant-Respondent/
      Plaintiff-Appellant,

            -and-

Orly Genger, in her individual capacity
and on behalf of Orly Genger 1993
Trust,
      Plaintiff-Appellant-Respondent,
                                              M-541
      -against-                           Index No. 651089/10

Sagi Genger, et al.,
      Defendants-Respondents-Appellants/
      Defendants-Respondents,

Glencova Investment Company, et al.,
      Defendants-Respondents-Appellants,

            -and-

Rochelle Fang, etc., et al.,
      Defendants.
-------------------------------------x

       Consolidated appeals and cross appeals having been taken to
this Court from the amended order of the Supreme Court, New York
County, entered on or about January 2, 2013 (mot. seq. nos. 006,
007, 009-011, 015), and from the order of said Court entered on
or about July 11, 2013 (mot. seq. nos. 013-016), respectively,
and said consolidated appeals and cross appeals having been
perfected,

       And defendants TPR Investment Associates, Inc. and Sagi
Genger having moved, pursuant to CPLR 3124, to compel the
production of the Settlement Agreement entered into between
plaintiffs Arie Genger and Orly Genger and the defendants
referred to as the "Trump Group", and for related relief,

(M-541)                     -2-                     March 11, 2014


        Now, upon reading and filing the papers with respect to the
motion, and due deliberation having been had thereon,

        It is ordered that the motion is denied.  Sua sponte, the
perfected consolidated appeals and cross appeals are adjourned to
the May 2014 Term.


              ENTER:



                              _____
                                         CLERK

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **BARBARA JAFFE**
            *J.S.C.*

                                    *Justice*

PART **12**

Index Number : 109749/2009
GENGER, ORLY
vs.
GENGER, DALIA
SEQUENCE NUMBER : 034
COMPEL DISCLOSURE

INDEX NO. **109749/0C**

MOTION DATE _____

MOTION SEQ. NO. **034**

The following papers, numbered 1 to _____ , were read on this motion to/for   **Compel**

Notice of Motion/Order to Show Cause — Affidavits — Exhibits   _____   | No(s). _____

Answering Affidavits — Exhibits _____   | No(s). _____

Replying Affidavits _____   | No(s). _____

Upon the foregoing papers, it is ordered that this motion is

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

**DECIDED IN ACCORDANCE WITH
ACCOMPANYING DECISION / ORDER**

Dated: **7|3|14**                                        _____, J.S.C.
                                                            **BARBARA JAFFE**
                                                                *J.S.C.*

1. CHECK ONE: ............................................   ☐ CASE DISPOSED            ☑ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: ...........................MOTION IS:   ☐ GRANTED   ☑ DENIED   ☐ GRANTED IN PART   ☐ OTHER
3. CHECK IF APPROPRIATE: ................................   ☐ SETTLE ORDER            ☐ SUBMIT ORDER
                                                            ☐ DO NOT POST   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK  :   IAS PART 12
------------------------------------------------------------------x
ORLY GENGER, in her individual capacity and on
behalf of the Orly Genger 1993 Trust (both in its
individual capacity and on behalf of D & K Limited
Partnership),

                                    Plaintiff,

              -against-

DALIA GENGER, SAGI GENGER, LEAH FANG,
D & K GP LLC, and TPR INVESTMENT
ASSOCIATES, INC.,

                                  Defendants.

------------------------------------------------------------------x

Index No. 109749/2009

Motion seq. nos. 034, 035

**DECISION AND ORDER**

BARBARA JAFFE, JSC:

**For plaintiff:**
Yoav M. Griver, Esq.
Brian Leinbach, Esq.
Zeichner, Ellman & Krause, LLP
1211 Avenue of the Americas
New York, NY 10036
212-223-0400

William Wachtel, Esq.
Wachtel, Missry LLP
885 Second Ave.
New York, NY 10017
212-909-9595

**For TPR/Sagi:**
John Dellaportas, Esq.
Nicholas Schretzman, Esq.
Morgan, Lewis & Bockius LLP
101 Park Ave.
New York, NY 10178
212-309-6000

In motion sequence number 034, defendants TPR Investment Associates, Inc. (TPR) and

Sagi Genger (collectively, TPR/Sagi) seek an order compelling plaintiff Orly Genger and

nonparties Arie Genger and Mark Hirsch to attend additional depositions and answer questions

about the settlement agreement entered into by Orly, Arie and the so-called Trump Group in or

about June 2013. (NYSCEF 539).  In motion sequence number 035, Arie seeks a protective order

preventing further deposition of him by TPR/Sagi. (NYSCEF 550).  These motions are

consolidated for disposition.

## I.  BACKGROUND

The background pertinent to these motions is set forth in several opinions of this court

and others, including my decision dated December 23, 2013, rendered in the related action,

*Genger v Genger*, Index No. 651089/2010. (NYSCEF 700).  In that decision, I denied

TPR/Sagi's motion for an order compelling Arie and Orly to disclose the terms of the June 2013

settlement.  TPR/Sagi filed this motion seeking essentially the same relief, and before I issued the

December decision.  And, in another decision in that action, dated March 20, 2014, I denied

TPR/Sagi's motion for an order enjoining Orly from implementing or accepting the benefits of

the settlement, thereby rejecting their contention that Orly should be restrained from enjoying or

using the proceeds for her own benefit as the  proceeds belong to the Orly Trust. (NYSCEF 925).

In light of the foregoing, and given the protracted history of these litigations, familiarity

with the factual background, rulings, and rationales set forth in the December and March

decisions is presumed.

## II.  DISCUSSION

TPR/Sagi allege that as the Orly Trust receives no consideration for releasing its claims

against the Trump Group, the party that funded the settlement, and that Orly has pocketed the

proceeds for her own benefit, there is "a clear conflict of interest between Orly and the Orly

Trust, which would militate for dismissal of Orly's derivative claims against Sagi and TPR on

the grounds that she is no longer an adequate representative."  They thus argue that the settlement

agreement is relevant to their defenses in this action, as opposed to the 2010 action addressed in

my December 2013 decision, and that Orly, as a derivative plaintiff, has no standing to bring

claims on behalf of the Orly Trust given the conflict of interest and her inadequate representation

2

of the Trust's interests. (NYSCEF 547).

Having settled claims against the Trump Group in her individual capacity and as beneficiary of the Orly Trust, and absent anything prohibiting the Orly Trust from prosecuting claims against the Trump Group, there is no conflict between Orly and the Trust. And, it is undisputed that TPR/Sagi sought to obtain proceeds of the sale of the Orly Trust shares to the Trump Group, which proceeds are also claimed by the Orly Trust. Moreover, in a recent opinion issued by the Southern District of New York in *TPR Inv. Assoc., Inc. v Pedowitz & Meister LLP*, 2014 WL 1979932, *6 (SD NY, May 15, 2014), although TPR was found to be entitled to the proceeds, the court also observed that nothing therein "should be construed as resolving any question other than whether TPR is the next (but not necessarily last) beneficiary of the sale of the Orly Trust Shares." Consequently, given TPR/Sagi's struggle with the Trust over the proceeds, their bona fides in expressing concern for the Trust is questionable at best.

Additionally, Dalia, trustee of the Orly Trust, has often sided with her son Sagi in these actions, and if Orly is deemed to be an inadequate representative of the Orly Trust, and Dalia declines to pursue the Orly Trust claims against TPR/Sagi, TPR/Sagi could be insulated from the prosecution of such claims. However, after TPR/Sagi filed this motion, the Appellate Division, First Department, held that Dalia had a conflict of interest in releasing herself, as part of settlement agreements entered into in 2011 and 2012 between TPR/Sagi and herself, as trustee. It also adjudged the settlements, which were against Orly's interests, as void and/or voidable. (*Genger v Genger*, 115 AD3d 421, 423 [1st Dept 2014]). Thus, Dalia may no longer be able to serve as trustee, having failed to disclose the conflict to her principal, Orly. And, as noted by the First Department, Orly had petitioned the Surrogate's Court to remove Dalia as trustee and to

3

surcharge her. (*Id.*).

To the extent that there exist any issues as to which claims filed by Orly against the Trump Group belong to Orly individually or are derivative claims of the Orly Trust, and whether the derivative claims were released pursuant to the settlement agreement, as I observed in my March 2014 decision, those are matters for the parties to the settlement agreement.

This action does not involve the Trump Group, the party that is released under the settlement agreement. Rather, this action concerns Orly's allegation of "a sham UCC sale" orchestrated by Dalia and Sagi in 2009 with respect to the so-called 1993 Note that was never intended to be collected or enforced. Thus, TPR/Sagi have not demonstrated that the settlement agreement is relevant to their defenses. (NYSCEF 549 at 1). And it is undisputed that the settlement agreement settles no claims asserted by Orly in this action. Thus, there is no need to depose Orly about the settlement agreement.

As it is also undisputed that neither Arie nor Hirsch, an officer of the Trump Group, are parties to this action, there is no basis for deposing them about the settlement agreement.

TPR/Sagi also rely on a recent pleading filed by the Trump Group in the 2010 action (NYSCEF 888) whereby it raises a defense pursuant to General Obligations Law § 15-108 (b) to the cross claim for contribution asserted against it by TPR/Sagi. They argue that the pleading reflects the divergent positions taken by Orly and the Trump Group as to whether the settlement agreement settled derivative claims and, thus, according to TPR/Sagi, "one of these parties is lying to the Court." (NYSCEF 638 at 2). Per my holding in the December decision, the settlement agreement "has no bearing on anything other than a possible offset at the end of the trial," and that even though the settlement terms may be useful in assessing maximum exposure

under §15-108, "such strategizing [to obtain the settlement terms] has no bearing on the underlying issues of fault and damages." (NYSCEF 700 at 1). I thus found that "other than trial strategy, TPR/Sagi fail[ed] to advance a sufficient reason supporting its request for pre-verdict disclosure of the settlement agreement." (*Id.*). The same holds true here.

### III. CONCLUSION

Accordingly, it is hereby

ORDERED, that the relief requested in motion sequence number 034 by TPR Investment Associates, Inc. and Sagi Genger (TPR/Sagi) seeking to compel additional depositions of the named deponents is denied; and it is further

ORDERED, that the relief requested in motion sequence number 035 by nonparty Arie Genger for a protective order to prevent further depositions of him by TPR/Sagi is denied as moot.

ENTER:

Barbara Jaffe, JSC

Dated:      July 3, 2014
            New York, New York

5

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:** **BARBARA JAFFE**
*J.S.C.*
*Justice*

PART _12_

---

Index Number : 651089/2010
GENGER, ARIE
vs.
GENGER, SAGI
SEQUENCE NUMBER : 031
REARGUMENT/RECONSIDERATION

INDEX NO. _651089/10_

MOTION DATE _____

MOTION SEQ. NO. _031_

---

The following papers, numbered 1 to _____ , were read on this motion to/for _____

Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s)._____

Answering Affidavits — Exhibits _____ | No(s). _____

Replying Affidavits _____ | No(s). _____

Upon the foregoing papers, it is ordered that this motion *is for leave to reargue is denied. See Genger v genger, ny slip Op 66695 (U).*

**MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):**

Dated: _9/16/14_

_/s/_ , J.S.C.
**BARBARA JAFFE**
*J.S.C.*

1. CHECK ONE: ..................................................... ☐ CASE DISPOSED   ☑ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: ...........................MOTION IS: ☐ GRANTED   ☑ DENIED   ☐ GRANTED IN PART   ☐ OTHER
3. CHECK IF APPROPRIATE: ................................................. ☐ SETTLE ORDER   ☐ SUBMIT ORDER
                                                                        ☐ DO NOT POST   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **BARBARA JAFFE**
                        *J.S.C.*                    PART *12*
                            *Justice*

| Index Number : 651089/2010 | |
| --- | --- |
| GENGER, ARIE | INDEX NO. *651089/10* |
| vs. | MOTION DATE _____ |
| GENGER, SAGI | |
| SEQUENCE NUMBER : 023 | MOTION SEQ. NO. *023* |
| OTHER RELIEFS | |

The following papers, numbered 1 to _____ , were read on this motion to/for  *other reliefs*

| | |
| --- | --- |
| Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). _____ |
| Answering Affidavits — Exhibits _____ | No(s). _____ |
| Replying Affidavits _____ | No(s). _____ |

Upon the foregoing papers, it is ordered that this motion is

**DECIDED IN ACCORDANCE WITH ACCOMPANYING DECISION / ORDER**

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Scanned to New York EF on *3/3/14*

Dated:    MAR 2 1 2014                    _____, J.S.C.

| 1. CHECK ONE: .................................................. | ☐ CASE DISPOSED | ☑ NON-FINAL DISPOSITION |
| --- | --- | --- |
| 2. CHECK AS APPROPRIATE: .........................MOTION IS: | ☐ GRANTED   ☑ DENIED | ☐ GRANTED IN PART   ☐ OTHER |
| 3. CHECK IF APPROPRIATE: ................................... | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| | ☐ DO NOT POST | ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK  :   PART 12
--------------------------------------------------------------------------------x
ARIE GENGER and ORLY GENGER, in her individual
capacity and on behalf of THE ORLY GENGER 1993 TRUST,

                         Plaintiffs,

             -against-

SAGI GENGER, TPR INVESTMENT ASSOCIATES, INC.,
DALIA GENGER, THE SAGI GENGER 1993 TRUST,
ROCHELLE FANG, individually and as trustee of
THE SAGI GENGER 1993 TRUST, GLENCLOVA
INVESTMENT COMPANY, TR INVESTORS, LLC,
NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC,
JULES TRUMP, EDDIE TRUMP AND MARK HIRSCH,

                        Defendants.
--------------------------------------------------------------------------------x
SAGI GENGER, individually and as assignee of
THE SAGI GENGER 1993 TRUST, and TPR INVESTMENT
ASSOCIATES, INC.,

                Cross-Claimants, Counterclaimants,
                and Third-Party Claimants,

             -against-

ARIE GENGER, ORLY GENGER, GLENCLOVA
INVESTMENT COMPANY, TR INVESTORS, LLC, NEW TR
EQUITY I, LLC, NEW TR EQUITY II, LLC, JULES TRUMP,
EDDIE TRUMP, MARK HIRSCH, TRANS-RESOURCES, INC.,
and WILLIAM DOWD,

                Cross-Claim, Counterclaim and/or
                Third-Party Claim Defendants.
--------------------------------------------------------------------------------x

Index No. 651089/10

Motion Seq. No. 023

**DECISION AND ORDER**

BARBARA JAFFE, JSC:

      Sagi Genger (Sagi), The Sagi Genger 1993 Trust (Sagi Trust) and TPR Investment

Associates, Inc. (TPR) ask that I 1) decline to "so-order" a stipulation of settlement, unless and

until the settlement and all settlement-related documents have been produced to all interested

parties; and 2) enjoin and restrain plaintiff Orly Genger from implementing, accepting consideration from, or in any way enjoying the benefits of the settlement, unless and until movants' arguments about the settlement have been heard.  Orly opposes the motion.

## I.  BACKGROUND

The parties to the settlement referenced in the stipulation are, primarily, Arie Genger, Orly Genger and the Trump Group, composed of Glenclova Investment Company, TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, Jules Trump, Eddie Trump, and Mark Hirsch.  Movants ask that I not so-order the stipulation because 1) Orly settled derivative claims belonging to the Orly Trust; and 2) the Sagi Trust, the remainderman beneficiary of the Orly Trust, will be harmed if Orly is not enjoined from taking the settlement proceeds for herself, as such proceeds belong to the Orly Trust, not to Orly personally.

After being provided with a copy of the settlement agreement for *in camera* review, a conference call was held with me on June 27, 2013 and all the parties in interest, including counsel. (NYSCEF 487).  As a result of the conference call, a statement was inserted into the stipulation reflecting that Orly had settled her claims against the Trump Group "in her individual capacity and as beneficiary of" the Orly Trust.  The statement was initialed by counsel for Orly, Arie, and the Trump Group.  Because the stipulation was so-ordered, the request that I decline to do so is moot, as is the request for the production or disclosure of the settlement agreement and related documents, which I denied by order dated December 18, 2013, rendered in a closely related, if not substantially identical, matter. (NYSCEF 700).

The remaining issues raised in this motion are whether Orly settled derivative claims of the Orly Trust, and if so, whether she should be enjoined from taking and using proceeds of the

2

settlement for her sole benefit. Movants allege that, although the stipulation specifies that Orly

settled claims against the Trump Group in her individual capacity and as beneficiary of the Orly

Trust, she actually settled derivative claims belonging to the Orly Trust. Thus, they argue that

the settlement proceeds belong to the Orly Trust. They rely in large part on a letter to me dated

June 28, 2013 in which counsel for the Trump Group states, in relevant part, that "[c]ertain of

Orly Genger's claims against the Trump Group in this action have been held by Justice Feinman

to be derivative in nature," and that "[e]xcluding such claim from the claims that are to be

dismissed is not what the Trump Group bargained and paid for in the settlement . . . ." (NYSCEF

485). At oral argument, counsel for the Trump Group explained that the stipulation submitted to

me for approval indicated that "Orly was signing in whatever capacities she has," and that the so-

ordered stipulation "supersedes" the arguments advanced in the June 28 letter. (NYSCEF 651 at

6, 8). In essence, the parties to the settlement agreement concur that the only claims released by

Orly against the Trump Group were those "that Orly made on her own behalf and as a beneficiary

of the [Orly Trust]" (NYSCEF 651 at 11), and that the Trump Group agreed to the language

inserted in the so-ordered stipulation (NYSCEF 651 at 12 ["Your Honor, my colleague, Mr.

Allingham, signed the interlineated order as you entered it. We agree to whatever that order

is."]).

Dalia Genger, trustee of the Orly Trust, neither filed nor joined in the instant motion.

Instead, she signed an affidavit, dated June 28, 2013, asserting that "an analysis of the claims

[filed by Orly against the Trump Group] shows that they are entirely claims of the Orly Trust and

that she has no individual rights separate therefrom." (NYSCEF 483, ¶ 2). Dalia's assertion is

not supported or accompanied by any analysis of the subject claims, and is fatally conclusory.

3

Similarly, movants only "suspected" that "derivative Orly Trust claims" were settled in the settlement agreement, and now allege that their suspicion is bolstered by the June 28 letter. (NYSCEF 577, ¶ 6). And, having found that "Dalia - as trustee of Orly's Trust - had a conflict of interest in releasing herself as part of the October 2011 and March 2012 settlement agreements [embodying the proposed transactions]" (*Genger v Genger*, -- AD3d --, 2014 NY Slip Op 01421 *2 (1st Dept 2014), the Appellate Division throws doubt on Dalia's standing to complain.

In the settlement agreement, Orly stops short of releasing derivative claims. Rather, in paragraph 8 of the agreement, she only agrees to "cooperate" and "cause" the Orly Trust to release any and all claims against he Trump Group. At any rate, and to the extent that there remain issues of fact and law as to which claims filed by Orly against the Trump Group belong to Orly individually and/or are derivative claims belonging to the Orly Trust, I invite the parties to the settlement agreement to set forth the claims given up by Orly in her individual and beneficial capacities, and to explain why any derivative claims advanced in the complaint are not released by the agreement. Unless and until the issue of derivative claims is resolved, I cannot determine whether some or all of the settlement proceeds with the Trump Group belong to Orly or the Orly Trust, particularly when the Sagi Trust has asserted a contingent remainderman interest in the Orly Trust.

Orly's counsel also challenges the legal standing of the Sagi Trust in making this motion, as it is undisputed that TPR has no interest in the Orly Trust. At oral argument, counsel contended that given Orly's youth and good health, the Sagi Trust's interest "is only contingent, and if [Orly] does have issue, it is destroyed forever," and thus such interest "is speculative at best." (NYSCEF 651 at 13; NYSCEF 548 at 3). Counsel also noted that even though a

contingent remainderman has "limited standing," movants cite no authority "allow[ing] them to highjack [sic] a settlement based upon contingent remainderman status." (NYSCEF 651, at 14). As movants seek injunctive relief against Orly, they must establish their standing to pursue such relief, which they have failed to do. Hence, the requested relief is denied without prejudice.

Although I have reviewed the settlement agreement and so-ordered the related stipulation, in accordance with *Mahoney v Turner Constr. Co.* (61 AD3d 101 [1st Dept 2009]), signing the stipulation only resolves the parties' dispute regarding whether the terms and related documents should be produced or disclosed.

Accordingly, based on the foregoing, it is hereby

ORDERED, that the branch of the instant motion seeking an order declining to "so-order" that certain "Second Amended Stipulation of Discontinuance with Prejudice," dated as of June 20, 2013 (the Stipulation), is denied as moot; it is further

ORDERED, that the branch of the instant motion seeking, in effect, an order requiring the disclosure or production of that certain settlement agreement referenced in the Stipulation is denied as moot; and it is further

ORDERED, that the branch of the instant motion seeking to enjoin or restrain plaintiff from implementing, accepting consideration from, or in any way enjoying the benefits of the settlement agreement is denied without prejudice.

ENTER:

Barbara Jaffe, JSC.

Dated:       March 20, 2014
             New York, NY

5

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

ARIE GENGER and ORLY GENGER, in her individual
capacity and on behalf of the ORLY GENGER 1993
TRUST,

     Plaintiffs,

     - against -

SAGI GENGER, TPR INVESTMENT ASSOCIATES,
INC., DALIA GENGER, THE SAGI GENGER 1993
TRUST, ROCHELLE FANG, individually and as Trustee
of the SAGI GENGER 1993 TRUST, GLENCLOVA
INVESTMENT CO., TR INVESTORS, LLC, NEW TR
EQUITY I, LLC, NEW TR EQUITY II, LLC, JULES
TRUMP, EDDIE TRUMP, MARK HIRSCH, and
TRANS-RESOURCES, INC.,

     Defendants.

---

SAGI GENGER, individually and as assignee of THE
SAGI GENGER 1993 TRUST, and TPR INVESTMENT
ASSOCIATES, INC.,

     Cross-Claimants, Counterclaimants, and Third-
     Party Claimants,

     - against -

ARIE GENGER, ORLY GENGER, GLENCLOVA
INVESTMENT COMPANY, TR INVESTORS, LLC,
NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC,
JULES TRUMP, EDDIE TRUMP, MARK HIRSCH,
TRANS-RESOURCES, INC., and WILLIAM DOWD,

     Cross-Claim, Counterclaim and/or Third-Party
     Defendants.

INDEX NO. 651089/2010

*(SECOND)*
**AMENDED STIPULATION OF
DISCONTINUANCE WITH
PREJUDICE**

Hon. Barbara Jaffe

Part 12

5385242.1/43419-00001

GLENCLOVA INVESTMENT CO., TR INVESTORS,
LLC, NEW TR EQUITY I, LLC, NEW TR EQUITY II,
LLC, JULES TRUMP, EDDIE TRUMP, MARK
HIRSCH, and TRANS-RESOURCES, INC.,

       Counterclaimants, Cross-Claimants, and Third-
       Party Plaintiffs,

          - against –

ARIE GENGER, ORLY GENGER, SAGI GENGER,
TPR INVESTMENT ASSOCIATES, INC., THE SAGI
GENGER 1993 TRUST, WILLIAM DOWD, ARNOLD
BROSER, DAVID BROSER, and ONE OR MORE
ENTITIES DIRECTED, OWNED OR CONTROLLED
BY ARNOLD BROSER AND/OR DAVID BROSER,

       Counterclaim, Cross-Claim, and/or Third-Party
       Defendants.

WHEREAS no party hereto is an infant or an incompetent as to whom a committee has been appointed;

WHEREAS the parties hereto have entered into a confidential agreement finally resolving the disputes between them as it relates to the subject matter of this action;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiffs/Counterclaim Defendants Arie Genger and Orly Genger ("Orly"), in her individual capacity and ~~on behalf of~~ *(as beneficiary of)* the Orly Genger 1993 Trust, and Third-Party Defendants Arnold Broser, David Broser and One or More Entities Directed, Owned or Controlled by Arnold Broser and/or David Broser (collectively, the "AG Group"), and Defendants/Counterclaimants/Third-Party Plaintiffs Glenclova Investment Co., TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, Jules Trump, Eddie Trump, Mark Hirsch, and Trans-Resources, Inc. (collectively, the "Trump Group"), that:



1

1.      All claims, counterclaims and third-party claims of the AG Group in this action against the Trump Group are discontinued with prejudice and without costs;

2.      All claims, counterclaims and third-party claims of the Trump Group in this action against the AG Group are discontinued with prejudice and without costs;

3.      Any and all orders, including, without limitation, the Order to Show Cause dated August 8, 2011 (Mot. Seq. 5), the Order to Show Cause for Temporary Restraining Order and Preliminary Injunction dated August 11, 2011 (Mot. Seq. 4), the Order to Show Cause and Temporary Restraining Order dated November 9, 2011 (Mot. Seq. 13) (the "November 9, 2011 OSC") and the Decision and Order dated December 28, 2011 entered in this action which restrain, enjoin or in any way limit actions by any members of the Trump Group shall be, and are hereby, vacated and dissolved. Except as specifically provided in paragraph 4 of this Stipulation, nothing in this Stipulation is intended to vacate or dissolve any order entered in this action restraining, enjoining or in any way limiting acts by Sagi Genger, TPR Investment Associates, Inc., Dalia Genger, individually and/or as Trustee of the Orly Genger 1993 Trust, William Dowd, the Sagi Genger 1993 Trust, or Rochelle Fang, individually and/or as Trustee of the Sagi Genger 1993 Trust.

4.      Orly's applications that resulted in the Order to Show Cause and Temporary Restraining Order entered October 26, 2011 (the "October 26, 2011 OSC") (Mot. Seq. 012) and the November 9, 2011 OSC are hereby withdrawn. The parties hereto stipulate and agree that any and all orders, restraints, injunctions or other limiting actions in the October 26, 2011 OSC and the November 9, 2011, which restrain, enjoin or in any way limit actions by any party, individual or entity from proceeding in the matter entitled *Dalia Genger, as Trustee of the Orly Genger 1993 Trust v. TR Investors LLC et al.*, C.A. No. 6906-CS ( Del. Ch) shall be, and are hereby, vacated and dissolved.

2

5.       Nothing in this Stipulation is intended to dismiss, discontinue or release any claim asserted in this action as against Sagi Genger, TPR Investment Associates, Inc., Dalia Genger, individually and/or as Trustee of the Orly Genger 1993 Trust, William Dowd, the Sagi Genger 1993 Trust, or Rochelle Fang, individually and/or as Trustee of the Sagi Genger 1993 Trust.

[INTENTIONALLY BLANK]

3

5389781.1/43419-00001

IT IS FURTHER STIPULATED AND AGREED that this Stipulation may be executed by facsimile and in counterparts that together shall constitute one and the same Stipulation.

DATED:  New York, New York
         June 21, 2013

MITCHELL SILBERBERG & KNUPP LLP

By: _____
    Paul D. Montclare
    pdm@msk.com
    12 East 49th Street, 30th Floor
    New York, New York 10017-1028
    Telephone: (212) 509-3900
    Facsimile: (212) 509-7239

*Attorneys for Plaintiff Arie Genger*

FELDMAN GALE P. A.
&
LAWRENCE, WORDEN, RAINIS, & BARD
P.C.

By: _____
    Michael P. Hogan
    Jeffrey D. Feldman
    Ashley G. Kessler
    mhogan@feldmangale.com
    1700 Market Street, Suite 3010
    Philadelphia, Pennsylvania 19103
    (305) 358-5001
    &
    Russell T. McHugh
    rmchugh@lwrlawyer.com
    225 Broad Hollow Road, Suite 105E
    Melville, New York 11747
    (631) 694-0033

*Attorneys for Third-Party Defendant
Arnold Broser*

SKADDEN, ARPS, SLATE MEAGHER &
FLOM LLP

By: _____
    William P. Frank
    Thomas J. Allingham II
    John Boyle
    William.Frank@skadden.com
    Thomas.Allingham@skadden.com
    John.Boyle@skadden.com
    Four Times Square
    New York, New York 10036
    (212) 735-3000

*Attorneys for Third Party Glenclova
Investment Company, TR Investors, LLC,
New TR Equity I, LLC, New TR Equity II,
LLC, Jules Trump, Eddie Trump, Mark
Hirsch And Trans-Resources, Inc.
(Collectively, The "Trump Group")*

4

IT IS FURTHER STIPULATED AND AGREED that this Stipulation may be executed by facsimile and in counterparts that together shall constitute one and the same Stipulation.

DATED:  New York, New York
        June 20, 2013

MITCHELL SILBERBERG & KNUPP LLP


By: _____
    Paul D. Montclare
    pdm@msk.com
    12 East 49th Street, 30th Floor
    New York, New York 10017-1028
    Telephone: (212) 509-3900
    Facsimile: (212) 509-7239

    *Attorneys for Plaintiff Arie Genger*


FELDMAN GALE P. A.
&
LAWRENCE, WORDEN, RAINIS, & BARD
P.C.


By: _____
    Michael P. Hogan
    Jeffrey D. Feldman
    Ashley G. Kessler
    mhogan@feldmangale.com
    1700 Market Street, Suite 3010
    Philadelphia, Pennsylvania 19103
    (305) 358-5001
    &
    Russell T. McHugh
    rmchugh@lwrlawyer.com
    225 Broad Hollow Road, Suite 105E
    Melville, New York 11747
    (631) 694-0033

    *Attorneys for Third-Party Defendant
    Arnold Broser*

SKADDEN, ARPS, SLATE MEAGHER &
FLOM LLP


By: _____
    William P. Frank
    Thomas J. Allingham II
    John Boyle
    William.Frank@skadden.com
    Thomas.Allingham@skadden.com
    John.Boyle@skadden.com
    Four Times Square
    New York, New York 10036
    (212) 735-3000

    *Attorneys for Third Party Glenclova
    Investment Company, TR Investors, LLC,
    New TR Equity I, LLC, New TR Equity II,
    LLC, Jules Trump, Eddie Trump, Mark
    Hirsch And Trans-Resources, Inc.
    (Collectively, The "Trump Group")*

3

5389781.1/43419-00001

ZEICHNER, ELLMAN & KRAUSE LLP

THE FREYBERG LAW GROUP

By: _____

Yoav M. Griver
Brian D. Leinbach
YGriver@zeklaw.com
BLeinbach@zeklaw.com
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

By: _____

Mark L. Freyberg
Mitchell Goldberg
mfreyberg@freyberglaw.com
mitchell@oglaw.net
950 Third Avenue, 32nd Floor
New York, New York 10022
(212) 754-9200

*Attorneys for Plaintiff Orly Genger, in her individual capacity and ~~on behalf of~~ the Orly Genger 1993 Trust*   as beneficiary of  (YMG)

*Attorneys for Third Party Defendant David Broser*

So-Ordered: _____

Hon. Barbara Jaffe

5

ZEICHNER, ELLMAN & KRAUSE LLP          THE FREYBERG LAW GROUP

By: _____          By: _____
      Yoav M. Griver                                    Mark L. Freyberg
      Brian D. Leinbach                                 Mitchell Goldberg
      YGriver@zeklaw.com                            mfreyberg@freyberglaw.com
      BLeinbach@zeklaw.com                         mitchell@oglaw.net
      575 Lexington Avenue                           950 Third Avenue, 32nd Floor
      New York, New York 10022                   New York, New York 10022
      (212) 223-0400                                      (212) 754-9200

*Attorneys for Plaintiff Orly Genger, in her*          *Attorneys for Third Party Defendant*
*individual capacity and on behalf of the Orly*        *David Broser*
*Genger 1993 Trust*


So-Ordered: _____   BARBARA JAFFE
                                                                                      J.S.C.
      Hon. Barbara Jaffe

5389781.1/43419-00001

Page 1

1          SUPREME COURT OF THE STATE OF NEW YORK
2                    Index No. 109749/09
3      ORLY GENGER in her       :
       individual capacity      :        **CERTIFIED COPY**
4      and on behalf of the     :
       Orly Genger 1993         :
5      Trust (both in its       :
       individual capacity      :
6      and on behalf of D&K     :
       Limited Partnership),    :
7                               :
8              Plaintiff,       :
       -against-                :        DEPOSITION OF:
       ECF Case DALIA           :
9      GENGER, SAGI GENGER,     :        ORLY GENGER
       LEAH FANG, D&K GP        :
10     LLC, and TPR             :
       INVESTMENT               :
11     ASSOCIATES, INC.,        :
                                :
12             Defendants.      :
13     - - - - - - - - - - - - - - - -
14            VIDEOTAPED DEPOSITION OF ORLY GENGER
15            TRANSCRIPT of the stenographic notes
16     of the proceedings in the above-entitled
17     matter, as taken by and before
18     CAROLYN CHEVANCE, a Shorthand Reporter, and
19     Notary Public of the State of New Jersey, held
20     at the office of Morgan, Lewis & Bockius LLP, 101
21     Park Avenue, New York, New York, on October
22     25, 2013, commencing at 10:15 a.m.
23
24     Reporter: Carolyn Chevance
25     Job 66709

1

2   A P P E A R A N C E S:

3

4            ZEICHNER ELLMAN & KRAUSE

             BY:   YOAV GRIVER, ESQ.

5            575 Lexington Avenue

             New York, New York   10022

6            Attorneys for Plaintiff

7            MORGAN, LEWIS & BOCKIUS

             BY:   NICHOLAS SCHRETZMAN, ESQ.

8            101 Park Avenue

             New York, New York   10178

9            Attorneys for Defendant

10

11   Also present:

12

13   Dale Swindell, Videographer

14

15

16

17

18

19

20

21

22

23

24

25

1                    ORLY GENGER

2    attempted sale of TRI shares and the loss of her

3    trust control premium but she has not yet done

4    so", you then brought a -- you then brought that

5    lawsuit, correct?

6         A     Yes.

7         Q     And you brought that lawsuit as you

8    did this one, both individually and on behalf of

9    your trust; is that correct?

10        A     Just to be certain, if you want to

11   give me a copy of my Complaint if you're going to

12   ask me questions about that lawsuit.

13        Q     I'm not going to ask you many

14   questions about it, I promise.  Just whether you

15   brought those claims, if you can remember,

16   whether you brought them both as you did in this

17   action, whether you brought them individually and

18   on behalf of the Orly trust alleging injury to

19   you and injury to the trust?

20        A     Yes.

21        Q     You did.  You brought that claim

22   against the parties in this action, as Sagi and

23   TPR as well as the Trump Group?

24        A     Yes.

25        Q     And you since settled your claims

Page 94

1                         ORLY GENGER
2    against the Trump Group; is that correct?
3         A      I settled with the Trump Group.
4         Q      And you settled your claims that
5    you brought on your own behalf and on behalf of
6    the trust, correct?
7                 MR. GRIVER:  Objection,
8         mischaracterizes.  Objection, foundation.
9         Objection, mischaracterizes facts.
10        A      I settled on behalf of myself as an
11   individual.
12        Q      You did not settle the claims that
13   were brought on behalf of the trust?
14        A      Well, if there -- if the trustee of
15   my trust decides to file a complaint with the
16   Trumps regarding this matter they can.
17        Q      Sorry, the Complaint has already
18   been filed alleging these injuries to the trust,
19   right?
20        A      Correct.
21        Q      Your testimony today is that when
22   you settled your claims against the Trumps you
23   did not settle those claims on behalf of the
24   trust, is that right?
25                MR. GRIVER:  Can I have that back?

1                   ORLY GENGER

2              (The record was read.)

3              MR. GRIVER:  Objection, asked and

4         answered.

5         A    I settled with the Trumps on my

6    behalf as an individual.  Not -- I am not the

7    trustee of my trust.  So I couldn't settle with

8    them as a trustee of my trust.

9              If the trustee decides to pursue

10   this matter with the Trumps they can.

11        Q    So no consideration was paid to the

12   trust, is that correct?

13              MR. GRIVER:  Can I have the

14         question back?

15              (The record was read.)

16        Q    In connection with the settlement?

17              MR. GRIVER:  I'm going to object

18         because you are seeking a legal conclusion

19         from a lay witness.

20        Q    I will actually rephrase that.

21              No money was paid to the Orly trust

22   in exchange for the dismissal of the settlement

23   of claims, is that correct?

24              MR. GRIVER:  Let's go off the

25         record.  I'm going to say that the reason

# In The Matter Of:

*ARIE GENGER and ORLY GENGER*
*v.*
*SAGI GENGER*

---

## *ORLY GENGER - Vol. 1*
### *February 14, 2014*

---

**MERRILL CORPORATION**

**LegaLink, Inc.**

225 Vanck Street
10th Floor
New York, NY 10017
Phone: 212.557.7400
Fax: 212.692.9171

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

----------------------------------x

ARIE GENGER and ORLY GENGER, in her

individual capacity and on behalf of

the ORLY GENGER 1993 Trust,

                    Plaintiffs,

     -against-        Index No. 651089/2010

SAGI GENGER, TPR INVESTMENT ASSOCIATES,

INC., DALIA GENGER, THE SAGI GENGER

1993 TRUST, ROCHELLE FANG, Individually

and as Trustee of THE SAGI GENGER 1993

TRUST, GLENCLOVA INVESTMENT COMPANY, TR

INVESTORS, LLC, NEW TR EQUITY I, LLC,

NEW TR EQUITY II, LLC, JULES TRUMP,

EDDIE TRUMP, MARK HIRSCH, and

TRANS-RESOURCES, INC.,

                    Defendants.

----------------------------------x

                    February 14, 2014

                    10:17 a.m.


     Videotaped Deposition of ORLY GENGER,

taken by Defendants, pursuant to Notice, at

the offices of Morgan Lewis & Bockius LLP,

101 Park Avenue, New York, New York, before

ERIC J. FINZ, a Shorthand Reporter and

Notary Public within and for the State of

New York.

ORLY GENGER - 2/14/2014

```
 1
 2     A P P E A R A N C E S :
 3     ZEICHNER ELLMAN & KRAUSE LLP
       Attorneys for Plaintiff Orly Genger
 4         1211 Avenue of the Americas
           New York, New York 10036
 5
       BY:   YOAV M. GRIVER, ESQ.
 6           (ygriver@zeklaw.com)
 7           -AND-
 8     WACHTEL MISSRY
           885 Third Avenue
 9         New York, New York 10017
10     BY:   WALTER P. STASIUK, ESQ.
             (wstasiuk@wmllp.com)
11
12                                                    10:18:32
       MITCHELL SILBERBERG & KNUPP LLP
13     Attorneys for Plaintiff Arie Genger
           12 East 49th Street
14         New York, New York 10017
15     BY:   LAUREN J. WACHTLER, ESQ.
             (ljw@msk.com)
16
17                                                    10:17:51
       MORGAN LEWIS & BOCKIUS LLP
18     Attorneys for Defendants Sagi Genger and TPR
       Investment Associates
19         101 Park Avenue
           New York, New York 10178
20
       BY:   NICHOLAS SCHRETZMAN, ESQ.
21           (nschretzman@morganlewis.com)
                 -and-
22           JESSICA JOY, ESQ.
             (jjoy@morganlewis.com)
23
24
25
```

ORLY GENGER - 2/14/2014

```
 1
 2     A P P E A R A N C E S: (Continued)                10:18:02
 3     SKADDEN ARPS SLATE MEAGHER & FLOM LLP             10:18:05
       Attorneys for Defendants Glenclova
 4     Investment Company, TR Investors LLC, New TR      10:18:13
       Equity I LLC, New TR Equity II LLC,
 5     Trans-Resources, Mark Hirsch, Jules Trump
       and Eddie Trump
 6          One Rodney Square
            P.O. Box 636
 7          Wilmington, Delaware 19899
 8     BY:  DOUGLAS D. HERRMANN, ESQ.
            (douglas.herrmann@skadden.com)
 9
10                                                       10:18:19

       GOLDBERG SEGALLA LLP
11     Attorneys for William Dowd
            11 Martine Avenue
12          White Plains, New York 10606
13     BY:  BRIAN T. STAPLETON, ESQ.
            (bstapleton@goldbergsegalla.com)
14
15
16
       ALSO PRESENT:
17
            SAGI GENGER
18
            WILLIAM PACE, Videographer
19
20
21
22
23
24
25
```

ORLY GENGER - 2/14/2014

Page 70

| | | |
|---|---|---|
| 1 | ORLY GENGER | 12:10:49 |
| 2 | yes. | 12:10:51 |
| 3 | Q.    And you filed this complaint on | 12:10:56 |
| 4 | your behalf individually and on behalf of | 12:10:58 |
| 5 | your trust.  Is that correct? | 12:10:59 |
| 6 | A.    Yes. | 12:11:00 |
| 7 | Q.    And have you since settled your | 12:11:07 |
| 8 | claims against The Trump Group that you | 12:11:09 |
| 9 | brought in this action? | 12:11:13 |
| 10 | MR. HERRMANN:  Object to the | 12:11:14 |
| 11 | form of the question. | 12:11:16 |
| 12 | A.    I settled with the Trumps other | 12:11:24 |
| 13 | than with regards to my trust.  So I settled | 12:11:29 |
| 14 | with them as an individual. | 12:11:31 |
| 15 | Q.    So are you still suing them on | 12:11:33 |
| 16 | behalf of the trust? | 12:11:36 |
| 17 | A.    No.  I'm not currently suing | 12:11:43 |
| 18 | them on behalf of the trust. | 12:11:51 |
| 19 | Q.    So you aren't suing them in your | 12:12:00 |
| 20 | individual capacity or on behalf of the | 12:12:02 |
| 21 | trust; correct? | 12:12:04 |
| 22 | MR. GRIVER:  Can I have that | 12:12:06 |
| 23 | question read back, please. | 12:12:12 |
| 24 | (Record read as requested.) | 12:12:14 |
| 25 | A.    Correct. | |

# ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

YOAV M. GRIVER
(212) 826-5338
ygriver@zeklaw.com

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

August 17, 2015

**BY E-MAIL**

John Boyle, Esq.
Skadden, Arps, Slate,
  Meagher & Flom LLP
Four Times Square
New York, NY 10036

**John.Boyle@skadden.com**

### Arie Genger et al. v. Sagi Genger et al., Index No. 651089/10

Dear John:

As you know, this firm represents Orly Genger. On Friday, August 14, 2015, you filed an Affirmation with the Appellate Division, First Department, in connection with the above-referenced action that contained two related material misstatements. In Paragraph 5(b) of your Affirmation you state that "In June 2013, while the appeals were pending, the Trump Group settled with Orly, acting individually and for the Orly Trust." In Paragraph 10 you state "all of Orly's and the Orly Trust's claims against the Trump Group were resolved in the June 2013 Settlement and dismissed in connection with the Stipulation of Discontinuance." Both these statements are incorrect and misleading to the First Department. <u>We ask that you correct your two misstatements.</u>

As you may know, your statements are directly contradicted by the following (as well as contemporaneous 2013 correspondence and transcripts of proceedings):

1. <u>The unambiguous language of the June 2013 Settlement. ("CSA").</u> Orly settled only individually and as beneficiary; she did not settle Orly Trust claims. Indeed, the CSA expressly defines the Orly Trust as a non-settling party, CSA at 3, and the Orly Trust was not included in any release of claims. Emphasizing that the CSA does not release Orly Trust claims, the CSA directs Orly and the rest of the AG Group to take necessary actions to "cause the Orly Genger 1993 Trust to release any and all claims against the Trump Group Released Parties" in the future. <u>Id.</u> at 16. <em>A fortiori</em>, had the Orly Trust's claims been released in the CSA there would be no reason to include language about "causing" the release of Orly Trust claims in the future.

2. <u>The unambiguous language of the New York Supreme Court's So-Ordered Stipulation of Dismissal.</u> The So-Ordered Stipulation of Dismissal discontinued claims that Orly

Z E I C H N E R   E L L M A N   &   K R A U S E   LLP

John Boyle, Esq.
August 17, 2015
Page 2

brought individually and as beneficiary, but, like the CSA, did not dismiss Orly Trust claims (indeed, language dismissing Orly Trust claims was specifically removed). The Stipulation of Dismissal expressly left Orly Trust claims un-settled, and also lifted the injunctions that had heretofore prevented the Orly Trust from prosecuting its beneficial ownership claims to the Orly Trust TRI Shares in the earlier-filed Dalia Delaware action, so that the Orly Trust could prosecute its still-existing claims.

        3.    The Trump Group's August 2013 Settlement of Orly Trust claims in Delaware. On or about August 30, 2013, taking advantage of the fact that the CSA did not settle trust claims and the termination of the injunctions, the Trump Group settled the Orly Trust's claims in the Delaware courts, by entering into the "So-Ordered" August 30, 2013 Stipulation in the Delaware Chancery Court action that Dalia commenced on behalf of the Orly Trust. *A fortiori*, had the Orly Trust's claims been released in the CSA there would be no reason for you or your client to settle those same claims two months later.

        4.    Both the United States District Court and the New York County Supreme Court have recognized that the CSA did not settle the Orly Trust claims. See Genger v. Genger, 2015 U.S. Dist. LEXIS 649, *9-10 (S.D.N.Y. Jan. 5, 2015) ("The [June] 2013 Settlement Agreement does not waive any of the Orly Trust's claims."); 3/20/14 Decision and Order in this action at 4 ("in the [June 2013] settlement agreement, Orly stops short of releasing derivative claims").

        In light of the foregoing, please correct your material misstatements to the First Department. Thank you.

Sincerely yours,

Yoav M. Griver

YMG/asl

cc:  Paul D. Montclare
      Lauren J. Wachtler
      Brian T. Stapleton
      Desmond C.B. Lyons
      John Dellaportas
      Robert A. Meister
      Judith Lisa Bachman
      Ira Tokayer

# KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

ERIC D. HERSCHMANN
EHERSCHMANN@KASOWITZ.COM
212-506-1711

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO

September 28, 2015

**BY EMAIL**

Thomas J. Allingham II, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
Wilmington, Delaware 19899

John Boyle, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 198999

Re:   *June 16, 2013 Confidential Settlement Agreement between the*
*Trump Group and the AG Group ("the Settlement Agreement")*

Counsel:

We represent Orly Genger. We have reviewed the various correspondence, court filings and decisions regarding the Settlement Agreement and do not intend to engage in a letter writing campaign. As we are sure you know, the Settlement Agreement has not been modified or amended and Judge Jaffe has not changed her prior rulings. Section 17 of the Settlement Agreement requires that all parties -- including Ms. Genger -- consent in writing to an amendment or modification of the agreement, and, to date, Ms. Genger has not provided her written consent to any such amendment or modification. No party can unilaterally amend the Agreement. Your latest conduct appears to be an attempt to make such unilateral modifications. Though Ms. Genger has released certain claims against the Trump Group by entering into the Settlement Agreement, she has not released claims against the Trump Group for a breach of the Settlement Agreement itself. We do not wish to engage in any further litigation with your clients, but if your conduct continues, we will have no choice but to do so. If you would like to discuss this matter further, please call me.

Sincerely,

*Eric D. Herschmann* /S.M.K.

Eric D. Herschmann

cc:   Yoav Griver, Esq. (by email)



# GRANTED

## IN THE COURT OF CHANCERY FOR THE STATE OF DELAWARE

| | |
|---|---|
| DALIA GENGER, as Trustee of the Orly Genger 1993 Trust, | : |
| Plaintiff, | : |
| v. | : |
| TR INVESTORS, LLC, GLENCLOVA INVESTMENT CO., NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC, TRANS-RESOURCES, INC., and TPR INVESTMENT ASSOCIATES, INC. | : |
| Defendants. | : |

C.A. No. 6906-CS

| | |
|---|---|
| TR INVESTORS, LLC, GLENCLOVA INVESTMENT CO., NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC, and TRANS-RESOURCES, INC., | : |
| Counterclaim and Crossclaim Plaintiffs, | : |
| v. | : |
| DALIA GENGER, as Trustee of the Orly Genger 1993 Trust, | : |
| Counterclaim Defendant, | : |
| and | : |
| TPR INVESTMENT ASSOCIATES, INC., | : |
| Crossclaim Defendant | : |

| | |
|---|---|
| TPR INVESTMENT ASSOCIATES, INC., Counterclaim and Crossclaim Plaintiff, | : |

v.                                              :
                                                :
DALIA GENGER, as Trustee of the                 :
Orly Genger 1993 Trust,                         :
                                                :
            Counterclaim Defendant,             :
                                                :
      and                                       :
                                                :
TR INVESTORS, LLC, GLENCLOVA                    :
INVESTMENT CO., NEW TR EQUITY I,               :
LLC, NEW TR EQUITY II, LLC, and                :
TRANS-RESOURCES, INC.,                          :
                                                :
            Crossclaim Defendant                :

---

## STIPULATION AND PROPOSED ORDER OF DISMISSAL

Plaintiff/Counterclaim Defendant Dalia Genger, as Trustee of the Orly Genger 1993 Trust (the "Trustee of the Orly Trust"), Defendants/Counterclaim and Crossclaim Plaintiffs/Crossclaim Defendants TR Investors, LLC, Glenclova Investment Co., New TR Equity I, LLC, New TR Equity II, LLC and Trans-Resources, Inc. (collectively, the "Trump Group") and Defendant/Counterclaim and Crossclaim Plaintiff/Crossclaim Defendant TPR Investment Associates, Inc. ("TPR"), through the undersigned counsel, pursuant to Chancery Court Rules 41(a)(1)(ii) and 41(1)(c), hereby stipulate and agree as follows:

1. In the action styled *TR Investors, LLC, et al. v. Genger*, C.A. No. 3994-CS (the "3994 Action"), the Court found that (i) the transfers in October 2004 of Trans-Resources, Inc. ("Trans-Resources) stock out of TPR were in violation of the March 2001 Stockholders Agreement among Trans-Resources, TPR, TR Investors, LLC and Glenclova Investment Co., (ii) the transfers were void and the

stock reverted to TPR, and (iii) the Trump Group had the right to buy all of the improperly transferred Trans-Resources stock from TPR. These determinations and findings were essential to the Court's determinations and findings in the 3994 Action.

2. The Trump Group, having closed on the purchase of the so-called Orly Trust Shares (representing 1102.8 shares of Trans-Resources stock) pursuant to and under the terms of the Side Letter Agreement between TPR and the Trump Group entered into in August 2008, as was the Trump Group's right under that agreement, owns, for all purposes, all right, title and interest (beneficially, of record and otherwise) to the shares of Trans-Resources purportedly transferred by TPR to the Orly Genger 1993 Trust. As a result, the Trump Group owns, for all purposes, all right, title and interest (beneficially, of record and otherwise) to all authorized and issued shares of Trans-Resources.[1]

3. The $10,314,005 plus accrued interest in proceeds from the sale referenced in paragraph 2 above currently held in escrow (the "Sale Proceeds") shall remain in escrow, pursuant to that Escrow Agreement between and among all of the parties hereto, Orly Genger, as beneficiary of the Orly Trust, and Pedowitz & Meister LLP, as escrow agent, until such time as a court in New York shall direct the disposition of the Sale Proceeds, or as the parties to such Escrow Agreement shall otherwise jointly agree, provided that the escrow agent may interplead the Sale

---

[1] This amount equals 5,676.4428 Trans-Resources shares and includes all of the shares that were determined to be owned by the Trump Group in the 3994 Action, in the action captioned *TR Investors v. Genger*, C.A. No. 6697-CS (Del. Ch.) and that are the subject of the above-captioned litigation.

Proceeds into a court in New York at any time. Upon the so-ordering of paragraphs 1-2 above concerning beneficial ownership, the Trump Group shall disclaim any and all claims to the Sale Proceeds and any and all rights under the Escrow Agreement. Nothing herein shall constitute an adjudication of any claim for monetary damages pending in any other Court.

4. The claims brought on behalf of the Orly Genger 1993 Trust by the Trustee of the Orly Trust against the Trump Group are dismissed with prejudice and the claims brought by the Trump Group against the Orly Trust and TPR are dismissed with prejudice.

5. The claims brought by TPR for the Sale Proceeds against the Trustee of the Orly Trust and the Trump Group have already been dismissed without prejudice.

6.  Each party shall bear its own costs.

/s/ *Thomas J. Allingham*
Thomas J. Allingham II (I.D. No. 476)
Anthony W. Clark (I.D. No. 2015)
Douglas D. Herrmann (I.D. No. 4872)
Amy C. Huffman (I.D. No. 5022)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636
(302) 651-3000

/s/ *Colm F. Connolly*
Colm F. Connolly (I.D. No. 3151)
Amy M. Dudash (#5741)
MORGAN, LEWIS & BOCKIUS LLP
The Nemours Building
1007 North Orange Street
Suite 501
Wilmington, Delaware 19801
(302) 574-3000

*Attorneys for TR Investors, LLC, Glenclova Investment Co., New TR Equity I, LLC, New TR Equity II, LLC, and Trans-Resources, Inc.*

*Attorneys for TPR Investment Associates, Inc.*

/s/ *Jeremy D. Anderson*
Jeremy D. Anderson (I.D. No. 4515)
Joseph B. Warden (I.D. No. 5401)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, Delaware  19899

*Attorneys for Dalia Genger, as Trustee of the Orly Genger 1993 Trust*

IT IS SO ORDERED this _____ day of _____, 2013.

_____
Chancellor Leo E. Strine, Jr.

**This document constitutes a ruling of the court and should be treated as such.**

| | |
|---|---|
| **Court:** | DE Court of Chancery Civil Action |
| **Judge:** | Leo E Strine |
| **File & Serve Transaction ID:** | 53943155 |
| **Current Date:** | Aug 30, 2013 |
| **Case Number:** | 6906-CS |
| **Case Name:** | Genger, Dalia vs T R Investors LLC |
| **Court Authorizer:** | Strine, Leo E |

/s/ **Judge Strine, Leo E**

# FISH & RICHARDSON P.C.

17ᵀᴴ FLOOR
222 DELAWARE AVENUE
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Jeremy D. Anderson
302 778-8452

Email
janderson@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

August 9, 2013

**ATLANTA**

**AUSTIN**

**BOSTON**

**DALLAS**

**DELAWARE**

**HOUSTON**

**MUNICH**

**NEW YORK**

**SILICON VALLEY**

**SOUTHERN CALIFORNIA**

**TWIN CITIES**

**WASHINGTON, DC**

*Via LexisNexis File & ServeXpress and
Hand Delivery*

The Hon. Leo E. Strine, Jr.
Chancellor
COURT OF CHANCERY
New Castle County Courthouse
500 North King Street, Suite 1551
Wilmington, DE 19801

Re:   *Dalia Genger, as Trustee of the Orly Genger 1993 Trust v.
      TR Investors, LLC, et al.*, C.A. No. 6906-CS

Dear Chancellor Strine:

During the status conference with the Court on August 1, 2013, Your Honor ordered me to confer with Dalia Genger regarding her willingness to agree to settle the above-captioned case. Having done so, I can report back to the Court that Dalia desires to settle this action. However, as trustee of the Orly Genger Trust, Dalia needs to understand Orly's position regarding the Trust's beneficial ownership of the shares, particularly in light of preliminary injunctions issued by the New York courts.

We have reason to believe that Orly's position was disclosed in a Settlement Agreement with the Trump Group in one of the New York cases, but the Trustee has not been provided a copy of that agreement. While the Settlement Agreement apparently was made confidential by the parties, Mr. Allingham represented to the Court that the Trump Group is willing to produce the agreement if so ordered. Once the Trustee understands Orly's position, she will be in a position to conclude whether to agree that the shares of Trans-Resources stock transferred by TPR to the Orly Genger 1993 Trust are beneficially owned by the Trump Group.

Alternatively, if Orly gives the Trustee written consent to sign the enclosed stipulation of dismissal, the Trustee will immediately execute the stipulation in the form attached. Counsel for Dalia, TPR and the Trump Group discussed the best way to approach Orly to get her written consent to the stipulation of dismissal and decided that Mr. Allingham, given that he settled one of the New York cases with Orly, should be the intermediary. While Orly has not yet provided her written consent, it is

FISH & RICHARDSON P.C.

The Hon. Leo E. Strine, Jr.
August 9, 2013
Page 2

my understanding from Mr. Allingham that Orly intends to submit a letter to the
Court – on which I expect that she will copy Dalia – regarding her position as to the
stipulation of dismissal.

Respectfully yours,

/s/ Jeremy D. Anderson

Jeremy D. Anderson
Delaware Bar No. 4515

JDA/phb
Enclosure – form of Stipulation of Dismissal

Cc (w/encls.) (*via LexisNexis File & ServeXpress*):
     Thomas J. Allingham II (DE Bar #476)
     Douglas D. Herrmann (DE Bar #4872)
     Colm F. Connolly (DE Bar #3151)
     Amy M. Dudash (DE Bar #5741)

# PEDOWITZ & MEISTER, LLP

570 LEXINGTON AVENUE, 18TH FLOOR
NEW YORK, NEW YORK 10022
212-403-7333
212-354-6614 (FAX)
www.pedowitzmeister.com

ARNOLD H. PEDOWITZ
ROBERT A. MEISTER

KAREN KRANSON
MARISA H. WARREN

JORDAN A. LaVINE    OF COUNSEL

212.403.7330 voice
robert.meister@pedowitzmeister.com

August 13, 2013

NEW JERSEY OFFICE

285 OLD SHORT HILLS ROAD
SHORT HILLS, N.J. 07078

**VIA UPS Overnight**

Yoav Griver, Esq.
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, New York 10022

Ralph Hochberg, Esq.
Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP
1065 Avenue of the Americas
New York, NY 10018

William Wachtel, Esq.
Wachtel Missry LLP
885 Second Avenue
New York, NY 10017

Re:   *In Matter of Application of Orly Genger for removal of Dalia Genger at Trustee of The Orly Genger 1993 Trust u/a Arie Genger*, Surg. Ct, N. Y. Co.  File no 0017/2008

*Arie Genger and Orly Genger, in her individual capacity and on behalf of the ORLY GENGER 1993 TRUST v. Sagi Genger et al.,* Supreme Court, New York County index no. 651089/2010

Dear Yoav, Ralph and Bill:

As counsel for Dalia Genger, as Trustee of the Orly Genger 1993 Trust, we notify you, as counsel for Orly Genger, that the Trustee received the attached proposed Stipulation of Dismissal of the action *Dalia Genger, as Trustee of the Orly Genger 1993 Trust v. TR Investors, LLC, et al.,* Del. Chancery Ct. C.A. No. 6906-CS, which if signed and filed would eliminate any claim that the Orly Genger 1993 Trust has any ownership interest in shares of Trans-Resources, Inc., and she is considering signing it.  I refer to the proposed Stipulation for all its terms.

Cordially,

Robert A. Meister

Encl.

## IN THE COURT OF CHANCERY FOR THE STATE OF DELAWARE

| | |
|---|---|
| DALIA GENGER, as Trustee of the Orly Genger 1993 Trust, | : |
| | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| TR INVESTORS, LLC, GLENCLOVA INVESTMENT CO., NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC, TRANS-RESOURCES, INC., and TPR INVESTMENT ASSOCIATES, INC. | : |
| | : |
| | : |
| | : |
| | : |
| Defendants. | : |

C.A. No. 6906-CS

| | |
|---|---|
| TR INVESTORS, LLC, GLENCLOVA INVESTMENT CO., NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC, and TRANS-RESOURCES, INC., | : |
| | : |
| | : |
| | : |
| Counterclaim and Crossclaim Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| DALIA GENGER, as Trustee of the Orly Genger 1993 Trust, | : |
| | : |
| Counterclaim Defendant, | : |
| | : |
| and | : |
| | : |
| TPR INVESTMENT ASSOCIATES, INC., | : |
| | : |
| Crossclaim Defendant | : |

| | |
|---|---|
| TPR INVESTMENT ASSOCIATES, INC., Counterclaim and Crossclaim Plaintiff, | : |
| | : |
| | : |

v.                                          :

DALIA GENGER, as Trustee of the            :
Orly Genger 1993 Trust,                    :
                                           :
           Counterclaim Defendant,         :
                                           :
    and                                    :
                                           :
TR INVESTORS, LLC, GLENCLOVA              :
INVESTMENT CO., NEW TR EQUITY I,           :
LLC, NEW TR EQUITY II, LLC, and            :
TRANS-RESOURCES, INC.,                     :
                                           :
           Crossclaim Defendant            :

---

## STIPULATION OF DISMISSAL

Plaintiff/Counterclaim Defendant Dalia Genger, as Trustee of the Orly Genger 1993 Trust (the "Trustee of the Orly Trust"), Defendants/Counterclaim and Crossclaim Plaintiffs/Crossclaim Defendants TR Investors, LLC, Glenclova Investment Co., New TR Equity I, LLC, New TR Equity II, LLC and Trans-Resources, Inc. (collectively, the "Trump Group") and Defendant/Counterclaim and Crossclaim Plaintiff/Crossclaim Defendant TPR Investment Associates, Inc. ("TPR"), through the undersigned counsel, pursuant to Chancery Court Rules 41(a)(1)(ii) and 41(1)(c), hereby stipulate and agree as follows:

1. In the action styled *TR Investors, LLC, et al. v. Genger*, C.A. No. 3994-CS (the "3994 Action"), the Court found that (i) the transfers in October 2004 of Trans-Resources, Inc. ("Trans-Resources) stock out of TPR were in violation of the March 2001 Stockholders Agreement among Trans-Resources, TPR, TR Investors, LLC and Glenclova Investment Co., (ii) the transfers were void and the stock reverted to TPR, and (iii) the Trump Group had the right to buy all of the improperly transferred Trans-Resources stock from TPR.

These determinations and findings were essential to the Court's determinations and findings in the 3994 Action.

2.  The Trump Group, having closed on the purchase of the so-called Orly Trust Shares (representing 1102.8 shares of Trans-Resources stock) pursuant to and under the terms of the Side Letter Agreement between TPR and the Trump Group entered into in August 2008, as was the Trump Group's right under that agreement, owns, for all purposes, all right, title and interest (beneficially, of record and otherwise) to the shares of Trans-Resources purportedly transferred by TPR to the Orly Genger 1993 Trust.  As a result, the Trump Group owns, for all purposes, all right, title and interest  (beneficially, of record and otherwise) to all authorized and issued shares of Trans-Resources.[1]

3.  The $10,314,005 plus accrued interest in proceeds from the sale referenced in paragraph 2 above currently held in escrow  (the "Sale Proceeds") shall remain in escrow, pursuant to that Escrow Agreement between and among all of the parties hereto, Orly Genger, as beneficiary of the Orly Trust, and Pedowitz & Meister LLP, as escrow agent, until such time as the parties to such Escrow Agreement jointly agree on the disposition of the Sale Proceeds, or as a court in New York shall otherwise direct.

4.  The claims brought on behalf of the Orly Genger 1993 Trust by the Trustee of the Orly Trust against the Trump Group are dismissed with prejudice and the claims brought by the Trump Group against the Orly Trust and TPR are dismissed with prejudice.

---

[1] This amount equals 5,676.4428 Trans-Resources shares and includes all of the shares that were determined to be owned by the Trump Group in the 3994 Action, in the action captioned *TR Investors v. Genger*, C.A. No. 6697-CS (Del. Ch.) and that are the subject of the above-captioned litigation.

5. The claims brought by TPR for the Sale Proceeds against the Trustee of the Orly Trust and the Trump Group are dismissed without prejudice.

6. Each party shall bear its own costs.

/s/_____
Thomas J. Allingham II (I.D. No. 476)
Anthony W. Clark (I.D. No. 2015)
Douglas D. Herrmann (I.D. No. 4872)
Amy C. Huffman (I.D. No. 5022)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636
(302) 651-3000

*Attorneys for TR Investors, LLC, Glenclova Investment Co., New TR Equity I, LLC, New TR Equity II, LLC, and Trans-Resources, Inc.*

/s/_____
Colm F. Connolly (I.D. No. 3151)
Amy M. Dudash (#5741)
MORGAN, LEWIS & BOCKIUS LLP
The Nemours Building
1007 North Orange Street
Suite 501
Wilmington, Delaware 19801
(302) 574-3000

*Attorneys for TPR Investment Associates, Inc.*

/s/_____
Jeremy D. Anderson (I.D. No. 4515)
Joseph B. Warden (I.D. No. 5401)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, Delaware  19899

*Attorneys for Dalia Genger, as Trustee of the Orly Genger 1993 Trust*

IT IS SO ORDERED this _____ day of _____, 2013.

_____
Chancellor Leo E. Strine, Jr.

720047-WILSR01A - MSW

# ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK  10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT  06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ  07068
(973) 618-9100
FAX: (973) 364-9960

YOAV M. GRIVER
(212) 826-5338
ygriver@zeklaw.com

August 16, 2013

**BY EMAIL**

Robert Meister, Esq.
Pedowitz & Meister LLP
570 Lexington Avenue
New York, NY 10022
**robert.meister@pedowitzmeister.com**

**Dalia Delaware Action**

Dear Robert:

   I received your August 13, 2013 letter with the attached proposed stipulation of dismissal.  I also have a copy of Dalia Genger's August 9, 2013 letter to the Delaware Chancery Court in which she represented that she would not sign the stipulation unless and until "Orly gives the Trustee written consent to sign" it.

   As currently written, the stipulation is unacceptable to Orly.

   I ask that you specifically confirm, by close of business on Monday August 19, 2013, that Dalia will not sign any form of stipulation absent Orly's review and written consent to same.  Thank you.

   Please feel free to call me if you have any questions.

       Sincerely yours,

       Yoav M. Griver

# WACHTEL MISSRY LLP

ONE DAG HAMMARSKJOLD PLAZA
885 SECOND AVENUE
NEW YORK, NEW YORK 10017

EUROPEAN OFFICE
VIA PIER CAPPONI, 19
FLORENCE, ITALY 50132
TELEPHONE: (39) (055) 5048366
FACSIMILE: (39) (055) 5031698

WILLIAM B. WACHTEL
PARTNER
DIRECT DIAL: (212) 909-9595
DIRECT FAX: (212) 909-9450
wachtel@wmllp.com

TELEPHONE: (212) 909-9500
FACSIMILE: (212) 371-0320

CALIFORNIA OFFICE
2030 MAIN STREET, 12TH FLOOR
IRVINE, CA 92614
TELEPHONE: (949) 660-8824
FACSIMILE: (949) 679-4841

August 26, 2013

The Honorable Leo E. Strine, Jr.
Chancellor
Court of Chancery
New Castle County Courthouse
500 North King Street, Suite 11400
Wilmington, Delaware 19801

Re:   Dalia Genger as Trustee v. TR Investors, LLC, et al.
      Civil Action No. 6906-CS

Dear Chancellor Strine:

We are counsel to Orly Genger in various actions pending in the State of New York. We write to follow up on certain matters we addressed in our letter to your Honor dated August 12, 2013:

1.      We note that Dalia Genger's August 16 Status Report to your Honor stated that she would not resign as Trustee of the Orly Genger Trust, but would not give a reason. For the reasons discussed in our prior letter, we can only conclude that her motivation is to continue to help her son Sagi to the detriment of her daughter Orly, the beneficiary of the Orly Trust. That help is designed to assist Sagi in his ongoing efforts to take for his own benefit the proceeds of the sale of both the Arie Shares and the Orly Shares (what your Honor referred to as "winning the Powerball").

2.      Dalia's August 23 Status report incompletely describes certain discussions between our office and Dalia's New York counsel. In an effort to facilitate the resolution of the matters pending before your Honor, we reviewed the draft Stipulation which the parties to this case had drafted, which would dismiss with prejudice the claims between the Orly Trust and the Trump Group, and dismiss without prejudice TPR's claim to the proceeds of that sale (the "Sale Proceeds"). We were told (as was the Court) by Dalia's New York counsel that Dalia would not

The Honorable Leo E. Strine, Jr.
August 22, 2013
Page 2 of 2

execute the Stipulation without Orly's consent.   We requested certain revisions to the Stipulation, including an explicit recital that this Court had made no findings as to the ownership of the Sale Proceeds, an issue which would be adjudicated in New York.  The Trump Group agreed to modify the Stipulation as we requested, and we had every reason to believe that Dalia would consent as well, because we modified the draft Stipulation to accommodate Dalia's counsel's concerns. Dalia's counsel suddenly told us in the middle of last week that Dalia needed more time to consider the issue. Over this past weekend, Dalia's counsel  told us that the language we had proposed was not acceptable to TPR (*i.e.,* to Sagi). Dalia's counsel has not articulated any other reason why our proposed language is no longer acceptable to Dalia, and we believe that it accommodates both Dalia's concerns and the needs of the Trumps. (A copy of the draft Stipulation is enclosed for your Honor's convenience.)

Orly's counsel remains available to the Court if we can assist in any way in resolving this matter.

Respectfully yours,

William B. Wachtel

Cc(w/ encl): Jeremy D. Anderson, Esq.
Thomas Allingham III, Esq.
Amy M. Dudash, Esq.
John Dellaportas, Esq.

1163599.1

## IN THE COURT OF CHANCERY FOR THE STATE OF DELAWARE

DALIA GENGER, as Trustee of the :
Orly Genger 1993 Trust, :
 :
   Plaintiff, :
  v. :
 :
TR INVESTORS, LLC, GLENCLOVA :
INVESTMENT CO., NEW TR EQUITY I, :
LLC, NEW TR EQUITY II, LLC, :
TRANS-RESOURCES, INC., and :
TPR INVESTMENT ASSOCIATES, INC. :
 :
   Defendants. :
            C.A. No. 6906-CS
_____
 :
TR INVESTORS, LLC, GLENCLOVA :
INVESTMENT CO., NEW TR EQUITY I, :
LLC, NEW TR EQUITY II, LLC, and :
TRANS-RESOURCES, INC., :
 :
   Counterclaim and Crossclaim :
   Plaintiffs, :
  v. :
 :
DALIA GENGER, as Trustee of the :
Orly Genger 1993 Trust, :
 :
   Counterclaim Defendant, :
 :
  and :
 :
TPR INVESTMENT ASSOCIATES, INC., :
 :
   Crossclaim Defendant :

_____

TPR INVESTMENT ASSOCIATES, INC., :
   Counterclaim and Crossclaim :
   Plaintiff, :
 :

v.                                          :
                                            :
DALIA GENGER, as Trustee of the            :
Orly Genger 1993 Trust,                    :
                                            :
      Counterclaim Defendant,           :
                                            :
   and                                  :
                                            :
TR INVESTORS, LLC, GLENCLOVA              :
INVESTMENT CO., NEW TR EQUITY I,          :
LLC, NEW TR EQUITY II, LLC, and           :
TRANS-RESOURCES, INC.,                     :
                                            :
      Crossclaim Defendant              :

---

## STIPULATION OF DISMISSAL

Plaintiff/Counterclaim Defendant Dalia Genger, as Trustee of the Orly Genger 1993 Trust (the "Trustee of the Orly Trust"), Defendants/Counterclaim and Crossclaim Plaintiffs/Crossclaim Defendants TR Investors, LLC, Glenclova Investment Co., New TR Equity I, LLC, New TR Equity II, LLC and Trans-Resources, Inc. (collectively, the "Trump Group") and Defendant/Counterclaim and Crossclaim Plaintiff/Crossclaim Defendant TPR Investment Associates, Inc. ("TPR"), through the undersigned counsel, pursuant to Chancery Court Rules 41(a)(1)(ii) and 41(1)(c), hereby stipulate and agree as follows:

1. In the action styled *TR Investors, LLC, et al. v. Genger*, C.A. No. 3994-CS (the "3994 Action"), the Court found that (i) the transfers in October 2004 of Trans-Resources, Inc. ("Trans-Resources) stock out of TPR were in violation of the March 2001 Stockholders Agreement among Trans-Resources, TPR, TR Investors, LLC and Glenclova Investment Co., (ii) the transfers were void and the stock reverted to TPR, and (iii) the Trump Group had the right to buy all of the improperly transferred Trans-Resources stock from TPR.

These determinations and findings were essential to the Court's determinations and findings in the 3994 Action.

2.   The Trump Group, having closed on the purchase of the so-called Orly Trust Shares (representing 1102.8 shares of Trans-Resources stock) pursuant to and under the terms of the Side Letter Agreement between TPR and the Trump Group entered into in August 2008, as was the Trump Group's right under that agreement, owns, for all purposes, all right, title and interest (beneficially, of record and otherwise) to the shares of Trans-Resources purportedly transferred by TPR to the Orly Genger 1993 Trust.  As a result, the Trump Group owns, for all purposes, all right, title and interest  (beneficially, of record and otherwise) to all authorized and issued shares of Trans-Resources.[1]

3.   Nothing  contained  herein  shall  be  construed  in  any  manner  whatsoever  as  a determination, directly  or  indirectly,  as  to  which  party  or  parties  have  a  beneficial interest in, and/or entitlement or right to,  the proceeds paid by the Trump Group pursuant to             the             Side             Letter             Agreement.


4.   The $10,314,005 plus accrued interest in proceeds from the sale referenced in paragraph 2 above currently held in escrow  (the "Sale Proceeds") shall remain in escrow, pursuant to that Escrow Agreement between and among all of the parties hereto, Orly Genger, as beneficiary of the Orly Trust, and Pedowitz & Meister LLP, as escrow agent, until such time as the parties to such Escrow Agreement jointly agree on the disposition of the Sale

---

[1]  This amount equals 5,676.4428 Trans-Resources shares and includes all of the shares that were determined to be owned by the Trump Group in the 3994 Action, in the action captioned *TR Investors v. Genger*, C.A. No. 6697-CS (Del. Ch.) and that are the subject of the above-captioned litigation.

Proceeds, or as a court in New York shall otherwise direct, provided that the escrow

agent may interplead the Sales Proceeds into such a court.

.

5.  The claims brought on behalf of the Orly Genger 1993 Trust by the Trustee of the Orly

    Trust against the Trump Group are dismissed with prejudice and the claims brought by

    the Trump Group against the Orly Trust and TPR are dismissed with prejudice.

6.  The claims brought by TPR for the Sale Proceeds against the Trustee of the Orly Trust

    and the Trump Group are dismissed without prejudice.

7.  Each party shall bear its own costs.

/s/_____
Thomas J. Allingham II (I.D. No. 476)
Anthony W. Clark (I.D. No. 2015)
Douglas D. Herrmann (I.D. No. 4872)
Amy C. Huffman (I.D. No. 5022)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636
(302) 651-3000

*Attorneys for TR Investors, LLC, Glenclova
Investment Co., New TR Equity I, LLC,
New TR Equity II, LLC, and Trans-
Resources, Inc.*

/s/_____
Jeremy D. Anderson (I.D. No. 4515)
Joseph B. Warden (I.D. No. 5401)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, Delaware  19899

*Attorneys for Dalia Genger, as Trustee of
the Orly Genger 1993 Trust*

/s/_____
Colm F. Connolly (I.D. No. 3151)
Amy M. Dudash (#5741)
MORGAN, LEWIS & BOCKIUS LLP
The Nemours Building
1007 North Orange Street
Suite 501
Wilmington, Delaware 19801
(302) 574-3000

*Attorneys for TPR Investment Associates,
Inc.*

IT IS SO ORDERED this _____ day of _____, 2013.

                                              _____

                                              Chancellor Leo E. Strine, Jr.



# 13 CIV 8243

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



| | |
|---|---|
| TPR INVESTMENT ASSOCIATES, INC., | **COMPLAINT** |
| Plaintiff, | Civil Action No. _____ |
| v. | **ELECTRONICALLY FILED** |
| PEDOWITZ & MEISTER LLP, as escrow agent, DALIA GENGER, as trustee of the Orly Genger 1993 Trust, and ORLY GENGER, as beneficiary of the Orly Genger 1993 Trust, | |
| Defendants. | |

Plaintiff TPR Investment Associates, Inc. ("TPR"), through its attorneys at Morgan, Lewis & Bockius LLP, by way of its Complaint against defendants Pedowitz & Meister LLP (the "Pedowitz firm"), as escrow agent, Dalia Genger ("Dalia"), as trustee of the Orly Genger 1993 Trust (the "Orly Trust"), and Orly Genger ("Orly"), as beneficiary of the Orly Genger 1993 Trust, hereby alleges as follows:

## SUMMARY OF CLAIM

1.     By this action, TPR seeks a permanent injunction directing the Pedowitz firm, as escrow agent, to release approximately $10.3 million in funds held in escrow, which funds belong to TPR as a result of its sale of shares in a company called Trans-Resources, Inc. ("TRI" and the "TRI Share Sale Proceeds"). All of the issues surrounding the ownership of the TRI Share Sale Proceeds have now been duly litigated, such that there are final judicial findings which conclusively establish TPR's entitlement to those funds. Because, however, Orly (as beneficiary of the Orly Trust) continues to claim those funds, the Pedowitz firm has declined to release the funds to TPR absent an order from a court of competent jurisdiction in the State of New York. Accordingly, TPR now brings this injunction action.

1

## PARTIES

2.      Plaintiff TPR is a Delaware corporation with its principal place of business in Greenwich, Connecticut.  In August 2008, TPR sold 1102.8 shares of common stock in TRI for approximately $10.3 million – the TRI Share Sale Proceeds at issue in this suit.

3.      Upon information and belief, defendant the Pedowitz firm is a New York limited liability partnership with its principal place of business in New York, New York.  The Pedowitz firm serves as escrow agent for the TRI Share Sale Proceeds.  Upon information and belief, the Pedowitz firm maintains the TRI Share Sale Proceeds in an escrow account at JP Morgan Chase Bank in New York, New York.

4.      Defendant Dalia is the sole trustee of the Orly Trust and resides in New York, New York.  The Orly Trust was created under a December 13, 1993 agreement among Arie Genger, Grantor, then residing in New York, New York, and the Orly Trust's original trustees, Lawrence M. Small and the late Sash A. Spenser, who are no longer its trustees.

5.      Upon information and belief, defendant Orly resides in New York, New York. She is the sole non-contingent beneficiary of the Orly Genger 1993 Trust.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the parties are diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because all of the defendants reside in this District, because a substantial part of the events giving rise to the claims in this proceeding occurred in this District, and because the property that is the subject of this action is situated in this District.

## FACTS

1.      In August 2008, TPR sold 1102.8 shares of common stock in TRI (the "TRI Shares") to a group of affiliated parties jointly referred to as the "Trump Group" for a sale price of approximately $10.3 million.  The sale transaction closed in February 2011.

2.      Because the Orly Trust claimed a beneficial ownership interest in the shares (based upon an earlier 2004 transfer of the TRI Shares to the Orly Trust, which transfer was adjudicated to be void under the TRI Stockholders' Agreement), the parties agreed to place the TRI Shares Proceeds in escrow.  In September 2010, the Trump Group entered into an Escrow Agreement with TPR, the Orly Trust, Orly, and the Pedowitz firm (the "Escrow Agreement"). Pursuant thereto, when the Trump Group closed on its purchase in February 2011, it caused $10,314,005 to be deposited in escrow with the Pedowitz firm.

3.      On August 11, 2011, the Pedowitz firm filed an interpleader action pursuant to 28 U.S.C. § 1135 in this Court, naming TPR, the Orly Trust, Orly Genger personally, and the Trump Group as parties to the action. *See Pedowitz & Meister LLP v. TPR Inv. Assocs., Inc., et al.*, 1:11-cv-05602, Doc. #1 (S.D.N.Y. Aug. 11, 2011).  The Pedowitz firm contended that two or more of TPR, the Orly Trust, Orly and the Trump Group were adverse claimants to the TRI Share Sale Proceeds, and consequently sought a determination as to which party was entitled to the funds.  The Pedowitz firm noted that, while no party to the September 1, 2010 Escrow Agreement had, as of then, demanded payment of escrowed funds, Orly, as beneficiary of the Orly Trust, had objected to any release of the funds without her consent.

4.      In connection with its interpleader complaint, the Pedowitz firm deposited the TRI Share Sale Proceeds in the amount of $10,332,779.82 with the Clerk of the District Court for the Southern District of New York.

3

5.     On June 14, 2012, this Court dismissed the Pedowitz firm's interpleader suit, because it found that the dispute actually concerned beneficial ownership over the underlying TRI Shares, rather than the TRI Share Sale Proceeds.  In doing so, this Court held:

> All potential claimants acknowledge that . . . <u>if the 2004 transfer of shares to . . . the Orly Trust is found to be invalid, then TPR had the right to sell the shares to the Trump Group, and TPR would be entitled to the interpleaded funds.</u>

Exh. A at 23. (*Glenclova Inv. Co. v. Trans-Resources, Inc. et al.*, 1:08-cv-07140-JFK, Doc. #164, *Pedowitz & Meister LLP v. TPR Inv. Assocs., Inc., et al.*, 1:11-cv-05602-JFK, Doc. #64 (S.D.N.Y. June 14, 2012) (J. Keenan) (emphasis added)).

6.     This Court further expressed "its stated preference that the question of beneficial ownership of the … [TRI] Shares be decided in a state court." *Id.* at 49.  As the Court explained: "either of the [Delaware and New York] state courts is well-equipped to do so, as each will be guided by the final judgment entered in Delaware." *Id.* at 33.  (As explained below, the Chancery Court in Delaware has since adjudicated beneficial ownership of the TRI Shares.)

7.     No appeals were taken from the June 14, 2012 Order by Orly or anyone else. Accordingly, that decision is now final.

8.     On June 28, 2012, this Court entered an order directing the Clerk to return the interpleaded funds from the registry of the Court with interest to the Pedowitz firm by a federal wire to JP Morgan Chase Bank, ABA routing # 021000021, for credit to account # 2984572582. *See Pedowitz & Meister LLP v. TPR Inv. Assoc.*, 1:11-cv-05602-JFK, Doc. #65 (S.D.N.Y. June 28, 2012).  Upon information and belief, the Pedowitz firm continues to hold the TRI Share Sale Proceeds in an escrow account at JP Morgan Chase Bank, NA.  On November 18, 2013, the firm advised that, with interest, the current account balance is $10,368,051.51.

9.     Shortly after the Pedowitz firm filed the above-referenced interpleader action in

4

this Court, on October 4, 2011, Dalia, as trustee of the Orly Trust, commenced a plenary action in Delaware Chancery Court against the Trump Group and TPR, seeking a declaration that the Orly Trust was the true beneficial owner of the TRI Shares. *See Dalia Genger v. TR Investors, LLC, et al.*, C.A. No. 6906-CS (Del. Ch.).

10.     On August 30, 2013, the Delaware Chancery Court entered a Stipulation and Order of Dismissal of that action, which determined that TPR was the beneficial ownership of the TRI Shares and had duly sold them to the Trump Group.  After soliciting and considering comments from Orly personally, that Court found as follows:

> 1. In the action styled *TR Investors, LLC, et al. v. Genger*, C.A. No. 3994-CS (the "3994 Action"), the Court found that (i) the transfers in October 2004 of [TRI] stock out of TPR [to, *inter alia*, the Orly Trust] were in violation of the March 2001 Stockholders Agreement among [TRI], TPR [and two members of the Trump Group] (ii) the transfers were void and the stock reverted to TPR, and (iii) the Trump Group had the right to buy all of the improperly transferred [TRI] stock from TPR.  These determinations and findings were essential to the Court's determinations and findings in the 3994 Action.

> 2. The Trump Group, having closed on the purchase of the [TRI] Shares (representing 1102.8 shares of [TRI] stock) pursuant to and under the terms of the Side Letter Agreement between TPR and the Trump Group entered into in August 2008, as was the Trump Group's right under that agreement, owns, for all purposes, all right, title and interest (beneficially, of record and otherwise) to the shares of [TRI] purportedly transferred by TPR to the Orly ... Trust.  As a result, the Trump Group owns, for all purposes, all right, title and interest (beneficially, of record and otherwise) to all authorized and issued shares of [TRI]. . . .

*See* Exh. B (*Dalia Genger v. TR Investors, LLC, et al.*, C.A. No. 6906-CS (Del. Ch. Aug. 30, 2013) (emphasis added).

11.     As noted above, this Court had previously held on June 14, 2012 that: "All potential claimants acknowledge that . . . if the 2004 transfer of shares to . . . the Orly Trust is found to be invalid, then TPR had the right to sell the shares to the Trump Group, and TPR would be entitled to the interpleaded funds."  Exh. A at 23 (emphasis added.)  Subsequent to that

5

ruling, the Delaware Chancery Court has now found that the 2004 transfer of the TRI Shares to the Orly Trust was void, and that the TRI Shares reverted to TPR, which in turn lawfully sold those shares to the Trump Group in 2008.

12.     Tellingly, Orly no longer challenges this transaction.  Rather, on June 19, 2013, Orly and the Trump Group, inter alia, stipulated and agreed as follows: "the Trump Group own, for all purposes, all right, title and interest (beneficially, of record and otherwise) to the shares of [TRI] purportedly transferred by TPR Investment Associates, Inc. in October 2004 to Arie and the Orly Genger 1993 Trust" (i.e., what is referred to herein as the TRI Shares).

13.     Nevertheless, Orly has since repudiated the finding of this Court in its June 14, 2012 Order that once beneficial ownership of the TRI Shares had been determined, that would necessarily also resolve ownership of the TRI Share Sale Proceeds.  Specifically, in an August 12, 2013 letter to the Delaware Chancery Court, Orly's counsel wrote that: "Orly has indeed settled all disputes between her and the Trump Group.  As part of that settlement, Orly has acknowledged  individually and in her capacity as the beneficiary of her trust that the Trump Group are the record and beneficial owners of the TRI shares which had been distributed to the Orly Trust. Orly has not, however, abandoned her claim to the proceeds of the sale of those shares against TPR and Sagi [Genger] ..." (emphasis added.)

14.     Orly's newly announced claim to the TRI Share Sale Proceeds is without basis. First, this Court has already adjudicated the claim against her, finding that the only two possible recipients of the TRI Share Sale Proceeds are the Trump Group (which has since disclaimed) and TPR.  Second, even had it not, Orly has contractually sworn off the claim.  Under §§ 2(b)(ii)-(iii) of the Escrow Agreement (which Orly executed as a beneficiary of the Orly Trust), Orly agreed that, in exchange for TPR's agreement to place the TRI Share Sale Proceeds in escrow, either the

Trump Group or TPR, and no one else, would ultimately receive the funds.

15.    Accordingly, all of the issues as to ownership of the TRI Shares and the accompanying TRI Share Sale Proceeds are now resolved.  Nevertheless, the TRI Share Sale Proceeds remain in escrow with the Pedowitz firm, based on Orly's continuing claim to those funds, until a Court in New York directs their disposition.  Specifically, the parties in Delaware stipulated and agreed, the Chancery Court ordered, as follows:

> 3. The $10,314,005 plus accrued interest in proceeds from the sale referenced in paragraph 2 above currently held in escrow ... shall remain in escrow, pursuant to that Escrow Agreement between and among all of the parties hereto, Orly Genger, as beneficiary of the Orly Trust, and Pedowitz & Meister LLP, as escrow agent, until such time as a court in New York shall direct the disposition of the [TRI Share] Sale Proceeds, or as the parties to such Escrow Agreement shall otherwise jointly agree, provided that the escrow agent may interplead the Sale Proceeds into a court in New York at any time. ...

*Id.* (emphasis added).

16.    Lastly, so as to make clear that nothing therein impacted the various monetary damage claims which the parties are asserting against one another in New York state court, the Stipulation and Order further provided that: "Nothing herein shall constitute an adjudication of any claim for monetary damages pending in any other Court."  There is no claim pending in any other Court seeking ownership of the TRI Share Sale Proceeds.  Orly is asserting common law monetary damage claims against TPR in New York state court, pursuant to a pleading which she jointly filed with her father, Arie Genger.  In its June 14, 2012 Order, however, this Court held, as to that very same pleading: "while Arie asserts a beneficial ownership in the underlying [TRI] shares, in no case does he have a claim against the interpleaded funds themselves. Instead, Arie's numerous counterclaims seek money damages for breach of fiduciary duties that are ancillary to, and beyond the scope of, the Skadden interpleader." Exh. B at 22.

17.    In light of the findings of both this Court and the Delaware Chancery Court

7

discussed above, on Monday morning, November 18, 2013, TPR contacted the Pedowitz firm, as escrow agent, and asked it to release the TRI Share Sale Proceeds to TPR. The Pedowitz firm declined to do so, absent written consent from all of the parties. In a submission filed with the New York State Supreme Court Appellate Division, First Department on November 13, 2013, however, Orly continues to take the position that the foregoing Court decisions "do not 'invalidate[]' Orly and the Orly Trust's claim to the $10.3 million" in TRI Share Sale Proceeds. Thus, no such consent will be forthcoming.

18.     TPR therefore now brings this suit to compel the Pedowitz firm to release to TPR the TRI Share Sale Proceeds. TPR also names hereto, as interested parties, (i) Orly, who is the only other claimant to the TRI Share Sale Proceeds, and (ii) the Orly Trust, through which Orly claims the proceeds "as beneficiary".[1]

## FIRST CAUSE OF ACTION
### Permanent Injunction

19.     TPR hereby incorporates by reference Paragraphs 1 through 18, as though fully set forth herein.

20.     As set forth above, TPR is entitled to the TRI Share Sale Proceeds currently held in the Escrow Account, because this Court has held that: "All potential claimants acknowledge that . . . if the 2004 transfer of shares to . . . the Orly Trust is found to be invalid, then TPR had the right to sell the shares to the Trump Group, and TPR would be entitled to the interpleaded funds." Orly was a party to the interpleader case in which that finding was made (which finding was necessary to the dismissal decision), and she took no appeal from it.

---

[1]     Paragraph 3 of the above-referenced August 30, 2013 Stipulation and Order of Dismissal entered by the Delaware Chancery Court further provides that: "Upon the so-ordering of paragraphs 1-2 above concerning beneficial ownership, the Trump Group shall disclaim any and all claims to the Sale Proceeds and any and all rights under the Escrow Agreement." As those paragraphs have been so-ordered, the Trump Group has disclaimed any interest in the TRI Share Sale Proceeds, and accordingly it is not named in this action.