New York County Surrogate's Court
MISCELLANEOUS DEPT.
OCT 2 0 2015
FILED
Clerk

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------X

In the Matter of the Application of ORLY GENGER, as a person interested, for the removal of DALIA GENGER, as Trustee of the Orly Genger 1993 Trust pursuant to SCPA §711(11)

-----------------------------------------------------------------X

File No. 0017/2008

**AFFIRMATION OF STEVEN RIKER, ESQ. IN OPPOSITION TO THE SAGI TRUST'S MOTION TO DISMISS**

STEVEN RIKER, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following to be true subject to the penalties of perjury:

1. I was appointed by an Order of the Hon. Nora S. Anderson to serve as the Guardian ad Litem of unborn children of Petitioner Orly Genger ("Orly") in this miscellaneous proceeding.

2. I submit this affirmation in opposition to the instant motion of the Sagi Genger 1993 Trust (the "Sagi Trust"), which seeks to dismiss Orly's Third Amended Verified Petition, dated October 15, 2012 (the "TAP").

## BACKGROUND

3. Orly is the primary beneficiary of an irrevocable inter vivos trust established by her father, Arie Genger ("Arie"), on or about December 13, 1993 (the "Orly Trust"). Orly seeks the removal of her mother, Dalia Genger ("Dalia"), as trustee of said Trust.

4. The Orly Trust provides for discretionary principal distributions to Orly for life, with the remainder to her descendants (i.e., my wards), or if she has no descendants, to a trust Arie established for the benefit of Orly's brother, Sagi Genger (the "Sagi Trust").

5. The Sagi Trust now seeks to dismiss the TAP on three grounds, namely that: 1) the TAP fails to state a valid claim for the removal of Dalia, as trustee; 2) the TAP is based upon

Orly's allegedly false statement concerning her lack of a relationship with the proposed successor trustee; and 3) Orly is allegedly exploiting this proceeding to delay the determination of Dalia's application for the return of $32.2 million to the Orly Trust that Orly received in settlement of an action in Supreme Court, New York County.

## DISCUSSION

A.  **Allegations in TAP**

6. Pursuant to the TAP (and the opposition papers submitted by Orly on this motion), Dalia has purportedly colluded with her son – Sagi – to loot the Orly Trust of its interests in two closely-held Genger family businesses – TPR Investment Associates, Inc. ("TPR") and Trans-Resources, Inc. ("TRI").

7. Dalia has purportedly engaged in such action as a form of retribution to her daughter, Orly, who took the side of her father, Arie, during his divorce from Dalia (while Sagi took the side of his mother, Dalia). As such, it is alleged that Dalia, in concert with Sagi, has breached her fiduciary duties as trustee of the Orly Trust.

8. By way of example and not limitation, it is alleged that Dalia failed to inform, and affirmatively concealed from, Orly, an alleged "sham" foreclosure sale by Sagi of the Orly Trust's stock interests in TPR. It is also alleged that Dalia attempted to dissipate the Orly Trust's TRI Shares by commencing a wasteful action that seeks declaratory relief with respect to the beneficial ownership of the Orly Trust's TRI Shares in the Delaware Chancery Court, notwithstanding that said court already ruled against the Orly Trust in holding that TPR is the beneficial owner of the Orly Trust's TRI Shares.

9. Additionally, it is alleged that Dalia entered into certain Secret Agreements (as

defined in the TAP) on behalf of the Orly Trust, without notice to Orly, and as such, has subjected the trust's assets to being foreclosed.

      B.    **The Liberal Construction to Be Afforded a Petition on a CPLR 3211 Motion**

      10.    It is axiomatic that on a motion to dismiss pursuant to CPLR 3211, the Surrogate must afford the petition a liberal construction and "determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 (1994)). "Whether a [petitioner] can ultimately establish [his or her] allegations is not part of the calculus" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19) (2005); *see also Lawrence v Graubard Miller*, 11 NY3d 588, 591 (2008)(holding that "[o]n a motion to dismiss a petition we, of course, must accept the facts alleged in the petition as true, petitioner must be afforded every possible favorable inference, and we must determine whether the facts alleged by petitioner fit within any cognizable legal theory")).

      11.    Affidavits submitted by a respondent will almost never warrant dismissal under CPLR 3211 unless they "establish conclusively that [petitioner] has no [claim or] cause of action" (*Lawrence v Graubard Miller*, 11 NY3d 588, 591 (2008)(*quoting Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 (1976)).

      C.    **The Sagi Trust Has Not Met its Burden of Proof on this Motion**

      12.    In light of this standard, it is respectfully submitted that The Sagi Trust has not met its burden of proof on this motion. The facts, as alleged by Orly, if true, would support a claim of, inter alia, breach of fiduciary duty. Additionally, it is respectfully submitted that the other grounds stated for dismissal of the TAP – based upon Orly's allegedly false statement concerning her lack of a relationship with the proposed successor trustee and her alleged

3

exploitation of this proceeding – do not bear on whether a claim has been stated in the TAP.

13. Indeed, given that the Court, on this motion, must accept the facts as alleged in the TAP as true, and that Orly must be afforded every possible favorable inference, the potential credibility issues raised on this motion do not provide a basis, at this juncture, for the dismissal of the TAP.

14. What's more, the support offered on the motion to dismiss by The Sagi Trust, which includes an attorney's affirmation and trial testimony, are of minimal, if any, probative value.

15. Indeed, it is well settled that an attorney's affidavit or affirmation that is not based upon personal knowledge of the facts has no probative value and should be disregarded (*Israelson v. Rubin*, 20 A.D.2d 668 (2nd Dep't 1964).

16. Furthermore, while the Sagi Trust does not specify the provision(s) of CPLR 3211 upon which its motion to dismiss is based, to the extent that it seeks to rely upon the transcript of trial testimony as documentary evidence, it should be noted that neither trial nor deposition testimony are considered documentary evidence within the intendment of CPLR §3211(a)(1) (*Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 271 (1st Dep't 2004).

17. Thus, it is respectfully submitted that the Sagi Trust has not proffered proper or sufficient evidence to "establish conclusively that [petitioner] has no [claim or] cause of action" (*Lawrence v Graubard Miller*, 11 NY3d 588, 591 (2008)(*quoting Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 (1976)).

D. **Further Reliance Upon Orly's Opposition Papers**

18. Notwithstanding the foregoing, I also respectfully submit that the issues posed on the instant motion have been sufficiently briefed by Orly (with whom my wards' share many of the same interests), and that my wards' interests are thereby adequately protected. Thus, in an effort to avoid duplication of effort, I will also respectfully rely upon the opposition papers and legal arguments advanced by Orly in her opposition papers to the Sagi Trust's instant motion to dismiss the TAP.

## CONCLUSION

19. Accordingly, for the foregoing reasons, your affiant respectfully submits that Orly has sufficiently pled facts in the TAP to establish a *prima facie* case for the removal of Dalia as trustee of the Orly Trust, and respectfully submits that the instant motion to dismiss the TAP should be denied.

Dated: New York, New York
       October 5, 2015

_____
STEVEN RIKER

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------X   File No. 2008-0017

Petition for a Decree Removing Dalia Genger as
Trustee of the Trust under Indenture of Trust dated
December 13, 1993 made by                                **AFFIRMATION OF**
                                                          **SERVICE**

    **ARIE GENGER**, as Grantor.

----------------------------------------------------------------X

I, STEVEN RIKER, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following subject to the penalties of perjury

On October 6, 2015, I served the within **AFFIRMATION OF STEVEN RIKER, ESQ. IN OPPOSITION TO THE SAGI TRUST'S MOTION TO DISMISS,** by 1) email upon counsel of record for the parties at their below email address designated for service in this proceeding, as well as by 2) depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to counsel of record at the address(es) set forth below:

TO:   John Dellaportas, Esq.                  Yoav M. Griver, Esq.
       Morgan Lewis & Bockius, LLP         Bryan D. Leinbach, Esq.
       Attorneys for Assaf Sternberg, Trustee  Zeichner Ellman & Krause, LLP
       101 Park Avenue                           Attorneys for Orly Genger
       New York, New York 10178             1211 Avenue of the Americas
       jdellaportas@morganlewis.com      New York, New York 10036
                                                    YGriver@zeklaw.com
                                                    BLeinbach@zeklaw.com

       Robert Meister, Esq.
       Pedowitz & Meister, LLP
       Attorneys for Dalia Genger, Trustee
       570 Lexington Avenue, 18th Floor
       New York, New York 10022
       robert.meister@pedowitzmeister.com

                                                    _____
                                                    STEVEN RIKER

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                           FILE NO. 2008-0017

---

Petition for a Decree Removing Dalia Genger as
Trustee of the Trust under Indenture of Trust dated
December 13, 1993 made by

      **ARIE GENGER**, as Grantor.

---

**AFFIRMATION OF STEVEN RIKER, ESQ.
IN OPPOSITION TO
THE SAGI TRUST'S MOTION TO DISMISS**

---

**STEVEN RIKER, ESQ.**
Guardian ad Litem
Law Office of Steven Riker
110 East 59th Street, 23rd Floor
New York, New York 10022
Tel No.: (212) 661-6410

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                    FILE NO. 2008-0017

Petition for a Decree Removing Dalia Genger as
Trustee of the Trust under Indenture of Trust dated
December 13, 1993 made by

    **ARIE GENGER**, as Grantor.

**AFFIRMATION OF STEVEN RIKER, ESQ.
IN OPPOSITION TO
THE SAGI TRUST'S MOTION TO DISMISS**

**STEVEN RIKER, ESQ.**
Guardian ad Litem
Law Office of Steven Riker
110 East 59th Street, 23rd Floor
New York, New York 10022
Tel No.: (212) 661-6410