SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------x
: 
In the Matter of the Application of ORLY : 
GENGER, as a person interested, for the removal : File No.: 0017/2008
of DALIA GENGER as Trustee of the Orly : 
Genger 1993 Trust pursuant to SCPA § 711(11) : 
:
:
------------------------------------------------------------x

New York County Surrogate's Court
MISCELLANEOUS DEPT.
NOV 0 4 2015
FILED
Clerk___

# THE SAGI GENGER 1993 TRUST'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS ORLY GENGER'S THIRD AMENDED VERIFIED PETITION

John Dellaportas, Esq.
Mary Pennisi, Esq.
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000

*Attorneys for The Sagi Genger 1993 Trust*

The Sagi Trust, the contingent remainderman beneficiary of the Orly Trust, respectfully submits this reply memorandum in further support of its motion to dismiss Orly's Petition.[1] In its opening motion papers, the Sagi Trust set forth three separate grounds why the Petition should be dismissed. <u>First</u>, the Petition is premised upon a false statement, made by Orly under penalty of perjury, concerning her proposed successor trustee. <u>Second</u>, Orly is exploiting this proceeding to misappropriate $32.3 million belonging to the Orly Trust. <u>Third</u>, Orly's Petition fails to state a valid claim for the removal of the Trustee. All three grounds are valid.

## I.

In response to the first ground, Orly now admits that Joel Isaacson, her proposed replacement trustee, is in fact her former "financial advisor." Orly Opp. Br. at 5. Yet in her Petition, Orly represented to this Court, under penalty of perjury, that: **"Mr. Isaacson is not acquainted with any members of the Genger family …."** Dellaportas Aff. Exh. B, p. 31 ¶ 96 (emphasis added). Apparently, the Sagi Trust did not understand the meaning of the word "acquainted" which, in Orly-speak, only refers to a "social relationship." Orly Opp. Br. at 15. We will leave it to Your Honor as to whether that comports with the Court's understanding of the term. Certainly, Orly cites no dictionary definition limiting "acquainted" to just social relationships. The one dictionary she does cite, www.dictionary.com, lists as its primary definition of "acquainted" the following: "having personal knowledge as a result of … experience, *etc.*; informed …." http://dictionary.reference.com/browse/acquainted?s=ts. In other words, even assuming Orly used www.dictionary.com for her Petition, Mr. Isaascon was plainly acquainted with Orly, and indeed all of the other members of the Genger family, and Orly's sworn statement to the contrary was plainly, and materially, false.

---

[1] All capitalized terms retain the definitions from the Sagi Trust's opening papers.

-1-

Orly also argues that the Court of Appeals' decision in *CDR Creances S.A.S. v. Cohen*, 23 N.Y.3d 307 is inapplicable here because fraud on the court requires perjury. Orly's sworn statement about Mr. Isaacson was perjurious. N.Y. PEN. LAW § 210.15 ("A person is guilty of perjury in the first degree when he swears falsely and when his false statement (a) consists of testimony, and (b) is material to the action, proceeding or matter in which it is made."). First, whatever dictionary one uses, the statement was false. Second, whether or not Mr. Isaacson is acquainted with Orly plainly goes to his "independence," which even Orly concedes is a material issue in the case. *See* Orly Opp. Br. at 15. That Mr. Isaacson was actually Orly's personal financial advisor was a material fact about her proposed trustee that Orly should have shared with the Court. Having failed to do so, her Petition should be struck.

## II.

In response to the Sagi Trust's second ground for dismissal, Orly does her best to confuse the Court with a convoluted, and grossly misleading, tour through various Genger litigations in various jurisdictions. Your Honor need not take that tour.

The facts here are simple and straightforward. In 2010, Orly – acting "on behalf of the Orly Trust as the beneficiary of the Orly Trust" – filed a lawsuit entitled *Arie Genger et al. v. Sagi Genger et al.,* Index No. 651089/2010 against, *inter alia,* a group of investors called the "Trump Group." Dellaportas Aff. Exh. J. In 2013, Orly settled that lawsuit, such that those claims are no more, having been dismissed by the Supreme Court <u>with prejudice</u>. *See* Index No. 651089/2010 NYSCEF Doc. No. 1153. Pursuant to that Settlement Agreement, Orly and her cronies will ultimately get <u>$32.3 million</u> while the Orly Trust will get <u>nothing</u>; indeed, Orly added into the Agreement a provision <u>prohibiting</u> the Orly Trust from receiving any portion of those proceeds. *Id.* at 17. Thus, the Trust has been robbed of $32.3 million.

The current Trustee, Dalia Genger, is valiantly trying to recover at least a portion of the

misappropriated funds for the Orly Trust. Dellaportas Aff. Exh. F. Orly, in turn, is opposing the Trustee's efforts on two fronts. In <u>this</u> Court, she is trying to replace Dalia with her personal financial advisor, Mr. Isaacson, who – as the prospective next trustee of the Orly Trust – apparently takes no issue with Orly's diversion of $32.3 million in Trust assets. Meanwhile, in the <u>Supreme</u> Court, Orly has obtained a court order holding the Trustee's motion in abeyance pending this Court's resolution of the Petition. *Id.* Exh. G.

Meanwhile, the $32.3 million are in danger of dissipation. Absent a prompt dismissal of the Petition, there may be nothing left for the Trustee to recover.

### III.

Lastly, in response to the Sagi Trust's third ground for dismissal, Orly contends that: "The Sagi Trust also fails to inform the Court that ... the Appellate Division, First Department, the New York Supreme Court, the United States District Court for the Southern District of New York, and the Delaware Chancery Court, have all found Dalia ... should not serve as Trustee." Orly Opp. Br. at 2. The Sagi Trust did not inform Your Honor of these judicial findings because <u>they never happened</u>. No Court has ever ruled that Dalia "should not serve as Trustee"; indeed, that determination is the exclusive province of <u>this</u> Court.

The Appellate Division did rule that the Trustee had a conflict of interest in negotiating a settlement agreement with TPR Investment Associates, Inc. ("TPR"), and so Orly as beneficiary had the right to "void" that settlement. Orly did just that, costing the Orly Trust some $10+ million in settlement proceeds, which instead went to TPR. *TPR Inv. Assocs., Inc. v. Pedowitz & Meister LLP*, 2014 U.S. Dist. Lexis 67116, \*\*3-5 (S.D.N.Y. May 15, 2014). While the voiding of the agreement restored the Orly's derivative claims against TPR in *Arie Genger et al. v. Sagi Genger et al.*, Index No. 651089/2010, the Appellate Division later threw out all of those claims as meritless. *Genger v. Genger*, 121 A.D.3d 270 (1st Dep't 2014).

Now, Orly comes to this Court seeking to remove Dalia "for cause," based on Dalia's effort to obtain $10+ million for worthless claims. Because of Orly, that effort failed, leaving the Orly Trust with no assets to pay its claims. Meanwhile, Orly and her cronies are walking away with $32.3 million that rightly belongs in trust. The Sagi Trust beseeches Your Honor to put a halt to this travesty by making Orly's latest Petition her final one.

Dated: New York, New York
      November 2, 2015

**MORGAN, LEWIS & BOCKIUS LLP**

by: _____
   John Dellaportas
   Mary Pennisi
101 Park Avenue
New York, NY 10178
(212) 309-6000

*Attorneys for The Sagi Genger 1993 Trust*

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
: 
: File No.: 0017/2008
In the Matter of the Application of ORLY :
GENGER, as a person interested, for the removal : **AFFIRMATION OF SERVICE OF**
of DALIA GENGER as Trustee of the Orly : **JOHN DELLAPORTAS**
Genger 1993 Trust pursuant to SCPA § 711(11) :
-----------------------------------------------------------------x

I, John Dellaportas, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms pursuant to CPLR § 2106, as follows:

1. I am a member of the New York State Bar and associated with the firm of Morgan, Lewis & Bockius LLP;

2. I hereby affirm that I am not a party to this action, I am over 18 years of age, I am an attorney duly admitted to the Courts of the State of New York, and that, by stipulation of the parties, prior to 5 PM on November 2, 2015, I caused to be served a true and correct copy of the attached motion papers, on the following counsel of record via email (with a copy thereafter mailed postage pre-paid):

Robert A. Meister
Pedowitz & Meister LLP
570 Lexington Avenue – 18th Floor
New York, NY 10022
212.403.7330
*Attorneys for Dalia Genger,*
*as Trustee of the Orly Genger 1993 Trust*

Yoav Griver
Zeichner Elliman & Krause LLP
1211 Avenue of the Americas, 40th Floor
New York, New York 10036
212.223.0400
*Attorneys for Orly Genger*

Steven Riker, Esq.
Law Office of Steven Riker
110 E. 59th Street, 23rd Floor
New York, New York 10022
212.661.6410
*Guardian At Litem*

Dated: New York, New York
       November 4, 2015

_____
JOHN DELLAPORTAS