STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - x
In the Matter of the Application of
ORLY GENGER, as a person interested, for the
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11)
- - - - - - - - - - - - - - - - - - - - - - - - - - x

ANSWER OF SAGI TRUST
TO THIRD AMENDED PETITION

File No. 0017/2009

[Stamp: New York County Surrogate's Court MISCELLANEOUS DEPT. JUL 31 2017 FILED Clerk]

## ANSWER

Respondent Sagi Genger 1993 Trust (the "Sagi Trust"), by its attorneys, answers the Third Amended Petition (the "Petition") as follows:

1. Denies.

2. Admits, except deny knowledge or information as to specific date of appointment.

3. Refers to the Orly Trust Agreement for the true and correct contents thereof, and otherwise denies the first sentence. Admit the second and third sentences.

4. Paragraph 4 states a legal request to which no response is warranted.

5. Admits that Dalia is Petitioner's mother and the sole Trustee of the Orly Trust, and denies the remaining allegations.

6. Denies.

7. Denies.

8. Denies.

9. Denies.

10. Denies.

11. Denies.

12. Denies.

13. Denies.

14. Admits the first two sentences. Denies knowledge or information as to the third sentence.

15. Denies the first four sentences. Denies knowledge or information as to the fifth sentence.

16. Admits.

17. Denies. Avers that Petitioner has previously admitted that "the Note was always intended to be repaid by the family."

18. Refers to the referenced Note and Pledge Agreement for the true and correct contents thereof, and otherwise denies the allegations.

19. Denies knowledge or information.

20. Admits the first sentence. Denies the second sentence.

21. Admits the first sentence. Denies knowledge or information as to the second sentence.

22. Refers to the referenced Settlement Agreement for the true and correct contents thereof, and otherwise denies the allegations.

23. Admits the first four sentences. Avers that the last sentence states a legal conclusion to which no response is warranted. Refers to the referenced Agreement, and otherwise denies the allegations.

24. Refers to the referenced Shareholders Agreement for the true and correct contents thereof, and otherwise denies the allegations.

25. Denies.

26. Denies.

27. Refers to the referenced Resolution for the true and correct contents thereof, and otherwise denies the allegations.

28. Denies.

29. Refers to the referenced Memorandum for the true and correct contents thereof, and otherwise denies the allegations.

30. Refers to the referenced Memorandum for the true and correct contents thereof, and otherwise denies the allegations.

31. Refers to the referenced Arbitration transcript for the true and correct contents thereof, and otherwise denies the allegations.

32. Refers to the referenced Arbitration transcript for the true and correct contents thereof, and otherwise denies the allegations.

33. Refers to the referenced Memorandum for the true and correct contents thereof, and otherwise denies the allegations.

34. Refers to the referenced Arbitration Award for the true and correct contents thereof, and otherwise denies the allegations.

35. Denies.

36. Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

37. Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

38. Denies.

39. Denies knowledge or information as to the first sentence. Denies the remaining allegations.

40. Denies.

41. Refers to the referenced Application for the true and correct contents thereof, and otherwise denies the allegations.

42. Refers to the referenced Court decision for the true and correct contents thereof, and otherwise denies the allegations.

43. Denies.

44. Denies.

45. Denies.

46. Refers to the referenced Letter for the true and correct contents thereof, and otherwise denies the allegations.

47. Denies.

48. Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

49. Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

50. Denies.

51. Admits the first sentence. Denies knowledge or information as to the remaining allegations.

52. Refers to the referenced Letter for the true and correct contents thereof, and otherwise denies the allegations.

53. Denies.

54. Refers to the Court records for the true and correct contents thereof, and otherwise denies the allegations.

55. Refers to the referenced Court decision for the true and correct contents thereof, and otherwise denies the allegations.

56. Refers to the referenced Demand for the true and correct contents thereof, and otherwise denies the allegations.

57. Refers to the referenced Letter for the true and correct contents thereof, and otherwise denies the allegations.

58. Denies, and refers to Justice Feinman's decision construing the Arbitration Award.

59. Denies.

60. Denies.

61. Denies.

62. Denies.

63. Denies.

64. Denies.

65. Denies.

66. Refers to the referenced Complaint for the true and correct contents thereof, and otherwise denies the allegations.

67. Refers to the referenced Petition for the true and correct contents thereof, and otherwise denies the allegations.

68. Refers to the referenced Court order for the true and correct contents thereof, and otherwise denies the allegations.

69. Refers to the referenced Court transcript for the true and correct contents thereof, and otherwise denies the allegations.

70. Refers to the referenced Court order for the true and correct contents thereof, and otherwise denies the allegations.

71. Refers to the referenced Petition for the true and correct contents thereof, and otherwise denies the allegations.

72. Refers to the referenced Court order for the true and correct contents thereof, and otherwise denies the allegations.

73. Refers to the referenced Court order for the true and correct contents thereof, and otherwise denies the allegations.

74. Denies.

75. Denies.

76. Denies.

77. Denies.

78. Denies.

79. Refers to the referenced Promissory Note for the true and correct contents thereof, and otherwise denies the allegations.

80. Denies.

81. Refers to the referenced Promissory Note for the true and correct contents thereof, and otherwise denies the allegations.

82. Refers to the referenced Promissory Note for the true and correct contents thereof, and otherwise denies the allegations.

83. Refers to the referenced Forbearance Agreement for the true and correct contents thereof, and otherwise denies the allegations.

84. Denies.

85. Admits that the parties endeavored to settle the referenced New York TPR Action, and otherwise denies the allegations.

86. Denies.

87. Refers to the referenced Settlement Agreement for the true and correct contents thereof, and otherwise denies the allegations.

88. Refers to the referenced Settlement Agreement for the true and correct contents thereof, and otherwise denies the allegations.

89. Refers to the referenced Settlement Agreement for the true and correct contents thereof, and otherwise denies the allegations.

90. Denies.

91. Denies.

92. Denies.

93. Denies.

94. Denies.

95. Denies.

96. Denies that Mr. Isaacson is not acquainted with any members of the Genger family, and denied knowledge or information as the balance of the allegations.

## AFFIRMATIVE DEFENSES

1. The claims are barred by Petitioner's unclean hands and culpable conduct.

2. The claims are time-barred.

3. The claims are barred by findings made by other courts, and by the doctrines of *res judicata*, collateral estoppel, and judicial estoppel.

4. The claims are barred by illegality and public policy.

5. The claims are barred by the statute of frauds and parol evidence rule.

Dated: New City, New York
July 28, 2018

                        KELLEY DRYE & WARREN LLP

By: _____
John Dellaportas, Esq.
101 Park Avenue
New York, New York 10017
(845) 808-7800
*Counsel to Respondent Sagi Trust*

## VERIFICATION

STATE OF NEW YORK   )
                    ss.:
COUNTY OF NEW CITY  )

Pursuant to CPLR 3020(d)(3) and SCPA § 303, JOHN DELLAPORTAS, being duly sworn, deposes and says:

1. I am counsel to Respondent Sagi Genger 1993 Trust in this matter.

2. I have read this Answer of Sagi Trust to Third Amended Petition and, upon information and belief, believe the contents thereof to be true.

_____
JOHN DELLAPORTAS

Sworn to before me this
28th day of July, 2017

_____
Notary Public

**COLLEEN M. CONROY**
**Notary Public, State of New York**
No. 01CO5051453
Qualified in Queens County
Commission Expires November 6, 2017

STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - x
In the Matter of the Application of
ORLY GENGER, as a person interested, for the
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11)
- - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIRMATION OF SERVICE

File No. 0017/2009

JOHN DELLAPORTAS, an attorney and counselor at law admitted to practice in the Courts of the State of New York, hereby affirms the following statements to be true under the penalties of perjury pursuant to CPLR 2106. I am over the eighteen years old and not a party to this action. On July 28, 2017, I caused to be served a copy of the attached Answer of Respondent Sagi Trust upon the following counsel of Petitioner Orly Genger:

    Andrew R. Kurland
    Kasowitz Benson Torres LLP
    1633 Broadway
    New York, New York 10019

by placing the documents in a sealed envelope with postage thereon fully pre-paid and then depositing the envelope in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                _____
                                                JOHN DELLAPORTAS

STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK
File No.: 0017/2009

In the Matter of the Application of
ORLY GENGER, as a person interested, for the
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11)

---

**ANSWER OF SAGI TRUST TO THIRD AMENDED PETITION**

---

**KELLEY DRYE & WARREN LLP**
101 PARK AVENUE
NEW YORK, NEW YORK 10178

(212) 808-7800