SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| In the matter of the Application of ORLY GENGER, as a person interested, for the removal of DALIA GENGER, as Trustee of the Orly Genger 1993 Trust pursuant to SCPA § 711(11). | File No.: 2008-0017<br><br>Surrogate Nora S. Anderson |

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO DISMISS DALIA GENGER'S CROSS-PETITION

Petitioner Orly Genger ("Orly") submits this memorandum in support of her motion, pursuant to SCPA § 102 and CPLR 3211(a)(1), (5) and (7), to dismiss the cross-petition of Dalia Genger ("Dalia").[1]

## PRELIMINARY STATEMENT

After nine years of pointless and wasteful procedural wrangling by respondents Dalia (Orly's mother) and Sagi (Orly's brother) – designed to forestall Dalia's removal as trustee – Dalia has now filed a frivolous "cross-petition" against Orly, the very beneficiary whose interests Dalia has a fiduciary duty to protect. The absurdity of a trustee suing her own beneficiary makes clear that this is nothing more than the latest in a long line of improper, bad faith procedural tactics to delay her inevitable removal.

This removal action implicates two identical 1993 family trusts created by the Genger family, one for Orly (the Orly Trust) and the other for her brother Sagi (the Sagi Trust). In her capacity as the trustee for the Orly Trust, Dalia breached her fiduciary duties and conspired with Sagi, in a clear conflict of interest, to deplete the Orly Trust of all of its assets. During Dalia's tenure as trustee, Sagi received millions from the family assets in these trusts while the Orly

---

[1]  Accompanying this memorandum of law is the Affirmation of Michael Paul Bowen, dated September 8, 2017, with exhibits ("Bowen Affirm."). A copy of Dalia's cross-petition is Exhibit A to that affirmation. All citations to ¶___ are citations to the cross-petition.

Trust was rendered penniless and encumbered with millions of dollars of debt for legal fees based on Dalia's sham maneuverings with Sagi. Orly has never received a penny from her trust while Sagi has received tens of millions of dollars from his trust even though the trusts were created on the same day with equal division of family assets. In this context, Dalia's claim that this cross-petition is supposedly in good faith and in the best interests of Orly and her trust would be laughable were it not so self-evidently pernicious and legally meritless. This type of protection no one needs, especially not a daughter estranged from her own mother who has for years acted in bad faith and with conflicted interests to favor her son at the expense of her own daughter's financial well-being and in violation of her fiduciary and legal duties as trustee.

Dalia should not be permitted to continue to draw out this action for her removal – and to subvert the Surrogate's Court, the law and her legal duties – through such an obviously frivolous cross-petition. The pleading is facially deficient and otherwise barred as *res judicata*. It should be summarily – and immediately – dismissed with prejudice.

## RELEVANT FACTS

### A.  Background and Procedural Posture

Orly is the beneficiary of the Orly Genger 1993 Trust (the "Orly Trust"). Orly's daughter, born earlier this year, is also a beneficiary of the Orly Trust. The respondent and purported cross-petitioner, Dalia, has been the sole trustee of the Orly Trust since January 2008, when the prior trustee appointed her over Orly's objection. Orly and Dalia have been estranged for more than a decade. Dalia did not attend her daughter's wedding last year. Nor has Dalia met Orly's newborn child, Dalia's granddaughter.

The root of that estrangement is no mystery. Supposedly in her role as trustee, Dalia has repeatedly sued Orly at the bidding of her son, Sagi. After years of litigation, and despite Dalia's siding with him against Orly, Sagi has now been adjudicated after trial and on summary

judgment in two separate legal actions to have committed fraud against, and to have breached his fiduciary duties to, Orly, which determinations were upheld on appeal. *Orly Genger v. Sagi Genger*, Index No. 100697/08, 2016 WL 551444 (Sup. Ct. N.Y. Cnty. Feb. 10, 2016), *aff'd* 144 A.D.3d 581 (1st Dep't 2016); *Orly Genger v. Dalia Genger et al.*, Index No. 109749/09, 2016 WL 1407903 (Sup. Ct. N.Y. Cnty. April 8, 2016), *aff'd* 147 A.D.3d 443 (1st Dep't 2017).

Because of Dalia's role in perpetrating Sagi's now proven fraudulent schemes against Orly, she has been embroiled in litigation against her own daughter, and the very beneficiary to whom she owes fiduciary duties, for almost a full decade. Her conduct in that litigation – and her siding with Sagi in his now proven unlawful scheme against his own sister – has demonstrated beyond cavil her unfitness to continue as trustee of the Orly Trust. Indeed, every court that has had occasion to address this issue has held that she has a clear conflict of interest and is unfit to serve as trustee. *See, e.g., Orly Genger v. Dalia Genger*, 120 A.D.3d 1102, 1104 (1st Dep't 2014) (by entering into certain so-called settlement agreements "on behalf of the Orly Trust, of which she was sole trustee, Dalia had a conflict of interest"); *Orly Genger v. Dalia Genger*, Index No. 109749/09, July 3, 2014 Decision and Order at 3-4 (Sup. Ct. N.Y. Cnty. July 3, 2014) ("Dalia, as trustee of the Orly Trust, has often sided with her son Sagi in these actions . . . . Dalia may no longer be able to serve as trustee, having failed to disclose the conflict of interest [found by the First Department] to her principal, Orly. And, as noted by the First Department, Orly has petitioned the Surrogate's Court to remove Dalia as trustee").

The only thing holding up Dalia's removal is finalizing this removal proceeding for an adjudication on the merits – exactly what Dalia is trying now, once again, to forestall.

Over eight years ago, shortly after Dalia became trustee of the Orly Trust, Orly petitioned this Court to remove her. That petition was dismissed as premature by Surrogate Roth, who

3

concluded that Dalia had not yet acted against Orly's interests at the time. After that decision, Dalia's malfeasance began in earnest. Among other bad acts and conflicts of interest, Dalia assisted Sagi in selling the Orly Trust's principal asset (viz., shares of Trans-Resources, Inc. or "TRI") held by a Genger family company, TPR Investment Associates, Inc. ("TPR"). That sale enriched Sagi's trust, the Sagi Genger 1993 Trust (the "Sagi Trust") at the expense of the Orly Trust, precipitating years of litigation that remains ongoing to this day. *See generally Orly Genger v. Dalia Genger, et al.*, Index No. 109749/09 (Sup. Ct. N.Y. Cnty. 2009). Dalia also betrayed Orly by participating in a sham auction of shares of TPR, the sole remaining (although depleted) asset of the Orly Trust. *See id.*, 2016 WL 1407903, at *2 (Sup. Ct. N.Y. Cnty. April 8, 2016); *aff'd* 147 A.D.3d 443 (1st Dep't 2017). She then also participated in a scheme with Sagi to encumber the Orly Trust with significant debt. *See Orly Genger v. Dalia Genger*, 120 A.D.3d at 1104.

As a result of these unlawful schemes (in which Dalia has been directly implicated) the Sagi Trust was enriched in an amount in excess of $44 million, at least, while the Orly Trust was stripped of all of its assets and rendered valueless. To this day, Orly has never received a dime from the Orly Trust, while Sagi and Dalia each have millions of dollars secured in accounts in offshore tax-havens. *See Orly Genger v. Dalia Genger, et al.*, Index No. 109749/09, Sept. 12, 2016 Decision and Order on Attachment (Bowen Affirm. Ex. B).

Dalia again acted against Orly's interests by assisting Sagi in suing Orly in federal court in 2014. In that action, Dalia falsely claimed to be impoverished. Based on that false claim, Sagi sued Orly, invoking a writing that he created. He claimed that document obligated Orly to reimburse half of his need-based payments to Dalia, payments he and Dalia swore were made supposedly because she needed the money to live. That lawsuit ended in a judgment against

4

Orly totaling over $300,000. *Sagi Genger v. Orly Genger*, 76 F. Supp. 3d 488 (S.D.N.Y. 2015) *aff'd as modified*, 663 Fed. Appx. 44 (2d Cir. Sept. 29, 2016).

After Sagi obtained that judgment, discovery in the ongoing state actions revealed that Dalia had at the time, and still has, millions of dollars in her offshore accounts controlled by Sagi. The entire federal action was based on a lie – Dalia's lie – and her failure to discharge her duty of loyalty and trust to Orly.

On June 22, 2009, Orly renewed her petition before this Court to remove Dalia as trustee. Dalia and Sagi engaged in years of procedural objections, effectively stalling the adjudication of this petition for Dalia's removal. Dalia moved to dismiss Orly's renewed petition for failure to join what she claimed to be a necessary party, the Sagi Trust. After the Court directed the joinder of the Sagi Trust, Orly served its trustee – David Parnes, Sagi's best friend – with process by registered mail in Israel, but Parnes (at Sagi's direction) moved to dismiss for lack of personal jurisdiction, arguing insufficient service of process under the Hague Convention. This motion was granted in 2015. Orly then served Parnes with process in a manner acceptable to this Court under the Hague Convention, costing additional time and expense.

Following this, both respondents filed new motions to dismiss for failure to state a claim. Finally, at the end of June 2017, this Court denied these motions in their entirety, allowing this action to proceed finally on the merits, eight years after it was originally commenced by Orly. *In the Matter of the Application of Orly Genger to Remove Dalia Genger as Trustee of the Orly Genger 1993 Trust Established on December 13, 1993 by Arie Genger, Grantor*, File No. 2008-0017, June 21, 2017 Decision (Anderson, S.).

Dalia continues to coordinate with Sagi against Orly. At the end of July, they filed essentially identical answers to Orly's petition, which answers were drafted by Sagi's counsel,

5

John Dellaportas. In fact, Dellaportas even signed Dalia's answer, signing the name of Dalia's counsel, Judith Bachman, and indicating as much with his initials (see excerpt below and the Answer attached at Bowen Affirm. Ex. C).

> Dated: New City, New York
> July 28, 2018
>
> LAW OFFICES OF
> JUDITH LISA BACHMAN, ESQ.
>
> By: ____*JL Bah /JD*____
> Judith Lisa Bachman, Esq.
> 254 S. Main Street
> Suite 406
> New City, New York 10017
> (845) 639-3210
> *Counsel to Respondent Dalia Genger*

In a telling typographical error, the signature block has the zip code of Dellaportas' Manhattan office (10017), not the correct zip code for Bachman's office in New City in upstate New York (10956).

On August 12, 2017, Dalia filed an amended answer, including her cross-petition. This time, the pleading bears the purported signature of Bachman, although the signature block still has the same typographical zip code error and includes a different suite number (306 instead of 406). *See* Bowen Affirm. Ex. A (excerpt below):

6

> Dated: New City, New York
> August 12, 2017
>
> _____
> Judith Lisa Bachman, Esq.
> 254 S. Main Street
> Suite 306
> New City, New York 10017
> (845) 639-3210
> *Counsel to Respondent Dalia Genger*

This signature, moreover, does not appear to be Bachman's. It does not compare with Bachman's signature that appears alongside her notary stamp on the Verification for this document. *Id.* (excerpt below):

> Sworn to before me this
> 12th day of August, 2017
>
> _____
> Notary Public
>
> Judith Bachman
> Notary Public, State of New York
> No. 02-BA6048319
> Qualified in Rockland County
> Commission Expires Sept. 25, 2018
>
> _____
> Judith Lisa Bachman, Esq.
> 254 S. Main Street
> Suite 406
> New City, New York 10017
> (845) 639-3210
> *Counsel to Respondent Dalia Genger*

These inconsistencies and typos – not to mention the different signatures – reveal that even to this day, in opposing her removal despite the consensus of the courts against her, Dalia is still doing the bidding of Sagi. In doing so, she is acting contrary to her fiduciary duties and continually demonstrating her disqualifying conflicts of interests.

7

### B. The Cross-Petition's Fact Allegations and Related Undisputed Facts

In suing Orly, the trust's own beneficiary, Dalia, the trustee, has once again violated her fiduciary duties, this time instituting a facially and legally meritless purported cross-petition. The cross-petition purports to state seven causes of action, each in a separate count: Breach of Fiduciary Duty, Breach of Loyalty, Turnover, Accounting, Unjust Enrichment, Self-Dealing and something she calls "Successor Trustee." (In yet another typographical error, this last count, the seventh, is repeated twice.)

The fact allegations in the cross-petition, taken as true for purposes of this motion, are as follows:

According to the cross-petition, Orly instituted an action in 2010 in the Supreme Court of New York both in her individual capacity as beneficiary and also derivatively on behalf of the Orly Trust (the "2010 New York action"). That action was brought against the purchasers of the TRI shares (the "Trump Group"). In that proceeding, the court ruled that Orly had legal standing to represent the Orly Trust. ¶¶ 8-10.

In June 2013, Orly was party to a settlement of the 2010 New York action with the Trump Group (the "Trump/AG Settlement Agreement"). ¶ 12. The Court thereafter entered an agreed-to Stipulation and Order of Discontinuance with Prejudice of that action. ¶ 14.

According to Dalia (and Sagi), under the Trump/AG Settlement Agreement, the Trump Group agreed to pay $32.3 million to the AG Group, which included, not just Orly, but also her father and Arnold and David Broser, who are creditors (according to the cross-petition) to Orly personally and to whom (Dalia and Sagi allege) Orly owes "many millions of dollars." ¶¶ 15-16.

The cross-petition alleges that this settlement agreement settled both Orly's personal claims against the Trump Group as well as any claims the Orly Trust had. ¶¶ 17-18. Moreover,

8

Dalia alleges that $17.3 million of the settlement payment has been paid, but none of that money was given to the Orly Trust. The remaining payment of approximately $15 million has not yet been paid under the terms of the settlement agreement. ¶¶ 20-21.

As Dalia admits in the cross-petition, she intervened in the 2010 New York action (in August 2014). She moved to have the Orly Trust, controlled by her, substituted as the plaintiff in that action. By the court's interim order, that motion was held in abeyance pending the outcome of this Surrogate's action. ¶¶ 23-24.

What Dalia leaves out of her cross-petition, but what is a matter of undisputed fact, is as follows:

On behalf of the Orly Trust, Dalia sued the Trump Group in Delaware in 2011. *Dalia Genger, as Trustee of the Orly Genger 1993 Trust v. TR Investors, LLC, et al.*, Case No. 6906 (Del. Ch. Ct. Oct. 4, 2011) (Strine, Ch.). In August 2013, Dalia voluntarily and unconditionally dismissed all claims of the Orly Trust with prejudice. Bowen Affirm. Ex. D, at ¶ 4 ("The claims brought on behalf of the Orly Genger 1993 Trust by the Trustee of the Orly Trust against the Trump Group are dismissed with prejudice"). A year after she dismissed the Orly Trust claims in the Delaware action, Dalia sought to intervene in the 2010 New York action. While her motion to intervene was pending, the parties in that action entered into the Stipulation and Order of Discontinuance with Prejudice. At the time that order was entered – and consistent with her own settlement of the Orly Trust claims against the Trump Group in Delaware – Dalia raised no objection.

Later, Dalia appealed that discontinuance order to the Appellate Division, arguing that she should be permitted to pursue her claim that the $32 million the Trump Group had paid under the settlement in that action belongs to the Orly Trust. The Appellate Division disagreed.

9

It upheld the Order, ruling that Dalia had failed to object and was forever foreclosed from raising the issues she tried to raise below in that action (and that she is trying to raise again here):

> Defendant Dalia Genger, as Trustee for the Orly Genger 1993 Trust (Orly Trust), failed to articulate any objection to the court's entry of the November 25, 2014 order dismissing plaintiff Orly Trust's breach of fiduciary duty and unjust enrichment claims against certain defendants, and her claim is not properly before this Court... In any case, that order did not dismiss any claims; rather, it recognized that all claims had previously been dismissed or discontinued by prior court orders, dismissed the complaint, and severed other viable third party claims, cross claims, and counterclaims unrelated to the Orly Trust.

*Genger v. Genger*, 144 A.D.3d 581, 581 (1st Dep't 2016). *See also* Bowen Affirm. Ex. E (Dalia's appellate brief).[2]

Furthermore, the Trump/AG Settlement Agreement referenced in the cross-petition refutes Dalia's claim that the settlement payment belongs to the Orly Trust. That written document expressly notes that the claims related to Orly that are being settled are *only* claims brought by her in her personal capacity and *not* as a representative of the Orly Trust. Bowen Affirm. Ex. F at 6. Moreover, references in that document to the Orly Trust were struck-through (and initialed) to emphasize that the settlement did not involve or relate to the trust at all. *Id.*[3]

## ARGUMENT

On this motion to dismiss pursuant to CPLR 3211(a)(7), any well-pleaded allegations in the cross-petition are to be taken as true. *See Kupersmith v. Winged Foot Golf Club, Inc.*, 38 A.D.3d 847, 848 (2d Dep't 2007). "However, allegations consisting of bare legal conclusions, as well as factual claims inherently incredible or flatly contradicted by documentary evidence are

---

[2] Facts that are indisputable and a matter of record may properly be considered in support of a motion to dismiss pursuant to CPLR 3211. *See Acquista v. New York Life Ins. Co.*, 285 A.D.2d 73, 76 (1st Dep't 2001). "A court may consider evidentiary material submitted by a [movant] in support of a motion to dismiss a complaint pursuant to CPLR 3211(a)(7)." *Basile v. Wiggs*, 98 A.D.3d 640, 641 (2d Dep't 2012).

[3] Underlying agreements and documents referenced in a petition/complaint may properly be considered on a motion to dismiss. CPLR 3211(a)(1).

10

not entitled to such consideration." *Lovisa Constr. Co. v. Metro. Transp. Auth.*, 198 A.D.2d 333, 333 (2d Dep't 1993). *See also Braddock v. Braddock*, 60 A.D.3d 84, 86 (1st Dep't 2009); *Leon v. Martinez*, 84 N.Y.2d 83, 87-88 (1994).

Dismissal pursuant to CPLR 3211(a)(1) is warranted "if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Morgenthrow & Latham v. Bank of N.Y. Co.*, 305 A.D.2d 74, 78 (1st Dep't 2003). Where legal conclusions and factual allegations are refuted by documentary evidence, they are not to be presumed as true or accorded every favorable inference upon a motion to dismiss and the question presented is not whether the allegations have stated a cause of action, but rather, whether the party has a cause of action. *Id.* Dalia's cross-petition is dependent on the correct construction of the Trump/AG Settlement Agreement, which, by its plain language, refutes Dalia's operative claims. As such, it constitutes "documentary evidence" under CPLR 3211(a)(1), as the contents of this fully executed agreement are "essentially undeniable." *Fontanetta v. John Doe 1*, 73 A.D.3d 78, 85 (2d Dep't 2010); *see also 150 Broadway N.Y. Assoc., L.P. v Bodner*, 14 A.D.3d 1, 5 (1st Dep't 2004).

Claims are properly dismissed as barred by *res judicata* under CPLR 3211(a)(5) when the claim was decided or could have been decided in a prior proceeding in which there was a "full and fair opportunity" to contest the issue. *In re Hunter*, 4 N.Y.3d 260, 269 (1st Dep't 2005). In determining whether collateral estoppel bars relitigation, "[t]he party to be precluded from relitigating the issue bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination." *Buechel v. Bain*, 97 N.Y.2d 295, 304 (2001); *Pahmer v. Touche Ross and Co.*, 271 A.D.2d 371, 372 (1st Dep't 2000).

11

I.  **The Cross-Petition Fails to State a Claim
   For Breach of Fiduciary Duty and Loyalty**

Count I (breach of fiduciary duty) and Count II (breach of loyalty) have no legal basis. As a matter of law, the beneficiary of a trust does not owe that trust any fiduciary duty or duty of loyalty. To the contrary, those duties are owed by the trustee – here, Dalia – not the beneficiary (Orly). *See, e.g., Mercury Bay Boating Club Inc. v. San Diego Yacht Club*, 76 N.Y.2d 256, 270 (1990) ("We have described a fiduciary's duty as requiring not honesty alone, but the punctilio of an honor the most sensitive. This strict standard is the usual and appropriate measure of a trustee's fiduciary obligations because the trustee must administer the trust for the benefit of the beneficiaries and . . . owes the beneficiary an undivided duty of loyalty"). For that reason, these counts fail to state a claim as a matter of law and must be dismissed.

To the extent these causes of action depend on imputing such duties to Orly as an alleged "*de facto* trustee" (*see* ¶ 11) for purposes of the derivative claims in the New York action, there is no valid fact basis for making that claim because Orly never compromised any trust claims in that action (as is demonstrated below).

II. **The Equitable Claims Are Precluded by
   Documentary Evidence and Res Judicata**

The next four counts all sound in equity: to wit, Turnover (Count III), Accounting (Count IV), Unjust Enrichment (Count V), and Self-Dealing (Count VI). Each of these claims is based on and presupposes that the Trump/AG Settlement Agreement settled claims that belong to the Orly Trust. Thus, for example, an element of each one of these claims is that Orly was acting on behalf of and/or took for herself an asset belonging to the Orly Trust. *See, e.g., Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011) (unjust enrichment requires a showing that defendant was enriched by taking an asset that rightfully belonged to plaintiff); SCPA § 2103 (petition for turnover may be made with respect to assets which belong to the trust

12

estate); *Trepuk v. Frank*, 104 A.D.2d 780, 780-81 (1st Dep't 1984) (an accounting is an equitable action where plaintiff is entitled to obtain an account of assets which were misappropriated); *Baum v. Lamborn*, 203 A.D. 86, 87 (1st Dep't 1922) (same).

But that is demonstrably not the case here. The settlement agreement itself expressly notes that no trust claims are subject to the settlement. *See* Bowen Affirm. Ex. F at 6.

In addition, these claims are barred by the doctrine of *res judicata*. Dalia has twice raised the issue of what claims the Orly Trust had against the Trump Group, once in the Delaware action that Dalia settled with prejudice, and the second time in the 2010 New York action noted above. In the 2010 New York action, the First Department expressly rejected Dalia's attempt to assert the same claim she is making in this cross-petition: that the $32.3 million settlement payment belongs to the Orly Trust. *Cf.* Bowen Affirm. Ex. G at 1 (Dalia's substitution motion: "Dalia respectfully requests an order pursuant to CPLR 2701 directing the settlement fund from the Trump Group be paid into court since . . . some or all of the settlement proceeds with the Trump Group belong to . . . the Orly Trust"), *with* Bowen Affirm. Ex. A (Dalia cross-petition, ¶ 19: "none of the aforementioned $32.3 million (the 'Settlement Proceeds') has been remitted to the Orly Trust"). *See Genger*, 144 A.D.3d at 581.

Under the doctrine of *res judicata*, any claim that was brought or could have been brought in a prior concluded legal action is barred in the interest of finality. *In re Hunter*, 4 N.Y.3d at 269. Here, Dalia has the burden to show that she did not have a "full and fair opportunity" to litigate her claim that the $32.3 million in settlement proceeds belongs to the Orly Trust. *See Pahmer*, 271 A.D.2d at 372 ("Plaintiffs, in seeking to avoid the bar of res judicata, have failed to satisfy their burden of establishing that they were not afforded a full and fair opportunity to litigate their claims in the prior action.").

Dalia cannot meet that burden here. She made this same argument to the First Department which, in denying her appeal, specifically ruled that "all [Orly Trust] claims had previously been dismissed or discontinued by prior court orders." *Genger*, 144 A.D.3d at 581. Having been previously "dismissed or discontinued," these claims are precluded.

### III. The Made-Up Successor Trustee Count is Not Cognizable

The cross-petition includes a cause of action, styled "Successor Trustee." There is no such claim at law or equity.

At best, this is a question of remedy in the event *Orly's* petition (*not* the cross-petition) is granted. Once Dalia is judicially removed, the question of appointing the successor ensues. In her cross-petition, Dalia cites "article SEVENTH" of the trust instrument in support of this supposed "cause of action." ¶¶ 65, 70. But the terms of the trust plainly provide that only a current, validly serving trustee has the ability to appoint his or her successor; nothing in the agreement allows an *ousted* trustee to do so. In any event, the law is clear that, upon judicial removal, it is for the Court to designate a successor trustee. *See* SCPA § 1502.

Furthermore, what Dalia seeks is absurd. No court, especially a Surrogate sitting in equity, would permit a trustee to select her successor even though that trustee has been adjudicated to have so fundamentally betrayed her trust and duties as to warrant removal.

Because Count VII is, in fact and law, no cause of action cognizable under our laws, it too must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Dalia's cross-petition in its entirety, with prejudice, and award Orly such other and further relief as it deems just and proper.

Dated:  New York, New York
        September 8, 2017

                                        KASOWITZ BENSON TORRES LLP

                                        By: _____
                                            Eric D. Herschmann
                                            Michael Paul Bowen
                                            Andrew R. Kurland
                                            1633 Broadway
                                            New York, New York 10019
                                            (212) 506-1700

                                        *Attorneys for Petitioner Orly Genger*

ORIGINAL

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------:

In the matter of the Application of ORLY : File No.: 2008-0017
GENGER, as a person interested, for the removal :
of DALIA GENGER, as Trustee of the Orly : Surrogate Nora S. Anderson
Genger 1993 Trust pursuant to SCPA § 711(11). :

-----------------------------------------------------------------:

> New York County Surrogate's Court
> MISCELLANEOUS DEPT.
> SEP 0 — 2017
> FILED
> Clerk_____

# MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S
# MOTION TO DISMISS DALIA GENGER'S CROSS-PETITION

KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

ATTORNEYS FOR ORLY GENGER