STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - x
In the Matter of the Application of　　　　　　　　　OPPOSITION AFFIRMATION
ORLY GENGER, as a person interested, for the　　　ON BEHALF OF SAGI TRUST
removal of DALIA GENGER as Trustee of the　　　　(CORRECTED)
Orly Genger 1993 Trust pursuant to SCPA §711(11)　File No. 0017/2008
- - - - - - - - - - - - - - - - - - - - - - - - - - x

      JOHN DELLAPORTAS, an attorney admitted to practice in the courts of this state, hereby subscribes and affirms to be true under the penalties of perjury, pursuant to CPLR 2106, as follows:

    1.    I am a member of the law firm of Kelley, Drye & Warren LLP, counsel to the Remainderman Beneficiary, the Sagi Genger 1993 Trust (the "Sagi Trust"). I respectfully submit this affirmation, on behalf of the Sagi Trust, in opposition to the motion of Orly Genger ("Orly") to dismiss the cross-petition of Dalia Genger (the "Trustee"), the trustee of the Orly Genger 1993 Trust (the "Trust"). The Sagi Trust supports the Trustee's cross-petition and, more broadly, the efforts of the Trustee to recoup the $32.3 million in Trust assets that Orly misappropriated for the benefit of her father, Arie, and his creditors.

    2.    By this affirmation, the Sagi Trust wishes to supplement the record by noting certain additional false and misleading statements in Orly's motion papers. Most egregiously, on pages 2-3 of her Memorandum of Law, Orly falsely states that: "Sagi has now been adjudicated after trial and on summary judgment in two separate legal actions to have committed fraud against, and to have breached his fiduciary duties to, Orly, which determinations were upheld on appeal." In reality, the only finding of "fraud" liability against Sagi (relating to a transaction between the parties in which Orly *made* money and Sagi *lost* money) was <u>vacated (not affirmed) on appeal</u>. *See Genger v Genger*, 144 A.D.3d 581 (1st Dep't 2016). As the same counsel who signed Orly's brief also argued her appeal, his false statement is very puzzling.

3. The other lawsuit against Sagi to which Orly refers (the "2009 Action") turned out to be even more meritless. Last August, J.H.O. Gammerman presided over a two-week trial in the case, following which he found that Orly had suffered <u>zero damages</u> from the complained-of conduct. *See Genger v. Genger*, N.Y. Cnty. Sup. Ct. Index No. 109749/2009, NYSCEF Doc. No. 1512. Orly curiously fails to mention this outcome either.

4. Lastly, Orly also neglects to tell the Court that in 2010 she filed *a third* meritless lawsuit against Sagi, also supposedly on behalf of the Orly Trust (the "2010 Action"). In 2014, all claims against Sagi, and the Company he ran, TPR, and the Sagi Trust were thrown out by the Appellate Division, First Department, in a unanimous decision penned by Justice Helen Freedman. *See Genger v. Genger*, 121 A.D.3d 270 (1st Dep't 2014).

5. In that same suit, however, in 2013 Orly recovered $32.3 million from the Trump Group (former friends and business partners of Arie Genger), by compromising the Trust's claim to beneficial ownership in a block of shares of Trans-Resources, Inc. Yet, to date – contrary to New York law – she has turned over <u>none</u> of the proceeds to the Trust. No court has ever adjudicated the proper recipient of the proceeds, because Orly obtained a discontinuance of her derivative suit while refusing to show the underlying settlement agreement to either the Trustee or the Sagi Trust (even on an "attorney's eyes only" basis).

6. The irony here is that the Trustee procured a settlement of approximately $11 million from Sagi-run TPR in exchange for a release of the Trust's claims against TPR in the 2009 and 2010 Actions, but Orly had that settlement voided based on the Trustee's supposed "conflict of interest." Incredibly, Orly now *brags* about that result on page 3 of her brief, claiming that the $11 million settlement makes the Trustee "unfit to serve as trustee." As noted above, however, Orly then recovered $0 for the Trust on these same suits.

7.      In sum, Orly's malfeasance has cost the Trust $44 million, as well as engendering a raft of frivolous litigation that unduly burdened the New York courts and made her family members miserable. Enough is enough. The Sagi Trust respectfully requests that Orly no longer be allowed to misuse the Trust to benefit her father and his various creditors. Orly's motion to dismiss the Trustee's highly meritorious cross-petition should be denied, and the $32.3 million Orly misappropriated should be returned to the Trust forthwith.

Dated: New York, New York
       September 26, 2017

/s/ JOHN DELLAPORTAS
_____
JOHN DELLAPORTAS
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178
(212) 808-7800
*Attorneys for Sagi Trust*

STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK
------------------------------x
In the Matter of the Application of
ORLY GENGER, as a person interested, for the
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11)
------------------------------x

AFFIRMATION
OF SERVICE

File No. 0017/2008

## AFFIRMATION OF SERVICE

JOHN DELLAPORTAS, an attorney duly admitted to practice law in the Courts of the State of New York, under the penalties of perjury and pursuant to Rule 2106(a) of the New York Civil Practice Law and Rules, hereby affirms as follows:

1. I am over the age of 18 years and am not a party to this action.

2. On the 5th day of October, 2017, I served true and correct copies of (i) ANSWER OF SAGI TRUST TO THIRD AMENDED PETITION, (ii) OPPOSITION AFFIRMATION OF SAGI TRUST (CORRECTED), (iii) ANSWER OF DALIA GENGER TO THIRD AMENDED PETITION, (iv) AMENDED ANSWER OF DALIA GENGER TO THIRD AMENDED PETITION AND CROSS-PETITION, and (v) AFFIRMATION OF JUDITH BACHMAN IN OPPOSITION TO MOTION TO DISMISS CROSS-PETITION (with exhibits), upon the following attorney by first hand delivery:

Steven Riker, Esq.
Law Office of Steven Riker
One Grand Central Place, 46th Floor
New York, NY 10165
*Guardian at Litem*

3. On the 5th day of October, 2017, I also served a true and correct copy of the OPPOSITION AFFIRMATION OF SAGI TRUST (CORRECTED), upon the following attorneys by first class mail:

Eric D. Herschmann
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
*Counsel to Petitioner Orly Genger*

Judith Bachman, Esq.
254 S. Main Street, Suite 306
New City, NY 10956
*Counsel to Trustee Dalia Genger*

                                                                                 _____
                                                                                             John Dellaportas

2