STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - x
In the Matter of the Application of
ORLY GENGER, as a person interested, for the
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11)              File No. 0017/2008
- - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM OF LAW OF
DALIA GENGER
IN OPPOSITION TO ORLY GENGER'S
MOTION TO DISMISS
THE CROSS-PETITION

Judith Bachman, Esq.
Counsel for Dalia Genger,
Cross-Petitioner
254 S. Main Street, Suite 306
New City, New York 10956
8456393210

TABLE OF CONTENTS

TABLE OF AUTHORITIES                                                          ii

PRELIMINARY STATEMENT                                                         1

STATEMENT OF FACTS                                                            1


ARGUMENT

      STANDARD FOR MOTION TO DISMISS                                    9

POINT I

      ORLY, AS DERIVATIVE PLAINTIFF,
      OWES FIDUCIARY DUTIES TO THE TRUST
      AND MUST TURNOVER AND ACCOUNT
      FOR ANY TRUST ASSETS                                              10

      A. Orly, as a Derivative Plaintiff on behalf of the Orly Trust,
      Owes it Fiduciary Duties                                          11

      B. Orly Must Account for and Turnover the Settlement Proceeds      14

POINT II

      ORLY CANNOT BE
      ALLOWED TO SELECT A
      SUCCESSOR TRUSTEE                                                 15


CONCLUSION                                                                    18

TABLE OF AUTHORITIES

In re Andrews, 233 A.D, 547, 253 N.Y.S. 590 (3d Dep't 1933)          16, 17

In re Astor, 2 Misc.2d 385, 52 N.Y.S.2d 102(Surr. Ct. 1956)          16, 17

Braddock v. Braddock, 60 A.D.3d 84, 86 (1st Dep't 2009)          9

Clarke v. Greenberg, 71 N.E.2d 443, 296 N.Y. 146 (1947)          10, 14

Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949)          10, 13

EBC I, Inc. v. Goldman, Sachs & Co., 5 N.Y.3d 11, 19 (2005)          9

Gusinsky v. Bailey, 21 Misc.3d 1107(A), 873 N.Y.S.2d 234 (Table)
(Sup. Ct. N.Y. County 2008), rev'd on other grounds,
66 A.D.3d 614, 887 N.Y.S.2d 585 (1st Dep't 2008)          10, 11

In re Hoerter, 15 Misc.3d 1101(A) (Sup. Ct. Nassau County 2007)          11, 15

Leon v. Martinez, 84 N.Y.2d 83, 87-88 (1994)          9

Mokhiber v. Cohn, 783 F.2d 26 (2d Cir. 1986)          14

In re Moser, 139 Misc. 2d 958, 529 N.Y.S2d 453 (Surr. Ct. 1988)          16

In re Nyenhuis, 225 A.D.2d 395 (1st Dep't 1996)          11, 15

In re Rudin, 15 A.D.3d 199, 789 N.Y.S.2d 123 (1st Dep't 2005)          15

In re White, 125 Misc. 2d 436, 479 N.Y.S.2d 702 (Surr. Ct. 1984)          16, 17

## PRELIMINARY STATEMENT

Dalia Genger ("Dalia") opposes Orly's self-serving motion to dismiss Dalia's cross-petition ("CP") against Orly because, as a derivative plaintiff, Orly owed fiduciary duties to the Orly Trust. Dalia has stated a claim against Orly since Orly breached those fiduciary duties when she directed more than $32 million in settlement proceeds away from the Orly Trust. Dalia's claims for breach of fiduciary duty, accounting and turnover of the settlement proceeds must stand.

And if Dalia is eventually removed as trustee, although she should not be, Orly cannot be allowed to choose a successor trustee since she has stated, in writing, that she expects that trustee to act contrary to the interests of the Orly Trust.

## STATEMENT OF FACTS

On or around December 13, 1993, Arie Genger ("Arie") settled the Orly Genger 1993 Trust ("Orly Trust") pursuant to a written Trust Agreement executed by Arie, as Grantor, and the two prior Trustees, Lawrence M. Small and Sash A. Spencer (the "Trust Agreement"). CP ¶ 6. Affirmation of Judith Bachman, dated September 24, 2017 ("Bachman Aff."), Ex. 1..

Orly Genger ("Orly") is the beneficiary of the Orly Trust.

Her daughter, and that of her attorney Eric Herschmann is also a beneficiary of the Orly Trust. To complicate matters further, Mr. Herschmann (Orly's husband, father of her child, and her attorney), is also representing Arie Genger in another one of the Genger family litigations; and presumably being paid to do so, perhaps using the settlement proceeds, discussed below. The Surrogate's Court has recently appointed a Guardian *Ad Litem*, Steve Riker, Esq., to represent Orly's children.

Dalia is the trustee of the Orly Trust. Dalia and Arie set up the Orly Trust as part of their to safeguard assets for their daughter and their grand-children. Specifically, pursuant to Article

1

ELEVENTH, Section C of the Trust Agreement, all trust funds are to be held in the name of the Orly Trust, and no Orly Trust assets are to be used for the benefit of Orly's creditors (the "Trust Agreement Obligations"). CP ¶ 7. This is in place to protect Orly and her children against the reach of creditors and misguided financial choices. This is at the heart of every trust, including the Orly Trust.

In July 2010, Orly instituted a derivative action in the Supreme Court, New York County entitled <u>Arie Genger, et al. v. Sagi Genger, et al.</u>, Index No. 651089/2010, by which she brought claims "on behalf of the Orly Trust as the beneficiary of the Orly Trust" (the "Orly Trust Derivative Litigation"). CP ¶ 8. The Complaint sought to assert claims for the Orly Trust's ownership in shares of stock in a company called Trans-Resources, Inc. ("TRI"). Orly later amended her pleading to assert claims against, <u>inter alia,</u> the purchasers of those TRI shares, Glenclova Investment Company, TR Investors, LLC, New TR Equity I, LLC, and New TR Equity II, and TRI (collectively, the "Trump Group Entities"). Bachman Aff., Ex. 2.

As Orly declared in the second paragraph of her complaint, she brought "this action on behalf of the Orly Trust as the beneficiary of the Orly Trust to protect her interests thereunder." (<i>Id.</i> at 1, emphases added.). Although Orly purported to also bring claims in her "individual capacity," the only harm she identified in her Complaint is to the Orly Trust. As she described her own "NATURE OF THE CASE" in her Complaint:

> In this case, Plaintiffs Arie and Orly, in her individual capacity and on behalf of the Orly Trust, are seeking declaratory, injunctive, and other equitable relief, as well as additional compensatory damages in an amount yet to be determined arising from, inter alia, the loss of Arie's voting control of TRI and the tortious conduct of the defendants as set forth herein, in connection with the Trump Parties' campaign to take over and dilute the value of plaintiffs' interests in TRI, a company founded by Arie nearly three decades ago, including the defendants' wrongful, concerted efforts to strip

> Arie of his ownership and control of 52.85% of the shares of TRI's
> common stock, including the Orly Trust's interest in a portion
> of this TRI stock, and to oust Arie from his management control of
> TRI—all in an audacious series of breaches of contractual,
> fiduciary and legal obligations giving rise to each of the causes of
> action alleged in this Complaint. (NYSCEF Doc. No. 112 at 4,
> emphases added.)

It is undisputed that Orly has never had a direct interest in TRI stock. Her only interest was an indirect one as a beneficiary of the Orly Trust, which bought TRI shares in 2004 from TPR Investment Associates, Inc. Accordingly, her claims in her Complaint were exclusively derivative in nature.

Logically then, on January 2, 2013, in the Orly Trust Derivative Litigation, Justice Jaffe of the Supreme Court, New York County adopted Orly's position that she "has legal standing to represent the Orly Trust" and "may act on behalf of the Orly Trust unless and until the Surrogate's Court rules otherwise in an appropriate action there." CP ¶ 9.; Bachman Aff., Ex. 3.

> Plaintiff argues, and none of the defendants dispute her, that as beneficiary of the Orly
> Genger 1993 Trust, she has a right to assert causes of action on behalf of the trust, citing *Velez v
> Feinstein*, 87 AD2d 309 (1st Dept. 1982) (where trustee has failed to enforce a claim on behalf of
> the trust, the beneficiary may do so). She further argues that as the Orly Genger 1993 Trust is a
> limited partner of D&K Ltd. Partnership, she has the right to assert causes of action on behalf of
> the Partnership as against TPR Investment and the other defendants, citing among other cases,
> *CCG Assoc. I v Riverside Assoc.*, 157 AD2d 435, 442 (1st Dept. 1990) ("[t]he right of a limited
> partner to bring an action on behalf of the partnership to enforce a right belonging to the
> partnership is beyond dispute") (Pl Memo of Law [Doc. 9:4] p. 1 n. 1).[3] Defendants' arguments
> in opposition are not persuasive.

Bachman Aff., Ex. 4.

3

Earlier on in the same Orly Trust Derivative Litigation, Orly moved to restrain Dalia from pursuing what Orly characterized as a "duplicative" action as Trustee of the Orly Trust before the Delaware Chancery Court, by which Dalia was seeking a declaration to obtain ownership of the same TRI shares. CP ¶ 10.   According to Orly: "[i]n the instant action …, I seek, among other things, the return of those [same] TRI Shares to the Orly Trust."  Also, according to Orly, Dalia's "contention that the Orly Trust is not a party to this action … is meritless.  Orly is prosecuting this action on behalf of the Orly Trust."  The Supreme Court, New York County, agreed, restraining Dalia from pursuing the action in the Delaware Chancery Court by which the Orly Trust had sought the TRI shares.  Bachman Aff., Ex. 5.

In June 2013, Orly disclosed that she had "entered into a confidential settlement agreement to resolve all issues among the stipulating parties," which included the Trump Group Entities.  CP ¶ 12.   However, the settlement terms were left undisclosed.  Dalia sought production of the settlement agreement, but Orly refused to produce it, claiming the document was too "confidential."  When it was proposed that the document be produced under "Attorney's Eye's Only" limitation, Orly refused that proposal as well.  Instead, Orly submitted the Settlement Agreement to Justice Jaffe, unsolicited, for in camera inspection.

Notwithstanding Orly's reluctance to produce the settlement agreement, it became clear, now as a matter of collateral estoppel, the Orly had settled both her direct claims and the derivative claims on behalf of the Orly Trust.

First, by letter dated June 28, 2013, counsel to the Trump Group Entities wrote to the Court on behalf of all settling parties "including … Orly Genger" confirming that: "A material term of the agreement among the settling parties was the dismissal of *all* claims presently pending against one another, in whatever capacity they were brought. [If the settlement

stipulation was drafted so as to] have the effect of *not* dismissing Orly Genger's derivative claims against the Trump Group [Entities], contrary to the agreement of the settling parties. Excluding such claims from the claims that are to be dismissed is not what the Trump Group [Entities] bargained and paid for in the settlement . . ." CP ¶ 13;  Bachman Aff., Ex. 6.

Neither Orly nor any of the other settling parties disagreed with counsel's statements regarding the scope of the settlement. CP ¶ 14; Accordingly, on July 1, 2013, Justice Jaffe signed the requested Stipulation and Order of Discontinuance with Prejudice.

Months later, as part of a parallel proceeding, the United States District Court directed Orly to produce her settlement agreement with the Trump Group Entities.  Bachman Aff., Ex. 7.

The document revealed that Orly had settled her claims against the Trump Group Entities both "in her individual capacity and in her capacity as beneficiary of the Orly Genger 1993 Trust" – the latter being the very capacity by which the Supreme Court permitted Orly to assert derivative claims. CP ¶ 15.  According to its signatories, the purpose of the agreement was "to resolve all issues, disputes and disagreements between [Orly and the other Settling Parties], including but not limited to the issue of ownership of all [TRI] shares," most significantly those TRI shares claimed by the Orly Trust.

In exchange, the Trump Group Entities agreed to pay $32.3 million to the so-called "AG Group," consisting of Orly, her father Arie, and Arnold and David Broser (collectively, "the Brosers"). CP ¶ 16.  Upon information and belief, the Brosers are creditors of Orly personally or her father, to whom Orly and Arie owe many millions of dollars.  The payments were broken up into: (a) an immediate payment of $17.3 million and (b) two follow-up payments of $7.5 million.

5

On May 15, 2014, U.S. District Judge Keenan held that: "Pursuant to [the Trump Group Entities] [S]ettlement, Orly acknowledged that the Trump Group is the record and beneficial owner of the Orly Trust Shares. ... At long last, the dispute regarding ownership of the Orly Trust Shares is over." Bachman Aff., Ex. 8. And moreover, "Orly monetized her beneficial interest in the Orly Trust['s] [TRI] shares for $32.3 million ...." Bachman Aff, Ex. 8.

The Trump Group Entities have since reaffirmed that the federal court construed the Trump Group Entities Settlement Agreement correctly:

> [Any suggestion] that the confidential settlement agreement *might* only dismiss Orly's individual claims against the Trump Group [Entities], but not resolve the Orly Trust's claims against the Trump Group [Entities] and the TPR Group . . . is counterfactual. This Court has already held that certain of Orly's claims in this action, including the remaining claims, are derivative in nature, and may be maintained by Orly on behalf of the Orly Genger 1993 Trust. ... In settling the claims among them, the Trump Group [Entities], Trans-Resources, Orly and Arie agreed to the dismissal of all claims presently pending against one another. This agreement is memorialized in the Second Amended Stipulation of Discontinuance.

CP ¶ 17. Bachman Aff., Ex.9.

Evidencing this intent to settle the Orly Trust derivative claims, in Section 6(a) of the Trump Group Entities Settlement Agreement, Orly settled and released all of her claims in the Trump Group Entities Settlement in both her derivative and individual capacities. (Orly releasing the Trumps "in all capacities.") CP ¶ 18.

In Section 8(a) thereof, Orly further agreed to "cause" the Orly Trust to do the same, which she later did, advising the Delaware Chancery Court that she favored dismissal of Dalia's action on behalf of the Orly Trust. To that end, Orly's attorneys issued an August 2013 directive to Dalia that Dalia should dismiss the Orly Trust's declaratory judgment action in Delaware Chancery Court, which Dalia had commenced seeking a judgment that the Orly Trust is the beneficial owner of the TRI shares. See Dalia Genger v. TR Investors, LLC, et al., C.A. No.

6906-CS (Del. Ch.). Orly's attorneys advised the Delaware Chancery Court that Orly was "acknowledg[ing] individually <u>and in her capacity as the beneficiary of her trust</u> that the Trump Group are the record and beneficial owners of the TRI shares which had been distributed to the Orly Trust." In other words, by virtue of her Trump Group Settlement, Orly had mooted the Chancery Court proceeding. The case was dismissed. CP ¶ 18.

And most tellingly, under Section 8(b) of her settlement agreement, Orly agreed as a condition to any agreement by the AG Group to a replacement trustee for the Orly Genger 1993 Trust to "use [her] best efforts to cause [any replacement] trustee to agree in writing on behalf of the Orly Genger 1993 Trust that it shall be a member of the AG Group for purposes of providing the indemnity contained in Paragraph 5."

At a hearing before Justice Jaffe on March 25, 2015, counsel to the Trump Group Entities confirmed that $17.3 million of the Settlement Proceeds has already been paid, but that $15 million remains to be paid, less possible "set-offs" and subject to possible acceleration or extension of those payment dates. CP ¶ 20. Bachman Aff., Ex. 10.

None of the aforementioned Settlement Proceeds has been remitted to the Orly Trust, nor will any of the proceeds be in the future, per Section 8(b) of her settlement agreement. CP ¶ 19. Orly has testified that neither she has not personally received any of the Settlement Proceeds. Bachman Aff., Ex. 11. This means $17.3 million of the Settlement Proceeds has been paid to other members of the "AG Group," <u>i.e.</u>, the Brosers and Arie (the "Initial Payment"). CP ¶ 21. This is exactly contrary to language and purposes of the Orly Trust, to protect her and her children from creditors and misguided financial decisions.

Consistent with her fiduciary duty to the Orly Trust and the express terms of the Trust Agreement Obligations and for the benefit of her daughter, Orly was required to ensure that the

Settlement Proceeds were paid to the Orly Trust. CP ¶ 22. Indeed, for this very reason, the

Surrogate's Court has recently appointed a Guardian *Ad Litem*, Steve Riker, Esq., to represent

Orly's potential children.

However, Orly failed to comply with these duties and obligations. Orly breached her

fiduciary duty to the Orly Trust and the express terms of the Trust Agreement Obligations.

In order to protect the Orly Trust, Orly, and, by extension, her grand-daughter, Dalia

moved in the Supreme Court, New York County, for an order permitting her to substitute for

Orly as plaintiff in the Orly Trust Derivative Litigation and compelling the settling parties to

deposit the Settlement Proceeds into Court. CP ¶ 23. Orly vigorously opposed Dalia's motion,

on the ground, inter alia, that she is seeking to remove Dalia as Trustee of the Orly Trust. By

Interim Order dated May 7, 2015, Justice Jaffe held it in abeyance pending this Court's

determination of Orly's Petition. Bachman Aff., Ex. 12.

The Appellate Division in reviewing Dalia's motion to substitute and continue to

prosecute the Orly Trust claims determined that the Orly Trust claims had already been

discontinued. With the discontinuance of those derivative claims by the Orly Trust, the turnover

of the Settlement Proceeds from those derivative claims is necessary and appropriate.

Now, Orly seeks to remove Dalia as trustee of the Orly Trust. She is doing so to satisfy

her father's creditors and "use [her] best efforts to cause [any replacement] trustee to agree in

writing on behalf of the [Orly Trust] that it shall be a member of the AG Group for purposes of

providing the indemnity contained in Paragraph 5."

Dalia has filed a cross-petition to, inter alia, have Orly account/turnover the Settlement

Proceeds to the Orly Trust. Orly has moved to dismiss that cross-petition claiming[1] that (a) she

---

[1] As for the issue of signing the papers, Orly's counsel would not grant any extensions of time, and since my office is not in Manhattan, I authorized Mr. Dellaportas to sign on my behalf (as is noted on the signature). With that

owes no fiduciary duties to the Orly Trust, (b) the Settlement Proceeds do not belong the Orly Trust so no accounting/turnover is required, and (c) that she pick a successor trustee.

ARGUMENT

STANDARD FOR MOTION TO DISMISS

On a motion to dismiss for failure to state a claim, the court must "'accept the facts as alleged in the [pleading] as true, accord [cross-petitioner] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory.'" Braddock v. Braddock, 60 A.D.3d 84, 86 (1ˢᵗ Dep't 2009) (quoting Leon v. Martinez, 84 N.Y.2d 83, 87-88 (1994). The issue of "[w]hether a [cross-petitioner] can ultimately establish [his or her] allegations is not part of the calculus in determining a motion to dismiss. EBC I, Inc. v. Goldman, Sachs & Co., 5 N.Y.3d 11, 19 (2005).

With that stringent standard in mind, Orly's motion to dismiss must be denied.

---

simple explanation, the first seven pages of Orly's memo of law constitute a scurrilous, false, irrelevant screed having nothing to do with the merits of the petition or the motion to dismiss. They should be struck.

POINT I

ORLY, AS DERIVATIVE PLAINTIFF,
OWES FIDUCIARY DUTIES TO THE TRUST
AND MUST TURNOVER AND ACCOUNT
FOR ANY TRUST ASSETS

A derivative plaintiff owes fiduciary duties to those on whose behalf she has sued.

Gusinsky v. Bailey, 21 Misc.3d 1107(A), 873 N.Y.S.2d 234 (Table) (Sup. Ct. N.Y. County

2008) ("The plaintiff and plaintiff's counsel in a derivative action have an obligation to the

corporation and all its other shareholders"), rev'd on other grounds, 66 A.D.3d 614, 887

N.Y.S.2d 585 (1st Dep't 2008).

> [A] stockholder who brings suit on a cause of action derived from the corporation
> assumes a position not technically as a trustee, perhaps, but one of a fiduciary
> character. He sues not for himself alone, but as representative of a class
> comprising all who are similarly situated. The interests of all in the redress of the
> wrongs are taken into his hands, dependent upon his diligence, wisdom and
> integrity. . . . He is a self-chosen representative and a volunteer champion.

Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949) (emphasis added).

And as a fiduciary, derivative plaintiffs are required to turnover and account for all

proceeds obtained as such.  Mokhiber v. Cohn, 783 F.2d 26 (2d Cir. 1986).

"Those "fruits"--the moneys paid to counsel--must be accounted for irrespective of

whether they went to the derivative plaintiffs or to their lawyers. 'Defendant cannot evade his

fiduciary responsibility to account to the corporation for all recovery resulting from his

derivative action by the mere device of authorizing or permitting payment to his attorneys

instead of himself.'"" Id.

As the Court in Clarke v. Greenberg, 71 N.E.2d 443, 296 N.Y. 146 (1947) (emphasis

added) opined:

> The very nature of the derivative suit by a stockholder-plaintiff suing in the
> corporation's behalf suggests the application of the fiduciary principle to the

10

proceeds realized from such litigation whether received by way of judgment, by settlement with approval of the court, which presupposes stockholders' approval, or by private settlement and discontinuance of the action at any stage of the proceeding. Such action, we have held, belongs primarily to the corporation, the real party in interest (*Teich v. Lawrence,* 291 N.Y. 245; *Koral v. Savory, Inc.,* 276 N.Y. 215; *Continental Securities Co. v. Belmont,* 206 N.Y. 7) and a judgment so obtained, as well as the proceeds of a settlement with court approval, belongs to it and not the individual stockholder plaintiffs (*Earl v. Brewer,* 248 A.D. 314, affd. 273 N.Y. 669; *Gerith Realty Corp. v. Normandie National Securities Corp.,* 266 N.Y. 525). . . . When, however, success crowns his effort, the amount received is in behalf of and for the account of the corporation. This is so because the action belongs primarily to it. The manner and method by which such success is accomplished whether by way of judgment, settlement with court approval or by stipulation of the parties, makes no substantial difference in the interest of the corporation upon distribution of the proceeds. Requiring an accounting for moneys received in a private settlement introduces no new element. It simply amounts to a logical application of a fundamental principle inherent in the representative relation. When one assumes to act for another, regardless of the manner or method used in accomplishing a successful termination, he should willingly account for his stewardship. The plaintiff-stockholder, in good conscience, should not be allowed to retain the proceeds of a derivative suit discontinued by stipulation, to his individual use, in opposition to the corporation, any more than the proceeds of a judgment or a settlement with court approval.

These obligations of a derivative plaintiff to account for and turnover proceeds belonging to those on whose behalf she sues, are akin to the obligations of a fiduciary or third party to account for and turnover proceeds that belong to an estate or trust. See e.g., In re Hoerter, 15 Misc.3d 1101(A) (Sup. Ct. Nassau County 2007); In re Nyenhuis, 225 A.D.2d 395 (1ˢᵗ Dep't 1996).

A.  Orly, as a Derivative Plaintiff on behalf of the Orly Trust, Owes it Fiduciary Duties

Orly's bald assertion that she owes no fiduciary's to the Orly Trust is false.

Orly is bound by fiduciary duty to the Orly Trust as a derivative plaintiff. Gusinsky v. Bailey, 21 Misc.3d 1107(A), 873 N.Y.S.2d 234 (Table) (Sup. Ct. N.Y. County 2008), rev'd on other grounds, 66 A.D.3d 614, 887 N.Y.S.2d 585 (1ˢᵗ Dep't 2008).

These obligations are all the more serious now that Orly, and her attorney Eric Herschmann, have an infant daughter that stands to benefit from the Orly Trust In fact, for this very reason, the Surrogate's Court has recently appointed a Guardian *Ad Litem*, Steve Riker, Esq., to represent Orly's children.

Orly sought and obtained the right to bring the  Orly Trust Derivative Litigation, as a derivative plaintiff - - the Court adopted Orly's position that she "has legal standing to represent the Orly Trust" and "may act on behalf of the Orly Trust unless and until the Surrogate's Court rules otherwise in an appropriate action there."

> Plaintiff argues, and none of the defendants dispute her, that as beneficiary of the Orly Genger 1993 Trust, she has a right to assert causes of action on behalf of the trust, citing *Velez v Feinstein*, 87 AD2d 309 (1ˢᵗ Dept. 1982) (where trustee has failed to enforce a claim on behalf of the trust, the beneficiary may do so). She further argues that as the Orly Genger 1993 Trust is a limited partner of D&K Ltd. Partnership, she has the right to assert causes of action on behalf of the Partnership as against TPR Investment and the other defendants, citing among other cases, *CCG Assoc. I v Riverside Assoc.*, 157 AD2d 435, 442 (1ˢᵗ Dept. 1990) ("[t]he right of a limited partner to bring an action on behalf of the partnership to enforce a right belonging to the partnership is beyond dispute") (Pl Memo of Law [Doc. 9:4] p. 1 n. 1).[3]  Defendants' arguments in opposition are not persuasive.

Orly '. . . [having brought suit] on a cause of action derived from the [Orly Trust] assumes a position not technically as a trustee, perhaps, but one of a fiduciary character. [She] sues not for [her]self alone, but as representative of a class comprising all who are similarly situated. The interests of all in the redress of the wrongs are taken into [her] hands, dependent upon [her] diligence, wisdom and integrity. . . . [She] is a self-chosen representative and a

volunteer champion.' <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 U.S. 541 (1949) (emphasis added).

And because Orly owed a fiduciary duty to the Orly Trust she was required to ensure that the Settlement Proceeds were paid to the Orly Trust.

Orly did not so do. Instead, she entered into the Trump Group Entities Settlement Agreement, which provided for the Settlement Proceeds to be paid to parties other than the Orly Trust, and she authorized payment of the Settlement Proceeds to such other parties.

As a derivative plaintiff, Orly proceeded to settle the Orly Trust Derivative Litigation: According to the federal court, which reviewed the document, "Orly acknowledged that the Trump Group is the record and beneficial owner of the Orly Trust Shares. ... At long last, the dispute regarding ownership of the Orly Trust Shares is over." The Trump Group Entities have since reaffirmed that the federal court construed the Trump Group Entities Settlement Agreement correctly:

> [Any suggestion] that the confidential settlement agreement *might* only dismiss Orly's individual claims against the Trump Group [Entities], but not resolve the Orly Trust's claims against the Trump Group [Entities] and the TPR Group . . . is counterfactual. This Court has already held that certain of Orly's claims in this action, including the remaining claims, are derivative in nature, and may be maintained by Orly on behalf of the Orly Genger 1993 Trust. ... In settling the claims among them, the Trump Group [Entities], Trans-Resources, Orly and Arie agreed to the dismissal of all claims presently pending against one another. This agreement is memorialized in the Second Amended Stipulation of Discontinuance.

Evidencing this intent to settle the Orly Trust derivative claims, in Section 6(a) of the Trump Group Entities Settlement Agreement, Orly settled and released all of her claims in the Trump Group Entities Settlement in both her derivative and individual capacities. (Orly releasing the Trumps "in all capacities.")

13

In Section 8(a) thereof, Orly further agreed to "cause" the Orly Trust to do the same, which she later did, advising the Delaware Chancery Court that she favored dismissal of Dalia's action on behalf of the Orly Trust.

And most tellingly, under Section 8(b) of her settlement agreement, Orly agreed to "use [her] best efforts to cause [any replacement] trustee to agree in writing on behalf of the Orly Genger 1993 Trust that it shall be a member of the AG Group for purposes of providing the indemnity contained in Paragraph 5."

Orly's actions constitute a breach of fiduciary duty and breach of duty of loyalty and the claims are adequately stated.

B. Orly Must Account for and Turnover the Settlement Proceeds

And as a fiduciary, Orly is required to turnover and account for all Settlement Proceeds obtained as such.  Mokhiber v. Cohn, 783 F.2d 26 (2d Cir. 1986).

"Those "fruits"--the moneys paid to the AG Group--must be accounted for irrespective of whether they went to the derivative plaintiffs or to their lawyers. '[Orly] cannot evade [her] fiduciary responsibility to account to the [Orly Trust] for all recovery resulting from his derivative action by the mere device of authorizing or permitting payment to [her] attorneys instead of [her]self.'"" Id.

As the Court in Clarke v. Greenberg, 71 N.E.2d 443, 296 N.Y. 146 (1947) (emphasis added) opined:

> The very nature of the derivative suit . . . suing in the [Orly Trust's] behalf
> suggests the application of the fiduciary principle to the proceeds realized from
> such litigation whether received by way of judgment, by settlement with approval
> of the court . . . . Such action, we have held, belongs primarily to the [Orly Trust],
> the real party in interest and a judgment so obtained, as well as the proceeds of a
> settlement with court approval, belongs to it and not the individual  . . .  plaintiffs.
> . . When, however, success crowns [her] effort, the amount received is in behalf
> of and for the account of the [Orly Trust]. This is so because the action belongs

primarily to it. The manner and method by which such success is accomplished whether by way of judgment, settlement with court approval or by stipulation of the parties, makes no substantial difference in the interest of the [Orly Trust] upon distribution of the proceeds. <u>Requiring an accounting for moneys received in a private settlement introduces no new element</u>. It simply amounts to a logical application of a fundamental principle inherent in the representative relation. <u>When one assumes to act for another, regardless of the manner or method used in accomplishing a successful termination, [s]he should willingly account for [her] stewardship</u>. [Orly], in good conscience, should not be allowed to retain the proceeds of a derivative suit discontinued by stipulation, to [her] individual use, in opposition to the [Orly Trust], any more than the proceeds of a judgment or a settlement with court approval.

Orly's obligations as a derivative plaintiff to account for and turnover proceeds belonging to those on whose behalf she sues are reinforced by the obligations that she has as a third party to account for and turnover proceeds that belong to the Orly Trust. <u>See e.g., In re Hoerter</u>, 15 Misc.3d 1101(A) (Sup. Ct. Nassau County 2007); <u>In re Nyenhuis</u>, 225 A.D.2d 395 (1ˢᵗ Dep't 1996).

Accordingly, Dalia's demand that Orly account for and turnover the Settlement Proceeds to the Orly Trust , as a derivative plaintiff on the Orly Trust's behalf and as a person in possession of the Orly Trust's proceeds, is well pled.

POINT II

ORLY CANNOT BE
ALLOWED TO SELECT A
SUCCESSOR TRUSTEE

Orly has asked this Court to, if Dalia is removed as trustee[2], dismiss Dalia's objection to appointing her own handpicked successor trustee.

---

[2] Dalia should not be removed as trustee.  And Orly's conspiracy theories regarding the alleged alignment between Sagi and Dalia are not only baseless but entirely irrelevant.  "Personal hostility between a trustee and a beneficiary is insufficient to justify removal unless it interferes with the proper administration of the trust), a standard that has not been met here."  <u>In re Rudin</u>, 15 A.D.3d 199, 789 N.Y.S.2d 123 (1ˢᵗ Dep't 2005) (citations omitted).

However, "[t]he fitness and qualifications of the person to be appointed appear to be matters for determination of the Court, and while nominees may be proposed by those interested, the Surrogate is under no compulsion to appoint any such nominee, nor is he bound to name the petitioner." In re Astor, 2 Misc.2d 385, 52 N.Y.S.2d 102(Surr. Ct. 1956).

Within the Court's exercise of discretion, the Court must reject any proposed fiduciary likely to jeopardize estate property. In re Trust under Will of Modell, 38 Misc.3d 1216(A), 966 N.Y.S.2d 347 (Surr. Ct. 2012).

And, where circumstances warrant, the Court should appoint a disinterested party as trustee. In re Moser, 139 Misc. 2d 958, 529 N.Y.S2d 453 (Surr. Ct. 1988) ("This course of action can only lead to further disputes, and under those circumstances, the appointment of a disinterested party as co-trustee will be in the best interest of all concerned."); In re White, 125 Misc. 2d 436, 479 N.Y.S.2d 702 (Surr. Ct. 1984) (appointing other fiduciary where conflict of interest existed in an accounting); In re Andrews, 233 A.D, 547, 253 N.Y.S. 590 (3d Dep't 1933) (appointing disinterested trustee is within the discretion of the court).

If Dalia is eventually removed as trustee, and she should not be, Orly cannot be allowed to handpick a successor trustee because Orly has already stated, in writing in the Settlement Agreement, that she intends to have any successor trustee act contrary to the interests of the Orly Trust.

In Section 8(a) thereof, Orly agreed to "cause" the Orly Trust to settle and release all claims against the Trump Group.

And under Section 8(b) of her Settlement Agreement, Orly agreed to "use [her] best efforts to cause [any replacement] trustee to agree in writing on behalf of the Orly Genger 1993 Trust that it shall be a member of the AG Group for purposes of providing the indemnity

16

contained in Paragraph 5."

In other words, Orly has promised to have a successor trustee, on behalf of the Orly Trust, release and indemnify the Trump Group Entities even in the face of the fact that the Orly Trust has received noting from the Trump Group Entities.

Clearly, Orly intends to have a successor trustee who will act contrary to the interests of the Olry Trust to instead satisfy her father's creditors and misguide the Settlement Proceeds. If Orly is under the influence of her father, Arie, to pay his creditors, or her attorney husband, to pay his legal fees, this would contravene the express provisions of the Orly Trust. Dalia, both as trustee and Orly's mother, is the only party serving the purposes of the Orly Trust. If Dalia is removed, no one will be left to protect Orly, her daughter, and the Orly Trust. The Court cannot allow this to happen.

Accordingly, if Dalia is eventually removed as trustee, and she should not be, the Court must appoint a disinterested party as trustee of the Orly Trust. In re Moser, 139 Misc. 2d 958, 529 N.Y.S2d 453 (Surr. Ct. 1988) ("This course of action can only lead to further disputes, and under those circumstances, the appointment of a disinterested party as co-trustee will be in the best interest of all concerned."); In re White, 125 Misc. 2d 436, 479 N.Y.S.2d 702 (Surr. Ct. 1984) (appointing other fiduciary where conflict of interest existed in an accounting); In re Andrews, 233 A.D, 547, 253 N.Y.S. 590 (3d Dep't 1933) (appointing disinterested trustee is within the discretion of the court).

## CONCLUSION

As a derivative plaintiff, Orly owed fiduciary duties to the Orly Trust. She breached those fiduciary duties when she directed the Settlement Proceeds away from the Orly Trust. Dalia's claims for breach of fiduciary duty, accounting and turnover of the Settlement Proceeds must stand.

And if Dalia is eventually removed as trustee, although she should not be, Orly cannot be allowed to choose a successor trustee since she has stated, in writing, that she expects that trustee to act contrary to the interests of the Orly Trust.

Dated:  September 25, 2017
　　　　New City, New York

　　　　　　　　　　　　　　　　　Judith Bachman, Esq.
　　　　　　　　　　　　　　　　　Counsel for Dalia Genger,
　　　　　　　　　　　　　　　　　Cross-Petitioner
　　　　　　　　　　　　　　　　　254 S. Main Street, Suite 306
　　　　　　　　　　　　　　　　　New City, New York 10956
　　　　　　　　　　　　　　　　　8456393210

STATE OF NEW YORK
SURROGATE'S COURT:  COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - x
In the Matter of the Application of
ORLY GENGER, as a person interested, for the
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11)          AFFIRAMATION OF SERVICE
                                                           File No. 0017/2008
- - - - - - - - - - - - - - - - - - - - - - - x

      Judith Bachman, under the penalties of perjury, affirms as follows:

1. I am an attorney at law duly licensed to practice in the state of New York.

2. I am counsel of record for Cross-Petitioner, Dalia Genger ("Dalia").

3. On September 25, 2017, I caused to be deposited a copy of the Affirmation and
   Memorandum of Law in Opposition to the Motion to Dismiss Cross-Peition of
   Respondent, Dalia Genger, herein, in an overnight mail service County of Rockland,
   State of New York, addressed to:


      SAGI GENGER 1993 TRUST
      C/O John Dellaportas
      Kelley Drye & Warren
      101 Park Avenue
      New York, New York

      Kasowitz, Benson, Torres & Freidman LLP
      1633 Broadway
      New York, NY 10019


Dated: New City, New York
      September 25, 2017

                           Judith Bachman, Esq.