STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
In the Matter of the Application of
ORLY GENGER, as a person interested, for the
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11)
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

OPPOSITION AFFIRMATION
ON BEHALF OF SAGI TRUST

File No. 0017/2008

JOHN DELLAPORTAS, an attorney admitted to practice in the courts of this state, hereby subscribes and affirms to be true under the penalties of perjury, pursuant to CPLR 2106, as follows:

1. I am a member of the law firm of Kelley, Drye & Warren LLP, counsel to the Remainderman Beneficiary, the Sagi Genger 1993 Trust (the "Sagi Trust"). I respectfully submit this affirmation, on behalf of the Sagi Trust, in opposition to the motion of Orly Genger ("Orly") to dismiss the cross-petition of Dalia Genger (the "Trustee"), the trustee of the Orly Genger 1993 Trust (the "Trust"). The Sagi Trust supports the Trustee's cross-petition and, more broadly, the efforts of the Trustee to recoup the $32.3 million in Trust assets that Orly misappropriated for the benefit of her father, Arie, and his creditors.

2. By this affirmation, the Sagi Trust wishes to supplement the record by noting certain additional false and misleading statements in Orly's motion papers. Most egregiously, on pages 2-3 of her Memorandum of Law, Orly falsely states that: "Sagi has now been adjudicated after trial and on summary judgment in two separate legal actions to have committed fraud against, and to have breached his fiduciary duties to, Orly, which determinations were upheld on appeal." In reality, the only finding of "fraud" liability against Sagi (relating to a transaction between the parties in which Orly *made* money and Sagi *lost* money) was <u>vacated (not affirmed) on appeal</u>. See *Genger v Genger*, 144 A.D.3d 581 (1st Dep't 2016). As the same counsel who signed Orly's brief also argued her appeal, his false statement is very puzzling.

3. The other lawsuit against Sagi to which Orly refers (the "2009 Action") turned out to be even more meritless. Last August, J.H.O. Gammerman presided over a two-week trial in the case, following which he found that Orly had suffered <u>zero damages</u> from the complained-of conduct. *See Genger v. Genger*, N.Y. Cnty. Sup. Ct. Index No. 109749/2009, NYSCEF Doc. No. 1512. Orly curiously fails to mention this outcome either.

4. Lastly, Orly also neglects to tell the Court that in 2010 she filed *a third* meritless lawsuit against Sagi, also supposedly on behalf of the Orly Trust (the "2010 Action"). In 2014, all claims against Sagi, and the Company he ran, TPR, and the Sagi Trust were thrown out by the Appellate Division, First Department, in a unanimous decision penned by Justice Helen Freedman. *See Genger v. Genger*, 121 A.D.3d 270 (1st Dep't 2014).

5. In that same suit, however, in 2013 Orly recovered $32.3 million from the Trump Group (former friends and business partners of Arie Genger), by compromising the Trust's claim to beneficial ownership in a black of shares of Trans-Resources, Inc. Yet, to date – contrary to New York law – she has turned over <u>none</u> of the proceeds to the Trust. No court has ever adjudicated the proper recipient of the proceeds, because Orly obtained a discontinuance of her derivative suit while refusing to show the underlying settlement agreement to either the Trustee or the Sagi Trust (even on an "attorney's eyes only" basis).

6. The irony here is that the Trustee procured a settlement of approximately $11 million from Sagi-run TPR in exchange for a release of the Trust's claims against TPR in the 2009 and 2010 Actions, but Orly had that settlement voided based on the Trustee's supposed "conflict of interest." Incredibly, Orly now *brags* about that result on page 3 of her brief, claiming that the $11 million settlement makes the Trustee "unfit to serve as trustee." As noted above, however, Orly then recovered $0 for the Trust on these same suits.

STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - -x

In the Matter of the Application of
ORLY GENGER, as a person interested, for the
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11)

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

**AFFIDAVIT OF SERVICE BY FEDERAL EXPRESS**

File No. 0017/2008

STATE OF NEW YORK            )
                             )  SS.:
COUNTY OF NEW YORK           )

Kristina M. Allen, being duly sworn, deposes and states:

1. I am not a party to this action, and am over 18 years of age.

2. On the 26th day of September, 2017, I served the Opposition Affirmation on behalf of the Sagi Trust, dated September 26, 2017, upon the following attorneys at the addresses designated by them for service of papers:

> Eric D. Herschmann
> Kasowitz Benson Torres LLP
> 1633 Broadway
> New York, New York 10019
>
> Judith Bachman
> 254 S. Main Street, Suite 306
> New York, New York 10956

by depositing a true copy thereof, in a secure envelope with Federal Express, for overnight delivery.

_____
Kristina M. Allen

Sworn to before me this
26 day of September, 2017.

_____
Notary Public

SAMMY TONY SIMON
Notary Public, State of New York
No. 01SI6322471
Qualified in New York County
Commission Expires 04/06/2019