SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| In the matter of the Application of ORLY GENGER, as a person interested, for the removal of DALIA GENGER, as Trustee of the Orly Genger 1993 Trust pursuant to SCPA § 711(11). | File No.:   2008-0017<br><br>Surrogate Nora S. Anderson |

### REPLY AFFIRMATION OF MICHAEL PAUL BOWEN
### IN SUPPORT OF ORLY'S MOTION TO DISMISS CROSS-PETITION

MICHAEL PAUL BOWEN, duly admitted to practice law before the courts of the State

of New York, affirms the following to be true under penalties of perjury pursuant to CPLR 2106:

1.      I am counsel to petitioner Orly Genger, and submit this reply affirmation in

further support of Orly's motion to dismiss the cross-petition of Dalia Ganger ("Dalia") (cited

herein as "Orly Mem.") and in reply to the opposition submissions by Dalia, dated September 25,

2017, and by Sagi Genger ("Sagi"), dated September 26, 2017, (which submissions are cited

herein as "Dalia Mem." and "Sagi Opp.", respectively).

2.      The submissions by Dalia and Sagi do not address the core defect in her cross-

petition – the undisputed fact that it is based on a claim that was already litigated and is barred

by *res judicata*. Instead, both Sagi and Dali continue to try to deflect from this simple truth by

clouding the record with fanciful claims that are, not only false, but irrelevant to the immediate

procedural issue. In fact, these submissions show, yet again, that Dalia is arrayed *against* the

interests of the trust beneficiary, Orly, and is in league with Sagi – who has now been

adjudicated *twice* to have committed fraud and breach of fiduciary duties against Orly. That is

reason enough – as is demonstrated in Orly's petition in this case – for the immediate removal of

Dalia as trustee.  By not voluntarily resigning that position, Dalia has used it for years and continues to use it to this day to serve her own conflicted interests and those of her son, Sagi.

3.      Dalia has thus violated – and continues to violate – her fundamental obligation as a fiduciary of the duty of undivided loyalty.  The fact that she let Sagi, who has already been adjudicated to be adverse to Orly, draft and submit papers on her behalf in this proceeding proves that she is irreconcilably conflicted and should be removed as trustee.

4.      Her meritless cross-petition is just yet another example of her antipathy to and conflict with Orly.  It should be dismissed with prejudice.

## A.  Neither Dalia Nor Sagi Refute the *Res Judicata* Bar

5.      In her opposition, Dalia pushes her claim that Orly's settlement with the Trump Group somehow implicated claims owned by the Orly Trust.  But that argument, such as it is, ignores the central flaw in her cross-petition:  The undeniable fact that Dalia failed to object to this settlement at the time Orly entered into it on behalf of herself and the fact that, previously, Dalia herself dismissed *with prejudice* any claims the Orly Trust had against the Trump Group. This was held by the First Department to preclude the very claims that Dalia again tries to raise here in her cross-petition:

> Defendant Dalia Genger, as Trustee for the Orly Genger 1993
> Trust (Orly Trust), failed to articulate any objection to the court's
> entry of the November 25, 2014 order dismissing plaintiff Orly
> Trust's breach of fiduciary duty and unjust enrichment claims
> against certain defendants, and her claim is not properly before this
> Court.  In any case, that order did not dismiss any claims; rather, it
> recognized that all claims had previously been dismissed or
> discontinued by prior court orders, dismissed the complaint, and
> severed other viable third party claims, cross claims, and
> counterclaims unrelated to the Orly Trust.

*Arie Genger v. Sagi Genger*, 144 A.D.3d 581, 581 (1st Dep't 2016). As discussed in Orly's

moving papers, that decision is proof positive that Dalia's cross-petition is barred by *res*

*judicata.* Orly Mem. at 8-10.

6.    In her opposition, Dalia just ignores these hard facts, as already determined by the

Appellate Division -- a determination that is binding on this Court. Dalia's lack of response on

this point of law is further confirmation, if any there need be, that her cross-petition is not

sustainable. *See* Dalia Mem. at 4-6; Sagi Opp. ¶ 4. *See also* Bowen Affirm., dated September 8,

2017, Ex. D ¶ 4.

**B.  The Opposing Submissions are Rife with Falsehood**

7.    The rest of the misguided opposition by both Dalia and her confederate Sagi

sheds no further light on the viability of the cross-petition. Rather, these submissions are

textbook examples of misdirection and obfuscation.

8.    Sagi's inflammatory affirmation in opposition mischaracterizes the various

courts' rulings, as the opinions themselves demonstrate.

9.    First, contrary to what Sagi states (Sagi Opp. ¶ 2), the Appellate Division did not

reverse specific findings of Supreme Court that supported Orly's fraud claim against Sagi in her

2008 fraud action. After a months-long bench trial on the liability phase of a bifurcated trial,

Supreme Court held Sagi liable for fraud and set the matter over for a damages hearing. On

appeal, the Appellate Division vacated the judgment as to liability and remanded, holding that

liability on the fraud claim could not be determined before concluding the damages stage of trial.

In so ruling, the Appellate Division specifically rejected Sagi's arguments against the trial

court's findings that Orly had established through clear and convincing proof all the other

elements of fraud other than damages, including his false statements, her reasonable reliance and

his fraudulent intent, as well as the trial court's findings that Sagi provided false testimony, falsified documents and generally lacked credibility. On these elements, the appellate court ruled:

> The evidence otherwise supported the court's finding that Orly had satisfied her burden of proving the remaining elements of her cause of action for fraud in the inducement. We find no basis to disturb the court's factual findings and credibility determinations.

*Orly Genger v. Sagi Genger*, 144 A.D.3d 581, 581 (1st Dep't Nov. 29, 2016).

10.     Sagi, in fact, tried a second time, by a motion to reargue before the Appellate Division, to convince the appeals court to vacate the entirety of the trial court's findings, essentially asking to re-do the entire liability-stage trial and for recusal of the trial judge who has presided for years over this and related litigation between Orly and Sagi and who presided over the months-long bench trial (Jaffe, J.). The First Department *again* rejected his arguments, summarily denying the motion to reargue. *Orly Genger v. Sagi Genger*, Feb. 28, 2017 App. Div. Order No. M-6660, Index No. 100697/08.

11.     Second, in paragraph 3 of his opposition, Sagi falsely claims that Orly's claims against Sagi in the "2009 Action" resulted in a finding of no damages. (This breach of fiduciary duty case is related to, but was litigated as a separate case from, the 2008 fraud case discussed above.) Again, Sagi's assertion is demonstrably false. In the 2009 Action, Supreme Court found that Sagi had breached fiduciary duties he owed Orly. *Orly Genger v. Dalia Genger*, No. 109749/09, 2016 WL 1407903 (Sup. Ct. N.Y. Cnty. Apr. 8, 2016). This finding was unanimously *affirmed in full* by the Appellate Division. *Orly Genger v. Dalia Genger*, 147 A.D.3d 443 (1st Dep't 2017). Afterward, a judicial hearing officer made a recommendation awarding Orly no monetary damages. But this is not yet decided. Supreme Court has yet to render decision. It is *sub judice* and the JHO recommendation was challenged by Orly on

4

various grounds. Therefore, the issue as to Orly's damages resulting from Sagi's breach of his fiduciary duties simply has not yet been decided.

12.     More importantly, the question of damages is irrelevant to this proceeding and the pending motion to dismiss the cross-petition: What is relevant is the trial court and the First Department both held Sagi liable for breach of his fiduciary duties to Orly, and the fact that Dalia – in yet again exhibiting her disqualifying conflicts of interests and unfitness to serve as trustee for Orly's trust – sided with Sagi and still sides with Sagi despite these adjudications of his fraud and breach of fiduciary duties that he (and Dalia) perpetrated against Orly.

13.     Dalia's opposition is likewise replete with falsehoods (not to mention typos). Like a broken record, Dalia continues to make the exact same arguments in a further attempt to delay the final resolution of this matter and further harm her daughter and granddaughter.

14.     Dalia is wrong when she argues that the Guardian Ad Litem in this action – Mr. Steve Riker, Esq. – represents Orly's daughter in this proceeding. Dalia Mem. at 1, 12. It is indisputable that Mr. Riker was appointed in 2014 to represent *only* the interests of *unborn* children, who are (theoretically) contingent beneficiaries of the Orly Trust. (At the time of the appointment of the Guardian over two years ago, Orly did not have any children.) *See* Order Appointing Guardian Ad Litem, filed Dec. 11, 2014 ("It is Ordered, that Steven M. Riker, Esq., is hereby appointed the guardian ad litem of: UNBORN CHILDREN.").

15.     Mr. Riker is *not* the guardian of Orly's newborn daughter, who was born in 2017. Under New York law, her parents are presumptively entitled to act as her guardian. *See, e.g., In re Judicial Settlement of First Intermediate Account of Proceedings of Mfrs. Of Hanover Trust Co.*, 83 A.D.2d 808, 808 (1st Dep't 1981) ("It is the policy of this state to encourage parents to act as guardians, thereby avoiding unnecessary appointments and the expense of a guardian ad

litem"). Absent further court order, Mr. Riker is limited to representing only theoretical "unborn children," not the actual daughter of Orly and her husband.

16.     Furthermore, Point II of Dalia's argument (Dalia Mem. at 15-17), which argues against Orly being allowed to select the successor trustee, is wholly inapposite. It is not germane to any issue on this motion to dismiss.

17.     Finally, in all the "smoke" of the misleading and irrelevant "issues" raised by Sagi and Dalia, Dalia ignores the massive record of her infidelity to Orly as the trust beneficiary. That is, perhaps, poignantly demonstrated by the fact that *Sagi's* lawyers drafted Dalia's answer and amended answer with cross-petition in this proceeding. *See* Orly Mem. at 5-7. Dalia does not even try to address this point -- because there is obviously nothing she can say in good faith to dispute it. *See* Dalia Mem. at 8 n.1 (admitting that Sagi's counsel filed Dalia's original answer, but ignoring that he also filed Dalia's August 12, 2017 amended answer and cross-petition and the fact that her signature on that pleading does not match her actual signature that appears on the verification).

## CONCLUSION

For the foregoing reasons and those set forth in Orly's opening papers on this motion, this Court should dismiss the cross-petition with prejudice, and award Orly such other and further relief that is just and proper.

Dated:   New York, New York
         October 2, 2017

                                            _____
                                            Michael Paul Bowen