STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - -x

In the Matter of the Application of
ORLY GENGER, as a person interested, for the
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11)
- - - - - - - - - - - - - - - - - - - - - - - - - -x

MEMORANDUM IN OPPOSITION
TO MOTION TO DISMISS

File No. 0017/2008

The Sagi Genger 1993 Trust (the "Sagi Trust"), as the Remainderman Beneficiary to the Orly Genger 1993 Trust (the "Trust"), respectfully submits memorandum of law in further opposition to the motion of motion of Orly Genger ("Orly") to dismiss the cross-petition of Dalia Genger (the "Trustee"), and specifically to address the claim that the Trustee's claims are somehow barred by "res judicata." Simply put, the Trust's entitlement to the $32.3 million in proceeds from the settlement of the Trust's claims against the Trump Group has never been adjudicated. That issue is now squarely before this Court.

Orly does not, indeed she cannot, dispute that: (a) she brought derivative claims on behalf of the Trust in the case entitled *Arie Genger et al v. Sagi Genger et al*, Index No. 651089/2010; (b) that she settled the derivative Trust claims in 2013 for $32.3 million; and (c) to date, she has remitted none of those settlement proceeds to the Trust. Nor can she dispute that, under New York law, the proceeds from a derivative settlement belong to the injured party (in this case, the Trust), not the derivative plaintiff (in this case, Orly). *See Sakow v Waldman*, 124 A.D.3d 860, 863 (2d Dep't 2015) ("A shareholder of a corporation, even of a closely held corporation, may not recover in his or her individual capacity for wrongs committed against the corporation, and any recovery obtained pursuant to a derivative cause of action asserted by a shareholder is obtained for the benefit of the injured corporation.")

However, Orly claims that the Trustee is somehow barred by the doctrine of "res judicata" from recovering the settlement proceeds for the Trust. That is utterly baseless. Under

New York law, in order for the terms of a settlement (beyond just the dismissal of the underlying case) to be *res judicata*, the terms of the settlement must be "agreed to by all parties present … [and] recorded in the minutes of the court." *Samerson v. Mather Mem. Hosp.*, 1995 NYLJ Lexis 2533, *11 (Sup. Ct. Suffolk Cnty. 1995); *see also United States Trust Co. v. Alpert*, 10 F. Supp. 2d 290, 1997 U.S. Dist. Lexis 24081 (S.D.N.Y. 1998) (rejecting similar argument that claim to settlement proceeds was barred by *res judicata* argument where the settling "court never considered any of the 346 Indentures at issue here nor the rights of the unitholder parties to those Indentures and obviously never decided who, as parties to the Indentures, would be entitled to distribution of the amount given to the Trustees herein").

That was not done here.  Orly deliberately concealed the terms of the settlement from the Trustee, and then discontinued the action pursuant to a so-ordered Stipulation (NYSCEF DOC. NO. 487) that makes no mention whatsoever of any settlement proceeds, let alone determining the correct allocation thereof.  The only res judicata is the <u>dismissal</u> of the Trust's claims.  The Supreme Court never addressed the question of allocation of settlement proceeds; the closest it came was to hold "in abeyance" – <u>in favor of this very proceeding</u> – the Trustee's motion to have those proceeds deposited in that Court.  (NYSCEF DOC. NO. 1279).

Accordingly, the Sagi Trust respectfully requests that Orly's motion be denied.

Dated: New York, New York
      October 9, 2017

JOHN DELLAPORTAS
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178
(212) 808-7800
*Attorneys for Sagi Trust*

STATE OF NEW YORK
SURROGATE'S COURT:  COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - x
In the Matter of the Application of            AFFIRMATION OF
ORLY GENGER, as a person interested, for the     SERVICE
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11)    File No. 0017/2008
- - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN DELLAPORTAS, an attorney and counselor at law admitted to practice in the

Courts of the State of New York, hereby affirms the following statements to be true under the

penalties of perjury pursuant to CPLR 2106.  I am over the eighteen years old and not a party

to this action.   On October 9, 2017, I caused to be served a copy of the attached

Memorandum of Law in Opposition to Motion to Dismiss upon the following counsel:

Eric Herschmann
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
*Counsel to Petitioner Orly Genger*

Steven Riker, Esq.
Law Office of Steven Riker
One Grand Central Place, 46th Floor
New York, NY 10165
*Guardian At Litem*

Judith Lisa Bachman, Esq.
254 S. Main Street, Suite 406
New City, New York 10017
*Counsel to Respondent Dalia Genger*

by placing the documents in a sealed envelope with postage thereon fully pre-paid and then

depositing the envelope in an official depository under the exclusive care and custody of the

United States Postal Service within the State of New York.

_____
JOHN DELLAPORTAS