New York County Surrogate's Court
MISCELLANEOUS DEPT.
OCT 13 2017
FILED
Clerk

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------X

In the Matter of the Application of ORLY GENGER, as a person interested, for the removal of DALIA GENGER, as Trustee of the Orly Genger 1993 Trust pursuant to SCPA §711(11)

-----------------------------------------------------------------X

File No. 2008-0017

**AFFIRMATION OF STEVEN RIKER, ESQ. IN RESPONSE TO ORLY GENGER'S MOTION TO DISMISS CROSS PETITION**

STEVEN RIKER, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following to be true subject to the penalties of perjury:

1. I was appointed by an Order of the Hon. Nora S. Anderson to serve as the Guardian ad Litem of unborn children of Petitioner Orly Genger ("Orly") in this miscellaneous proceeding.

2. Since such time, I have thoroughly acquainted myself with the rights and interests of my wards in the above-entitled proceeding, and I have reviewed all the documents on file pertaining thereto.

3. I submit this affirmation in response to the instant motion of Orly, which seeks to dismiss the recently filed Cross Petition of Dalia Genger, Trustee of the Orly Genger 1993 Trust.

## BACKGROUND

4. Orly is the primary beneficiary of an irrevocable inter vivos trust established by her father, Arie Genger ("Arie"), on or about December 13, 1993 (the "Orly Trust"). Orly has sought the removal of her mother, Dalia Genger ("Dalia"), as trustee of said Trust, pursuant to her Third Amended Petition (the "TAP").

5. The Orly Trust provides for discretionary principal distributions to Orly for life, and the remainder to her descendants, or if she has no descendants, to a trust that Arie established

for the benefit of Orly's brother, Sagi Genger (the "Sagi Trust"). Upon information and belief, Orly now has an infant daughter.

6. Pursuant to the allegations of the TAP, Dalia has, *inter alia*, colluded with Sagi to loot the Orly Trust of its interests in two closely-held Genger family businesses – TPR Investment Associates, Inc. ("TPR") and Trans-Resources, Inc ("TRI"). Dalia has allegedly engaged in such action as a form of retribution to her daughter, Orly, who took the side of her father, Arie, during his divorce from Dalia (while Sagi took the side of his mother, Dalia). As such, it is alleged that Dalia, in concert with Sagi, has breached her fiduciary duties as trustee of the Orly Trust.

7. Pursuant to the allegations of the recently filed Cross Petition, Orly, *inter alia*, acted as a *de facto* trustee of the Orly Trust and breached her fiduciary duties in such capacity by bringing and settling a derivative action, on behalf of said Trust, as against the purchasers of certain shares of TRI – Glenclova Investment Company, TR Investors, LLC, New TR Equity I, LLC, and New TR Equity II, and TRI (the "Trump Group Entities") – without depositing the proceeds of such settlement into the Orly Trust. The Cross Petition contains causes of action sounding in breach of fiduciary duty, breach of loyalty, turnover, accounting, unjust enrichment, self-dealing, and successor trustee appointment.

## DISCUSSION

8. As an initial matter, it is noted that counsel for Dalia has incorrectly stated that your affirmant was recently appointed to represent Orly's infant daughter (see Dalia Mem. at 12). As this Court is aware, your affirmant was appointed as GAL by Order dated December 11, 2014, several years before Orly had a child, and thus, was not appointed for the purpose of

2

representing the interests of Orly's newborn daughter.

9. Additionally, I note that counsel, despite alleging that I was appointed to represent Orly's infant daughter, failed to identify either your affirmant or her daughter as an interested party in her Cross Petition, and initially failed to serve your affirmant with the Cross Petition (although that has now been rectified).

A. **De Facto Trustee**

10. The main thrust of Dalia's Cross Petition is that Orly breached her fiduciary duty to the Orly Trust by failing to pay any portion of the $32.3 million to the Trust that she obtained in a settlement with the Trump Group Entities involving the rightful ownership of the TRI shares. It is alleged by Dalia that Orly brought a derivative action on behalf of the Orly Trust against the Trump Group Entities, seeking redress in an individual and representative capacity, and, as such, owed a fiduciary duty to the Trust. In essence, the allegation is that Orly acted as a *de facto* trustee.

11. New York recognizes "the concept of a de facto trustee" (Matter of Monfort, NYLJ, Dec. 13, 1995 (Sur Ct, Nassau County)(citing Matter of Sakow, 160 Misc.2d 703 (Sur Ct, Bronx County 1994)).

12. "A de facto trustee is one who assumes a position under color of title and actually exercises the duties of office and can reasonably expect to be held accountable for trust related activities" (Matter of Prins, NYLJ, July 23, 2008, at 30, col 3 (Sur Ct, New York County) (citations omitted).

13. Thus, assuming, *arguendo*, that Orly acted in a representative capacity, she may be deemed a *de facto* trustee with fiduciary duties owed to the other trust beneficiaries, including

3

the obligation to deposit the Trust's share of any settlement proceeds into a Trust account, or such other account as may be directed by a court of competent jurisdiction, due to her pending proceeding to remove Dalia as Trustee of the Orly Trust.

B. **Res Judicata**

14. However, it appears that res judicata bars such claims at this juncture, since the Appellate Division, First Department, in Genger v. Genger, 144 A.D.3d 581, 41 N.Y.S.3d 414 (1st Dept. 2016) held that:

> Defendant Dalia Genger, as Trustee for the Orly Genger 1993 Trust (Orly Trust), failed to articulate any objection to the court's entry of the November 25, 2014 order dismissing plaintiff Orly Trust's breach of fiduciary duty and unjust enrichment claims against certain defendants, and her claim is not properly before this Court (*Horizon Asset Mgt., LLC v Duffy, 106 AD3d 594, 595, 967 N.Y.S.2d 17 [1st Dept 2013]*). In any case, that order did not dismiss any claims; rather, it recognized that all claims had previously been dismissed or discontinued by prior court orders, dismissed the complaint, and severed other viable third party claims, cross claims, and counterclaims unrelated to the Orly Trust.

15. Indeed, to the extent that Dalia previously alleged, or had a full and fair opportunity to allege, that some, or all, of the $32.3 million settlement with the Trump Group Entities belonged to the Orly Trust, such claims are now barred by prior court orders.

C. **Statute of Limitations**

16. Additionally, it is respectfully submitted that the fiduciary duty claim may be time-barred. New York applies different statutes of limitations for claims alleging breach of

4

fiduciary duty, depending on the remedy sought (see Kaufman v Cohen, 307 AD2d 113, 118 (1st Dep't 2003). For equitable relief, the six-year limitations period in CPLR 213(1) applies. However, when the plaintiff seeks only money damages, courts interpret the claims as alleging injury to property, which is subject to the three-year limitations period set forth in CPLR 214(4). Additionally, claims for breach of fiduciary duty generally accrue, and the statute of limitations begins to run, as of the date of the alleged breach, not when it was discovered (see IDT Corp. v Morgan Stanley, 12 NY3d 132, 140 (2009).

17. In the case at bar, Dalia has sought monetary damages in the sum of $32.3 million against Orly for her alleged breach of fiduciary duty, and thus, the three-year statute of limitations, pursuant to CPLR 214(4), should apply herein.

18. Furthermore, based upon Dalia's representations in her Cross Petition, that:

(i) "In June 2013, Orly disclosed that she had 'entered into a confidential settlement agreement to resolve all issues among the stipulating parties,'" which included the Trump Group Entities (Dalia Cross Petition at ¶12);

(ii) "By letter dated June 28, 2013, counsel to the Trump Group Entities wrote to the court on behalf of all settling parties . . .confirming that: 'A material term of the agreement among the settling parties was the dismissal of all claims presently pending against one another, in whatever capacity they were brought. [If the settlement stipulation was drafted so as to] have the effect of not dismissing Orly Genger's derivative claims against the Trump Group [Entities], contrary to the agreement of the settling parties . . .'" [sic] (Dalia Cross Petition at ¶13); and

5

      (iii)    "Months later, as part of a parallel proceeding, the United States District Court directed Orly to produce her settlement agreement with the Trump Group Entities . . . The document revealed that Orly had settled her claims against the Trump Group Entities both 'in her individual capacity and in her capacity as beneficiary of the Orly Genger 1993 Trust – the latter being the very capacity by which the Supreme Court permitted Orly to assert derivative claims.'" (Dalia Cross Petition at ¶15)

it appears that Dalia was aware, as early as June, 2013, and certainly within "months" thereafter, that Orly had effectuated a settlement with the Trump Group Entities, in both, an alleged, individual and representative capacity, and did not deposit the settlement proceeds into an Orly Trust account. Yet, Dalia did not bring a claim against Orly until on or about August 12, 2017, well more than three years later.

19.    Additionally, since the breach of loyalty cause of action is a mirror image of the breach of fiduciary duty, and is based upon the same facts, it, too, would suffer the same time-barred fate.

20.    Accordingly, it is respectfully submitted that the Cross Petition may be subject to dismissal on multiple grounds.

## CONCLUSION

21.    Thus, except to the extent that i) Orly may be deemed a temporary *de facto* trustee with concomitant fiduciary duties owed to the other trust beneficiaries, and ii) the Cross Petition may be time-barred, your affiant respectfully submits that the issues on the motion have been

sufficiently briefed by Orly (with whom my wards' share many of the same interests), and that my wards' interests are adequately protected thereby. To that extent, I will respectfully rely upon the motion papers and legal arguments advanced by Orly, and submit that the Cross Petition should be dismissed.

Dated: New York, New York
October 13, 2017

STEVEN RIKER

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X  File No. 2008-0017

In the Matter of the Application of ORLY GENGER,
as a person interested, for the removal of DALIA     **AFFIRMATION OF**
GENGER, as Trustee of the Orly Genger 1993 Trust     **SERVICE**
pursuant to SCPA §711(11)

---------------------------------------------------------------X

I, STEVEN RIKER, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following subject to the penalties of perjury

On October 13, 2017, I served the within **AFFIRMATION OF STEVEN RIKER, ESQ. IN RESPONSE TO ORLY GENGER'S MOTION TO DISMISS CROSS PETITION** by email and by depositing a true copy, enclosed in a post-paid, overnight delivery, Federal Express wrapper, in an official depository under the exclusive care and custody of Federal Express, within New York State, addressed to the following persons at the addresses set forth:

TO: John Dellaportas, Esq.            Judith Bachman, Esq.
    Kelley Drye & Warren LLP          Attorney for Dalia Genger
    Attorneys for Sagi Trust          254 S. Main Street, Suite 306
    101 Park Avenue                   New City, New York 10956
    New York, New York 10178

    Michael Paul Bowen, Esq.
    Kasowitz Benson Torres LLP
    Attorneys for Orly Genger
    1633 Broadway
    New York, New York 10019

_____
STEVEN RIKER

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

FILE NO. 2008-0017

In the Matter of the Application of ORLY GENGER,
as a person interested, for the removal of DALIA
GENGER, as Trustee of the Orly Genger 1993 Trust
pursuant to SCPA §711(11)

**AFFIRMATION OF STEVEN RIKER, ESQ.
IN RESPONSE TO
ORLY GENGER'S MOTION TO DISMISS THE CROSS PETITION**

**STEVEN RIKER, ESQ.**
Guardian ad Litem
Law Office of Steven Riker
One Grand Central Place, 46th Floor
New York, New York 10165
Tel No.: (212) 661-6410