```
USDC SDNY
DOCUM!
ELECTR    ICAL Y FILED
DOC #:
DATE FILED: 2/11/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
Orly Genger, beneficiary of The Orly Genger 1993 :
Trust, :
                                                 :
                                                 :   **ORDER REGULATING**
                                  Petitioner,    :   **PROCEEDINGS**
            -v.-                                 :
                                                 :   19 Civ. 9319 (AKH)
Dalia Genger, as trustee of The Orly Genger 1993 :
Trust, and The Sagi Genger 1993 Trust,           :
                                                 :
                                  Respondents.   :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

This matter principally concerns petitioner's attempt to remove the trustee of respondent the Orly Genger 1993 Trust and to seek an accounting of that Trust. Now before the Court is, among other things, a stipulation dated February 7, 2020, consenting to a transfer of the case to the Bankruptcy Court for the Southern District of New York, in light of the bankruptcy of petitioner Orly Genger. ECF No. 25. However, as noted in a letter from counsel to respondent Dalia Genger submitted February 10, 2020, ECF No. 26, the stipulation appears to only include some, but not all, of the parties to this action. A transfer cannot be "stipulated" to without the consent of *all* parties. *See, e.g.,* 28 U.S.C. § 1404(b) (requiring the "consent or stipulation of all parties"). To clarify the record, the parties are hereby directed as follows:

1. No later than 5:00 p.m. on February 14, 2020, the parties shall submit a joint letter to the Court, and uploaded to the docket, stating whether *all* parties agree to a transfer of this matter to the bankruptcy court.

2. If all parties agree, the joint letter shall attach an updated stipulation.

3. If any party does not agree that a transfer is proper, the reason for that party's opposition shall also be included in the joint letter. *See* Alvin K. Hellerstein, Individual Rules at 2.E. This opposition should explain, at least, why transfer of this case is not required by the Southern District of New York's Amended Standing Order of Reference, 12 Misc. 32,

1

dated February 1, 2012, which provides that, "Pursuant to 28 U.S.C. Section 157(a) any or all cases under title 11 and any or all proceedings arising under title 11 or related to a case under title 11 are referred to the bankruptcy judges for this district." If necessary, upon receipt of a letter evincing disagreement, the Court will impose a briefing schedule for formal motions. *See* Alvin K. Hellerstein, Individual Rules at 2.B ("Letter motions or oppositions will not be accepted.").

4. Finally, the joint letter shall include the parties' views—or agreement, as the case may be—on whether the pending motion to transfer this case to the Western District of Texas, ECF No. 3, is moot. *See* ECF No. 15 ("[L]ast week . . . the bankruptcy court transferred venue of the bankruptcy case to New York. . . . [G]iven the ordered change in venue, the previously filed motions to transfer the removed cases to Texas are moot, but any motion or stipulation in that regard also must await appointment of the new trustee.").

In order to, *inter alia*, allow the Court time to review the above-ordered letter submission, the letter request dated February 5, 2020, seeking a 45-day extension for the Bankruptcy Trustee to respond to the pending remand motions, is granted.

SO ORDERED.

Dated: February 11, 2020
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

2